**PLD-C-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: Audrey Little
FIRM NAME:
STREET ADDRESS: 81439 Meru Griffin Way
CITY: La Quinta    STATE: CA    ZIP CODE: 92253
TELEPHONE NO.: 760 2834448    FAX NO.:
EMAIL ADDRESS: audrey.little.45@gmail.com
ATTORNEY FOR (name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside**
STREET ADDRESS: 3255 E Taquitz Canyon Way
MAILING ADDRESS: 3255 E Taquitz Canyon Way
CITY AND ZIP CODE: Palm Springs, CA 92262
BRANCH NAME: Desert

PLAINTIFF: Audrey Little

DEFENDANT: Rocket Title et al

☐ DOES 1 TO _____

| CONTRACT | |
|---|---|
| ☒ COMPLAINT | ☐ AMENDED COMPLAINT (Number): |
| ☐ CROSS-COMPLAINT | ☐ AMENDED CROSS-COMPLAINT (Number): |

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

NOV 12 2025

M. BONDAD

NOV 1 2 2025

**Jurisdiction** (check all that apply):
☐ **ACTION IS A LIMITED CIVIL CASE (does not exceed $35,000)**
   **Amount demanded** ☐ does not exceed $10,000
               ☐ exceeds $10,000
☒ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $35,000)**
☐ **ACTION IS RECLASSIFIED by this amended complaint or cross-complaint**
   ☐ from limited to unlimited
   ☐ from unlimited to limited

CASE NUMBER:

CVPS 2508295

1. **Plaintiff*** (name or names): Audrey Little

alleges causes of action against **defendant*** (name or names): Rocket Title Insurance, Rocket Close, Rocket Companies

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. a. Each plaintiff named above is a competent adult
    ☐ **except** plaintiff (name):
      (1) ☒ a corporation qualified to do business in California.
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ other (specify):
  b. ☐ Plaintiff (name):
      (1) ☐ has complied with the fictitious business name laws and is doing business under the fictitious name (specify):

      (2) ☐ has complied with all licensing requirements as a licensed (specify):
  c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
    ☒ **except** defendant (name): Rocket Title Ins    ☐ **except** defendant (name):
      (1) ☒ a business organization, form unknown.   (1) ☐ a business organization, form unknown.
      (2) ☒ a corporation.               (2) ☐ a corporation.
      (3) ☐ an unincorporated entity (describe):   (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):         (5) ☐ other (specify):

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

**Page 1 of 2**

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2024]

**COMPLAINT—Contract**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

PLD-C-001

| SHORT TITLE: _Little vs Rocket Title (close) comp_ | CASE NUMBER: CVPS 2508295 |
|---|---|

4.  b.  The true names of defendants sued as Does are unknown to plaintiff.

  (1)  ☐  Doe defendants *(specify Doe numbers):*    were the agents or employees of the named defendants and acted within the scope of that agency or employment.

  (2)  ☐  Doe defendants *(specify Doe numbers):*    are persons whose capacities are unknown to plaintiff.

  c.  ☐  Information about additional defendants who are not natural persons is contained in Attachment 4c.

  d.  ☐  Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5.  ☑  Plaintiff is required to comply with a claims statute, **and**

  a.  ☑  has complied with applicable claims statutes, *or*

  b.  ☐  is excused from complying because *(specify):*

6.  ☐  This action is subject to  ☑  Civil Code section 1812.10  ☐  Civil Code section 2984.4.  _don't know_

7.  This court is the proper court because

  a.  ☑  a defendant entered into the contract here.

  b.  ☑  a defendant lived here when the contract was entered into.

  c.  ☑  a defendant lives here now.

  d.  ☐  the contract was to be performed here.

  e.  ☐  a defendant is a corporation or unincorporated association and its principal place of business is here.

  f.  ☐  real property that is the subject of this action is located here.

  g.  ☐  other *(specify):*

8.  The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

  ☑  Breach of Contract

  ☑  Common Counts

  ☐  Other *(specify):*

9.  ☐  Other allegations:  _Negligence, breach of fiduciary duty, unjust enrichment Bad Faith_

10.  **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

  a.  ☑  damages of: $ _716,850 or 393000_

  b.  ☐  interest on the damages

  (1)  ☐  according to proof

  (2)  ☐  at the rate of *(specify):*    percent per year from *(date):*

  c.  ☐  attorney's fees

  (1)  ☐  of: $

  (2)  ☐  according to proof.

  d.  ☒  other *(specify):*  _63,000 Losses_

11.  ☐  The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date:  _11-12-2025_

_Audrey Little_

(TYPE OR PRINT NAME)

▶ _Audrey Little_

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

For your protection and privacy, please press the Clear This Form button after you have printed the form.    [Print this form]  [Save this form]    [Clear this form]

## EXHIBIT A - LEGAL DESCRIPTION

**Policy Number:**   RTLSCA-104615

**Loan Number:**   22025050036

**Order Number:**   74346744

Tax Id Number(s): 780-120-055

Land Situated in the City of La Quinta in the County of Riverside in the State of CA
PARCEL 1: LOT 64 OF TRACT NO. 32879, IN THE CITY OF LA QUINTA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 399, PAGES 3 THROUGH 20, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE LAND, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFOR AND STORING IN AND REMOVING THE SAME FROM SAID LAND OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THE LAND, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE LAND, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE OR OPERATE THROUGH THE SURFACE OR THE UPPER 500 FEET OF THE SUBSURFACE OF THE LAND.

RESERVING UNTO GRANTOR, ITS SUCCESSORS AND ASSIGNS, AND OTHERS, TOGETHER WITH THE RIGHT TO GRANT AND TRANSFER ALL OR A PORTION OF THE SAME, EXCEPT AS GRANTED HEREBY, EASEMENTS AND RIGHTS OF ACCESS, USE, ENJOYMENT, MAINTENANCE, REPAIRS, DRAINAGE AND FOR OTHER PURPOSES, ALL AS RESERVED TO GRANTOR AS DECLARANT AND OWNER IN THE DECLARATION.

PARCEL 2: EASEMENTS AND RIGHTS OF OWNERS AS SET FORTH IN THAT CERTAIN "AMENDED AND RESTATED DECLARATION OF RESTRICTIONS FOR GRIFFIN RANCH" RECORDED ON JANUARY 8, 2013 AS INSTRUMENT NO. 2013-0009750, RE-RECORDED ON JUNE 18, 2013 AS INSTRUMENT NO. 2013-0288996 (COLLECTIVELY "DECLARATION"), AND AS SET FORTH IN THAT CERTAIN "SUPPLEMENTAL

**Rocket Title Insurance Company**

**ADDENDUM
ALTA SHORT FORM RESIDENTIAL LOAN POLICY
ASSESSMENTS PRIORITY ONE-TO-FOUR FAMILY**

Addendum to Policy Number: **RTLSCA-104615**                    File Number: **74346744**

**SCHEDULE B**
(Continued)

In addition to the matters set forth in Schedule B of the policy to which this Addendum is attached, this policy does not insure against loss or damage and the Company will not pay costs, attorneys' fees, or expenses that arise by reason of the following:

Oil, gas, or other mineral interests and all rights incident thereto now or previously conveyed, transferred, leased, excepted or reserved.

Assessments, if any, for Community Facility Districts affecting said land which may exist by virtue of assessment maps or notices filed by said Districts.

Copyright 2021 American Land Title Association. All rights reserved.
The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.
Form Name: 9913012412                         Page 4 of 6

Rocket Title Insurance Company

DECLARATION AND NOTICE OF ANNEXATION," RECORDED ON SEPTEMBER 4, 2020, AS INSTRUMENT NO. 2020-0418197, OF OFFICIAL RECORDS, AND ANY AMENDMENTS THERETO ("DECLARATION OF ANNEXATION") OF OFFICIAL RECORDS, AND ANY AMENDMENTS THERETO, IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY.

PARCEL 3: A NONEXCLUSIVE EASEMENT APPURTENANT TO THE PROPERTY FOR INGRESS, EGRESS AND ACCESS ON, OVER, AND ACROSS THE PRIVATE STREETS IN GRIFFIN RANCH, AS MORE PARTICULARLY SET FORTH IN THAT CERTAIN "DECLARATION ESTABLISHING ACCESS EASEMENT RIGHTS" RECORDED ON OCTOBER 10, 2007 AS INSTRUMENT NO. 2007-0628725 IN THE OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA, AS SAME MAY BE RE-RECORDED, RESTATED AND/OR AMENDED FROM TIME TO TIME (THE "ACCESS DECLARATION").

Commonly known as: 81439 Merv Griffin Way, La Quinta, CA, 92253 8084

Copyright 2021 American Land Title Association. All rights reserved.
The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.
Form Name: 9913012412                    Page 6 of 6

**Rocket Title Insurance Company**

## SCHEDULE B

### EXCEPTIONS FROM COVERAGE

**Some historical land records contain Discriminatory Covenants that are illegal and unenforceable by law. This policy treats any Discriminatory Covenant in a document referenced in Schedule B as if each Discriminatory Covenant is redacted, repudiated, removed, and not republished or recirculated. Only the remaining provisions of the document are excepted from coverage.**

Except to the extent set forth below, this policy does not insure against loss or damage and the Company will not pay costs, attorneys' fees, or expenses arising by reason of:

1.    Those taxes and assessments that become due or payable subsequent to the Date of Policy. Exception 1 does not modify or limit the coverage provided in Covered Risk 11.b.

2.    Covenants, conditions, restrictions, or limitations, if any, appearing in the Public Records; however, this policy insures against loss or damage arising from:
    a.    the violation of those covenants, conditions, restrictions, or limitations on or prior to the Date of Policy;
    b.    a forfeiture or reversion of Title from a future violation of those covenants, conditions, restrictions, or limitations, including those relating to environmental protection; and
    c.    provisions in those covenants, conditions, restrictions, or limitations, including those relating to environmental protection, under which the lien of the Insured Mortgage can be invalidated, subordinated, or impaired.
As used in Exception 2.a., the words "covenants, conditions, restrictions, or limitations" do not refer to or include any covenant, condition, restriction, or limitation (i) relating to obligations of any type to perform maintenance, repair, or remediation on the Land; or (ii) pertaining to environmental protection of any kind or nature, including hazardous or toxic matters, conditions, or substances, except to the extent that an Enforcement Notice as of the Date of Policy identifies a violation or alleged violation affecting the Land and is not referenced in an Addendum attached to this policy.

3.    Any easements or servitudes appearing in the Public Records; however, this policy insures against loss or damage arising from:
    a.    the encroachment, at the Date of Policy, of the improvements on any easement; and
    b.    any interference with or damage to existing improvements, including lawns, shrubbery, and trees, resulting from the use of the easements for the purposes granted or reserved.

4.    Any lease, grant, exception, or reservation of minerals or mineral rights or other subsurface substances appearing in the Public Records; however, this policy insures against loss or damage arising from:
    a.    any effect on or impairment of the use of the Land for one-to-four family residential purposes by reason of such lease, grant, exception, or reservation of minerals or mineral rights or other subsurface substances; and
    b.    any damage to existing improvements, including lawns, shrubbery, and trees, resulting from the future exercise of any right to use the surface of the Land for the extraction or development of the minerals or mineral rights or other subsurface substances so leased, granted, excepted, or reserved.
Nothing herein insures against loss or damage resulting from contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.

NOTICES, WHERE SENT: Any notice of claim and any other notice or statement in writing required to be given to the Company under this policy must be given to the Company at: 5910 North Central Expressway, Suite 1445, Dallas, TX 75206.

Copyright 2021 American Land Title Association. All rights reserved.
The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.
Form Name: 9913012412                                      Page 3 of 6



**Rocket Title Insurance Company**

- ☐ ALTA 6.2 Variable Rate Mortgage—Negative Amortization endorsement, if the Insured Mortgage contains provisions which provide for both an adjustable interest rate and negative amortization
- ☐ ALTA 7 Manufactured Housing Unit endorsement, if a manufactured housing unit is located on the Land at the Date of Policy
- ☐ ALTA 7.1 Manufactured Housing—Conversion—Loan Policy endorsement
- ☒ ALTA 8.1 Environmental Protection Lien endorsement—Paragraph b refers to the following State statute(s):
- ☒ ALTA 9 Restrictions, Encroachments, Minerals—Loan Policy endorsement
- ☐ ALTA 9.6 Private Rights—Loan Policy endorsement
- ☐ ALTA 14 Future Advance—Priority endorsement
- ☐ ALTA 14.1 Future Advance—Knowledge endorsement
- ☐ ALTA 14.3 Future Advance—Reverse Mortgage endorsement
- ☐ ALTA 22 Location endorsement, if the type of improvement is a one-to-four family residential structure and the Property Address is as shown above
- ☐ ALTA 30 Shared Appreciation Mortgage endorsement

SUBJECT TO THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B BELOW, AND ANY ADDENDUM ATTACHED HERETO, ROCKET TITLE INSURANCE COMPANY, A TEXAS CORPORATION, (THE "COMPANY"), HEREBY INSURES THE INSURED IN ACCORDANCE WITH AND SUBJECT TO THE TERMS, EXCLUSIONS, AND CONDITIONS SET FORTH IN THE AMERICAN LAND TITLE ASSOCIATION (ALTA) LOAN POLICY (07-01-2021), ALL OF WHICH ARE INCORPORATED HEREIN. ALL REFERENCES TO SCHEDULES A AND B REFER TO SCHEDULES A AND B OF THIS POLICY.

Countersigned by:

ROCKET TITLE INSURANCE COMPANY

By:

_____
Authorized Signatory

Copyright 2021 American Land Title Association. All rights reserved.
The use of this Form (or any derivative thereof) is restricted to ALTA licenses and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.
Form Name: 9913012412                    Page 2 of 6

**Rocket Title Insurance Company**

### ALTA SHORT FORM RESIDENTIAL LOAN POLICY—
### ASSESSMENTS PRIORITY ONE-TO-FOUR FAMILY
### issued by
### ROCKET TITLE INSURANCE COMPANY

**Transaction Identification Data, for which the Company assumes no liability as set forth in Condition 9.e.:**

Issuing Agent: Rocket Close and Title, Inc

Issuing Office: 17785 Center Court Dr. N., Suite 760, Cerritos, CA 90703

Issuing Office's ALTA® Registry ID: 1066048

Loan ID Number: 22025050036

Issuing Office File Number: 74346744

Property Address: 81439 Merv Griffin Way, La Quinta, CA 92253 8084

## SCHEDULE A

Name and Address of Title Insurance Company:   Rocket Title Insurance Company
5910 No. Central Expressway, Suite 1445, Dallas, TX 75206

Policy Number: RTLSCA-104615

Amount of Insurance: $716,580.00            Premium: $575.00

Mortgage Amount: $716,580.00            Mortgage Date: 7/9/2025

Date of Policy: 07/09/2025
or the date of recording of the insured
mortgage, whichever is later

Property Address:   81439 Merv Griffin Way, La Quinta, CA 92253 8084

County and State:   Riverside, CA

1. Name of Insured:      Oaktree Funding Corporation its successors and/or assigns

2. Name of Borrower(s):   Audrey Beth Little, an unmarried person and Jacob Little, a single man, Joint Tenants
with Rights of Survivorship

3. The estate or interest in the Land identified in this Schedule A and which is encumbered by the Insured Mortgage is
Fee Simple and is, at the Date of Policy, vested in the Borrower(s) identified in the Insured Mortgage and named
above.

4. The Land referred to in this policy is described as set forth in the Insured Mortgage.

5. This policy consists of 6 page(s), unless an addendum is attached and indicated below:

   ☒    Addendum attached

6. This policy incorporates by reference the endorsements selected below, if any, adopted by the American Land
Title Association as of the Date of Policy:

   ☐    ALTA 4 Condominium—Assessments Priority endorsement
   ☒    ALTA 5 Planned Unit Development—Assessments Priority endorsement
   ☐    ALTA 6 Variable Rate Mortgage endorsement, if the Insured Mortgage contains provisions which provide for an
        adjustable interest rate

Copyright 2021 American Land Title Association. All rights reserved.
The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of
the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.
Form Name: 9913012412                                      Page 1 of 6

## FINAL POLICY

**Order Number:**   74346744

**Loan Number:**   22025050036

**Property Address:**   81439 Merv Griffin Way

La Quinta, CA 92253 8084

## PLEASE DELIVER TO:

Adaxa, LLC
6930 E Chauncey Ln Ste 210
Phoenix, AZ 85054
ATTN: FINAL DOCS

**Issued By:**

Rocket Close and Title, Inc
17785 Center Court Dr. N., Suite 760
Cerritos, CA 90703
Phone: (866) 948-7627
Fax: (877) 380-4101

Agent for:

*Rocket Title Insurance Company*

# EXHIBIT A

FROM: OAKTREE FUNDING CORP.
3133 WEST FRYE ROAD #205
CHANDLER, ARIZONA 85226
Phone: (480) 800-3800 / Fax: (480)857-8080

TO: AMROCK TITLE CALIFORNIA INC
17285 CENTER CRT DR N #760
CERRITOS, CALIFORNIA 90703
Phone: (866) 313-6336

ATTN: GARY WALLACE

RE: Borrower(s): AUDREY BETH LITTLE, JACOB LITTLE

Property Address: 81439 MERV GRIFFIN WAY, LA
QUINTA, CALIFORNIA 92253

| | |
|---|---|
| Document Date: | July 8, 2025 |
| Closing Date: | July 8, 2025 |
| Disbursement: | July 14, 2025 |
| Case No.: | |
| Loan No.: | 22025050036 |
| App. No.: | |
| Order No.: | 74346744 |
| Escrow No.: | 74346744 |

# SPECIFIC CLOSING INSTRUCTIONS

## LOAN DOCUMENTS:

We enclose the following documents necessary to complete the above referenced loan transaction:

(X) Note
(X) Deed of Trust
(X) Planned Unit Dev. Rider
(X) Payment Letter
(X) Hazard Ins. Req.
(X) Affidavit and Agreement
(X) Allonge to Note

(X) ATLA
(X) Consumer Credit Score Disclosure
(X) Privacy Policy
(X) CINF
(X) Borrowers Cert.
(X) 4506C
SEE ATTACHED SUPPLEMENTAL CLOSING INSTRUCTIONS

Deliver one (1) copy of all loan documents to the Borrower(s); deliver one (1) copy of the Federal Truth-In-Lending Disclosure Statement or Closing Disclosure (as applicable) to **each** Borrower.

## LOAN TERMS:

Loan Amount: 716,580.00
Initial Advance:
Sales Price:
Term (Months): 360
Interest Rate: 9.625 %
Initial Payment: 6,090.85
First Payment Date: 09/01/25
Last Payment Date: 08/01/55

ARM Loan: ( ) Yes (X ) No
Index:
Margin:
Periodic Rate Cap:
Lifetime Rate Cap:
Lifetime Rate Floor:
Interest Change Date:
Payment Change Date:
Loan Purpose: HOME EQUITY LOAN

## PAYOFF REQUIREMENTS:

It is a condition to the funding of this loan that the following payoffs be made through this closing. Indicate payoffs on the HUD-1 Settlement Statement or Closing Disclosure (as applicable) or provide other satisfactory evidence of payoff:

PAYOFF to KINECTA FCU for HELOC      360,584.08 PAYOFF to AMEX for Charge Account        16,850.00
PAYOFF to JPMCB CARD for Revolving Account   15,303.00 PAYOFF to WFBNA CARD for Revolving Account    5,799.00
PAYOFF to GS BANK for Revolving Account    22,813.00 SEE ATTACHED PAYOFF ADDENDUM.

**CONDITIONS TO BE SATISFIED PRIOR TO DISBURSEMENT OF LOAN PROCEEDS:**
OAKTREE TO PERFORM FINAL QC REVIEW PRIOR TO FUNDING.
BORROWER AND LOAN AGENT TO SIGN FINAL 1003 AT CLOSING.
FINAL CD TO REFLECT THE FOLLOWING PAYOFFS:

**SEE ATTACHED ADDENDUM TO CLOSING INSTRUCTIONS**

## TITLE INSURANCE REQUIREMENTS:

You are authorized to use funds for the account of the Borrowers and to record all instruments when you comply with the following:

1. THIS LOAN MUST RECORD IN 2ND LIEN POSITION ON OR PRIOR TO THE DISBURSEMENT DATE NOTED ABOVE. PROVIDE DUPLICATE ORIGINALS OF THE ALTA TITLE POLICY.
2. Vesting to read: AUDREY BETH LITTLE, AN UNMARRIED WOMAN AND JACOB LITTLE, AN UNMARRIED MAN, AS JOINT TENANTS WITH FULL RIGHTS OF SURVIVORSHIP

3. Title Policy must contain the following endorsements (or their equivalents): 8.1,9,5

4. ALTA Title Policy must be free from liens, encumbrances, easements, encroachments and other title matters except (i) the lien of our loan in the amount of our loan on the property described herein showing the Instrument or Document Number and the date of recording of the Security Instrument; (ii) general, specific, state, county, city, school or other taxes and assessments not yet due or payable: (ALL TAXES TO BE PAID CURRENT)

(iii) other items as permitted by us; and (iv) the following items as shown on the preliminary title report, commitment, binder or equivalent dated May 8, 2025

## SECONDARY FINANCING:

Secondary financing in the amount of $ NONE          has been approved.

## ESTIMATE OF FEES AND COSTS:

| ITEM | AMOUNT | POC | PAID BY |
|------|--------|-----|---------|
| Document Prep fee to: Oaktree Funding Corp | 195.00 | | Borrower |
| Underwriting fee to: Oaktree Funding Corp | 695.00 | | Borrower |
| Appraisal fees to: AMC Direct Corporation | 900.00 | | Borrower |
| Appraisal Review Fee to: Clear Capital | 120.00 | | Borrower |
| TITLE - Lender's title insurance to: Amrock Title California INC | 575.00 | | Borrower |
| TITLE - Settlement Fee to: Amrock Title California INC | 475.00 | | Borrower |
| Mortgage recording fee to: Other | 256.00 | | Borrower |
| Originator compensation to: Adaxa, LLC | 14,331.60 | | Borrower |
| TITLE - Tax Certificate fee to: Amrock Title California INC | 25.00 | | Borrower |
| Deed Prep Fee to: RR MICHIGAN, LLC | 95.00 | | Borrower |

Subtotal of Estimated Fees and Costs:  $ _____ 17,667.60

## PER DIEM INTEREST:

From: 07/14/25        To:08/01/25
(Anticipated Closing Date)

18 days at $ 191.5856 _____ per day     Subtotal of Per Diem Interest:     $ _____ 3,448.54 *

## IMPOUNDS/ESCROWS:

Impound/escrow checks should be made payable to and sent to us together with the original final HUD-1 Settlement Statement or Closing Disclosure (as applicable).

| | | | | | |
|---|---|---|---|---|---|
| _____ | _____ month(s) | at $ _____ | per Month | = $ _____ |
| _____ | _____ month(s) | at $ _____ | per Month | = $ _____ |
| _____ | _____ month(s) | at $ _____ | per Month | = $ _____ |
| _____ | _____ month(s) | at $ _____ | per Month | = $ _____ |
| _____ | _____ month(s) | at $ _____ | per Month | = $ _____ |
| _____ | _____ month(s) | at $ _____ | per Month | = $ _____ |

Aggregate Escrow Adjustment:     $ _____ 0.00

* Interest paid by: Borrower

Impound Subtotal:                    $ _____ 0.00
Mortgage Ins. Premium:               $ _____
**TOTAL OF FEES AND COSTS:**        $ _____ 21,116.14

## HUD-1 SETTLEMENT STATEMENT OR CLOSING DISCLOSURE:

The **final** HUD-1 Settlement Statement or Closing Disclosure (as applicable) must be completed at settlement and must accurately reflect all receipts and disbursements indicated in these closing instructions and any amended closing instructions subsequent hereto. If any changes to fees occur documents may need to be re-drawn and re-signed. Fax a certified copy of the final HUD-1 Settlement Statement or Closing Disclosure (as applicable) to   OAKTREE FUNDING CORP @ (909) 982-9614                                        Attention: Quality Assurance

Send the original final HUD-1 Settlement Statement or Closing Disclosure (as applicable) to us at the following address within 24 hours of settlement:   3133 WEST FRYE ROAD #205, CHANDLER, ARIZONA 85226

**ADDITIONAL INFORMATION:** BORROWER MUST SIGN AND DATE THESE CLOSING INSTRUCTIONS.
If for any reason this loan does not close within 48 hours of your receipt of funds, immediately return all documents to Lender and wire all funds only to:   OAKTREE FUNDING CORP
3133 WEST FRYE ROAD #205, CHANDLER, ARIZONA 85226
PLEASE WIRE FUNDS BACK TO THE WAREHOUSE LINE

If you have any questions regarding any of these instructions, please contact   OAKTREE FUNDING CORP
                                              a(480) 800-3800

**BORROWER ACKNOWLEDGMENT:** I/We have read and acknowledged receipt of these Closing Instructions.

_____          _____
Borrower AUDREY BETH LITTLE      Date     Borrower JACOB LITTLE          Date

## ESTIMATE OF FEES AND COSTS:

| ITEM | AMOUNT | POC | PAID BY |
|---|---|---|---|
| Document Prep fee to: Oaktree Funding Corp | 195.00 | | Borrower |
| Underwriting fee to: Oaktree Funding Corp | 695.00 | | Borrower |
| Appraisal fees to: AMC Direct Corporation | 900.00 | | Borrower |
| Appraisal Review Fee to: Clear Capital | 120.00 | | Borrower |
| TITLE - Lender's title insurance to: Amrock Title California INC | 575.00 | | Borrower |
| TITLE - Settlement Fee to: Amrock Title California INC | 475.00 | | Borrower |
| Mortgage recording fee to: Other | 256.00 | | Borrower |
| Originator compensation to: Adaxa, LLC | 14,331.60 | | Borrower |
| TITLE - Tax Certificate fee to: Amrock Title California INC | 25.00 | | Borrower |
| Deed Prep Fee to: RR MICHIGAN, LLC | 95.00 | | Borrower |

Subtotal of Estimated Fees and Costs:  $ _____ 17,667.60

## PER DIEM INTEREST:

From: 07/14/25          To:08/01/25
(Anticipated Closing Date)

18 days at $ 191.5856          per day          Subtotal of Per Diem Interest:          $ _____ 3,448.54 *

## IMPOUNDS/ESCROWS:

Impound/escrow checks should be made payable to and sent to us together with the original final HUD-1 Settlement Statement or Closing Disclosure (as applicable).

| | | | | |
|---|---|---|---|---|
| _____ | _____ month(s) | at $ _____ per Month | = | $ _____ |
| _____ | _____ month(s) | at $ _____ per Month | = | $ _____ |
| _____ | _____ month(s) | at $ _____ per Month | = | $ _____ |
| _____ | _____ month(s) | at $ _____ per Month | = | $ _____ |
| _____ | _____ month(s) | at $ _____ per Month | = | $ _____ |
| _____ | _____ month(s) | at $ _____ per Month | = | $ _____ |

Aggregate Escrow Adjustment:          $ _____ 0.00

* Interest paid by: Borrower

Impound Subtotal:          $ _____ 0.00
Mortgage Ins. Premium:          $ _____
**TOTAL OF FEES AND COSTS:**          $ _____ 21,116.14

## HUD-1 SETTLEMENT STATEMENT OR CLOSING DISCLOSURE:

The **final** HUD-1 Settlement Statement or Closing Disclosure (as applicable) must be completed at settlement and must accurately reflect all receipts and disbursements indicated in these closing instructions and any amended closing instructions subsequent hereto. If any changes to fees occur documents may need to be re-drawn and re-signed. Fax a certified copy of the final HUD-1 Settlement Statement or Closing Disclosure (as applicable) to    OAKTREE FUNDING CORP @ (909) 982-9614                                                          Attention: Quality Assurance
Send the original final HUD-1 Settlement Statement or Closing Disclosure (as applicable) to us at the following address within 24 hours of settlement:    3133 WEST FRYE ROAD #205, CHANDLER, ARIZONA 85226

**ADDITIONAL INFORMATION:** BORROWER MUST SIGN AND DATE THESE CLOSING INSTRUCTIONS.
If for any reason this loan does not close within 48 hours of your receipt of funds, immediately return all documents to Lender and wire all funds only to:    OAKTREE FUNDING CORP
3133 WEST FRYE ROAD #205, CHANDLER, ARIZONA 85226
PLEASE WIRE FUNDS BACK TO THE WAREHOUSE LINE

If you have any questions regarding any of these instructions, please contact    OAKTREE FUNDING CORP
at(480) 800-3800

**BORROWER ACKNOWLEDGMENT:** I/We have read and acknowledged receipt of these Closing Instructions.

_____          _____          _____          _____
Borrower AUDREY BETH LITTLE          Date          Borrower JACOB LITTLE          Date

# Closing Disclosure

*This form is a statement of final loan terms and closing costs. Compare this document with your Loan Estimate.*

### Closing Information

| | |
|---|---|
| Date Issued | 7/8/2025 |
| Closing Date | 7/8/2025 |
| Disbursement Date | 7/14/2025 |
| Settlement Agent | Amrock Title California Inc |
| File# | 74346744 |
| Property | 81439 Merv Griffin Way |
| | La Quinta , CA 92253 |
| Appraised Prop. Value | $2,850,000 |

### Transaction Information

| | |
|---|---|
| Borrower | Audrey Beth Little and Jacob Little |
| | 81439 Merv Griffin Way |
| | La Quinta, CA 92253 |
| Lender | Oaktree Funding Corp |

### Loan Information

| | |
|---|---|
| Loan Term | 30 years |
| Purpose | Home Equity Loan |
| Product | Fixed Rate |
| Loan Type | |x| Conventional ☐ FHA |
| | ☐ VA ☐ |
| Loan ID# | 22025050036 |
| MIC# | |

## Loan Terms

| Loan Terms | | Can this amount increase after closing? |
|---|---|---|
| **Loan Amount** | $716,580 | **NO** |
| **Interest Rate** | 9.625% | **NO** |
| **Monthly Principal & Interest** *See Projected Payments below for your Estimated Total Monthly Payment* | $6,090.85 | **NO** |
| | | **Does the loan have these features?** |
| **Prepayment Penalty** | | **NO** |
| **Balloon Payment** | | **NO** |

## Projected Payments

| Payment Calculation | Years 1 - 30 | |
|---|---|---|
| Principal & Interest | | $6,090.85 |
| Mortgage Insurance | + | 0 |
| Estimated Escrow *Amount can increase over time* | + | 0 |
| **Estimated Total Monthly Payment** | | $6,090.85 |

| Estimated Taxes, Insurance & Assessments *Amount can increase over time* *See page 4 for details* | $1,993.98 a month | **This estimate includes** \|x\| Property Taxes \|x\| Homeowner's Insurance ☐ Other: | **In escrow?** **NO** **NO** |
|---|---|---|---|
| | | *See Escrow Account on page 4 for details. You must pay for other property costs separately.* | |

## Costs at Closing

| Closing Costs | $12,232.49 | Includes $17,536.60 in Loan Costs+ $3,704.54 in Other Costs -$9,008.65 in Lender Credits. *See page 2 for details.* |
|---|---|---|
| **Cash to Close** | $85,790.31 | Includes Closing Costs *See Calculating Cash to Close on page 3 for details.* ☐ Frorrlil To Borrower |



✪ DocMagic

## Closing Cost Details

| Loan Costs | | Borrower-Paid | | Paid by Others |
|---|---|---|---|---|
| | | At Closing | Before Closing | |
| **A. Origination Charges** | | **$15,221.60** | | |
| 01 % of Loan Amount (Points) | | | | |
| 02 Document Prep Fee | | $195.00 | | |
| 03 Originator Compensation to Adaxa, LLC | | $14,331.60 | | |
| 04 Underwriting Fee | | $695.00 | | |
| 05 | | | | |
| 06 | | | | |
| 07 | | | | |
| 08 | | | | |
| **B. Services Borrower Did Not Shop For** | | **$1,020.00** | | |
| 01 Appraisal Fees | to Ame Direct Corporation | $900.00 | | |
| 02 Appraisal Review Fee | to Clear Capital | $120.00 | | |
| 03 | | | | |
| 04 | | | | |
| 05 | | | | |
| 06 | | | | |
| 07 | | | | |
| 08 | | | | |
| 09 | | | | |
| 10 | | | | |
| **C. Services Borrower Did Shop For** | | **$1,295.00** | | |
| 01 Deed Prep Fee | to Rr Michigan, LLC | $95.00 | | |
| 02 Title - Lender's Title Insurance | to Amrock Title California Inc | $575.00 | | |
| 03 Title - Notary Fees | to Amrock Title California Inc | $125.00 | | |
| 04 Title - Settlement Fee | to Amrock Title California Inc | $475.00 | | |
| 05 Title - Tax Certificate Fee | to Amrock Title California Inc | $25.00 | | |
| 06 | | | | |
| 07 | | | | |
| 08 | | | | |
| **D. TOTAL LOAN COSTS (Borrower-Paid)** | | **$17,536.60** | | |
| Loan Costs Subtotals (A+ B + C) | | $17,536.60 | | |

| Other Costs | | Borrower-Paid | | |
|---|---|---|---|---|
| **E. Taxes and Other Government Fees** | | **$256.00** | | |
| 01 Recording Fees | Deed: | Mortgage: $256.00 | $256.00 | |
| 02 | | | | |
| **F. Prepaids** | | **$3,448.54** | | |
| 01 Homeowner's Insurance Premium ( mo.) | | | | |
| 02 Mortgage Insurance Premium ( mo.) | | | | |
| 03 Prepaid Interest ($191.59 per day from 7/14/25 to 8/1/25) | | $3,448.54 | | |
| 04 Property Taxes ( mo.) | | | | |
| 05 | | | | |
| **G. Initial Escrow Payment at Closing** | | | | |
| 01 Homeowner's Insurance | per month for mo. | | | |
| 02 Mortgage Insurance | per month for mo. | | | |
| 03 Property Taxes | per month for mo. | | | |
| 04 | | | | |
| 05 | | | | |
| 06 | | | | |
| 07 | | | | |
| 08 Aggregate Adjustment | | | | |
| **H. Other** | | | | |
| 01 | | | | |
| 02 | | | | |
| 03 | | | | |
| 04 | | | | |
| 05 | | | | |
| 06 | | | | |
| 07 | | | | |
| 08 | | | | |
| **I. TOTAL OTHER COSTS (Borrower-Paid)** | | **$3,70** | | |
| Other Costs Subtotals (E + F + G + H) | | $3,704.54 | | |

| **J. TOTAL CLOSING COSTS (Borrower-Paid)** | | **$12,    49** | | |
|---|---|---|---|---|
| Closing Costs Subtotals (D + I) | | $21,241.14 | | |
| Lender Credits (Includes $51.40 credit for increase in Closing Costs above lega |limit) | | -$9,008.65 | | |



✦ DocMagic

## Payoffs and Payments

Use this table to see a summary of your payoffs and payments to others from your loan amount.

| TO | | AMOUNT |
|----|----|--------|
| 01 | Payoff to 2024 Property Taxes for Other Expense | $12,959.79 |
| 02 | Payoff to Amex for Charge Account | $16,850.00 |
| 03 | Payoff to Amex for Revolving Account | $938.00 |
| 04 | Payoff to Bby/Cbna for Revolving Account | $729.00 |
| 05 | Payoff to Bloom/Cbna for Revolving Account | $1,398.00 |
| 06 | Payoff to Capital One for Revolving Account | $6,707.00 |
| 07 | Payoff to Ccb/Saksmc (Lqi) | $4,194.00 |
| 08 | Payoff to Citi for Revolving Account | $2,683.00 |
| 09 | Payoff to City National Bank for Revolving Account | $123.00 |
| 10 | Payoff to County Tax Liens | $274.56 |
| 11 | Payoff to Federal Taxes Due | $38,612.77 |
| 12 | Payoff to Gs Bank for Revolving Account | $22,813.00 |
| 13 | Payoff to Jpmcb Card for Revolving Account | $15,303.00 |
| 14 | Payoff to Kinecta FCU for Heloc | $360,584.08 |
| 15 | Additional Payoffs and Payments - See Addendum | $200,467.23 |
| **K. TOTAL PAYOFFS AND PAYMENTS** | | **$674,636.43** |

## Calculating Cash to Close

Use this table to see what has changed from your Loan Estimate.

| | Loan Estimate | Final | Did this change? |
|---|---|---|---|
| Loan Amount | S716,580.00 | S716,580.00 | NO |
| Total Closing Costs (J) | -S12,555.00 | -S12,232.49 | YES • See Total Loan Costs(D) and Total Other Costs(I). Increase exceeds lega  imits by S51.40. See Lender Credits on page 2 for credit of excess ar ount. |
| Closing Costs Paid Before Closing | S0 | S0 | NO |
| Total Payoffs and Payments (K) | -$687,191 | -S715,880 | YES • See Payoffs and Payments (KI |
| **Cash to Close** | S29,389 | S700.00 | |
| | D From |x| To Borrower | D From |x| To Borrower | Closing Costs Financed (Paid from your Loan Amount) $12,232.49 |



DocMagic

# Additional Information About This Loan

## Loan Disclosures

### Assumption
If you sell or transfer this property to another person, your lender
- D will allow, under certain conditions, this person to assume this loan on the original terms.
- IXI will not allow assumption of this loan on the original terms.

### Demand Feature
Your loan
- D has a demand feature, which permits your lender to require early repayment of the loan. You should review your note for details.
- IXI does not have a demand feature.

### Late Payment
If your payment is more than 70days late, your lender will charge a late fee of 5% *of your overdue payment.*

### Negative Amortization (Increase in Loan Amount)
Under your loan terms, you
- D are scheduled to make monthly payments that do not pay all of the interest due that month. As a result, your loan amount will increase (negatively amortize), and your loan amount will likely become larger than your original loan amount. Increases in your loan amount lower the equity you have in this property.
- D may have monthly payments that do not pay all of the interest due that month. If you do, your loan amount will increase (negatively amortize), and, as a result, your loan amount may become larger than your original loan amount. Increases in your loan amount lower the equity you have in this property.
- IXI do not have a negative amortization feature.

### Partial Payments
Your lender
- D may accept payments that are less than the full amount due (partial payments) and apply them to your loan.
- D may hold them in a separate account until you pay the rest of the payment, and then apply the full payment to your loan.
- IXI does not accept any partial payments.

If this loan is sold, your new lender may have a different policy.

### Security Interest
You are granting a security interest in
*81439 Merv Griffin Way, La Quinta, CA 92253*

You may lose this property if you do not make your payments or satisfy other obligations for this loan.

### Escrow Account
*For now,* your loan
- D will have an escrow account (also called an "impound" or "trust" account) to pay the property costs listed below. Without an escrow account, you would pay them directly, possibly in one or two large payments a year. Your lender may be liable for penalties and interest for failing to make a payment.

| Escrow | | |
|---|---|---|
| Escrowed Property Costs overYear1 | | Estimated total amount over year 1 for your escrowed property costs: |
| Non-Escrowed Property Costs overYear1 | | Estimated total amount over year 1 for your non-escrowed property costs: |
| | | You may have other property costs. |
| Initial Escrow Payment | | A cushion for the escrow account you pay at closing. See Section G on page 2. |
| Monthly Escrow Payment | | The amount included in your total monthly payment. |

- Ix! will not have an escrow account because Ix! you declined it D your lender does not offer one. You must directly pay your property costs, such as taxes and homeowner's insurance. Contact your lender to ask if your loan can have an escrow account.

| No Escrow | | |
|---|---|---|
| Estimated Property Costs overYear1 | $23,927.76 | Estimated total amount over year 1. You must pay these costs directly, possibly in one or two large payments a year. |
| Escrow Waiver Fee | | |

*In the future,*

Your property costs may change and, as a result, your escrow payment may change. You may be able to cancel your escrow account, but if you do, you must pay your property costs directly. If you fail to pay your property taxes, your state or local government may (1) impose fines and penalties or (2) place a tax lien on this property. If you fail to pay any of your property costs, your lender may (1) add the amounts to your loan balance, (2) add an escrow account to your loan, or (3) require you to pay for property insurance that the lender buys on your behalf, which likely would cost more and provide fewer benefits than what you could buy on your own.



☆ DocMagic

## Loan Calculations

| | |
|---|---|
| **Total of Payments.** Total you will have paid after you make all payments of principal, interest, mortgage insurance, and loan costs, as scheduled. | $2,213,700.07 |
| **Finance Charge.** The dollar amount the loan will cost you. | $1,496,450.07 |
| **Amount Financed.** The loan amount available after paying your upfront finance charge. | $696,264.86 |
| **Annual Percentage Rate (APR)** Your costs over the loan term expressed as a rate. This is not your interest rate. | 9.962% |
| **Total Interest Percentage (TIP).** The total amount of interest that you will pay over the loan term as a percentage of your loan amount. | 206.478% |

**Questions?** If you have questions about the loan terms or costs on this form, use the contact information below. To get more information or make a complaint, contact the Consumer Financial Protection Bureau at **www.consumerfinance.gov/mortgage-closing**

## Other Disclosures

**Contract Details**
See your note and security instrument for information about
- what happens if you fail to make your payments,
- what is a default on the loan,
- • situations in which your lender can require early repayment of the loan, and
- the rules for making payments before they are due.

**Liability after Foreclosure**
If your lender forecloses on this property and the foreclosure does not cover the amount of unpaid balance on this loan,

☐ state law may protect you from liability for the unpaid balance. If you refinance or take on any additional debt on this property, you may lose this protection and have to pay any debt remaining even after foreclosure. You may want to consult a lawyer for more information.
☐ state law does not protect you from liability for the unpaid balance.

**Refinance**
Refinancing this loan will depend on your future financial situation, the property value, and market conditions. You may not be able to refinance this loan.

**Tax Deductions**
If you borrow more than this property is worth, the interest on the loan amount above this property's fair market value is not deductible from your federal income taxes. You should consult a tax advisor for more information.

## Contact Information

| | Lender | Mortgage Broker | Settlement Agent |
|---|---|---|---|
| **Name** | Oaktree Funding Corp | Adaxa, LLC | Amrock Title California Inc |
| **Address** | 3133 West Frye Road #205, Chandler, AZ 85226 | 6930 E Chauncey Ln Suite 210, Phoenix, AZ 85054 | 17785 Center Crt Dr N #760, Cerritos, CA 90703 |
| **NMLSID** | 71640 | 2380533 | |
| **CA License ID** | 01079521 | 60D8O-172593 | U-3124-5 |
| **Contact** | | Adam Scott Jorgensen | Gary Wallace |
| **Contact NMLS ID** | | 1627987 | |
| **Contact CA License ID** | | CA-DFPI1627987 | U-3124-5 |
| **Email** | | ajorgensen@adaxahome.com | lcsettlements@rocketclose.com |
| **Phone** | | (402) 525-3079 | (866) 313-6336 |

## Confirm Receipt

By signing, you are only confirming that you have received this form. You do not have to accept this loan because you have signed or received this form.

| | | | |
|---|---|---|---|
| Audrey Beth Little | Date | Jacob Little | Date |



☆ DocMagic

**Addendum**

| Payoffs and Payments | Use this table to see a summary of your payoffs and payments to others from your loan amount. |
|---|---|
| **TO** | **AMOUNT** |
| 16 Payoff to Pagel Management LLC | $125,000.00 |
| 17 Payoff to BMW Finance | $46,380.23 |
| 18 Payoff to Kinecta Loan | $29,087.00 |



Page 6

☆ DocMagic

# EXHIBIT C

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business and mailing address is 81439 Merv Griffin Way, La Quinta, California 92253.

On November 10, 2025, I served the following documents:
Ex Parte Petition and Verified Petition for Declaratory and Injunctive Relief, including Supplemental Declaration and Exhibits A–D.

Service was made by electronic mail in accordance with California Rules of Court, rule 2.251, as follows:

Counsel for Rocket Title Insurance Company and Amrock, LLC (dba Rocket Close / Amrock Escrow):
Olivier J. Labarre, Esq.
Wright, Finlay & Zak LLP
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Email: olabarre@wrightlegal.net

Sender:
Audrey Beth Little
Email: Audrey.Little458@gmail.com

Notice of the ex parte filing and hearing was sent by email at approximately 9:00 a.m. on Saturday, November 8, 2025.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this ___ day of November, 2025, at La Quinta, California.

_____

AUDREY BETH LITTLE
Plaintiff In Propria Persona

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
PALM SPRINGS COURTHOUSE

## EX PARTE PETITION & VERIFIED PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF

Case No.: _____ (to be assigned)

Note: The full, line-numbered petition (filed Nov. 10, 2025) is included in the combined PDF packet.

### Supplemental Declaration of Audrey Beth Little

**SUPPLEMENT TO EX PARTE PETITION AND VERIFIED APPLICATION FOR DECLARATORY AND INJUNCTIVE RELIEF**

### UPDATED GOOD CAUSE STATEMENT

Good cause exists for immediate ex parte relief because Plaintiff faces imminent lender enforcement and credit damage due to a lien-priority defect wholly outside her control. The defect stems from Defendants' failure to perform a current title search or follow escrow instructions verifying lien position before disbursement. Plaintiff has repeatedly—on at least five occasions between October 30 and November 8, 2025—requested copies of the complete escrow file, title search, and underwriting records from Rocket Title Insurance Company and Amrock, LLC, without response. Absent judicial intervention, the lender's lien remains unmarketable, blocking refinance and causing continuing, irreparable harm.

### SUPPLEMENTAL DECLARATION OF AUDREY BETH LITTLE

1. I am the Plaintiff and borrower in this action.

2. At the time of the July 2025 refinance, I was completing breast-cancer recovery and taking prescribed medication that modestly affected my clarity and recall. I mention this only as a factual circumstance, not as an excuse.

3. I was aware of a private family loan but did not understand that personal, non-institutional debts were required to be disclosed on a mortgage application. My licensed mortgage broker confirmed this understanding.

4. I did not know the family loan had been recorded as a lien.

5. I signed notarized escrow instructions requiring the new loan be verified and recorded in second position before disbursement.

6. Rocket Title and Amrock (Rocket Close / Amrock Escrow) failed to perform a current title search or provide a preliminary report.

7. Since discovery of the error, I have made at least five separate written and verbal requests for the full escrow file, title reports, and underwriting records from Rocket Title and Amrock—on or about October 30, November 3, 5, 7, and 8 of 2025—and have received no response or production.

8. I have acted in complete good faith and continue to seek resolution directly and transparently.

9. Immediate court intervention is required to prevent lender enforcement and allow proper cure through the title-insurance process.

10. I have worked in the mortgage and lending industry for over thirty-four (34) years. In all that time, I have never encountered or been involved in a transaction where a title or escrow company failed to perform a basic title search or verify lien position as required by escrow instructions. I have always conducted my personal and professional affairs with full transparency and diligence, and this situation is entirely contrary to my experience and standards in the industry.

11. Although I later learned that I had signed a deed of trust for the private family loan, at the time I believed I was simply signing paperwork to document a personal loan arrangement. In prior private loans with the same individual, no documents had ever been recorded or placed on title, so I had no reason to believe this one would be treated differently. I am not a title or escrow professional and relied entirely on the licensed experts handling the refinance — including the mortgage broker, escrow officer, and title company — to confirm all liens and ensure compliance with standard closing procedures. No one informed me that the family loan document would be recorded or that it would affect lien priority. I did not receive or review any recording confirmation, and I had no knowledge of the recording until after the refinance was completed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this ____ day of November 2025, in La Quinta, California.

_____

AUDREY BETH LITTLE, Plaintiff

**PRAYER FOR RELIEF (SUPPLEMENTAL)**

# EXHIBIT D

**From:** Audrey Little <audreylittle458@gmail.com>
**Sent:** Saturday, November 8, 2025 2:44 PM
**To:** Olivier J. Labarre <olabarre@wrightlegal.net>
**Subject:** Final Notice — Ex Parte Petition to be Filed Monday After 12:00 p.m. PT

**Subject: Final Notice — Ex Parte Petition to be Filed Wednesday Morning**

Dear Mr. Labarre,

This confirms the cure deadline set in my November 7, 2025 notice: **Wednesday, November 12, 2025 at after 8:00 am Pacific.**

If Rocket Title does not provide written confirmation by that time of its elected cure and timetable, I will file an Ex Parte Petition for Declaratory and Injunctive Relief in the Riverside County Superior Court Palm Springs Courthouse Wednesday morning immediately after the deadline.

Requested cure (elect one within 10 days of court order):
  1) Pay the $393,000 lien recorded December 19, 2024 to restore second-lien priority; or
  2) Fund and consent to subordination by supporting a permanent 30-year 4.50% modification of the $716,000 loan (cost-to-cure ≈ $796,000, 20-year good-faith holding horizon); or
  3) Pay the full lender-policy amount ($716,000) to permit Oaktree Funding to cure directly.

This email provides formal ex parte notice consistent with Cal. Rules of Court 3.1200–3.1207. A courtesy copy of the filed papers and hearing notice will follow immediately after filing.

Respectfully,
Audrey Little
81439 Merv Griffin Way
La Quinta, CA 92253
(310) 283-4448
Audrey.Little458@gmail.com



**From:** **Audrey Little** audrey.little@gmail.com
**Subject:** Fwd: Final Notice — Ex Parte Petition to be Filed Wednesday Morning
**Date:** November 11, 2025 at 7:27 PM
**To:** Olivier J. Labarre olabarre@wrightlegal.net

Please See update as note of service.

Begin forwarded message:

**From:** "Olivier J. Labarre" <olabarre@wrightlegal.net>
**Subject: RE: Final Notice — Ex Parte Petition to be Filed Monday After 12:00 p.m. PT**
**Date:** November 10, 2025 at 12:56:34 PM PST
**To:** 'Audrey Little' <audreylittle458@gmail.com>
**Cc:** Debbie Bosman <dbosman@wrightlegal.net>, SaveIt <SaveIt@wrightlegal.net>

Hi Ms. Little – to the extent that anything is filed with the court, please be advised that my firm is authorized to accept service on behalf of Rocket Title, so please forward me copies of anything that is filed with the court and any hearing details re: any ex parte hearings.

Regards,

Olivier J. Labarre, Esq.
Wright, Finlay & Zak, LLP
Ph: (949) 477-5050 Ext. 1036

**From:** Olivier J. Labarre
**Sent:** Monday, November 10, 2025 11:00 AM
**To:** 'Audrey Little' <audreylittle458@gmail.com>
**Cc:** Debbie Bosman <dbosman@wrightlegal.net>; SaveIt <SaveIt@wrightlegal.net>
**Subject:** RE: Final Notice — Ex Parte Petition to be Filed Monday After 12:00 p.m. PT

Thank you for your letter and emails, Ms. Little. Again, nothing in your letter, including the prospect of negotiated subordination agreement between Oaktree and the second lienholder, causes Rocket Title to reevaluate its legal position. Rocket Title also stands on its prior decision not to produce any contents of its title insurance file with you on the grounds that you are not an insured in that transaction. To the extent that you would like copies of your escrow documents, please refer that inquiry to Rocket Close – you may email Stacy Holubec at staceyholubec@rocketclose.com. As previously advised, this office represents only Rocket Title Insurance Company. Please continue to forward any and all communications to Rocket Title Insurance Company to my attention. Request is made that you cease emailing and communicating with other representatives of Rocket Mortgage, including its CEO and Board Members. Rocket Mortgage is a separate entity that is not involved in this transaction.

To the extent that any lawsuit or petition is filed, please forward me copies of the papers. I am not authorized to accept service on behalf of my client, but will let them know and anticipate I will be authorized to accept service on their behalf.

Regards,

Olivier J. Labarre, Esq.
Wright, Finlay & Zak, LLP
Ph: (949) 477-5050 Ext. 1036

**From:** **Audrey Little** audreylittle458@gmail.com
**Subject:** Update Following Corporate Escalation
**Date:** November 4, 2025 at 3:10 PM
**To:** Labarre Olivier J. olabarre@wrightlegal.net
**Cc:** audrey.little458@gmail.com, Bosman Debbie dbosman@wrightlegal.net, Saveit Saveit@wrightlegal.net



Dear Olivier,

I wanted to update you following your message yesterday.

After receiving your email, I escalated this matter to Rocket Companies corporate. I have now heard directly from the CEO, and he has assigned a senior corporate representative to review this situation across Rocket Title, Rocket Close, and the broader organization.

As I explained to the executive office, there are only three possible paths:
1. Cure the $393,000 title issue through the title policy, which is the least expensive and most straightforward option,
2. Oak Tree modifies the loan to a reduced interest rate acceptable to the second lienholder in order to subordinate, which would result in an actual loss materially greater than the cost of curing the lien under the title policy, or
3. I am forced to sell the property, which would result in an even greater loss to the Rocket entities involved.

Given those outcomes, I expect corporate leadership will determine that curing the title loss under the policy is the most prudent path.

My only objective has been to resolve this appropriately and efficiently. I fully respect your role and understand you may not have visibility into the broader implications. That is why this was escalated to the corporate level where cross-entity authority exists.

I will now await further instruction from the assigned corporate representative. In the meantime, per your request, I will continue to direct Rocket Title-related communications through your office.

Thank you,
Audrey Little
310-283-4448
Audrey.Little458@gmail.com

Sent from my iPhone

On Nov 3, 2025, at 9:02 PM, Olivier J. Labarre <olabarre@wrightlegal.net> wrote:
I have reviewed your emails and the attachment and at this time there is nothing contained in the same that causes Rocket Title to reconsider its denial to you. As previously advised in my letter of October 17, 2025, and as a matter of California law, a preliminary title report is not a representation of title and cannot be relied upon as such. Further, your email and statement concede that you are not an insured, confirming that Rocket Title owed you no contractual duties.

As I previously advised, my office represents only Rocket Title Insurance Company, and not the settlement agent/escrow company, Rocket Close. Please continue to ensure that any and all communications directed to Rocket Title Insurance Company go through me. Please also remove me from communications with Rocket Close as my office does not represent them.

From: **Audrey Little** audreylittle458@gmail.com
Subject: Courtesy Update on Escalation & Next Steps
Date: November 4, 2025 at 9:49 AM
To: J. Labarre Olivier olabarre@wrightlegal.net, Holubec Stacey StaceyHolubec@rocketclose.com, Jon Epstein jepstein@oaktreefunding.com, Robert Teague rteague@oaktreefunding.com



Subject: Courtesy Update on Escalation & Next Steps

Dear Olivia, Robert, T. John Epstein, and Stacy Bratcher,

I wanted to extend the professional courtesy of updating you on the status of this matter.

As I did not receive the requested information or a designated single point of contact within Rocket, I have escalated this issue to senior leadership at Rocket Companies, including board-level channels. My submission included an executive summary and supporting materials outlining the chain of events, along with a request for one coordinated point of contact.

# As the homeowner and the party with the greatest financial exposure if this remains unresolved, and as someone managing significant personal health challenges while preparing for a necessary move, I truly had no choice but to escalate this matter.

# My only goal is a fair and coordinated resolution, and I hope we can achieve that promptly and cooperatively.

My objective remains the same: to resolve this efficiently, accurately, and cooperatively. There is a straightforward and least-cost path to cure this situation, and two alternatives that would be significantly more costly to Rocket. I believe it is in everyone's best interest to address this promptly and cohesively.

I also intend to continue working constructively, including on behalf of Oak Tree, to ensure their title insurance claim is properly processed and resolved.

At this point, I will await contact from Rocket's senior team and pause other outreach until a representative is assigned. I appreciate your time and hope we can move toward a timely and coordinated resolution.

Sincerely,
Audrey Little
310-283-4448
Audrey.Little458@gmail.com

Warmest Regards,
Audrey

Sent from my iPhone



**From:** **Audrey Little** audrey.little@gmail.com
**Subject:** Thank you so much!
**Date:** November 4, 2025 at 2:38 PM
**To:** Krishna Varun Varun@rocket.com

Warmest Regards,
Audrey

Sent from my iPhone

On Nov 4, 2025, at 11:05 AM, Krishna, Varun <Varun@rocket.com> wrote:

Thank you for reaching out and sharing the background on this, Audrey. I'm adding Heather Moldovan here - she'll connect with you directly to review the details and coordinate next steps.

— varun

**From:** Audrey Little <audrey.little@gmail.com>
**Sent:** Tuesday, November 4, 2025 12:35 PM
**To:** Krishna, Varun <varunkrishna@rocketcompanies.com>
**Cc:** Rocket Companies Investor Relations <ir@rocketcompanies.com>; Rocket Mortgage Inclusion Support <Assist@rocketmortgage.com>; RocketProTPOTitleClearance@amrock.com; Rocket Close Funding <AmrockFunding@amrock.com>; orders@rockettitle.com
**Subject:** [External] Request for Single Executive Point of Contact — Cross-Entity Compliance Matter

To: Office of the CEO — Varun Krishna
Cc: ir@rocket.com; independentdirectors@rocketcompanies.com; Assist@RocketMortgage.com; RocketProTPOTitleClearance@amrock.com; AmrockFunding@amrock.com; orders@rockettitle.com
Subject: Request for Single Executive Point of Contact — Cross-Entity Compliance Matter

Dear Mr. Krishna and Office of the CEO,

I'm writing to request a single executive point of contact to coordinate resolution of a cross-entity issue involving Rocket Mortgage, Rocket Close (Amrock), and Rocket Title Insurance Company.

I've attached an Executive Summary and a detailed letter outlining the timeline and supporting facts. The situation is fully solvable with coordinated action, but thus far internal departments have deferred responsibility rather than aligning to address the matter.

Why I'm elevating this to your office:
• The matter concerns lien priority, title accuracy, and escrow/title obligations.
• If not resolved promptly, it risks seven-figure losses for both Rocket and me.
• Based on the obligations outlined, Rocket would likely bear that cost.
• My objective is cooperation and timely resolution, not litigation.

My request:
Please designate one senior leader with authority across the above entities to receive my

packet and coordinate a cure. I am ready to provide anything needed and to work collaboratively toward resolution.

If acceptable, I can transmit the full packet securely today and am available for a call at your earliest convenience.

Thank you for your time and attention. I am committed to a cooperative and fair resolution.

Sincerely,
Audrey Little
Phone: 310-283-4448
Email: Audrey.Little458@gmail.com

Attachments:
• Executive Summary – Cross-Entity Compliance Matter (PDF)
• Long Letter with Timeline

**From:** **Audrey Little** audreylittle458@gmail.com  📎

**Subject:** Failure to Deliver Insured Second-Lien Position — Borrower Notice / Three-Day Cure Requirement

**Date:** November 5, 2025 at 2:40 PM

**To:** Olivier J. Labarre olabarre@wrightlegal.net, Stacey Holubec StaceyHolubec@rocketclose.com, Heather Moldovan HeatherMoldovan@rocketclose.com

**Cc:** Teri Hill TeriHill@rockettic.com, Varun Krishna Varun@rocket.com, Jon Epstein jepstein@oaktreefunding.com, Teague Robert rteague@oaktreefunding.com

**Bcc:** Garrett Bowlby GBowlby@oaktreefunding.com

Dear Olivier,

Below please find a summary of what you're about to read in the attached letter. We're at a point where this is it. I have copied everyone in rocket companies that I believe their company or department has a vested interest in this matter. Additionally, I am copying oak tree as well , it is my hope that Oak Tree, the senior note holder, and I are 100% aligned right now.

**Subject:** Failure to Deliver Insured Second-Lien Position — Borrower Notice / Three-Day Cure Requirement
**Key Points:**

1. **Issue:** Rocket Title failed to deliver the insured second-lien position for the refinance of the property at 81439 Merv Griffin Way, La Quinta, CA.

   - Impact: Lien was recorded in third position instead of second.
   - Oak Tree Funding Corporation cannot sell or assign the loan in third position.
   - Senior lienholder will only subordinate at 4.50% for 30 years, creating a liquid, immediate loss under the policy.
   - 
   - Loss Calculation: Rewrite to 4.50% over ~15 years: ~$549,705
   - Market exit premium: ~$14,320
   - Admin/servicing: ~$7,500–$10,000
   - **Total Loss:** ~$574,000+
   - **Least-cost cure:** Pay senior lien (~$393,000)
   - Improper Denial & Delay: Rocket Title relied on a "no loss yet" theory, delaying resolution for over 45 days.
   - Delay has increased financial harm to Oak Tree and the borrower.

**Action Required:** Rocket Title must elect one of the following within three (3) business days:

1. Cure by paying the prior lien **(~$393,000).**
2. Indemnify Oak Tree **(~$574,000+)** upon modification.

**Additional Notes:**

- If Rocket Close or another affiliate contributed to the issue, Rocket Title may pursue internal recovery after curing the defect.
- The borrower will not litigate between Rocket entities to receive performance.

**to rocket from audrey.pdf** 

**From:** **Moldovan, Heather** HeatherMoldovan@rocketclose.com  📎
**Subject:** RE: [External] Request for Single Executive Point of Contact — Cross-Entity Compliance Matter
**Date:** November 4, 2025 at 1:46 PM
**To:** Krishna, Varun Varun@rocket.com, Audrey Little audrey.little@gmail.com



Thank you for the add, Varun.

Audrey, I am reviewing the file and will respond once I've had a chance to review the attachments.

Thank you,



**Heather Moldovan**
Vice President, Rocket Close Operations I Rocket Close

T (313) 782-0019
F (877) 385-2393

662 Woodward, Detroit, MI 48226

---

**From:** Krishna, Varun <Varun@rocket.com>
**Sent:** Tuesday, November 4, 2025 2:05 PM
**To:** Audrey Little <audrey.little@gmail.com>
**Cc:** Moldovan, Heather <HeatherMoldovan@rocketclose.com>
**Subject:** RE: [External] Request for Single Executive Point of Contact — Cross-Entity Compliance Matter

Thank you for reaching out and sharing the background on this, Audrey. I'm adding Heather Moldovan here - she'll connect with you directly to review the details and coordinate next steps.

— varun

---

**From:** Audrey Little <audrey.little@gmail.com>
**Sent:** Tuesday, November 4, 2025 12:35 PM
**To:** Krishna, Varun <varunkrishna@rocketcompanies.com>
**Cc:** Rocket Companies Investor Relations <ir@rocketcompanies.com>; Rocket Mortgage Inclusion Support <Assist@rocketmortgage.com>; RocketProTPOTitleClearance@amrock.com; Rocket Close Funding <AmrockFunding@amrock.com>; orders@rockettitle.com
**Subject:** [External] Request for Single Executive Point of Contact — Cross-Entity Compliance Matter

To: Office of the CEO — Varun Krishna
Cc: ir@rocket.com; independentdirectors@rocketcompanies.com; Assist@RocketMortgage.com; RocketProTPOTitleClearance@amrock.com; AmrockFunding@amrock.com; orders@rockettitle.com
Subject: Request for Single Executive Point of Contact — Cross-Entity Compliance Matter

Dear Mr. Krishna and Office of the CEO,

I'm writing to request a single executive point of contact to coordinate resolution of a cross-entity issue involving Rocket Mortgage, Rocket Close (Amrock), and Rocket Title Insurance Company.

I've attached an Executive Summary and a detailed letter outlining the timeline and supporting facts. The situation is fully solvable with coordinated action, but thus far internal departments have deferred responsibility rather than aligning to address the matter.

Why I'm elevating this to your office:
• The matter concerns lien priority, title accuracy, and escrow/title obligations.
• If not resolved promptly, it risks seven-figure losses for both Rocket and me.
• Based on the obligations outlined, Rocket would likely bear that cost.
• My objective is cooperation and timely resolution, not litigation.

My request:
Please designate one senior leader with authority across the above entities to receive my packet and coordinate a cure. I am ready to provide anything needed and to work collaboratively toward resolution.

If acceptable, I can transmit the full packet securely today and am available for a call at your earliest convenience.

Thank you for your time and attention. I am committed to a cooperative and fair resolution.

Sincerely,
Audrey Little
Phone: 310-283-4448
Email: Audrey.Little458@gmail.com

Attachments:
• Executive Summary – Cross-Entity Compliance Matter (PDF)
• Long Letter with Timeline

**From:** **Audrey Little** audreylittle458@gmail.com  📎
**Subject:** Fwd: Escrow/Title Priority Defect — Request to Cure by 11/7/2025 (Audrey Little)
**Date:** November 3, 2025 at 6:06 PM
**To:** Altman Brook info@highlineinteractive.com



Warmest Regards,
Audrey

Sent from my iPhone

Begin forwarded message:

**From:** Audrey Little <audreylittle458@gmail.com>
**Date:** November 3, 2025 at 6:01:03 PM PST
**To:** Stacey Holubec <StaceyHolubec@rocketclose.com>, "J. Labarre Olivier" <olabarre@wrightlegal.net>
**Cc:** Teri Hill <TeriHill@rockettic.com>, Teague Robert <rteague@oaktreefunding.com>, Jon Epstein <jepstein@oaktreefunding.com>
**Subject: Escrow/Title Priority Defect — Request to Cure by 11/7/2025 (Audrey Little)**
**Reply-To:** audrey.little458@gmail.com

To: Rocket Close / Amrock Escrow – Legal & Management; Rocket Title Insurance Company – Claims & Legal; Rocket Mortgage – Executive Escalations & Legal
Cc: Rocket Companies, Inc. – Board of Directors; Oak Tree Funding – Legal & Compliance; (your counsel, if applicable)

Dear Counsel and Leadership Team,

Please find attached my formal notice regarding the lien-priority defect that occurred during my July 2025 refinance handled through Rocket-affiliated entities.

In brief: no title report was run or disclosed during escrow; I asked in good faith to confirm no unexpected liens appeared; and only later did we discover that the refinance loan recorded in third rather than second position, contrary to written escrow instructions. The attached letter outlines three resolution paths and identifies the lowest-cost cure: satisfying the improperly senior lien (≈ $393,000). It also details lender/borrower loss exposure if the defect is not cured and the legal duties at issue.

Requested next steps (by Friday, November 7, 2025):
1. Assign a single senior point of contact.
2. Confirm Rocket will cure the priority defect by satisfying the improperly senior lien (≈ $393,000).
3. Withdraw borrower-fault theories and produce the complete escrow and title file.
4. Acknowledge the litigation hold on all related records.

My objective is resolution, not conflict. I'm available this week to discuss logistics and timing once you confirm the cure plan.

Thank you for your prompt attention.

Respectfully,
Audrey Little
81439 Merv Griffin Way • La Quinta, CA 92253
Email: Audrey.Little458@gmail.com • Phone: 310-283-4448

Attachments:
1. Signed Formal Notice – Escrow & Title Failure (PDF)
2. Executive Summary (PDF)

**Audrey_Little_Final_Letter_Signed.pdf**
8 KB


**Executive_Summary_Audrey_Little.pdf**
3 KB


**From:** **Moldovan, Heather** HeatherMoldovan@rocketclose.com
**Subject:** RE: [External] Request for Single Executive Point of Contact — Cross-Entity Compliance Matter
**Date:** November 5, 2025 at 8:12 AM
**To:** Audrey Little audrey.little@gmail.com
**Cc:** Amrock Client Resolution clientresolution@rocketclose.com



Hi Audrey,
I am routing your email to our Client Resolution team — they are copied on this email.

Thank you,



**Heather Moldovan**
Vice President, Rocket Close Operations I Rocket Close

T (313) 782-0019
F (877) 385-2393

662 Woodward, Detroit, MI 48226

**From:** Audrey Little <audrey.little@gmail.com>
**Sent:** Tuesday, November 4, 2025 5:34 PM
**To:** Moldovan, Heather <HeatherMoldovan@rocketclose.com>
**Cc:** Krishna, Varun <Varun@rocket.com>
**Subject:** Re: [External] Request for Single Executive Point of Contact — Cross-Entity Compliance Matter

Thank you both for writing me back so quickly. I cannot tell you how much it means to me. If you heard my voice, you would know I'm just trying to resolve this the best way possible for everybody. I finally had to escalate because it's like your kids won't play together and it's creating huge financial problems for me and oak tree.

NEvery day this goes forward losses, grow on the on my side and oak trees and it's really simple.

The two biggest defenses so far have been blame, shifting to me, which is unreasonable and rocket title and close pointing fingers at one another. I need a single point of contact that's going deal with this.

I'm not the insured via title insurance, but the continued no basis denial affects me financially in large way and if they don't pay the claim rocket clothes will be in for a major lawsuit along with reporting to regulatory bodies and I really don't wanna do that.

Should rocket title insurance continue to deny the claim in bad faith and not baby I take care of this then it's going to force me to sell my home or force oak tree to modify the mortgage. Both of those are damages in the millions versus $393,000.

Again, thank you so much for your prompt responses. I feel so much better just

seeing them.

Warmest Regards,
Audrey

Sent from my iPhone


On Nov 4, 2025, at 1:46 PM, Moldovan, Heather
<HeatherMoldovan@rocketclose.com> wrote:

Thank you for the add, Varun.

Audrey, I am reviewing the file and will respond once I've had a chance to
review the attachments.

Thank you,


<image001.png>

**Heather Moldovan**
Vice President, Rocket Close Operations I Rocket Close

T (313) 782-0019
F (877) 385-2393

662 Woodward, Detroit, MI 48226

**From:** Krishna, Varun <Varun@rocket.com>
**Sent:** Tuesday, November 4, 2025 2:05 PM
**To:** Audrey Little <audrey.little@gmail.com>
**Cc:** Moldovan, Heather <HeatherMoldovan@rocketclose.com>
**Subject:** RE: [External] Request for Single Executive Point of Contact —
Cross-Entity Compliance Matter


Thank you for reaching out and sharing the background on this, Audrey. I'm adding Heather Moldovan here -
she'll connect with you directly to review the details and coordinate next steps.

– varun


**From:** Audrey Little <audrey.little@gmail.com>
**Sent:** Tuesday, November 4, 2025 12:35 PM
**To:** Krishna, Varun <varunkrishna@rocketcompanies.com>
**Cc:** Rocket Companies Investor Relations <ir@rocketcompanies.com>; Rocket
Mortgage Inclusion Support <Assist@rocketmortgage.com>;
RocketProTPOTitleClearance@amrock.com; Rocket Close Funding
<AmrockFunding@amrock.com>; orders@rockettitle.com
**Subject:** [External] Request for Single Executive Point of Contact — Cross-
Entity Compliance Matter

~~Entity Compliance Matter~~

To: Office of the CEO — Varun Krishna
Cc: ir@rocket.com; independentdirectors@rocketcompanies.com;
Assist@RocketMortgage.com; RocketProTPOTitleClearance@amrock.com;
AmrockFunding@amrock.com; orders@rockettitle.com
Subject: Request for Single Executive Point of Contact — Cross-Entity
Compliance Matter

Dear Mr. Krishna and Office of the CEO,

I'm writing to request a single executive point of contact to coordinate
resolution of a cross-entity issue involving Rocket Mortgage, Rocket Close
(Amrock), and Rocket Title Insurance Company.

I've attached an Executive Summary and a detailed letter outlining the timeline
and supporting facts. The situation is fully solvable with coordinated action, but
thus far internal departments have deferred responsibility rather than aligning
to address the matter.

Why I'm elevating this to your office:
• The matter concerns lien priority, title accuracy, and escrow/title obligations.
• If not resolved promptly, it risks seven-figure losses for both Rocket and me.
• Based on the obligations outlined, Rocket would likely bear that cost.
• My objective is cooperation and timely resolution, not litigation.

My request:
Please designate one senior leader with authority across the above entities to
receive my packet and coordinate a cure. I am ready to provide anything
needed and to work collaboratively toward resolution.

If acceptable, I can transmit the full packet securely today and am available for
a call at your earliest convenience.

Thank you for your time and attention. I am committed to a cooperative and fair
resolution.

Sincerely,
Audrey Little
Phone: 310-283-4448
Email: Audrey.Little458@gmail.com

Attachments:
• Executive Summary – Cross-Entity Compliance Matter (PDF)
• Long Letter with Timeline

Audrey_Little_Final_Letter_Sig
ned.pdf
8 KB


Rocket_Title_Escalation_Audre
y_Little.pdf
3 KB

**From:** **Client Resolution** clientresolution@rocketclose.com
**Subject:** RE: Re: [External] 22025050036 Little, Audrey (74346744)
**Date:** October 8, 2025 at 11:41 AM
**To:** audrey.little@gmail.com



Hello Audrey,

I have a contact for you

## Rocket Title Insurance Company

**Teri Hill**
Senior Title Insurance Claims Specialist
662 Woodward Ave. | Detroit, MI 48226
T (313) 338-0129
F (877) 382-9278

I hope this will help get things cleared and moving.

Thank you and have a great day.

## Rocket Close

**Stacey Holubec** - Rocket Close Client Advocate
662 Woodward Ave. | Detroit, MI 48226
(888) TITLE-55

rocketclose.com | Privacy Policy

thread::BEvutYFLeByiXkmhtQz2NHg::

## Rocket Title Insurance Company

**Teri Hill**
Senior Title Insurance Claims Specialist
662 Woodward Ave. | Detroit, MI 48226
T (313) 338-0129
F (877) 382-9278

**From:** **Audrey Little** audrey.little@gmail.com 
**Subject:** Fwd: They will want this too
**Date:** October 30, 2025 at 12:35 PM
**To:** Holubec Stacey StaceyHolubec@rocketclose.com

Warmest Regards,
Audrey

Sent from my iPhone

Begin forwarded message:

**From:** Audrey Little <audrey.little@gmail.com>
**Date:** October 30, 2025 at 12:29:32 PM PDT
**To:** staceyhollubeck@rocketclose.com
**Subject: Fwd: They will want this too**

Warmest Regards,
Audrey

Sent from my iPhone

Begin forwarded message:

**From:** Audrey Little <audrey.little@gmail.com>
**Date:** October 30, 2025 at 12:20:56 PM PDT
**To:** Client Resolution <clientresolution@rocketclose.com>
**Subject: They will want this too**

**Specify closing inst.pdf**
25.3 MB


Warmest Regards,
Audrey

Sent from my iPhone

**From:** **Audrey Little** audrey.little@gmail.com
**Subject:** Re: 22025050036 Little, Audrey (74346744)
**Date:** October 7, 2025 at 12:56 PM
**To:** Client Resolution clientresolution@rocketclose.com



I already did and I want to speak with someone. I'm not writing again when you have made a huge error (not you)

I'm staying calm and not involving an attorney but I want to speak with someone today

Audrey

On Tue, Oct 7, 2025 at 12:54 PM Client Resolution <clientresolution@rocketclose.com> wrote:

Hello Audrey,

I spoke with you yesterday regarding the title issue on your file.

I did reach out to our legal/compliance team.

Can you please put your questions in writing and send to me and I will get this forwarded to them to review and let you know.

My direct line again is 313-338-0208.

Thank you and have a great day.

## ⌂ Rocket Close

**Stacey Holubec** - Rocket Close Client Advocate
662 Woodward Ave. | Detroit, MI 48226
(888) TITLE-55

rocketclose.com | Privacy Policy

thread::BEvutYFLeByiXkmhtQz2NHg::

**From:** **Client Resolution** clientresolution@rocketclose.com
**Subject:** RE: 22025050036 Little, Audrey (74346744)
**Date:** October 7, 2025 at 12:54 PM
**To:** audrey.little@gmail.com



Hello Audrey,

I spoke with you yesterday regarding the title issue on your file.

I did reach out to our legal/compliance team.

Can you please put your questions in writing and send to me and I will get this forwarded to them to review and let you know.

My direct line again is 313-338-0208.

Thank you and have a great day.

**⌂Rocket Close**

**Stacey Holubec** - Rocket Close Client Advocate
662 Woodward Ave. | Detroit, MI 48226
(888) TITLE-55

rocketclose.com | Privacy Policy

thread::BEvutYFLeByiXkmhtQz2NHg::

**From:** **Client Resolution** clientresolution@rocketclose.com
**Subject:** RE: Re: [External] 22025050036 Little, Audrey (74346744)
**Date:** October 8, 2025 at 4:58 AM
**To:** audrey.little@gmail.com



Good Morning Audrey,

Thank you for sending that letter I have received and did forward to our Legal team as well.

Have a great day.

## ∩ Rocket Close

### **Stacey Holubec** - Rocket Close Client Advocate
662 Woodward Ave. | Detroit, MI 48226
(888) TITLE-55

rocketclose.com | Privacy Policy

--------------- Original Message ---------------
**From:** Audrey Little [audrey.little@gmail.com]
**Sent:** 10/7/2025 5:40 PM
**To:** clientresolution@rocketclose.com
**Subject:** [External] Re: 22025050036 Little, Audrey (74346744)

Did you receive my letter

On Oct 7, 2025, at 12:54?PM, Client Resolution <clientresolution@rocketclose.com> wrote:

Hello Audrey,

I spoke with you yesterday regarding the title issue on your file.

I did reach out to our legal/compliance team.

Can you please put your questions in writing and send to me and I will get this forwarded to them to review and let you know.

My direct line again is 313-338-0208.

Thank you and have a great day.

## ∩ Rocket Close

### **Stacey Holubec** - Rocket Close Client Advocate
662 Woodward Ave. | Detroit, MI 48226
(888) TITLE-55

rocketclose.com | Privacy Policy

thread::BEvutYFLeByiXkmhtQz2NHg::

**From:** **Audrey Little** audrey.little@gmail.com  
**Subject:** Re: 22025050036 Little, Audrey (74346744)
**Date:** October 7, 2025 at 2:01 PM
**To:** Client Resolution clientresolution@rocketclose.com

Here is the letter I sent on 9/30. I found it. I still want a call today.



**rocket title insurance letter.pdf**
118 KB

On Oct 7, 2025, at 12:54 PM, Client Resolution <clientresolution@rocketclose.com> wrote:

Hello Audrey,

I spoke with you yesterday regarding the title issue on your file.

I did reach out to our legal/compliance team.

Can you please put your questions in writing and send to me and I will get this forwarded to them to review and let you know.

My direct line again is 313-338-0208.

Thank you and have a great day.

## Rocket Close

**Stacey Holubec** - Rocket Close Client Advocate
662 Woodward Ave. **|** Detroit, MI 48226
(888) TITLE-55

rocketclose.com **|** Privacy Policy

thread::BEvutYFLeByiXkmhtQz2NHg::

**From:** **Holubec, Stacey** StaceyHolubec@rocketclose.com 📎
**Subject:** RE: Fwd: [External] DEMAND FOR IMMEDIATE RESOLUTION – Gross Escrow & Title Failures, RESPA Violations, and Threatened Regulatory Action Audrey Little v. Rocket Close / Rocket Mortgage – Property: 81439 Merv Griffin Way, La Quinta, CA 92253
**Date:** October 30, 2025 at 1:37 PM
**To:** Audrey Little audrey.little@gmail.com

Hello Audrey,

I have been advised that you only point of contact will be Olivier Labarre, our representative council and you can reach him at 949-477-5050 ext. 1036.

Thank you and have a great day



**Stacey Holubec**
Rocket Close Resolution Advocate I Rocket Close

T (313) 338-0208

**From:** Audrey Little <audrey.little@gmail.com>
**Sent:** Thursday, October 30, 2025 2:35 PM
**To:** Holubec, Stacey <StaceyHolubec@rocketclose.com>
**Subject:** [External] Fwd: DEMAND FOR IMMEDIATE RESOLUTION – Gross Escrow & Title Failures, RESPA Violations, and Threatened Regulatory Action Audrey Little v. Rocket Close / Rocket Mortgage – Property: 81439 Merv Griffin Way, La Quinta, CA 92253

Warmest Regards,
Audrey

Sent from my iPhone

Begin forwarded message:

> **From:** Audrey Little <audrey.little@gmail.com>
> **Date:** October 30, 2025 at 12:28:53 PM PDT
> **To:** staceyhollubeck@rocketclose.com
> **Subject: Fwd: DEMAND FOR IMMEDIATE RESOLUTION – Gross Escrow & Title Failures, RESPA Violations, and Threatened Regulatory Action Audrey Little v. Rocket Close / Rocket Mortgage – Property: 81439 Merv Griffin Way, La Quinta, CA 92253**
>
>
> Warmest Regards,
> Audrey

Sent from my iPhone


Begin forwarded message:

> **From:** Audrey Little <audrey.little@gmail.com>
> **Date:** October 30, 2025 at 12:11:36 PM PDT
> **To:** Client Resolution <clientresolution@rocketclose.com>
> **Subject: DEMAND FOR IMMEDIATE RESOLUTION – Gross Escrow & Title Failures, RESPA Violations, and Threatened Regulatory Action Audrey Little v. Rocket Close / Rocket Mortgage – Property: 81439 Merv Griffin Way, La Quinta, CA 92253**
>
> DEMAND FOR IMMEDIATE RESOLUTION – Gross Escrow & Title Failures, RESPA Violations, and Threatened Regulatory Action
> Audrey Little v. Rocket Close / Rocket Mortgage – Property: 81439 Merv Griffin Way, La Quinta, CA 92253
>
> October 30, 2025
>
> Legal Department
> Rocket Close
> VIA EMAIL
>
> YOU ARE HEREBY ON NOTICE:
> Rocket Close, Rocket Mortgage, and all wholly-owned subsidiaries (collectively "Rocket") committed systemic breaches of escrow, title, and insurance duties, directly causing the Oak Tree Lending lien mispositioning. These are willful violations of California law and federal RESPA statutes.
>
> CRITICAL FACT:
> I had ZERO knowledge of the December 19, 2024 deed until September 2025. Rocket's title reports never flagged it because Rocket never ran a title report past early December 2024 in the entire process—not in May 2025, not in July 2025, not ever—relying solely on a stale, pre-December 19 report, violating escrow instructions and standards at every step.
>
> I am trying to help everyone here, including myself—this was never my intention, and I am committed to clarifying exactly what happened so we can all move on. My only goal is to get this resolved for Oak Tree, myself, and Rocket quickly. I have

no desire to initiate legal processes or report violations to regulatory bodies; however, if I am not paid the respect of a phone call, you leave me no other choice. Let's collaborate aggressively to resolve this for all parties before escalation becomes inevitable.

---

RESPA VIOLATIONS & PENALTIES (12 U.S.C. § 2601 et seq.) – DETAILED EXPLANATION
Rocket's integrated model violates RESPA Section 8, designed to protect consumers from abusive practices in real estate settlements. Penalties are severe to deter violations, including criminal fines, imprisonment, civil damages, and administrative actions by the CFPB. Criminal penalties can include up to $10,000 in fines and 1 year imprisonment per violation. Civil penalties involve actual damages, statutory damages up to $2,000 per violation (or $1,000,000+ for class actions), treble damages (3x the settlement service charges), and attorney fees. CFPB administrative fines can reach $5,000/day for violations, $25,000/day for reckless ones, or $1,000,000/day for knowing violations. In pattern-or-practice cases, like Rocket's history of RESPA issues, penalties escalate significantly, often resulting in multimillion-dollar settlements.



| Violation | Statute | Breach | Penalties (12 U.S.C. § 2607(d)) |
|-----------|---------|--------|---------------------------------|
| Inaccurate Settlement Services | § 2604(c) | Used outdated title report; failed to disclose lien. | Criminal: Up to $10,000 fine + 1 year imprisonment. Civil: Treble damages (3x charges paid) + attorney fees. CFPB administrative fines up to $25,000/day for reckless violations. |
| Unfair Practices | § 2614; Reg X | Disbursed without lien verification. | Same as above; total exposure could exceed $1M with multiples. |
| Affiliated Abuse | § 2607 | Subsidiaries (Rocket Close, Amrock) failed coordination, subordinating $716k lien. | Treble damages + fees; pattern of misconduct (e.g., Rocket's prior CFPB fines) amplifies penalties. |

---

SIMILAR LAWSUITS AGAINST ROCKET MORTGAGE
Rocket has faced multiple RESPA, escrow, and title-related lawsuits, demonstrating a pattern of misconduct that strengthens our case:

•̶ ̶s̶t̶r̶e̶n̶g̶t̶h̶e̶n̶s̶ ̶o̶u̶r̶ ̶c̶a̶s̶e̶.

• CFPB v. Rocket Homes (Dec 2024): CFPB sued Rocket for RESPA kickback scheme steering borrowers via illegal incentives; seeks redress and penalties.

• AKKUS v. Rocket Mortgage (Feb 2024): RESPA violation for failing to pay taxes from escrow accounts, causing borrower harm.

• Failure to Timely Make Escrow Payments (Ongoing Class Action): Rocket accused of unfair escrow practices, damaging borrowers' reputations.

• CFPB Investigation (Since 2019): Ongoing probe into RESPA violations, leading to the recent lawsuit.

• Justice Department v. Rocket (Oct 2024): Race discrimination in appraisals (related to mortgage/title failures), though not pure RESPA.

• Other CFPB Actions: Rocket paid $3.5M in 2017 for RESPA violations; pattern includes prior fines for similar affiliated abuses.

---

CALIFORNIA LAW VIOLATIONS

| Law | Section | Breach |
|-----|---------|--------|
| Escrow Law | Fin. Code § 17403.2 | Disbursed without second-position verification. |
| Fiduciary Duty | Fin. Code § 17405 | Ignored signed instructions. |
| Negligence | Civ. Code § 1714 | No updated searches May–July 2025. |
| Title Insurance | Ins. Code § 12389 | Denied claim without investigating escrow failure. |

---

CHRONOLOGY – OUTDATED REPORT EXPOSED

| Date | Event | Rocket's Failure |
|------|-------|------------------|
| Dec 19, 2024 | Uncle records $393k deed | Never detected—post-date searches absent. |
| May 2025 | Escrow opens | Used pre-Dec report; missed lien. |
| May–July 2025 | No updates | Violated due diligence & RESPA. |
| July 2025 | Funds disbursed | No verification; Oak Tree in 3rd position. |
| Sept 2025 | I first learn of deed | Blamed me despite my reliance on their reports. |

Note on Stewart Resnick (My Uncle): Stewart Resnick, along with his wife Lynda, is a billionaire businessman with a combined net worth exceeding $13 billion. They co-own The Wonderful Company, a global powerhouse generating over $6 billion in annual revenue, owning iconic brands such as POM Wonderful, Fiji Water, Wonderful Pistachios, and Justin Vineyards & Winery (a premium California winery acquired in 2010). As one of the largest private agricultural landowners in California (approximately 190,000 acres of irrigated farmland) and controllers of vast water rights, his influence is substantial. This family loan was a rounding error for him, but the blame-shifting has infuriated him, complicating potential subordination. When you tried to blame-shift to me, you didn't realize that I wouldn't just have to hire and pay an attorney—but I'm sure you can imagine the resources I have.

AVAILABLE ACTIONS

| Party | Action | Authority |
|-------|--------|-----------|
| Oak Tree | Sue for bad-faith denial + indemnity | Ins. Code § 790.03(h); Civ. Code § 2860 |
| Me | DFPI Complaint (escrow) | Fin. Code § 17602 |
| Me | CFPB Complaint (RESPA) | 12 U.S.C. § 2605 |
| Me | Insurance Commissioner (title) | Ins. Code § 12921.1 |
| Both | Civil Lawsuit | Riverside Superior Court |

---

PUNITIVE DAMAGES CALCULATION
Under Civ. Code § 3294 for willful conduct:
• Base: 3-10x compensatory ($56k mine + $716k Oak Tree exposure = $772k).
  ○ At 5x: $3.86M.
• Factors: Rocket's $10B+ revenue supports higher; prior CFPB fines show pattern.
• Total Potential: $1-5M + fees (Civ. Code § 1788.30).

---

DEMAND – FINAL
1. Pay uncle's lien ($393k) + my $56k+ damages.
2. Pay Oak Tree loan ($716k) + damages.
3. Reduce Oak Tree to $420k + subordinate (if possible)— you rejected this cost-saver. The reason for the $420,000 subordination was because he would not have subordinated to more debt in front of him. Now, I doubt he'll subordinate at

to more debt in front of him. Now, I doubt he'll subordinate at all. Additionally, a new loan with new terms would have to be drafted by Oak Tree for this to occur, and I don't know if that's even possible because I'm just a person.

Additionally, I have requested copies of the preliminary and any title reports pulled from May through July 2025, which is my right as your client in escrow, and you have not provided them. I have requested these in writing multiple times. I demand these today, even though I already know what they will say—it's obvious rocket never ran any throughout this mortgage process.

Immediate Action Required: Call me today (310-283-4448)— no outsiders—to discuss so I can explain in five minutes what happened and you can get on this so that nothing escalates. Let's collaborate aggressively to resolve this for all parties before escalation becomes inevitable.

If I'm not paid the respect of a phone call today from the legal department at Rocket—not an outside lawyer who doesn't understand this process or a compliance person—so I can clarify any questions, I will assume that Rocket thinks because they're a large company they can prevail here.

Non-Response Triggers:
• DFPI/CFPB/Commissioner complaints (tomorrow).
• Civil suit (Riverside).

Please avoid eight-figure exposure—act now.

---

EXECUTIVE SUMMARY
• Dec 19, 2024: Lien recorded—Rocket blind.
• May 2025: Escrow—stale report used.
• July 2025: Close—no verification.
• Sept 2025: I discover—Rocket shifts blame.
• Now: Breaches demand resolution.

Audrey Little
310-283-4448
audrey.little458@gmail.com
81439 Merv Griffin Way, La Quinta, CA 92253
[Loan Account Number - Unknown]

CC: Teri Hill (Rocket); Oak Tree (counsel); My Attorney
Warmest Regards,

Audrey

Sent from my iPhone

**From:** **Audrey Little** audrey.little@gmail.com 
**Subject:** Urgent
**Date:** November 3, 2025 at 10:15 AM
**To:** Labarre Olivier J. olabarre@wrightlegal.net, Epstein Jon jepstein@oaktreefunding.com
**Cc:** Teague Robert rteague@oaktreefunding.com, Hill Teri TeriHill@rockettic.com, Holubec Stacey StaceyHolubec@rocketclose.com
**Bcc:** ajorgensen@adaxahome.com



Please read immediately to avoid further loss.

The attached letter explains where we stand in regard to oak trees title insurance.

A separate letter is going out to all entities represented in this transaction that outlines my loss if the lender's title insurance does not approve and pay the claim within the next 10 days .

There is no question that the least financial exposure to rocket title insurance as well as rocket escrow and rocket mortgage is to pay the valid and payable Oak tree title insurance.

> **Rocket_Title_Letter_Counsel_F INAL_HIGHLIGHTED 2.pdf**
> 5 KB

Warmest Regards,
Audrey

Sent from my iPhone

From: **Holubec, Stacey** StaceyHolubec@rocketclose.com  
Subject: RE: [External] Urgent — Immediate Resolution Required for Oak Tree Title Claim
Date: October 31, 2025 at 12:06 PM
To: Audrey Little audrey.little@gmail.com, Labarre Olivier J. olabarre@wrightlegal.net
Cc: Hill, Teri TeriHill@rockettic.com, Epstein Jon jepstein@oaktreefunding.com

Hello Audrey,

Your email and letter were sent to Rocket Close's legal team and they responded as follows:

Thank you for your letter.  We are aware of your file and concerns.  Currently there is an open claim with Rocket Title Insurance Company, and a new order with Rocket Close.  Your letter states you had no knowledge of the Deed of Trust in favor of the Stewart and Lynda Resnick Revocable Trust dated December 27, 1988, as amended.  If you did not execute that Deed of Trust and receive the proceeds from it you will need to address that directly with the trustees of the Stewart and Lynda Resnick Revocable Trust dated December 27, 1988.  That is not something Rocket Close can assist you with.  If you did execute that Deed of Trust and receive the proceeds from it, then you had a duty to disclose it to both Rocket Close and your new lender *whether it was recorded, or not.*  Your assertion that you relied on Rocket Close to advise you on what liens you had voluntarily placed on the property is misguided.  Rocket Close will not be paying any portion of your Deeds of Trust.

Please note, your email is addressed to Rocket Close and sent to Rocket Close but includes a statement that indicates you are putting Rocket Mortgage on notice.  You will need to send your demand to Rocket Mortgage.  Notice to Rocket Close does not impart notice to Rocket Mortgage.

Thank you and have a great Friday!



**Stacey Holubec**
Rocket Close Resolution Advocate l Rocket Close

T (313) 338-0208

---

**From:** Audrey Little <audrey.little@gmail.com>
**Sent:** Thursday, October 30, 2025 5:50 PM
**To:** Labarre Olivier J. <olabarre@wrightlegal.net>
**Cc:** Hill, Teri <TeriHill@rockettic.com>; Holubec, Stacey <StaceyHolubec@rocketclose.com>; Epstein Jon <jepstein@oaktreefunding.com>
**Subject:** [External] Urgent — Immediate Resolution Required for Oak Tree Title Claim

Subject: Urgent — Immediate Resolution Required for Oak Tree Title Claim

Dear Olivier,

I am writing regarding the Oak Tree title insurance claim submitted over 40 days ago, which was improperly denied after Rocket's review, blaming me. Rocket acted as both escrow/settlement agent and title insurer, and the denial is factually incorrect. I understand from Teri that Rocket has delegated the entire matter to

outside counsel, including review of the escrow instructions and the title claim.

Key points:
- Escrow instructions required verification and recording of the lien in second position prior to disbursement, yet funds were disbursed without such verification.
- No additional title reports were run from the beginning to the end of escrow; had they been, the recorded family loan would have been discovered immediately.
- During the 40-day review, all issues could have been identified in less than 48 hours.
- The insinuation that I committed mortgage fraud is entirely baseless. I signed the same escrow instructions as Oak Tree, had no knowledge the family loan had been recorded, and had no legal obligation to disclose an unrecorded private family loan. Fraud requires intent, which is entirely absent.
- Rocket's mishandling has caused financial losses of $56,000 as of today, increasing to $62,000 by next week, and continuing to increase at a minimum of $6,000 per month. These failures have also caused harm to Oak Tree, who was unable to sell or secure the loan properly due to Rocket's mishandling.

Personal Impact:

I also want to note that this situation is causing me extreme stress and anxiety, which is seriously affecting my health. As a breast cancer survivor, the ongoing mishandling of this claim has become very difficult to manage and is putting additional strain on my well-being. Additionally, I am a person with a disability, which makes the prolonged mishandling of this claim even more challenging. I am relying on Rocket to act responsibly and promptly, and continued delays are particularly harmful given my health and personal circumstances.

Demand:
1. Immediate reopening and proper review of the Oak Tree claim.
2. Written response within 5 business days acknowledging Rocket's dual role and breach of escrow duties.
3. Resolution of the claim within 7 days.

Please note, regulatory complaints have already been drafted and are ready to be submitted immediately if this matter is not resolved promptly. I will also retain counsel to protect my interests if necessary.

This matter is urgent. Further delay only increases Rocket's exposure and my financial and personal harm. Please confirm receipt of this email immediately.

The continued financial pressure caused by Rocket's mishandling of this claim may prevent me from making timely payments on my uncle's loan, potentially putting him at risk of foreclosure. This is a situation I know we all want to avoid, and it underscores the urgent need for Rocket to resolve this matter immediately.

I have also copied Teri Hill, Stacey Holubec  who works in the executive offices to send to the inside legal department of Rocket as well as oak tree. I feel it's important to be on record with all of you.

Sincerely,
Audrey B. Little
Email: audrey.little458@gmail.com
Phone: 310-283-4448
Property: 81439 Merv Griffin Way, La Quinta, CA , 92253

**From:** **Audrey Little** audrey.little@gmail.com 
**Subject:** Re: [External] Urgent — Immediate Resolution Required for Oak Tree Title Claim
**Date:** November 2, 2025 at 8:57 AM
**To:** Holubec Stacey StaceyHolubec@rocketclose.com
**Cc:** Labarre Olivier J. olabarre@wrightlegal.net, Hill Teri TeriHill@rockettic.com, Epstein Jon jepstein@oaktreefunding.com

Subject: Response to Rocket Close Legal Correspondence / Notice of Damages & Escalation

Dear Stacey,

Thank you for forwarding Rocket Close's response.

To avoid any further misunderstanding, I want to restate the facts clearly. I had no knowledge that a Deed of Trust had been recorded or that a lien existed that would affect title position.

I did sign family-loan paperwork with my uncle, and that documentation included deed-of-trust wording. I understood it simply as documentation of a private family loan — consistent with our long history of family lending where nothing had ever been recorded. I had no reason to believe that document created a recorded lien.

When my mortgage broker and I reviewed title, the lien did not appear. The only items reflected were the Kinecta HELOC and the private loan from Eric Pagel. That confirmed to both of us that no recording existed. I reasonably relied on escrow and title to identify all recorded encumbrances — which is their legal duty.

I also signed escrow instructions confirming that the Oak Tree refinance would be in second position. Had I known a prior lien existed, I never would have signed those instructions, nor would I have proceeded with the refinance. My conduct was completely consistent with my good-faith understanding — based on the title report and escrow's responsibilities — that no other lien existed.

The failure occurred entirely within Rocket Close and Rocket Title. I acted in complete good faith. The suggestion that a borrower must independently discover a lien that escrow and title failed to identify — despite their legal and contractual duty to do so — is inconsistent with California law and industry standards.

I am preparing a detailed chronological letter with supporting documentation, statutes, and case law. It will be sent shortly and will be copied to Rocket Mortgage, Rocket's legal and compliance teams, the Board of Directors, and the appropriate regulators.

———

Damages & Financial Exposure

Because this matter remains unresolved, I am now at risk of substantial and escalating financial harm. If this is not cured immediately, I will have no choice but to sell my home to protect myself and my son, who is a co-borrower and the father of a newborn baby.

A forced sale will result in losses that will exceed $2.4 million, including:
- loss of equity due to a below-market forced sale
- loss of historically low interest rates (2.75% and 2.41%)
- significantly increased long-term borrowing costs
- relocation and moving expenses
- temporary housing and displacement costs
- litigation expenses and legal fees

These damages are foreseeable, quantifiable, and legally recoverable, as they arise directly from escrow and title's failure to verify lien position and the continued delay after notice.

———

Reputational & Fairness Considerations

It is also important to acknowledge fairness and optics. I am a 60-year-old breast cancer survivor and currently disabled. I acted transparently, relied in good faith on the systems and professionals Rocket employs, and followed every consumer requirement in this transaction.

Rocket is a large, sophisticated financial institution with dedicated escrow, title, and compliance departments. Attempting to shift responsibility for a clear title failure onto an individual consumer — particularly a disabled cancer survivor acting in good faith — is inconsistent with the standards of fairness, consumer care, and public representation that Rocket upholds.

I have every confidence that once senior leadership reviews the full picture, Rocket will take the appropriate steps to resolve this matter correctly.

———

I have acted with transparency, in good faith, and consistent with the information provided to me by Rocket's own systems and professionals. I expect this matter to be cured promptly. My formal letter and supporting documentation will follow.

Sincerely,
Audrey

On Oct 31, 2025, at 12:06 PM, Holubec, Stacey <StaceyHolubec@rocketclose.com> wrote:

Hello Audrey,

Your email and letter were sent to Rocket Close's legal team and they responded as follows:

Thank you for your letter. We are aware of your file and concerns. Currently there is an open claim with Rocket Title Insurance Company, and a new order with Rocket Close. Your letter states you had no knowledge of the Deed of Trust in favor of the Stewart and Lynda Resnick Revocable Trust dated December 27, 1988, as amended. If you did not execute that Deed of Trust and receive the proceeds from it you will need to address that directly with the trustees of the Stewart and Lynda Resnick Revocable Trust dated December 27, 1988. That is not something Rocket Close can assist you with. If you did execute that Deed of Trust and receive the proceeds from it, then you had a duty to disclose it to both Rocket Close and your new lender *whether it was recorded, or not.* Your assertion that you relied on Rocket Close to advise you on what liens you had voluntarily placed on the property is misguided. Rocket Close will not be paying any portion of your Deeds of Trust.

Please note, your email is addressed to Rocket Close and sent to Rocket Close but includes a statement that indicates you are putting Rocket Mortgage on notice. You will need to send your demand to Rocket Mortgage. Notice to Rocket Close does not impart notice to Rocket Mortgage.

Thank you and have a great Friday!

<image001.png>

**Stacey Holubec**
Rocket Close Resolution Advocate I Rocket Close

T (313) 338-0208

**From:** Audrey Little <audrey.little@gmail.com>
**Sent:** Thursday, October 30, 2025 5:50 PM
**To:** Labarre Olivier J. <olabarre@wrightlegal.net>
**Cc:** Hill, Teri <TeriHill@rockettic.com>; Holubec, Stacey <StaceyHolubec@rocketclose.com>; Epstein Jon <jepstein@oaktreefunding.com>
**Subject:** [External] Urgent — Immediate Resolution Required for Oak Tree Title Claim

Subject: Urgent — Immediate Resolution Required for Oak Tree Title Claim

Dear Olivier,

I am writing regarding the Oak Tree title insurance claim submitted over 40 days

I am writing regarding the Oak Tree title insurance claim submitted over 40 days ago, which was improperly denied after Rocket's review, blaming me. Rocket acted as both escrow/settlement agent and title insurer, and the denial is factually incorrect. I understand from Teri that Rocket has delegated the entire matter to outside counsel, including review of the escrow instructions and the title claim.

Key points:
•        Escrow instructions required verification and recording of the lien in second position prior to disbursement, yet funds were disbursed without such verification.
•        No additional title reports were run from the beginning to the end of escrow; had they been, the recorded family loan would have been discovered immediately.
•        During the 40-day review, all issues could have been identified in less than 48 hours.
•        The insinuation that I committed mortgage fraud is entirely baseless. I signed the same escrow instructions as Oak Tree, had no knowledge the family loan had been recorded, and had no legal obligation to disclose an unrecorded private family loan. Fraud requires intent, which is entirely absent.
•        Rocket's mishandling has caused financial losses of $56,000 as of today, increasing to $62,000 by next week, and continuing to increase at a minimum of $6,000 per month. These failures have also caused harm to Oak Tree, who was unable to sell or secure the loan properly due to Rocket's mishandling.

Personal Impact:

I also want to note that this situation is causing me extreme stress and anxiety, which is seriously affecting my health. As a breast cancer survivor, the ongoing mishandling of this claim has become very difficult to manage and is putting additional strain on my well-being. Additionally, I am a person with a disability, which makes the prolonged mishandling of this claim even more challenging. I am relying on Rocket to act responsibly and promptly, and continued delays are particularly harmful given my health and personal circumstances.

Demand:
1.        Immediate reopening and proper review of the Oak Tree claim.
2.        Written response within 5 business days acknowledging Rocket's dual role and breach of escrow duties.
3.        Resolution of the claim within 7 days.

Please note, regulatory complaints have already been drafted and are ready to be submitted immediately if this matter is not resolved promptly. I will also retain counsel to protect my interests if necessary.

This matter is urgent. Further delay only increases Rocket's exposure and my financial and personal harm. Please confirm receipt of this email immediately.

The continued financial pressure caused by Rocket's mishandling of this claim may prevent me from making timely payments on my uncle's loan, potentially putting him at risk of foreclosure. This is a situation I know we all want to avoid, and it underscores the urgent need for Rocket to resolve this matter immediately.

I have also copied Teri Hill, Stacey Holubec  who works in the executive offices to send to the inside legal department of Rocket as well as oak tree. I feel it's important to be on record with all of you.

Sincerely,
Audrey B. Little
Email: audrey.little458@gmail.com
Phone: 310-283-4448
Property: 81439 Merv Griffin Way, La Quinta, CA , 92253



**From:** **Krishna, Varun** Varun@rocket.com
**Subject:** RE: [External] Request for Single Executive Point of Contact — Cross-Entity Compliance Matter
**Date:** November 4, 2025 at 11:05 AM
**To:** Audrey Little audrey.little@gmail.com
**Cc:** Moldovan, Heather HeatherMoldovan@rocketclose.com

Thank you for reaching out and sharing the background on this, Audrey. I'm adding Heather Moldovan here - she'll connect with you directly to review the details and coordinate next steps.

— varun

**From:** Audrey Little <audrey.little@gmail.com>
**Sent:** Tuesday, November 4, 2025 12:35 PM
**To:** Krishna, Varun <varunkrishna@rocketcompanies.com>
**Cc:** Rocket Companies Investor Relations <ir@rocketcompanies.com>; Rocket Mortgage Inclusion Support <Assist@rocketmortgage.com>; RocketProTPOTitleClearance@amrock.com; Rocket Close Funding <AmrockFunding@amrock.com>; orders@rockettitle.com
**Subject:** [External] Request for Single Executive Point of Contact — Cross-Entity Compliance Matter

To: Office of the CEO — Varun Krishna
Cc: ir@rocket.com; independentdirectors@rocketcompanies.com; Assist@RocketMortgage.com; RocketProTPOTitleClearance@amrock.com; AmrockFunding@amrock.com; orders@rockettitle.com
Subject: Request for Single Executive Point of Contact — Cross-Entity Compliance Matter

Dear Mr. Krishna and Office of the CEO,

I'm writing to request a single executive point of contact to coordinate resolution of a cross-entity issue involving Rocket Mortgage, Rocket Close (Amrock), and Rocket Title Insurance Company.

I've attached an Executive Summary and a detailed letter outlining the timeline and supporting facts. The situation is fully solvable with coordinated action, but thus far internal departments have deferred responsibility rather than aligning to address the matter.

Why I'm elevating this to your office:
• The matter concerns lien priority, title accuracy, and escrow/title obligations.
• If not resolved promptly, it risks seven-figure losses for both Rocket and me.
• Based on the obligations outlined, Rocket would likely bear that cost.
• My objective is cooperation and timely resolution, not litigation.

My request:
Please designate one senior leader with authority across the above entities to receive my packet and coordinate a cure. I am ready to provide anything needed and to work collaboratively toward resolution.

If acceptable, I can transmit the full packet securely today and am available for a call at your earliest convenience.

Thank you for your time and attention. I am committed to a cooperative and fair resolution.

Sincerely,
Audrey Little
Phone: 310-283-4448
Email: Audrey.Little458@gmail.com

Attachments:
• Executive Summary – Cross-Entity Compliance Matter (PDF)
• Long Letter with Timeline

**From:** Audrey Little audrey.little@gmail.com
**Subject:** Re: Fwd: [External] DEMAND FOR IMMEDIATE RESOLUTION – Gross Escrow & Title Failures, RESPA Violations, and Threatened Regulatory Action Audrey Little v. Rocket Close / Rocket Mortgage – Property: 81439 Merv Griffin Way, La Quinta, CA 92253
**Date:** October 30, 2025 at 2:19 PM
**To:** Holubec Stacey StaceyHolubec@rocketclose.com

I was told by him that he is currently not retained for escrow matters
Warmest Regards,
Audrey

Sent from my iPhone

On Oct 30, 2025, at 1:37 PM, Holubec, Stacey <StaceyHolubec@rocketclose.com> wrote:

Hello Audrey,

I have been advised that you only point of contact will be Olivier Labarre, our representative council and you can reach him at 949-477-5050 ext. 1036.

Thank you and have a great day

<image001.png>

**Stacey Holubec**
Rocket Close Resolution Advocate I Rocket Close

T (313) 338-0208

**From:** Audrey Little <audrey.little@gmail.com>
**Sent:** Thursday, October 30, 2025 2:35 PM
**To:** Holubec, Stacey <StaceyHolubec@rocketclose.com>
**Subject:** [External] Fwd: DEMAND FOR IMMEDIATE RESOLUTION – Gross Escrow & Title Failures, RESPA Violations, and Threatened Regulatory Action Audrey Little v. Rocket Close / Rocket Mortgage – Property: 81439 Merv Griffin Way, La Quinta, CA 92253

Warmest Regards,
Audrey

Sent from my iPhone

Begin forwarded message:

> **From:** Audrey Little <audrey.little@gmail.com>
> **Date:** October 30, 2025 at 12:28:53 PM PDT
> **To:** staceyhollubeck@rocketclose.com
> **Subject: Fwd: DEMAND FOR IMMEDIATE RESOLUTION – Gross Escrow & Title Failures, RESPA Violations, and Threatened**

**Escrow & Title Failures, RESPA Violations, and Threatened Regulatory Action Audrey Little v. Rocket Close / Rocket Mortgage – Property: 81439 Merv Griffin Way, La Quinta, CA 92253**

Warmest Regards,
Audrey

Sent from my iPhone

Begin forwarded message:

> **From:** Audrey Little <audrey.little@gmail.com>
> **Date:** October 30, 2025 at 12:11:36 PM PDT
> **To:** Client Resolution <clientresolution@rocketclose.com>
> **Subject: DEMAND FOR IMMEDIATE RESOLUTION – Gross Escrow & Title Failures, RESPA Violations, and Threatened Regulatory Action Audrey Little v. Rocket Close / Rocket Mortgage – Property: 81439 Merv Griffin Way, La Quinta, CA 92253**
>
> DEMAND FOR IMMEDIATE RESOLUTION – Gross Escrow & Title Failures, RESPA Violations, and Threatened Regulatory Action
> Audrey Little v. Rocket Close / Rocket Mortgage – Property: 81439 Merv Griffin Way, La Quinta, CA 92253
>
> October 30, 2025
>
> Legal Department
> Rocket Close
> VIA EMAIL
>
> YOU ARE HEREBY ON NOTICE:
> Rocket Close, Rocket Mortgage, and all wholly-owned subsidiaries (collectively "Rocket") committed systemic breaches of escrow, title, and insurance duties, directly causing the Oak Tree Lending lien mispositioning. These are willful violations of California law and federal RESPA statutes.
>
> CRITICAL FACT:
> I had ZERO knowledge of the December 19, 2024 deed until September 2025. Rocket's title reports never flagged it because Rocket never ran a title report past early December 2024 in the entire process—not in May 2025, not in July 2025, not ever—relying solely on a stale, pre-

December 19 report, violating escrow instructions and standards at every step.

I am trying to help everyone here, including myself—this was never my intention, and I am committed to clarifying exactly what happened so we can all move on. My only goal is to get this resolved for Oak Tree, myself, and Rocket quickly. I have no desire to initiate legal processes or report violations to regulatory bodies; however, if I am not paid the respect of a phone call, you leave me no other choice. Let's collaborate aggressively to resolve this for all parties before escalation becomes inevitable.

---

RESPA VIOLATIONS & PENALTIES (12 U.S.C. § 2601 et seq.) – DETAILED EXPLANATION
Rocket's integrated model violates RESPA Section 8, designed to protect consumers from abusive practices in real estate settlements. Penalties are severe to deter violations, including criminal fines, imprisonment, civil damages, and administrative actions by the CFPB. Criminal penalties can include up to $10,000 in fines and 1 year imprisonment per violation. Civil penalties involve actual damages, statutory damages up to $2,000 per violation (or $1,000,000+ for class actions), treble damages (3x the settlement service charges), and attorney fees. CFPB administrative fines can reach $5,000/day for violations, $25,000/day for reckless ones, or $1,000,000/day for knowing violations. In pattern-or-practice cases, like Rocket's history of RESPA issues, penalties escalate significantly, often resulting in multimillion-dollar settlements.

| Violation | Statute | Breach | Penalties (12 U.S.C. § 2607(d)) |
|-----------|---------|--------|---------------------------------|
| Inaccurate Settlement Services | § 2604(c) | Used outdated title report; failed to disclose lien. | Criminal: Up to $10,000 fine + 1 year imprisonment. Civil: Treble damages (3x charges paid) + attorney fees. CFPB administrative fines up to $25,000/day for reckless violations. |
| Unfair Practices | § 2614; Reg X | Disbursed without lien verification. | Same as above; total exposure could exceed $1M with multiples. |
| Affiliated Abuse | § 2607 | Subsidiaries (Rocket Close, Amrock) failed coordination, subordinating $716k lien. | Treble damages + fees; pattern of misconduct (e.g. |

Treble damages + fees, pattern of misconduct (e.g., Rocket's prior CFPB fines) amplifies penalties. |

---

SIMILAR LAWSUITS AGAINST ROCKET MORTGAGE
Rocket has faced multiple RESPA, escrow, and title-related lawsuits, demonstrating a pattern of misconduct that strengthens our case:
• CFPB v. Rocket Homes (Dec 2024): CFPB sued Rocket for RESPA kickback scheme steering borrowers via illegal incentives; seeks redress and penalties.
• AKKUS v. Rocket Mortgage (Feb 2024): RESPA violation for failing to pay taxes from escrow accounts, causing borrower harm.
• Failure to Timely Make Escrow Payments (Ongoing Class Action): Rocket accused of unfair escrow practices, damaging borrowers' reputations.
• CFPB Investigation (Since 2019): Ongoing probe into RESPA violations, leading to the recent lawsuit.
• Justice Department v. Rocket (Oct 2024): Race discrimination in appraisals (related to mortgage/title failures), though not pure RESPA.
• Other CFPB Actions: Rocket paid $3.5M in 2017 for RESPA violations; pattern includes prior fines for similar affiliated abuses.

---

CALIFORNIA LAW VIOLATIONS
| Law | Section | Breach |
|-----|---------|--------|
| Escrow Law | Fin. Code § 17403.2 | Disbursed without second-position verification. |
| Fiduciary Duty | Fin. Code § 17405 | Ignored signed instructions. |
| Negligence | Civ. Code § 1714 | No updated searches May–July 2025. |
| Title Insurance | Ins. Code § 12389 | Denied claim without investigating escrow failure. |

---

CHRONOLOGY – OUTDATED REPORT EXPOSED
| Date | Event | Rocket's Failure |
|------|-------|------------------|
| Dec 19, 2024 | Uncle records $393k deed | Never detected—post-date searches absent. |

I May 2025 I Escrow opens I Used pre-Dec report; missed
lien. I
I May–July 2025 I No updates I Violated due diligence &
RESPA. I
I July 2025 I Funds disbursed I No verification; Oak Tree in
3rd position. I
I Sept 2025 I I first learn of deed I Blamed me despite my
reliance on their reports. I

Note on Stewart Resnick (My Uncle): Stewart Resnick,
along with his wife Lynda, is a billionaire businessman with
a combined net worth exceeding $13 billion. They co-own
The Wonderful Company, a global powerhouse generating
over $6 billion in annual revenue, owning iconic brands
such as POM Wonderful, Fiji Water, Wonderful Pistachios,
and Justin Vineyards & Winery (a premium California
winery acquired in 2010). As one of the largest private
agricultural landowners in California (approximately
190,000 acres of irrigated farmland) and controllers of vast
water rights, his influence is substantial. This family loan
was a rounding error for him, but the blame-shifting has
infuriated him, complicating potential subordination. When
you tried to blame-shift to me, you didn't realize that I
wouldn't just have to hire and pay an attorney—but I'm sure
you can imagine the resources I have.


AVAILABLE ACTIONS
I Party I Action I Authority I
|-------|--------|-----------|
I Oak Tree I Sue for bad-faith denial + indemnity I Ins. Code
§ 790.03(h); Civ. Code § 2860 I
I Me I DFPI Complaint (escrow) I Fin. Code § 17602 I
I Me I CFPB Complaint (RESPA) I 12 U.S.C. § 2605 I
I Me I Insurance Commissioner (title) I Ins. Code § 12921.1
I
I Both I Civil Lawsuit I Riverside Superior Court

---

PUNITIVE DAMAGES CALCULATION
Under Civ. Code § 3294 for willful conduct:
• Base: 3-10x compensatory ($56k mine + $716k Oak Tree
exposure = $772k).
○ At 5x: $3.86M.
• Factors: Rocket's $10B+ revenue supports higher; prior
CFPB fines show pattern.
Total Potential: $1.5M + fees (Civ. Code § 1709.20)

• Total Potential: $1-5M + fees (Civ. Code § 1788.30).

---

DEMAND – FINAL
1. Pay uncle's lien ($393k) + my $56k+ damages.
2. Pay Oak Tree loan ($716k) + damages.
3. Reduce Oak Tree to $420k + subordinate (if possible)—you rejected this cost-saver. The reason for the $420,000 subordination was because he would not have subordinated to more debt in front of him. Now, I doubt he'll subordinate at all. Additionally, a new loan with new terms would have to be drafted by Oak Tree for this to occur, and I don't know if that's even possible because I'm just a person.

Additionally, I have requested copies of the preliminary and any title reports pulled from May through July 2025, which is my right as your client in escrow, and you have not provided them. I have requested these in writing multiple times. I demand these today, even though I already know what they will say—it's obvious rocket never ran any throughout this mortgage process.

Immediate Action Required: Call me today (310-283-4448)—no outsiders—to discuss so I can explain in five minutes what happened and you can get on this so that nothing escalates. Let's collaborate aggressively to resolve this for all parties before escalation becomes inevitable.

If I'm not paid the respect of a phone call today from the legal department at Rocket—not an outside lawyer who doesn't understand this process or a compliance person—so I can clarify any questions, I will assume that Rocket thinks because they're a large company they can prevail here.

Non-Response Triggers:
• DFPI/CFPB/Commissioner complaints (tomorrow).
• Civil suit (Riverside).

Please avoid eight-figure exposure—act now.

---

EXECUTIVE SUMMARY
• Dec 19, 2024: Lien recorded—Rocket blind.
• May 2025: Escrow—stale report used.

• July 2025: Close—no verification.
• Sept 2025: I discover—Rocket shifts blame.
• Now: Breaches demand resolution.

Audrey Little
310-283-4448
audrey.little458@gmail.com
81439 Merv Griffin Way, La Quinta, CA 92253
[Loan Account Number - Unknown]

CC: Teri Hill (Rocket); Oak Tree (counsel); My Attorney
Warmest Regards,
Audrey

Sent from my iPhone

**From:** **Moldovan, Heather** HeatherMoldovan@rocketclose.com  📎
**Subject:** RE: [External] Request for Single Executive Point of Contact — Cross-Entity Compliance Matter
**Date:** November 5, 2025 at 8:12 AM
**To:** Audrey Little  audrey.little@gmail.com
**Cc:** Amrock Client Resolution  clientresolution@rocketclose.com



Hi Audrey,
I am routing your email to our Client Resolution team – they are copied on this email.

Thank you,



**Heather Moldovan**
Vice President, Rocket Close Operations | Rocket Close

T (313) 782-0019
F (877) 385-2393

662 Woodward, Detroit, MI 48226

**From:** Audrey Little <audrey.little@gmail.com>
**Sent:** Tuesday, November 4, 2025 5:34 PM
**To:** Moldovan, Heather <HeatherMoldovan@rocketclose.com>
**Cc:** Krishna, Varun <Varun@rocket.com>
**Subject:** Re: [External] Request for Single Executive Point of Contact — Cross-Entity Compliance Matter

Thank you both for writing me back so quickly. I cannot tell you how much it means to me. If you heard my voice, you would know I'm just trying to resolve this the best way possible for everybody. I finally had to escalate because it's like your kids won't play together and it's creating huge financial problems for me and oak tree.

NEvery day this goes forward losses, grow on the on my side and oak trees and it's really simple.

The two biggest defenses so far have been blame, shifting to me, which is unreasonable and rocket title and close pointing fingers at one another. I need a single point of contact that's going deal with this.

I'm not the insured via title insurance, but the continued no basis denial affects me financially in large way and if they don't pay the claim rocket clothes will be in for a major lawsuit along with reporting to regulatory bodies and I really don't wanna do that.

Should rocket title insurance continue to deny the claim in bad faith and not baby I take care of this then it's going to force me to sell my home or force oak tree to modify the mortgage. Both of those are damages in the millions versus $393,000.

Again, thank you so much for your prompt responses. I feel so much better just

Again, thank you so much for your prompt responses. I feel so much better just seeing them.

Warmest Regards,
Audrey

Sent from my iPhone


> On Nov 4, 2025, at 1:46 PM, Moldovan, Heather <HeatherMoldovan@rocketclose.com> wrote:
>
> Thank you for the add, Varun.
>
> Audrey, I am reviewing the file and will respond once I've had a chance to review the attachments.
>
> Thank you,
>
> <image001.png>
>
> **Heather Moldovan**
> Vice President, Rocket Close Operations I Rocket Close
>
> T (313) 782-0019
> F (877) 385-2393
>
> 662 Woodward, Detroit, MI 48226
>
> ---
>
> **From:** Krishna, Varun <Varun@rocket.com>
> **Sent:** Tuesday, November 4, 2025 2:05 PM
> **To:** Audrey Little <audrey.little@gmail.com>
> **Cc:** Moldovan, Heather <HeatherMoldovan@rocketclose.com>
> **Subject:** RE: [External] Request for Single Executive Point of Contact — Cross-Entity Compliance Matter
>
> Thank you for reaching out and sharing the background on this, Audrey. I'm adding Heather Moldovan here - she'll connect with you directly to review the details and coordinate next steps.
>
> – varun
>
> ---
>
> **From:** Audrey Little <audrey.little@gmail.com>
> **Sent:** Tuesday, November 4, 2025 12:35 PM
> **To:** Krishna, Varun <varunkrishna@rocketcompanies.com>
> **Cc:** Rocket Companies Investor Relations <ir@rocketcompanies.com>; Rocket Mortgage Inclusion Support <Assist@rocketmortgage.com>; RocketProTPOTitleClearance@amrock.com; Rocket Close Funding <AmrockFunding@amrock.com>; orders@rockettitle.com
> **Subject:** [External] Request for Single Executive Point of Contact — Cross-

Subject: [External] Request for Single Executive Point of Contact — Cross Entity Compliance Matter

To: Office of the CEO — Varun Krishna
Cc: ir@rocket.com; independentdirectors@rocketcompanies.com;
Assist@RocketMortgage.com; RocketProTPOTitleClearance@amrock.com;
AmrockFunding@amrock.com; orders@rockettitle.com
Subject: Request for Single Executive Point of Contact — Cross-Entity
Compliance Matter

Dear Mr. Krishna and Office of the CEO,

I'm writing to request a single executive point of contact to coordinate resolution of a cross-entity issue involving Rocket Mortgage, Rocket Close (Amrock), and Rocket Title Insurance Company.

I've attached an Executive Summary and a detailed letter outlining the timeline and supporting facts. The situation is fully solvable with coordinated action, but thus far internal departments have deferred responsibility rather than aligning to address the matter.

Why I'm elevating this to your office:
• The matter concerns lien priority, title accuracy, and escrow/title obligations.
• If not resolved promptly, it risks seven-figure losses for both Rocket and me.
• Based on the obligations outlined, Rocket would likely bear that cost.
• My objective is cooperation and timely resolution, not litigation.

My request:
Please designate one senior leader with authority across the above entities to receive my packet and coordinate a cure. I am ready to provide anything needed and to work collaboratively toward resolution.

If acceptable, I can transmit the full packet securely today and am available for a call at your earliest convenience.

Thank you for your time and attention. I am committed to a cooperative and fair resolution.

Sincerely,
Audrey Little
Phone: 310-283-4448
Email: Audrey.Little458@gmail.com

Attachments:
• Executive Summary – Cross-Entity Compliance Matter (PDF)
• Long Letter with Timeline

**Audrey_Little_Final_Letter_Sig
ned.pdf** 

## Correspondence to Rocket Title Counsel

Dear Olivier and Stacey,



**From: Moldovan, Heather** HeatherMoldovan@rocketclose.com  📎
**Subject:** RE: [External] Request for Single Executive Point of Contact — Cross-Entity Compliance Matter
**Date:** November 4, 2025 at 1:46 PM
**To:** Krishna, Varun Varun@rocket.com, Audrey Little audrey.little@gmail.com

Thank you for the add, Varun.

Audrey, I am reviewing the file and will respond once I've had a chance to review the attachments.

Thank you,



**Heather Moldovan**
Vice President, Rocket Close Operations I Rocket Close

T (313) 782-0019
F (877) 385-2393

662 Woodward, Detroit, MI 48226

**From:** Krishna, Varun <Varun@rocket.com>
**Sent:** Tuesday, November 4, 2025 2:05 PM
**To:** Audrey Little <audrey.little@gmail.com>
**Cc:** Moldovan, Heather <HeatherMoldovan@rocketclose.com>
**Subject:** RE: [External] Request for Single Executive Point of Contact — Cross-Entity Compliance Matter

Thank you for reaching out and sharing the background on this, Audrey. I'm adding Heather Moldovan here - she'll connect with you directly to review the details and coordinate next steps.

— varun

**From:** Audrey Little <audrey.little@gmail.com>
**Sent:** Tuesday, November 4, 2025 12:35 PM
**To:** Krishna, Varun <varunkrishna@rocketcompanies.com>
**Cc:** Rocket Companies Investor Relations <ir@rocketcompanies.com>; Rocket Mortgage Inclusion Support <Assist@rocketmortgage.com>; RocketProTPOTitleClearance@amrock.com; Rocket Close Funding <AmrockFunding@amrock.com>; orders@rockettitle.com
**Subject:** [External] Request for Single Executive Point of Contact — Cross-Entity Compliance Matter

To: Office of the CEO — Varun Krishna
Cc: ir@rocket.com; independentdirectors@rocketcompanies.com; Assist@RocketMortgage.com; RocketProTPOTitleClearance@amrock.com; AmrockFunding@amrock.com; orders@rockettitle.com
Subject: Request for Single Executive Point of Contact — Cross-Entity Compliance Matter

Dear Mr. Krishna and Office of the CEO,

I'm writing to request a single executive point of contact to coordinate resolution of a cross-entity issue involving Rocket Mortgage, Rocket Close (Amrock), and Rocket Title Insurance Company.

I've attached an Executive Summary and a detailed letter outlining the timeline and supporting facts. The situation is fully solvable with coordinated action, but thus far internal departments have deferred responsibility rather than aligning to address the matter.

Why I'm elevating this to your office:
• The matter concerns lien priority, title accuracy, and escrow/title obligations.
• If not resolved promptly, it risks seven-figure losses for both Rocket and me.
• Based on the obligations outlined, Rocket would likely bear that cost.
• My objective is cooperation and timely resolution, not litigation.

My request:
Please designate one senior leader with authority across the above entities to receive my packet and coordinate a cure. I am ready to provide anything needed and to work collaboratively toward resolution.

If acceptable, I can transmit the full packet securely today and am available for a call at your earliest convenience.

Thank you for your time and attention. I am committed to a cooperative and fair resolution.

Sincerely,
Audrey Little
Phone: 310-283-4448
Email: Audrey.Little458@gmail.com

Attachments:
• Executive Summary – Cross-Entity Compliance Matter (PDF)
• Long Letter with Timeline

**From:** **Audrey Little** audrey.little@gmail.com
**Subject:** Re: [External] Request for Single Executive Point of Contact — Cross-Entity Compliance Matter
**Date:** November 4, 2025 at 2:34 PM
**To:** Moldovan Heather HeatherMoldovan@rocketclose.com
**Cc:** Krishna Varun Varun@rocket.com



Thank you both for writing me back so quickly. I cannot tell you how much it means to me. If you heard my voice, you would know I'm just trying to resolve this the best way possible for everybody. I finally had to escalate because it's like your kids won't play together and it's creating huge financial problems for me and oak tree.

NEvery day this goes forward losses, grow on the on my side and oak trees and it's really simple.

The two biggest defenses so far have been blame, shifting to me, which is unreasonable and rocket title and close pointing fingers at one another. I need a single point of contact that's going deal with this.

I'm not the insured via title insurance, but the continued no basis denial affects me financially in large way and if they don't pay the claim rocket clothes will be in for a major lawsuit along with reporting to regulatory bodies and I really don't wanna do that.

Should rocket title insurance continue to deny the claim in bad faith and not baby I take care of this then it's going to force me to sell my home or force oak tree to modify the mortgage. Both of those are damages in the millions versus $393,000.

Again, thank you so much for your prompt responses. I feel so much better just seeing them.

Warmest Regards,
Audrey

Sent from my iPhone

> On Nov 4, 2025, at 1:46 PM, Moldovan, Heather <HeatherMoldovan@rocketclose.com> wrote:
>
> Thank you for the add, Varun.
>
> Audrey, I am reviewing the file and will respond once I've had a chance to review the attachments.
>
> Thank you,
>
> <image001.png>
>
> ### Heather Moldovan
> Vice President, Rocket Close Operations I Rocket Close
>
> T (313) 782-0019
> F (877) 385-2393
>
> 662 Woodward, Detroit, MI 48226
>
> ---
>
> **From:** Krishna, Varun <Varun@rocket.com>
> **Sent:** Tuesday, November 4, 2025 2:05 PM
> **To:** Audrey Little <audrey.little@gmail.com>
> **Cc:** Moldovan, Heather <HeatherMoldovan@rocketclose.com>
> **Subject:** RE: [External] Request for Single Executive Point of Contact — Cross-Entity Compliance Matter
>
> Thank you for reaching out and sharing the background on this, Audrey. I'm adding Heather Moldovan here - she'll connect with you directly to review the details and coordinate next steps.
>
> – varun

**From:** Audrey Little <audrey.little@gmail.com>
**Sent:** Tuesday, November 4, 2025 12:35 PM
**To:** Krishna, Varun <varunkrishna@rocketcompanies.com>
**Cc:** Rocket Companies Investor Relations <ir@rocketcompanies.com>; Rocket Mortgage Inclusion Support <Assist@rocketmortgage.com>; RocketProTPOTitleClearance@amrock.com; Rocket Close Funding <AmrockFunding@amrock.com>; orders@rockettitle.com
**Subject:** [External] Request for Single Executive Point of Contact — Cross-Entity Compliance Matter


To: Office of the CEO — Varun Krishna
Cc: ir@rocket.com; independentdirectors@rocketcompanies.com; Assist@RocketMortgage.com; RocketProTPOTitleClearance@amrock.com; AmrockFunding@amrock.com; orders@rockettitle.com
Subject: Request for Single Executive Point of Contact — Cross-Entity Compliance Matter

Dear Mr. Krishna and Office of the CEO,

I'm writing to request a single executive point of contact to coordinate resolution of a cross-entity issue involving Rocket Mortgage, Rocket Close (Amrock), and Rocket Title Insurance Company.

I've attached an Executive Summary and a detailed letter outlining the timeline and supporting facts. The situation is fully solvable with coordinated action, but thus far internal departments have deferred responsibility rather than aligning to address the matter.

Why I'm elevating this to your office:
• The matter concerns lien priority, title accuracy, and escrow/title obligations.
• If not resolved promptly, it risks seven-figure losses for both Rocket and me.
• Based on the obligations outlined, Rocket would likely bear that cost.
• My objective is cooperation and timely resolution, not litigation.

My request:
Please designate one senior leader with authority across the above entities to receive my packet and coordinate a cure. I am ready to provide anything needed and to work collaboratively toward resolution.

If acceptable, I can transmit the full packet securely today and am available for a call at your earliest convenience.

Thank you for your time and attention. I am committed to a cooperative and fair resolution.

Sincerely,
Audrey Little
Phone: 310-283-4448
Email: Audrey.Little458@gmail.com

Attachments:
• Executive Summary — Cross-Entity Compliance Matter (PDF)

Executive Summary – Cross-Entity Compliance Matter (PDF)
• Long Letter with Timeline

**From:** **Audrey Little** audrey.little@gmail.com
**Subject:** Re: Wrong Result.
**Date:** November 5, 2025 at 4:33 PM
**To:** Heather Moldovan HeatherMoldovan@rocketclose.com
**Cc:** Varun Krishna Varun@rocket.com, Stacey Holubec StaceyHolubec@rocketclose.com



Holubec.I was dictating.

Also , I think rocket title insurance is responsible and I copied you as well on the note I sent to the attorney for rocket title insurance and Terry Hill. So I think it really doesn't matter at this point because I don't think rocket close is on the hook for anything other than the losses I've encountered as a result of their escrow error. Also I think a rocket close is responsible for negligence, breach of fiduciary duty, breach of contract, and bad faith by not providing me what I've asked for five times. Since you are a vice president of operations for rocket close I suggest you look into those things because those losses amount to about $62,000 so far of my money.

> On Nov 5, 2025, at 4:16 PM, Audrey Little <audrey.little@gmail.com> wrote:
>
> Hi Heather,
>
> Thank you for the update. I appreciate the quick response.
>
> However, respectfully, routing this back to Client Resolution places me in the same circular process that forced me to escalate to corporate leadership in the first place. This matter involves Rocket Close, Rocket Title, and Rocket Mortgage and cannot be resolved by one line of business acting in isolation.
>
> To avoid continued delays, misrouting, and inconsistent responses — and to mitigate the growing financial exposure for both Rocket and me — I need the single executive-level point of coordination I requested in my original escalation.
>
> I have worked in good faith with Client Resolution for months, including multiple calls with Stacey Hollaback. The issue persists because it is cross-entity and no one is empowered to coordinate between the subsidiaries. The continued handoff pattern is part of the problem.
>
> For clarity, my request is simple:

Please designate one senior leader who can coordinate across Rocket Close, Rocket Title, and Rocket Mortgage to direct resolution.

I am not looking to burden anyone — only to prevent further inefficiency and increased loss exposure. Every day of delay increases damages on both sides, which is fully avoidable through aligned handling.

I remain committed to a cooperative solution and open communication.

Please confirm the appropriate corporate-level point of contact.

Thank you again for your time and attention.

Warm regards,

Audrey Little

310-283-4448

Warmest Regards,
Audrey

Sent from my iPhone

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| NAME: | | |
| FIRM NAME: | | |
| STREET ADDRESS: | | |
| CITY:          STATE:      ZIP CODE: | | |
| TELEPHONE NO.:          FAX NO.: | | |
| EMAIL ADDRESS: | | |
| ATTORNEY FOR (name): | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 3255 E. Tahquitz Canyon Way
MAILING ADDRESS: 3255 E. Tahquitz Canyon Way
CITY AND ZIP CODE: Palm Springs 92262
BRANCH NAME: Desert

PLAINTIFF:

DEFENDANT:

☐ DOES 1 TO _____

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death | CASE NUMBER: |
|---|---|

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
☐ **AMENDED (Number):**
**Type (check all that apply):**
☐ **MOTOR VEHICLE**   ☐ **OTHER (specify):**
   ☐ **Property Damage**   ☐ **Wrongful Death**
   ☐ **Personal Injury**   ☐ **Other Damages (specify):**

**Jurisdiction (check all that apply):**
☐ **ACTION IS A LIMITED CIVIL CASE** (does not exceed $35,000)
   Amount demanded ☐ does not exceed $10,000
                   ☐ exceeds $10,000
☐ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $35,000)**
☐ **ACTION IS RECLASSIFIED by this amended complaint**
   ☐ **from limited to unlimited**
   ☐ **from unlimited to limited**

1. **Plaintiff** (name or names):

   alleges causes of action against **defendant** (name or names):

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
   a. ☐ **except** plaintiff (name):
      (1) ☐ a corporation qualified to do business in California.
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor   ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) ☐ other (specify):
      (5) ☐ other (specify):
   b. ☐ **except** plaintiff (name):
      (1) ☐ a corporation qualified to do business in California.
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor   ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) ☐ other (specify):
      (5) ☐ other (specify):

   ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

| Form Approved for Optional Use | COMPLAINT—Personal Injury, Property | Code of Civil Procedure, § 425.12 |
|---|---|---|
| Judicial Council of California | Damage, Wrongful Death | www.courts.ca.gov |
| PLD-PI-001 [Rev. January 1, 2024] | | |

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*
is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☐ **except** defendant *(name):*
    (1) ☐ a business organization, form unknown.
    (2) ☐ a corporation.
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

c. ☐ **except** defendant *(name):*
    (1) ☐ a business organization, form unknown.
    (2) ☐ a corporation.
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

b. ☐ **except** defendant *(name):*
    (1) ☐ a business organization, form unknown.
    (2) ☐ a corporation.
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

d. ☐ **except** defendant *(name):*
    (1) ☐ a business organization, form unknown.
    (2) ☐ a corporation.
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
a. ☐ Doe defendants *(specify Doe numbers):*      were the agents or employees of other
named defendants and acted within the scope of that agency or employment.
b. ☐ Doe defendants *(specify Doe numbers):*      are persons whose capacities are unknown to
plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
a. ☐ at least one defendant now resides in its jurisdictional area.
b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
a. ☐ has complied with applicable claims statutes, **or**
b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

**PLD-PI-001**

| SHORT TITLE: | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

a. ☐ Motor Vehicle

b. ☐ General Negligence

c. ☐ Intentional Tort

d. ☐ Products Liability

e. ☐ Premises Liability

f. ☐ Other *(specify):*

11. Plaintiff has suffered *(check all that apply)*

a. ☐ wage loss.

b. ☐ loss of use of property.

c. ☐ hospital and medical expenses.

d. ☐ general damage.

e. ☐ property damage.

f. ☐ loss of earning capacity.

g. ☐ other damage *(specify):*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

a. ☐ listed in Attachment 12.

b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

a. (1) ☐ compensatory damages.

    (2) ☐ punitive damages.

b. The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*

    (1) ☐ according to proof.

    (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2024]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 3 of 3

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]   [ Clear this form ]

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☒ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-CI032**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                    FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | CASE NUMBER: |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☐   The action arose in the zip code of: _____

☐   The action concerns real property located in the zip code of: _____

☐   The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date _____

_____          ►  _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)          (SIGNATURE)

Page 1 of 1

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 07/15/21]

**CERTIFICATE OF COUNSEL**

Local Rule 3117
riverside.courts.ca.gov/localforms/localforms.shtml

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. :
EMAIL ADDRESS:
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Riverside
 STREET ADDRESS: 3255 E. Tahquitz Canyon Way
 MAILING ADDRESS: 3255 E. Tahquitz Canyon Way
 CITY AND ZIP CODE: Palm Springs 92262
 BRANCH NAME: Desert

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ **Unlimited** (Amount demanded exceeds $35,000) ☐ **Limited** (Amount demanded is $35,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☐ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify):
5. This case ☐ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date:

▶

_____                              _____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

CM-010 [Rev. January 1, 2024]                **CIVIL CASE COVER SHEET**                Page 2 of 2

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**    [ Print this form ]   [ Save this form ]              [ Clear this form ]

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<div style="border:1px solid black">

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of Riverside<br>3255 E. Tahquitz Canyon Way<br>Palm Springs, CA 92262 | CASE NUMBER: *(Número del Caso):* |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| DATE:<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

    under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |