*[Handwritten at top:]* Audrey Little / 81439 Merv Griffin Way / La Quinta CA 92253 / 310 283 4448

*[Stamp:]* FILED SUPERIOR COURT OF CALIFORNIA COUNTY OF RIVERSIDE NOV 12 2025 M. BONDAD

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

PALM SPRINGS COURTHOUSE
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262

**Case:** Audrey Little v. Rocket Title Insurance Company, Rocket Close, LLC, and Rocket Companies, Inc.

*[Handwritten:]* Case Number CVPS 2508295

## EX PARTE APPLICATION FOR ORDER COMPELLING PAYMENT OF POLICY BENEFITS, CURE OF TITLE DEFECT, AND PRODUCTION OF ESCROW AND TITLE FILES

Filed by: Audrey Little, Plaintiff Pro Se
81439 Merv Griffin Way, La Quinta, CA 92253
(310) 283-4448
audrey.little458@gmail.com

*[Side stamp:]* SJM NOV 12 2025

### 1. NOTICE OF EX PARTE HEARING

Plaintiff will appear ex parte on _11/13_ 2025 at _8:30_ (a.m.)/p.m. in Department _PS1_ of this Court. Notice was provided to counsel for Rocket Title Insurance Company by email and telephone on _____, pursuant to California Rules of Court rule 3.1203.

### 2. RELIEF REQUESTED

#### 1. Payment of Policy Benefits (Primary Relief)

Defendants shall pay the full title-insurance policy benefit of **$716,850** to **Oaktree Lending** in satisfaction of the insured loan. Such payment shall fully discharge Oaktree's lien and may not be assigned, sold, or transferred by Rocket Title, Rocket Close, or any affiliate. No subrogation or re-collection rights shall exist. This payment shall also extinguish any obligation of Plaintiff under that loan.

#### 2. Alternative Cure (if policy payment not granted)

In the alternative, Defendants shall immediately cure the recorded **$393,000** lien that resulted from their failure to conduct a current title search, at their own expense and with no right of assignment or transfer retained.

#### 3. Compensation for Losses

Defendants shall reimburse Plaintiff **$63,000** in direct losses and continuing damages of **$6,000 per month** from July 2025 until the lien or policy is satisfied.

#### 4. Permanent Injunction

Upon payment or cure, Defendants and all affiliates are **permanently enjoined** from asserting, selling, transferring, or collecting any interest arising from the 2025 refinance, and from interfering with Oaktree Lending's rights as lender of record.

## 5. Finding of Bad Faith

The Court shall find that Defendants acted in bad faith in violation of *Insurance Code* § 790.03 (h)(1),(3),(5),(13); *Financial Code* § 17414; and *10 C.C.R.* §§ 1737.3, 1738, 2695.5, 2695.7.

## 6. Production of Title and Escrow Records (After Order of Payment or Cure)

Within five (5) court days after the Court's order, Defendants shall produce to Plaintiff all title and escrow records, communications, and digital files relating to the May–July 2025 refinance transaction, including every preliminary title report, update, vendor search result, and electronic version with metadata showing creation and modification dates.

**Dated:** November 11, 2025

*/s/ Audrey Little*

Audrey Little, Plaintiff Pro Se
81439 Merv Griffin Way
La Quinta, CA 92253
(310) 283-4448
audrey.little458@gmail.com

This email provides formal ex parte notice consistent with Cal. Rules of Court 3.1200–3.1207. A courtesy copy of the filed papers and hearing notice will follow immediately after filing.

Respectfully,
Audrey Little
81439 Merv Griffin Way
La Quinta, CA 92253
(310) 283-4448
Audrey.Little458@gmail.com

# EXHIBIT B – CHRONOLOGICAL STATEMENT OF VIOLATIONS AND AUTHORITIES / COMPREHENSIVE STATEMENT OF BAD-FAITH VIOLATIONS AND REQUEST FOR PERMANENT INJUNCTION

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
PALM SPRINGS COURTHOUSE
Case: Audrey Little v. Rocket Title Insurance Company, Rocket Close, LLC, and Rocket Companies, Inc.

## I. INTRODUCTION

This exhibit consolidates all factual events, violations, and authorities demonstrating the continuous chain of negligence, concealment, and bad faith committed by Rocket Title Insurance Company, Rocket Close, LLC, and Rocket Companies, Inc. from May through November 2025. It provides full statutory, regulatory, and case-law citations supporting Plaintiff's request for a **permanent injunction** and full damages.

## 1. TRANSACTION INITIATION – MAY 2025

Refinance intended to pay off the Kinecta HELOC, private lien, credit cards, and taxes; the new Oaktree loan was required to record in second position per escrow instructions. Rocket Title and Rocket Close owed duties to verify title and ensure compliance.
**Violated:** Fin. Code §17414(a)(1); Ins. Code §§12340.10–.11; Civ. Code §§1709–1710; Lee v. Title Ins. (1968) 264 Cal.App.2d 160.

## 2. FAILURE TO PERFORM NEW TITLE SEARCH – MAY–JULY 2025

Rocket reused a December 2024 title report and failed to issue a current preliminary title search, concealing a recorded private family lien.
**Violated:** Ins. Code §790.03(h)(1),(3),(5),(13); Fin. Code §17414; 10 C.C.R. §1738; Lee v. Title Ins.

## 3. CLOSING USING OUTDATED REPORT

The refinance closed on an outdated report, leaving a recorded private lien undisclosed and placing Plaintiff's new loan in third position instead of second.
**Violated:** Ins. Code §790.03(h); Bus. & Prof. Code §17200.

## 4. FAILURE TO ADVISE BORROWER ON OWNER'S POLICY

Rocket failed to inform Plaintiff that only the lender was insured and failed to recommend an owner's policy, depriving Plaintiff of coverage for title defects.
**Violated:** Ins. Code §790.03(h)(1),(5); Civ. Code §§1709–1710; Bus. & Prof. Code §17200.

## 5. ESCROW CLOSED CONTRARY TO INSTRUCTIONS

Escrow instructions required lien payoff and second-position recording. Rocket Close closed the loan in third position, violating written instructions and fiduciary duties.
**Violated:** Fin. Code §17414(a)(1); 10 C.C.R. §1738.2; Civ. Code §2295; Summit Financial Holdings v. Continental Lawyers Title (2002) 27 Cal.4th 705.

## 6. DISCOVERY OF DEFECT – SEPTEMBER 2025

The hidden lien was discovered when Plaintiff sought refinance and Oaktree attempted to sell the loan. The defect proved Rocket's failure to run title search.
**Violated:** Ins. Code §790.03(h)(3),(5); 10 C.C.R. §2695.7(b)(1); Egan v. Mutual of Omaha (1979) 24 Cal.3d 809.

## 7. TEN REQUESTS FOR TITLE AND ESCROW RECORDS – "SUBPOENA REQUIRED"

Between September and November 2025, Plaintiff requested her title and escrow records ten times. Rocket Title and Rocket Close refused, stating that a subpoena was required. This obstruction concealed proof of negligence and violated duties to disclose transaction records.
**Violated:** Fin. Code §§17404, 17414; 10 C.C.R. §§1737.3, 2695.7(b)(1); Ins. Code §790.03(h)(1),(3),(5),(13); Bus. & Prof. Code §17200; Egan v. Mutual of Omaha.

## 8. BAD-FAITH DENIAL – "NO LOSS," "BORROWER'S FAULT," "NOT INSURED"

Rocket denied responsibility, claimed no loss, blamed the borrower, and asserted Plaintiff was not insured—despite its fiduciary obligations and clear liability.
**Violated:** Ins. Code §790.03(h)(1),(3),(5),(13); 10 C.C.R. §2695.7(b)(1); Fin. Code §17414; Civ. Code §§1709–1710; Bus. & Prof. Code §17200; Lee; Summit Financial; Egan; Love v. Fire Ins. (1990) 221 Cal.App.3d 1136; Neal v. Farmers (1978) 21 Cal.3d 910.

## 9. MUTUAL BLAME – ROCKET TITLE AND ROCKET CLOSE POINTING TO EACH OTHER

After discovery of the lien defect, Rocket Title claimed escrow was at fault; Rocket Close claimed title was responsible. Both are subsidiaries of Rocket Companies, Inc. and jointly liable.
**Violated:** Fin. Code §17414; 10 C.C.R. §1738; Ins. Code §790.03(h)(1),(3),(5),(13); Bus. & Prof. Code §17200; Lee; Summit Financial; American Title Co. v. Anderson (1979) 145 Cal.App.3d 142.

## 10. REFUSAL TO CURE OR FUND MODIFICATION

Despite written proof of the $393,000 lien defect, Rocket refused to cure or fund the correction required to restore lien priority.
**Violated:** Ins. Code §790.03(h)(5),(13); 10 C.C.R. §2695.7; Caito v. United California Bank (1978) 20 Cal.3d 694.

## 11. NEGOTIATIONS WITH OAKTREE AND SENIOR LENDER

Senior lender offered to subordinate only if junior loan modified (~4.5% rate or ~$425k principal). Rocket refused to authorize the modification or cure.
**Violated:** Ins. Code §790.03(h)(5); Caito; Bus. & Prof. Code §17200.

## 12. CONTINUING LOSSES AND HARM

Plaintiff incurred approximately $63,000 in direct loss, ongoing $6,000 monthly damages, $393,000 lien defect, $716,850 policy coverage exposure, and credit injury.
**Violated:** Civ. Code §§3281, 3333; Egan; Neal.

## 13. JUDICIAL RELIEF – PERMANENT INJUNCTION

Plaintiff requests a permanent injunction under CCP §526(a)(1),(3), Civ. Code §3422, and Bus. & Prof. Code §17203 restraining Rocket Title Insurance Company, Rocket Close, LLC, and Rocket Companies, Inc., and all related entities and assigns, from enforcing, transferring, selling, collecting, or reporting any lien or obligation arising from the defective 2025 refinance until the lien is fully cured and compliance is verified by this Court.
**Violated:** CCP §526(a)(1),(3); Civ. Code §3422; Bus. & Prof. Code §17203.

## 14. CONCLUSION AND VERIFICATION

Rocket Title, Rocket Close, and Rocket Companies committed an unbroken pattern of negligence, concealment, and bad-faith obstruction. Their refusal to cure the lien, repeated record concealment, cross-blaming, and denials of responsibility violate multiple provisions of the California Insurance, Financial, and Civil Codes and federal consumer statutes. Permanent injunctive relief and full compensation are necessary to prevent further harm and restore the lawful lien priority.

Dated: November 11, 2025

*Audrey Little* (signature)
Audrey Little, Plaintiff Pro Se
81439 Merv Griffin Way
La Quinta, CA 92253
(310) 283-4448
audrey.little458@gmail.com
*Filed in conjunction with Ex Parte Motion for Judicial Relief.*

# Exhibit C & D – Regulations and Violations Summary

Plaintiff: Audrey Little (Pro Se)

Defendants/Related Parties: Rocket Title Insurance Company, Rocket Close (Escrow), and Oaktree Lending

## Section C — Chronology of Events and Communications

- **Escrow Instructions (Prior to Closing):** Plaintiff signed escrow instructions requiring the junior loan to be recorded in **second position** relative to Oaktree Lending's senior lien. Recording in third position would contradict the signed instructions and was never authorized by Plaintiff.

- **Closing:** Despite the instructions, the junior loan recorded in **third position** due to a previously recorded private lien that was not cleared or disclosed to Plaintiff prior to closing.

- **Coverage and Advisement:** Only Oaktree Lending was named under the lender's title policy. Plaintiff was not advised to obtain an *owner's* title policy that would have protected her against intervening liens and priority defects.

- **Discovery and Immediate Impact:** Plaintiff's lien priority was impaired upon recording, creating exposure and economic harm; Plaintiff could not sell, refinance at the represented rate/terms, or otherwise enjoy the benefit of the bargained-for second-position security.

- **September 2025 — Claim Tendered:** Plaintiff formally tendered a title-insurance claim to Rocket Title describing the priority impairment and requesting cure of the defect (clear the intervening lien or otherwise restore second position).

- **October 2025 — Denial After 45 Days:** Rocket Title denied the claim after a 45-day delay, asserting (1) there was "no actual loss yet," and (2) Plaintiff "must have known" about the recorded private lien. Both grounds are legally and factually invalid for the reasons stated below.

- **Requests for File/Title Materials:** Plaintiff repeatedly requested the title file, title reports, and copies of escrow documents. Rocket Title refused to produce the title file on the asserted ground that Plaintiff was not an insured under the lender's policy, and Rocket Close directed Plaintiff to a contact for escrow copies.

- **Subordination/Modification Solutions Proposed:** The second lienholder (and at times the senior lender) expressed willingness to consider subordination or modification options (including rate reduction or loan modification) to restore or approximate the benefit of a second-position structure. Rocket Title declined to implement or fund a cure.

- **Ongoing Prejudice:** As of the denial, Plaintiff remains exposed to a third-position loan risk and higher borrowing costs, constituting present economic loss and diminution in the value of the secured position.

### C.6B — Invalid Denial: "No Loss Yet / Borrower Must Have Known" (Integrated Summary)

After Plaintiff filed her title-insurance claim in September 2025, Rocket Title waited forty-five (45) days and denied the claim on grounds that (a) no actual loss had yet occurred, and (b) Plaintiff must have known of the intervening lien. Both grounds are untenable. Loss exists when lien priority is impaired

and the insured structure fails; no foreclosure is required to establish loss. The 'knowledge' assertion is likewise improper: Plaintiff was not an insured under the lender's policy, she signed escrow instructions explicitly requiring the junior loan to record in second position, and she had no duty to discover a recorded lien that Rocket was obligated to identify and disclose via a current title search. Had Plaintiff known of any additional recorded lien, she would not have signed second-position instructions and would have purchased owner's title insurance. These facts defeat any theory of intentional concealment and confirm that the duties to search, disclose, and protect priority rested with Rocket Title and Rocket Close.

## Section D — Responsibility-Shifting and Liability Analysis

- **Title Search & Disclosure Duty (Rocket Title):** Title insurers must exercise due diligence in searching title and disclosing recorded encumbrances; denying a priority-impairment claim because foreclosure has not yet occurred misstates when loss accrues in priority cases.

- **Escrow Fiduciary Obligations (Rocket Close):** Escrow holders owe fiduciary duties to follow written instructions precisely and to refrain from closing in a manner inconsistent with those instructions. Recording a junior loan in third position when instructions require second position breaches that duty.

- **Lender Interactions (Oaktree Lending):** As the insured under the lender's policy, Oaktree's rights include having the title defect cured or indemnified. Efforts to push responsibility to Plaintiff (a non-insured under the lender's policy) are contrary to the policy structure and undermine the bargained-for risk allocation.

- **Improper Denial Rationale:** The claim denial based on "no actual loss" conflicts with established principles that recognize immediate economic harm and diminished security interest when priority is impaired; the borrower-knowledge rationale is defeated by the written second-position instructions and Rocket's duties.

- **Failure to Implement Reasonable Cure:** Subordination agreements or modifications were contemplated by the involved lenders; refusal to pursue or fund a reasonable cure exacerbates damages and may evidence claims-handling bad faith.

## Comprehensive List — Laws, Regulations, and Duties Violated

### Statutes & Regulations

- California Insurance Code § 790.03(h)(1), (h)(3), (h)(5), (h)(13) — Unfair claims settlement practices (e.g., misrepresenting facts/policy provisions, failing to acknowledge and act promptly, failing to adopt reasonable standards, compelling insureds to litigate by low-ball or specious denials).

- California Insurance Code §§ 12340 et seq. — Title insurance regulation and obligations attendant to title search, disclosure, and curing covered risks.

- California Code of Regulations, Title 10, § 2695.5(e) and § 2695.7(b)(1) — Fair Claims Settlement Practices: timely, fair, and thorough investigation and evaluation duties.

- California Financial Code § 17414(a)(1) — Escrow Law: fiduciary obligations; prohibition on disbursing/closing contrary to written instructions or in a manner that defeats the parties' expressed priorities.

- California Business & Professions Code § 17200 et seq. — Unfair Competition Law (unlawful, unfair, and fraudulent practices), derivative of statutory violations and breaches described herein.

- California Civil Code § 3300 — Measure of contract damages; § 2778 — Rules of interpretation for indemnity obligations; § 1572 (actual fraud) and §§ 1709–1710 (deceit) as applicable to misrepresentations/omissions associated with closing and claim handling.

### Common-Law Duties & Causes of Action

- Negligence — Breach of the duty of due care in title search, disclosure, and claims handling causing foreseeable harm.

- Breach of Fiduciary Duty (Escrow) — Failure to follow written instructions; closing in third position contrary to second-position instructions; failure to disclose known conflicting encumbrances.

- Breach of Contract (as applicable) — Failure to perform as promised under escrow agreements and any applicable policies/agreements.

- Insurance Bad Faith (Title Insurer) — Unreasonable denial and failure to effectuate a prompt, fair, and equitable settlement where liability became reasonably clear; inadequate investigation; reliance on untenable grounds.

- Unjust Enrichment/Restitution (in the alternative) — Retention of benefits obtained through wrongful conduct at closing or claims handling.

## Requested Relief and Cure

- Immediate cure of the priority defect by funding removal/satisfaction of the intervening lien or effectuating a valid subordination that restores second position.

- Alternatively, a loan modification or rate/term adjustment sufficient to restore the economic equivalent of the bargained-for second-position security, including compensation for increased borrowing costs attributable to the defect.

- Payment of consequential damages proximately caused by the impaired priority and delayed/defective claims handling, plus attorneys' fees/costs as permitted by law.

- Production of the complete title file and all title reports relating to the transaction, and production of escrow documents previously requested.

Dated: November 11, 2025

*Audrey Little*
Audrey Little, Plaintiff Pro Se