FILED
CLERK, U.S. DISTRICT COURT
1/30/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: ASI    DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

AUDREY LITTLE, Plaintiff, v. OAKTREE FUNDING CORPORATION, et al., Defendants. Case No. 5:26-cv-00402

PLAINTIFF'S EMERGENCY MOTION TO REMAND AND FOR FEES (28 U.S.C. § 1447(c))

Plaintiff Audrey Little, appearing pro se, moves to remand this action to the Riverside County Superior Court and for fees and costs under 28 U.S.C. § 1447(c). Removal was premised on a superseded pleading asserting RESPA/Regulation X claims that Plaintiff had already abandoned, and was filed after Defendants failed to timely oppose Plaintiff's state-court injunction. Removal is also defective for lack of unanimous consent.

I. PROCEDURAL BACKGROUND

Plaintiff provided Defendants a complete redlined version of the First Amended Complaint reflecting that the pleading was entirely superseded and that federal claims were removed. Plaintiff also offered to meet and confer to walk through the causes in the Second Amended Complaint ("SAC"). Rocket Close and Rocket Companies reviewed the SAC cause-by-cause and agreed to respond only to the SAC. Oaktree declined to meet and confer.

II. REMOVAL IS DEFECTIVE AND MUST BE REMANDED

A. No Federal Question Remains

The proposed SAC v82 asserts only state-law causes of action and expressly abandons any RESPA/Regulation X claims. Because Plaintiff has abandoned federal claims, subject-matter jurisdiction does not exist and remand is required.

B. Removal Based on a Superseded Pleading Is Improper

Oaktree removed based on the FAC despite actual notice that the FAC was being fully superseded. Removal based on a withdrawn or superseded federal claim is objectively unreasonable.

C. Violation of the Rule of Unanimity (28 U.S.C. § 1446(b)(2)(A))

Removal violates the rule of unanimity. Rocket Close and Rocket Companies were properly joined defendants. At the time of removal, Rocket had reviewed the SAC cause-by-cause, knew RESPA/Regulation X claims were removed, and agreed to respond only to the SAC. Because removal was premised solely on RESPA claims Rocket knew were abandoned, Rocket could not and did not consent to removal on that basis. Unanimous consent was therefore absent, requiring remand.

D. Tactical Removal After Missed Injunction Opposition