Audrey B. Little (Pro Se)
81439 Merv Griffin Way
La Quinta, CA 92253
Telephone: 310-283-4448
Email: Audrey.Little458@gmail.com

FILED
CLERK, U.S. DISTRICT COURT
2/2/2026
CENTRAL DISTRICT OF CALIFORNIA
BY_____GSA_____DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

1

2            UNITED STATES DISTRICT COURT
3            CENTRAL DISTRICT OF CALIFORNIA

**AUDREY B. LITTLE,**                    **Case No. 5:26-cv-00402-MEMF (MBKx)**
Plaintiff,
v.                                       NOTICE OF LODGING OF
                                         SUPPLEMENTAL EXHIBITS IN SUPPORT
OAKTREE FUNDING CORPORATION;             OF EX PARTE APPLICATION FOR
ROCKET CLOSE, LLC; ROCKET                TEMPORARY RESTRAINING ORDER,
COMPANIES, INC.;                         MOTION TO REMAND, AND MOTION
and DOES 1 through 50, inclusive,        FOR LEAVE TO FILE SECOND
Defendants.                              AMENDED COMPLAINT

4

5    **TO THE COURT AND ALL PARTIES:**

6    Plaintiff Audrey B. Little, appearing pro se, hereby lodges the attached supplemental exhibits for
7    the Court's convenience in support of: (1) Plaintiff's Ex Parte Application for Temporary
8    Restraining Order (ECF No. ___); (2) Plaintiff's Motion to Remand and for Fees (ECF No. ___);
9    and (3) Plaintiff's Motion for Leave to File Second Amended Complaint (Proposed SAC v82, no
10   RESPA) (ECF No. ___).

11   The lodged materials are as follows:

12   • Exhibit 1: Supplemental Exhibit Packet for TRO / Remand / Leave (including supplemental
13     declarations and key excerpts).
14   • Exhibit 2: Key Exhibits Appendix (Core) in support of Proposed SAC v82 (closing
15     condition, disbursement, recording, stale title, underwriting/QC feasibility).
16   • Exhibit 3 (optional): Courtesy notice / service emails demonstrating notice to counsel (if
17     lodged).
18

19   Dated: 2/1/2026

20   **/s/ Audrey B. Little**
21   Audrey B. Little, Plaintiff Pro Se

# SUPPLEMENTAL EXHIBIT PACKET

For TRO / Motion to Remand / Motion for Leave to File SAC

**AUDREY LITTLE v. ROCKET CLOSE, LLC, et al.**

State Case No. CVPS2508295 (Riverside County Superior Court) | Federal Case No. 5:26-cv-00402 (C.D. Cal.)

Prepared: 2026-02-01

*Note: This packet contains documentary excerpts only (no argument) for ease of Court review.*

# ADDENDUM v8 – 'Neon' Contradictions + Admissions (Single-Page Index)

*Purpose: Provide the Court a single page showing counsel knowledge, stipulation bait-and-switch, e-service breach, and admissions of failed safegua*

## Key Facts (each supported by exhibits already in the binder):

**A. Counsel for Rocket Close/Companies was known no later than 11/21/2025**
11/21/2025: Email to Jason E. Goldstein (Buchalter; Oaktree) and Zeeshan Iqbal (Hinshaw; Rocket
Close/Rocket Companies) on the same To: line. This is the earliest written proof of counsel
identity/coordination in the record.

**B. Counsel identity reaffirmed (and stated plainly) on 01/05/2026**
01/05/2026: Plaintiff emailed Jason Goldstein and wrote: 'Zeeshan is the attorney for Rocket Close
and Companies.' This removes any possible ambiguity about who Zeeshan is.

**C. Additional joint-counsel threads and direct stipulation requests**
12/11/2025: Plaintiff sent 'Courtesy Copy' to 'Zeeshan and Jason' with filed TRO materials.
01/07/2026: Plaintiff requested stipulation to file revised amended complaint to avoid motion
practice; addressed to Jason and Zeeshan.

**D. Representation to Court in Removal Footnote 1 conflicts with the above**
01/29/2026 Notice of Removal (Footnote 1): Oaktree stated it would seek consent 'when Oaktree
discovers who represents the other Defendants.' Given A–C, that statement is contradicted by the
documentary record.

**E. Stipulation bait-and-switch and timing**
01/27/2026: Goldstein wrote he was 'now in the position' to stipulate to filing the SAC, and
requested continuance of injunction hearing. 01/28/2026: Goldstein stated he was 'reconsidering
whether to stipulate.' 01/29/2026: Removal filed.

**F. RESPA was out (and known) before removal**
01/29/2026: 'Correct Record' email states Plaintiff expressly advised that the forthcoming SAC
removes RESPA/Reg X and proceeds on state-law causes, and that Rocket agreed it would respond only
to the SAC and not the FAC.

**G. E-service was withdrawn, yet defendants served electronically anyway**
01/24/2026: Plaintiff withdrew any prior consent to e-service absent a mutual written agreement.
01/29/2026: Buchalter proof-of-service for removal states service by fax/email/electronic service
and separately 'BY EMAIL' transmission.

**H. Admission of failed contractual safeguards by 'late awareness' narrative**
09/10/2025: Oaktree's claim letter states Oaktree became aware while attempting to sell the loan
that the lien position defect existed (loan 'unsaleable'). In this record, that timing supports the
inference that current title verification and required pre-funding QC did not occur as required.

**I. Refusal to preserve the status quo**
01/12/2026: Goldstein wrote: 'Oaktree does not agree to a pause.'

*Note: This page is an index/roadmap; it cites to the underlying exhibits (emails, removal footnote, service proofs, claim letter, and Correct Record em*

## SUPPLEMENTAL DECLARATION OF AUDREY LITTLE
### Re: Duty of Candor; Material Contradictions; Deadline-Driven Removal Timing

I am self-represented and have been careful to present only statements that I can support with documentary exhibits or sworn personal knowledge. Licensed counsel are held to duties of candor and accuracy in representations to the Court, particularly where jurisdiction and scheduling are affected. Here, Defendants' removal filings contain factual assertions contradicted by Defendants' own documents and contemporaneous communications. For example, Oaktree represented it would seek co-defendants' consent when it "discovers who represents the other Defendants," yet the documentary record shows counsel identity and coordination months earlier, including an email listing both counsel on the same line and identifying Zeeshan Iqbal as counsel for Rocket Close, LLC / Rocket Companies, Inc. In addition, I expressly advised Defendants before removal that the forthcoming Second Amended Complaint removed RESPA/Regulation X and proceeded on state-law causes, yet Defendants removed anyway on the eve of deadlines. I submit these contradictions as evidence of bad faith and respectfully request the Court weigh Defendants' credibility accordingly.

**Additional Facts Regarding Deadlines and Removal Timing:**

Procedural manipulation / attempted reset of deadlines through removal. An injunction hearing was noticed for February 10, 2026. Under the applicable timing rules, Defendants' opposition was due nine court days before that hearing, i.e., January 28, 2026. No timely opposition was filed. Separately, I served the First Amended Complaint on December 31, 2025, making Defendants' responsive pleading due January 30, 2026 absent stipulation. On January 27, 2026, Oaktree's counsel wrote that he was "now in the position" to stipulate to my filing the Second Amended Complaint while simultaneously requesting a continuance of the injunction hearing. I responded the same day that the SAC was ready to file and requested the stipulation in writing, relying on that representation. The next day, counsel reversed course ("reconsidering whether to stipulate"). On January 29, 2026, after I again asked whether Oaktree would stipulate or respond by the deadline, Defendants filed a Notice of Removal at 5:37 PM PST. This timing bears directly on credibility and supports an inference that removal was used to park the case and obtain a procedural reset of deadlines that were expiring or had already passed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 02/01/2026, at La Quinta, California.


/s/ Audrey Little
Audrey Little, Plaintiff Pro Se

# ADDENDUM v8 – Irreparable Harm (Non-Monetary) Highlights

*Purpose: Provide a one-page, non-monetary harm synopsis based on Plaintiff's sworn declarations (full declarations included elsewhere in binder).*

## Sworn non-monetary harms (highlights):

**1) Nature of harm (not fully compensable by money)**
Plaintiff declares the harms are personal, medical, professional, financial, and statutory, are not fully compensable by money damages, and will occur before merits adjudication unless the status quo is preserved.

**2) This case is not a payment dispute**
Plaintiff declares this action arises from failure of required real-estate safeguards (title review, escrow instructions, recording order, lien priority) and attempts to enforce the transaction as if those safeguards did not matter.

**3) Caregiver continuity already damaged (irreversible)**
Plaintiff declares she has already permanently lost two days per week of caregiving support due to inability to assure continued payment; this loss has already occurred and cannot be reversed.

**4) Date-certain irreparable trigger**
Plaintiff declares material and irreversible consequences begin Feb. 16, 2026 absent interim relief.

**5) Home is uniquely medically functional and not replaceable**
Plaintiff declares her home is single-story with no steps and bathrooms designed around colitis/medical limitations; replacement is not readily available and forced displacement causes severe physical/emotional harm not repairable by money.

**6) Harm not preventable by borrower disclosure**
Plaintiff declares there was nothing she could have done, through disclosure or otherwise, to prevent the failures that led to this situation.

*This is a summary page. The full Irreparable Harm declarations remain included in the binder.*

# Table of Contents

Exhibit 1 – Supplemental Declarations (Irreparable Harm; Authenticity/Source)    p. 3

Exhibit 2 – Procedural Excerpts (Jan 23–29: notice/redline; no e-service; missed opposition; removal timing)    p. 9

Exhibit 3 – Procedural Addendum (Notice to State Court of Removal; Proof of Service on registered agent)    p. 16

Exhibit 4 – Key Excerpts Appendix (Fixed documentary record: closing condition → disbursement → recording → stale title → policy → denial)    p. 26

*Total pages (including cover/TOC): 49*

## ONE-PAGE PROCEDURAL TIMELINE (KEY DEADLINES & FILINGS)

• Jan 29, 2026 (1:24 PM): Plaintiff emails counsel: "since you did not oppose the motion for injunction,

  are you going to stipulate to the FAC or respond by tomorrow?" (Exhibit 2).

• Jan 29, 2026 (5:37 PM PST): Notice of Removal is entered/filed in federal court CM/ECF (Exhibit 3).

• Context shown by the exhibits: (a) injunction opposition not filed by the applicable deadline; and

  (b) Oaktree's response to the FAC was due the following day (as referenced in Plaintiff's 1/29 email).

---

*Note: This page summarizes dates and times exactly as shown in the attached exhibits. It is provided for ease of review and does not add argument.*

Prepared: 2026-02-01

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF RIVERSIDE - PALM SPRINGS BRANCH**

**AUDREY B. LITTLE,**
Plaintiff,
v.
ROCKET CLOSE, LLC; ROCKET
COMPANIES, INC.;
OAKTREE FUNDING CORPORATION;
and DOES 1 through 50, inclusive,
Defendants.

**Case No.: CVPS2508295**
**Dept.: PS1**

**SUPPLEMENTAL DECLARATION OF AUDREY B. LITTLE**
**IN SUPPORT OF TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW**
**CAUSE**
**RE PRELIMINARY INJUNCTION**

I, Audrey B. Little, declare:

1. I am the Plaintiff in this action. I make this Supplemental Declaration from my own personal knowledge, and if called as a witness I could and would testify competently to the facts stated herein.

2. This declaration is submitted to explain the imminent and irreparable harm I am suffering and will continue to suffer absent immediate injunctive relief.

3. I reside in La Quinta, California. I am disabled and have significant medical needs. My home is a single-story residence (approximately 5,000 square feet) with no steps, and its layout and bathrooms were selected and configured to accommodate my medical condition and limited mobility.

4. Because of my disability and my pets (three dogs and two cats), relocation is exceptionally difficult. I cannot board or rehome my animals, and finding a suitable rental that accepts them, is accessible, and is comparable in function is extremely limited.

5. As a direct result of the events giving rise to this case, my finances have deteriorated rapidly. For the first time in my adult life, I am behind on ordinary living expenses and essential bills.

6. I am currently behind on unsecured obligations (including amounts owed to my caregiver, gardener, medical providers, and other vendors). I have prioritized only those obligations secured against my home, but that approach is no longer sustainable.

7. This transaction was supposed to be refinanced immediately after closing. The refinance could not proceed because of the defective lien position and title/recording problems that are the subject of this case.

8. The delay has forced me to carry two mortgage obligations simultaneously, which consumes essentially all of my income and has caused severe, compounding financial strain.

9. I have already suffered non-monetary losses that cannot be repaired by a later damages award. For example, I was forced to cancel my 60th birthday celebration, cancel my annual holiday party, and cancel significant family travel that had been planned well in advance, including a planned trip to Bora Bora with my son. I also missed the FIFA World Cup with my other son, a once-in-a-lifetime trip we planned for approximately twelve years. I did not attend a single holiday event, and I did not attend a single event during the season in my community.

10. I missed family time and key life events that cannot be recovered, including being unable to be present for close family members during serious medical events in late 2025 and early 2026, and missing substantial time with my newborn granddaughter.

11. The stress and disruption have materially affected my health and daily functioning. I have lost routine activities that support my physical and emotional well-being, including regular dog walks, gardening, adaptive physical activity, and playing pickleball (which I have not been able to do for approximately four months). I have not been doing the healthy activities that stabilize my condition; instead I have done nothing but sit and work on this crisis. My WHOOP health-age metric increased by approximately six years during this period, which reflects a significant deterioration in my health markers.

12. I have also withdrawn from normal community and social activities because of the time demands and the emotional shock of this situation.

13. I have relied on the same primary caregiver for more than five years (and have known her for more than twenty years). Because of my inability to pay consistently while this situation persists, I have already permanently lost two days per week of that caregiver support, as she had to take other paying work.

14. That loss is not fully reversible. Even if my finances stabilize later, I will likely be forced to replace trusted long-term assistance with unfamiliar caregivers, which is uniquely harmful given my disability.

15. Imminent deadline. If injunctive relief is not entered, irreparable harm will occur on or about February 16, 2026.

16. By that date, I will be forced to choose between missing payments on the Oaktree loan (which would harm my co-borrower, who was included for debt-to-income purposes and did not cause or understand these issues) or missing payments on my first mortgage for the first time in more than three decades of homeownership to avoid damaging my co-borrower's credit. Either scenario triggers cascading consequences: credit damage, default notices, increased fees and costs, loss of refinancing options, and a material increase in the probability of foreclosure and forced sale.

17. Loss of home / unique property. My home is custom-built and the site and views were selected by me. It has unique characteristics (including unobstructed west- and south-facing views, sun exposure, and an accessible, fenced outdoor area necessary for my animals).

18. There is no readily available comparable replacement within my community. Replacing my home within a comparable gated community and configuration would require purchasing scarce land and custom building at dramatically higher cost. Forced displacement would require multiple moves without reliable assistance and would cause severe physical and emotional strain that money cannot adequately undo.

19. Loss of favorable tax and financing position. If I am forced into foreclosure or a distressed sale, I face permanent losses that are not compensable by ordinary damages, including loss of my property tax basis and the practical loss of my ability to preserve investment and tax planning options tied to my property and equity.

20. Additionally, my current first mortgage interest rate is exceptionally favorable. If my credit is damaged or I lose the home, I will not be able to obtain comparable financing in the future, if I can obtain financing at all.

21. I have acted diligently and in good faith to avoid this crisis. I have repeatedly sought a temporary pause/forbearance and proposed multiple mitigation and settlement options intended to protect all parties while the underlying issues are addressed.

22. Despite those efforts, absent court intervention, the harm described above will occur before the merits of this case can be adjudicated.

23. Monetary damages alone cannot restore what will be lost if the property is taken or if my credit is destroyed and I am displaced: the unique accessibility of my home, my stability and medical functioning, trusted caregiver support, and time and life events already lost.

24. For these reasons, I respectfully request the Court grant immediate injunctive relief to prevent irreparable harm while the Court considers the merits.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 31, 2026, at La Quinta, California.


/s/ Audrey B. Little

Audrey B. Little

Case No.: CVPS2508295

Dept.: PS1

**SUPPLEMENTAL DECLARATION OF AUDREY B. LITTLE**

**RE AUTHENTICITY AND SOURCE OF SUPPLEMENTAL EXHIBITS**

I, Audrey B. Little, declare:

1. I am the Plaintiff in this action. I make this declaration from my own personal knowledge, and if called as a witness I could and would testify competently to the facts stated herein.

2. This declaration is provided to authenticate and describe the source of the documents submitted with my supplemental TRO materials.

3. The documents attached to my supplemental TRO materials are true and correct copies of records that I received from Defendants or their counsel, or that I obtained directly from third-party sources (such as my bank and the Riverside County Recorder) in the ordinary course of verifying the transaction history.

4. I have kept these records in the form received and have not altered their substance.

5. Documents received from Oaktree's counsel on November 19, 2025. On or about November 19, 2025, counsel for Defendant Oaktree Funding Corporation provided me with copies of a title insurance commitment and a title report that was not current as of the July 2025 closing.

6. Those documents are maintained by me as received.

7. Documents received in the production described as a 'complete loan file' on December 10, 2025. On or about December 10, 2025, Defendant Oaktree provided a set of documents represented as a complete loan file.

8. The production included, among other items, written claim materials relating to my September 10, 2025 title claim; the written denial dated October 24, 2025; a document represented as a title

insurance policy (without a complete policy jacket); and underwriting materials. These items are maintained by me as received.

9. Documents obtained from independent sources. I obtained additional records directly from independent sources, including my bank statement or transaction record reflecting receipt of the loan proceeds on July 14, 2025; and the Riverside County Recorder's recording confirmation reflecting that the Oaktree Deed of Trust recorded on July 15, 2025.

10. I also obtained title/record information confirming the lien stack and the existence of prior liens recorded before the Oaktree Deed of Trust.

11. The attached exhibits are offered for the limited purpose of showing what the records state, and to establish the transaction and recording chronology.

12. To the extent any document is an email, it is a true and correct copy of the communication as maintained in my email records.

13. In my supplemental binder, I have labeled and organized the key documents for the Court's convenience. The exhibits attached to this declaration are the same documents described above and are true and correct copies.

14. For clarity, the key documents are labeled as Exhibits M through R and consist of closing/escrow instructions; disbursement proof; recording confirmation; title/record evidence of lien position; and the claim and denial correspondence.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 31, 2026, at La Quinta, California.

/s/ Audrey B. Little

**From:** **Audrey Little** audreylittle@icloud.com
**Subject:** Rock
**Date:** January 23, 2026 at 10:53 AM
**To:** Goldstein, Jason E. jgoldstein@buchalter.com
**Cc:** Audrey Little audreylittle@icloud.com

Jason,

I wanted to extend the courtesy of letting you know that yesterday I had a phone conference with counsel for Rocket Close and Rocket Companies regarding the First Amended Complaint and the scope of changes reflected in the Second Amended Complaint ("SAC"). Rocket's counsel indicated his clients are willing to stipulate to the filing of the SAC and to defer responding to the current FAC in order to avoid spending resources responding to a pleading that has been materially superseded.

I am asking whether Oaktree will also stipulate so that all parties can respond to the same operative complaint. The SAC is materially different from the FAC and addresses many of the issues that would otherwise be raised in response to the FAC.

If Oaktree does not stipulate, Rocket has indicated it will hold its response until the SAC is filed (assuming leave is required), while Oaktree would likely proceed on the FAC. That would result in parallel responsive pleadings to two different complaints and unnecessary motion practice.

Separately, if Oaktree intends to challenge the SAC once filed, I am available to meet and confer in advance so that we can narrow issues and avoid unnecessary filings. I am unavailable next Tuesday and Wednesday all day, and part of Monday morning. If you would like to meet, please propose a few times outside those windows and I will confirm promptly.

Please let me know whether Oaktree will:

1. stipulate to allow filing of the SAC and respond only to the SAC; or

2. decline to stipulate and proceed with a response to the FAC.

Once I hear from you, I will notify Rocket's counsel.

Thank you,
Audrey Little
Plaintiff in Pro Per





**From:** **Audrey Little** audreylittle@icloud.com
**Subject:** Redlined version of FAC
**Date:** January 23, 2026 at 1:57 PM
**To:** Goldstein, Jason E. jgoldstein@buchalter.com
**Cc:** Audrey Little audreylittle@icloud.com, Iqbal, Zeeshan ZIqbal@hinshawlaw.com

For your reference I have included a redlined version of the FAC. As you can see the entire complaint has been modified. This is largely due to the fact that when I submitted the first complaint I had not received any evidence from any parties in the case including oak tree. I received 99% of yours on December 10, 2025 and one piece November 19, 2025. The SAC is written based on the evidence I have been able to obtain since the FAC. Even if some things remained they are not in the same place or substantively changed.

FAC_Redline_Deletions Only.pdf 

**From:** **Audrey Little** audreylittle@icloud.com
**Subject:** Clarification on Service of Documents in Case No. CVPS2508295
**Date:** January 24, 2026 at 9:48 PM
**To:** Goldstein, Jason E. jgoldstein@buchalter.com
**Cc:** Audrey Little audreylittle@icloud.com



Subject: Clarification on Service of Documents in Case No. CVPS2508295

Dear Jason,

I am writing to clarify the method of service for documents in the above-referenced case. Initially, I may have indicated that electronic service ("e-service") was acceptable. However, to ensure clear communication and proper record-keeping, I am withdrawing any prior consent to e-service until we have a mutual written agreement in place, as required under CCP §1010.6.

Until such agreement is reached, please serve all documents on me via mail (first class, postage prepaid) or personal service, in accordance with CCP §1013. My mailing address for service is 81439 Merv Griffin Way , La Quinta CA 92253

Additionally, please note that I will be out of town on Tuesday and Wednesday next week for an oncologist visit. If you plan to serve any documents during that time, please use mail to ensure timely receipt.

If you are willing to accept e-service from me or propose a stipulation for mutual e-service, let me know so we can formalize it (e.g., via Judicial Council Form EFS-005).

Thank you for your attention to this matter.

Best regards,
Audrey Little
Plaintiff in Pro Per

**From:** **Audrey Little** audreylittle458@gmail.com
**Subject:** Re: Oaktree/Rocket/Little [IMAN-BUCHALTER.FID6170674]
**Date:** January 27, 2026 at 1:31 PM
**To:** Goldstein Jason E. jgoldstein@buchalter.com



I can move it to the 9th but I cannot access delay it u less oaktrrenagrees to pause februaries payment until after. I have a hearing date scheduled for the 25th so if I couldn't get the 24th, we could have it heard the 25th but I would need for you to agree to do the pause because it's set so if the injunction happens, I won't need to pay February if you agreed to pause until the hearing and no enforcement for that month then I will absolutely agree to move the hearing and then can you send me the stipulation in writing so I can send it to Z and I'll file the second amended complaint I'm out of town but I will be back tomorrow and it's pretty much ready to file so I'll file it now. I wish I brought my computer with me. I took a break.
Warmest Regards,
Audrey

Sent from my iPhone

> On Jan 27, 2026, at 12:32 PM, Goldstein, Jason E. <jgoldstein@buchalter.com> wrote:
>
> Hi Audrey:
>
> This email is to advise that I am now in the position to be able to stipulate to your filing a Second Amended Complaint.
>
> Also, I would request that you stipulate to an order continuing the hearing on your injunction motion from February 10 to February 24. I will be out of state on the 10th at a conference.
>
> Please let me know if you would be amenable to the above and I can prepare the stipulation as to the injunction motion and you can send me your stipulation on the Second Amended Complaint.
>
> Please advise.
>
>
>
> **Buchalter LLP**
>
> ---
>
> **Jason E. Goldstein**
> Partner
> **T** (949) 224-6235
> **F** (949) 720-0182
> jgoldstein@Buchalter.com
>
> ---
>
> 18400 Von Karman Avenue, Suite 800
> Irvine, CA 92612-0514
> www.buchalter.com | Bio | LinkedIn
>
> **Buchalter**

From: **Goldstein, Jason E.** jgoldstein@buchalter.com
Subject: **RE: Stupulation**
Date: January 28, 2026 at 1:08 PM
To: Audrey Little  audreylittle458@gmail.com
Cc: Goldstein, Jason E.  jgoldstein@Buchalter.com

We can agree to disagree.

Buchalter

Jason E. Goldstein
Partner
T (949) 224-6235
F (949) 720-0182
jgoldstein@Buchalter.com

18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
www.buchalter.com

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation. For additional policies governing this e-mail, please see www.buchalter.com/about/firm-policies.
-----Original Message-----
From: Audrey Little <audreylittle458@gmail.com>
Sent: Wednesday, January 28, 2026 1:08 PM
To: Goldstein, Jason E. <jgoldstein@Buchalter.com>
Subject: Re: Stupulation

This message has originated from an External Email. Audrey Little <audreylittle458@gmail.com>:

Jason, I did not decline. I said I couldn't move it up by a day or up if the judge allowed or you could stipulate to a pause until you could have it because I can't afford to delay it because it will create a financial consequence for me again I gave you multiple options. I don't think it's fair to say that I declined. I declined to get hurt further.
Warmest Regards,
Audrey

Sent from my iPhone

On Jan 28, 2026, at 12:56 PM, Goldstein, Jason E. <jgoldstein@buchalter.com> wrote:

Audrey:

I requested a stipulation to continue the motion hearing due to my schedule.  You declined.  I am reconsidering whether to stipulate to a further amended complaint at this time.

**From:** **Audrey Little**  audreylittle458@gmail.com
**Subject:** questions
**Date:** January 29, 2026 at 1:24 PM
**To:** E. Goldstein Jason  jgoldstein@buchalter.com
**Cc:** Audrey Little  audreylittle458@gmail.com

AL

Hi,

I was going to ask again since you did not oppose the motion for injunction , are you going to stipulate to the FAC or respond by tomorrow?

If you plan on stipulation I will offer one more time to speak before it goes out.  I am available today.


Regards,

Audrey Little
audreylittle458@gmail.com

**From:** cacd_ecfmail@cacd.uscourts.gov
**Subject:** Activity in Case 5:26-cv-00402 Little v. Oaktree Funding Corporation et al Notice of Removal (Attorney Civil Case Opening)
**Date:** January 29, 2026 at 5:38 PM
**To:** ecfnef@cacd.uscourts.gov



**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered by Goldstein, Jason on 1/29/2026 at 5:37 PM PST and filed on 1/29/2026

| | |
|---|---|
| **Case Name:** | Little v. Oaktree Funding Corporation et al |
| **Case Number:** | 5:26-cv-00402 |
| **Filer:** | Rocket Companies, Inc. |
| | Rocket Close, LLC |
| | Oaktree Funding Corporation |

**Document Number:** 1

**Docket Text:**

**NOTICE OF REMOVAL from Superior Court of the State of California for the County of Riverside, Palm Springs Branch, case number CVPS2508295 Receipt No: ACACDC-41390008 - Fee: $405, filed by Defendants Rocket Companies, Inc., Rocket Close, LLC, Oaktree Funding Corporation. (Attachments: # (1) Exhibit Exhibit A to Notice of Removal, # (2) Exhibit Exhibit B to Notice of Removal, # (3) Exhibit Exhibit C to Notice of Removal, # (4) Complaint, # (5) Ex Parte Application for Order Compelling Payment of Policy Benefits, Cure of Title Defect, and Production of Escrow and Title Files, # (6) Minute Order RE Ex Parte Application for Order Compelling Payment, # (7) First Amended Complaint for Damages - Breach of Contract, # (8) Declaration of Audrey Little, # (9) Exhibit Binder Index A thru J with Denial, # (10) SIGNED Proof of Service, # (11) Exhibit Index on 1st Amended Complaint for Breach of Contract Warranty (Over $35,000) of AUDREY LITTLE, # (12) Emergency Supplemental Declaration of Audrey Little and [Proposed] Order Granting Immediate Temporary Restraint, # (13) Supplemental Exhibits (A-B) in Support of Plaintiff's Application for Temporary Restraining Order, # (14) Notice of Hearing RE Ex Parte Hearing - Temporary**

1  BUCHALTER LLP
   JASON E. GOLDSTEIN (SBN: 207481)
2  RICHARD HOVSEPYAN (SBN: 365788)
   18400 Von Karman Avenue, Suite 800
3  Irvine, CA 92612-0514
   Telephone: 949.760.1121
4  Fax: 949.720.0182
   Email: jgoldstein@buchalter.com
5        rhovsepyan@buchalter.com

6  Attorneys for Defendant
   OAKTREE FUNDING CORP
7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF RIVERSIDE, PALM SPRINGS BRANCH**

10  AUDREY B. LITTLE,                              CASE NO. CVPS2508295

11          Plaintiff,                             **NOTICE TO STATE COURT AND
                                                   TO ADVERSE PARTY OF
12      vs.                                        REMOVAL OF CIVIL ACTION
                                                   TO UNITED STATES DISTRICT
13  OAKTREE FUNDING CORPORATION;                   COURT UNDER 28 USC § 1441
    ROCKET CLOSE, LLC; ROCKET                      FEDERAL QUESTION
14  COMPANIES, INC.; and DOES 1 through 50,        JURISDICTION**
    inclusive,
15                                                 Complaint Filed:  November 12, 2025
            Defendants.
16                                                 First Amended Complaint Filed:
                                                   November 18, 2025
17

18          **TO THE RIVERSIDE COUNTY SUPERIOR COURT, PLAINTIFF AUDREY B.**

19  **LITTLE, AND ALL OTHER INTERESTED PARTIES:**

20          **PLEASE TAKE NOTICE** that on January 29, 2026, notice of removal of this action was

21  filed in the United States District Court for the Central District of California. A copy of which is

22  attached to this notice as **Exhibit 1** and is served herewith.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28                                      1
    **NOTICE TO STATE COURT AND TO ADVERSE PARTY OF REMOVAL OF CIVIL
    ACTION TO UNITED STATES DISTRICT COURT UNDER 28 USC § 1441 FEDERAL
    QUESTION JURISDICTION**

BUCHALTER LLP
IRVINE

BUCHALTER 107835050v1

1 | DATED:  January 29, 2026                BUCHALTER LLP

2

3 |                                By:   /s/ Jason E. Goldstein
                                         JASON E. GOLDSTEIN
4 |                                      RICHARD HOVSEPYAN
                                         Attorneys for Defendant
5 |                                      OAKTREE FUNDING CORP

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**NOTICE TO STATE COURT AND TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 USC § 1441 FEDERAL QUESTION JURISDICTION**

BUCHALTER LLP
JASON E. GOLDSTEIN (SBN: 207481)
RICHARD HOVSEPYAN (SBN: 365788)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email: jgoldstein@buchalter.com
        rhovsepyan@buchalter.com

Attorneys for Defendant
OAKTREE FUNDING CORP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY B. LITTLE,<br><br>Plaintiff,<br><br>vs.<br><br>OAKTREE FUNDING CORPORATION; ROCKET CLOSE, LLC; ROCKET COMPANIES, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. §1441(a)**<br><br>**(FEDERAL QUESTION)**<br><br>Riverside County Superior Court Case No. CVPS2508295<br><br>Complaint Filed: November 12, 2025<br><br>First Amended Complaint Filed: November 18, 2025 |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendant Oaktree Funding Corp ("Oaktree")[1] hereby removes the above-captioned action, Case No.: CVPS2508295, currently pending in the Superior Court of the State of California in and for the County of Riverside, Palm Springs Branch, to the United States District Court for the

---

[1] Per the docket, the only Defendant who has responded was Rocket Title Insurance who was dismissed on January 5, 2026. When Oaktree discovers who represents the other Defendants Oaktree will request their consent. However, Oaktree did not want to waive its right to removal by failing to file this Notice of Removal in a timely fashion.

1

Central District of California. Removal is pursuant to 28 U.S.C. Sections 1441 and 1446, and is based upon federal question jurisdiction.

As grounds for removal, Oaktree states as follows:

1.     On November 12, 2025, plaintiff Audrey B. Little ("Plaintiff") filed an action in the Superior Court of the State of California in and for the County of Riverside, Palm Springs Branch, entitled Little v. Rocket Title Insurance Company et al., Case No.: CVPS2508295. On November 18, 2025, Plaintiff filed its First Amended Complaint in the action. A true and correct copy of the First Amended Complaint is attached hereto as **Exhibit A**.

2.     The First Amended Complaint alleges, *inter alia*, that Oaktree allegedly violated the Real Estate Settlement Procedures Act, 12 C.F.R. § 1024 and that Plaintiff is allegedly entitled to rescission of the loan as a result. *See* First Amended Complaint, at p. 22. Consequently, it appears from the face of the First Amended Complaint that the Court is presented with a federal question, and that Plaintiff's remaining state law claims arise from the same nucleus of operative fact thereto.

3.     This is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331, and is one which may be removed to this Court by Oaktree under the provisions of 28 U.S.C. §§ 1441(a) and 1446 in that it arises under, at a minimum, the Real Estate Settlement Procedures Act, 12 C.F.R. § 1024.

4.     Venue lies in this Court pursuant to 28 U.S.C § 1441(a), as Plaintiff originally brought this action in the Superior Court of the State of California, County of Riverside, which lies within the Eastern District of the Central District of California, and Plaintiff resides in the County of Riverside, California.

5.     Attached hereto marked as **Exhibit B** are the documents which have been served upon it by the Plaintiff.

6.     Attached hereto as **Exhibit C** is a copy of the "Notice of Filing of Notice of Removal," without the exhibit referenced therein, as including it would render this pleading infinitely duplicative. Oaktree will promptly serve upon Plaintiff's counsel

the "Notice of Filing of Notice of Removal," with referenced exhibit attached, and will promptly file with the Clerk of the Riverside County Superior Court. *See* 28 U.S.C. §§ 1446(a), (d).

WHEREFORE, Oaktree prays that the above-entitled action now pending in the Superior Court of the State of California in and for the County of Riverside, Palm Springs Branch, be removed to this Court pursuant to 28 U.S.C. §1441(a).

DATED: January 29, 2026          BUCHALTER LLP


By: */s/ Jason E. Goldstein*
JASON E. GOLDSTEIN
RICHARD HOVSEPYAN
Attorneys for Defendant
OAKTREE FUNDING CORPORATION

# Complaints and Other Initiating Documents

5:26-cv-00402 Little v. Oaktree Funding Corporation et al

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Goldstein, Jason on 1/29/2026 at 5:37 PM PST and filed on 1/29/2026

| | |
|---|---|
| **Case Name:** | Little v. Oaktree Funding Corporation et al |
| **Case Number:** | 5:26-cv-00402 |
| **Filer:** | Rocket Companies, Inc. |
| | Rocket Close, LLC |
| | Oaktree Funding Corporation |

**Document Number:** 1

**Docket Text:**
NOTICE OF REMOVAL from Superior Court of the State of California for the County of Riverside, Palm Springs Branch, case number CVPS2508295 Receipt No: ACACDC-41390008 - Fee: $405, filed by Defendants Rocket Companies, Inc., Rocket Close, LLC, Oaktree Funding Corporation. (Attachments: # (1) Exhibit Exhibit A to Notice of Removal, # (2) Exhibit Exhibit B to Notice of Removal, # (3) Exhibit Exhibit C to Notice of Removal, # (4) Complaint, # (5) Ex Parte Application for Order Compelling Payment of Policy Benefits, Cure of Title Defect, and Production of Escrow and Title Files, # (6) Minute Order RE Ex Parte Application for Order Compelling Payment, # (7) First Amended Complaint for Damages - Breach of Contract, # (8) Declaration of Audrey Little, # (9) Exhibit Binder Index A thru J with Denial, # (10) SIGNED Proof of Service, # (11) Exhibit Index on 1st Amended Complaint for Breach of Contract Warranty (Over $35,000) of AUDREY LITTLE, # (12) Emergency Supplemental Declaration of Audrey Little and [Proposed] Order Granting Immediate Temporary Restraint, # (13) Supplemental Exhibits (A-B) in Support of Plaintiff's Application for Temporary Restraining Order, # (14) Notice of Hearing RE Ex Parte Hearing - Temporary Restraining Order, # (15) Ex Parte Application for Order Shortening Time to Advance Hearing on Plaintiff's Noticed Motion for Declaratory Relief Regarding Enforceability of Deed of Trust, # (16) Disability Accommodation Request, # (17) Notice of Motion and Motion for Temporary and Preliminary Injunctive Relief Memorandum of Points and Authorities Declaration of Audrey B. Little, # (18) Corrected Nunc Pro Tunc First Amended Complaint for Damages on 1st Amended Complaint, # (19) Declaration of Robert Teague ISO Defendant Oaktree Funding Corporation's Opposition to Plaintiff Audrey B. Little's Motion for Temporary and Permanent Injunctive Relief, # (20) Audrey Little Ex Parte Exhibits A thru J, # (21) Exhibit Binder (CVPS2508295) Index on 1st Amended Complaint for Breach of Contract Warranty (Over $35,000) of AUDREY LITTLE, # (22) Plaintiff's Ex Parte Application for Temporary Restraining Order, # (23) Plaintiff's Ex Parte Application for Temporary Restraining Order; Order to Show Cause Re Preliminary Injunction; Request for Order Shortening Time) (Attorney Jason E Goldstein added to party Oaktree Funding Corporation(pty:dft), Attorney Jason E Goldstein added to party Rocket Close, LLC(pty:dft), Attorney Jason E Goldstein added to party Rocket Companies, Inc.(pty:dft)) (Goldstein, Jason)

**5:26-cv-00402 Notice has been electronically mailed to:**

Audrey B Little      Audrey.Little458@gmail.com

Jason E Goldstein      jgoldstein@buchalter.com, docket@buchalter.com, jnewton@buchalter.com

**PROOF OF SERVICE**
*Audrey B. Little v. Oaktree Funding Corporation, etc. et al. –*
*Case No. CVPS2508295*

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is at BUCHALTER LLP, 18400 Von Karman Avenue, Suite 800, Irvine, CA  92612-0514.  My e-mail address is burias@buchalter.com.

On the date set forth below, I served the foregoing document described as:

**NOTICE TO STATE COURT AND TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 USC § 1441 FEDERAL QUESTION JURISDICTION**

on all other parties and/or their attorney(s) of record to this action by ☒ faxing, e-mailing, electronic serving and/or ☐ placing a true copy thereof in a sealed envelope as follows:

**Audrey B. Little**
**81439 Merv Griffin Way**
**La Quinta, California 92253**
**E-Mail: Audrey.Little458@gmail.com**

☐    **BY MAIL**   I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope.  The envelope was placed for deposit in the United States Postal Service at Buchalter LLP in Irvine, California on January 29, 2026.  The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

☐    **OVERNIGHT DELIVERY**   On January 29, 2026, I placed the Federal Express/GSO package for overnight delivery in a box or location regularly maintained by Federal Express/GSO at my office, or I delivered the package to an authorized courier or driver authorized by Federal Express/GSO to receive documents.  The package was placed in a sealed envelope or package designated by Federal Express/GSO with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served at the address shown above, as last given by that person on any document filed in the cause; otherwise at that party's place of residence.

☐    **BY PERSONAL DELIVERY**   On January 29, 2026, I placed the above-referenced envelope or package in a box or location regularly maintained at my office for our messenger/courier service or I delivered the envelope or package to a courier or driver authorized by our messenger/courier service to receive documents.  The package was placed in a sealed envelope or package designated by our messenger/courier service with delivery fees paid or provided for, addressed to the person(s) on whom it is to be personally served at the address(es) shown above as last given by that person on any document filed in the cause.  The

BUCHALTER LLP
IRVINE

messenger/courier service was provided with instructions that the envelope or package be personally served on the addressee(s) by same day delivery (C.C.P. §1011).

☐　　**BY EMAIL**　On January 29, 2026, I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

☑　　**BY ELECTRONIC SERVICE**　I served the documents referred to above on January 29, 2026, via electronic transmission (lurias@buchalter.com) to Janney & Janney (Orange County Office: 840 N. Birch Street, Santa Ana, California 92701) e -service via the Internet as a scanned image of the document by electronically uploading a true copy thereof to Janney & Janney e-service (donotreply@janneyandjanney.mail.legalconnect.com).  I am readily familiar with the business practice of Buchalter LLP for filing electronically, and attest that the document was electronically served on this date in the ordinary course of business following ordinary business practices.

☑　　I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.  Executed on January 29, 2026, at Irvine, California.

| Briana Urias | /s/ Briana Urias |
|---|---|
| | (Signature) |

BUCHALTER 107842208v1

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Audrey Little<br>81439 Merv Griffin Way, Palm Springs, CA 92253<br>    TELEPHONE NO:  310-283-4448        FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:  audrey.little458@gmail.com<br>    ATTORNEY FOR *(Name)*:  In Pro Per | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF    Riverside |
|---|
|     STREET ADDRESS:   3255 East Tahquitz Canyon Way<br>    MAILING ADDRESS:   3255 East Tahquitz Canyon Way<br>CITY AND ZIP CODE:   Palm Springs, 92262<br>     BRANCH NAME: |

| PLAINTIFF / PETITIONER:  Audrey Little<br>DEFENDANT / RESPONDENT:  Rocket Title Insurance Company, et al. | CASE NUMBER:<br>CVPS2508295 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  [X] summons
    b.  [X] complaint
    c.  [ ] Alternative Dispute Resolution (ADR) package
    d.  [ ] Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ] cross-complaint
    f.  [ ] other *(specify documents)*:
3.  a.  Party served *(specify name of party as shown on documents served)*:
        Oaktree Funding Corporation
    b.  [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
        Cogency Global Inc c/o Alex Gonzales, registered agent
4.  Address where the party was served:
    1325 J Street, Ste 1550, Sacramento, CA 95814
5.  I served the party *(check proper box)*
    a.  [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
        receive service of process for the party (1) on *(date)*:   December 31 of 2025      (2) at *(time)*:   11:32 AM
    b.  [ ] **by substituted service.** On *(date)*:                  at *(time)*:                 I left the documents listed in
        item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

        (1)  [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
        (2)  [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
        (3)  [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
        (4)  [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
             from *(city)*:                                    or [ ] a declaration of mailing is attached.
        (5)  [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF / PETITIONER: Audrey Little | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT: Rocket Title Insurance Company, et al. | CVPS2508295 |

5.   c.   ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

     (1)   on *(date):*           (2)   from *(city):*

     (3)   ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

     (4)   ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.   ☐   **by other means** *(specify means of service and authorizing code section):*

     ☐   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:

  a.   ☐   as an individual defendant.

  b.   ☐   as the person sued under the fictitious name of *(specify):*

  c.   ☐   as occupant.

  d.   ☒   On behalf of *(specify):*   Oaktree Funding Corporation

     under the following Code of Civil Procedure section:

     ☒   416.10 (corporation)          ☐   415.95 (business organization, form unknown)

     ☐   416.20 (defunct corporation)       ☐   416.60 (minor)

     ☐   416.30 (joint stock company/association)   ☐   416.70 (ward or conservatee)

     ☐   416.40 (association or partnership)    ☐   416.90 (authorized person)

     ☐   416.50 (public entity)           ☐   415.46 (occupant)

     ☐   other:

7.   **Person who served papers**

  a.   Name:           Amber Wright

  b.   Address:        1401 Garden Highway, Suite 100, Sacramento, CA 95833

  c.   Telephone number:    279-236-5969

  d.   **The fee** for service was:

  e.   I am:

     (1)   ☐   not a registered California process server.

     (2)   ☐   exempt from registration under Business and Professions Code section 22350(b).

     (3)   ☒   a registered California process server:

        (i)   ☐ owner   ☐ employee   ☒ independent contractor

        (ii)   Registration No:   2025-085

        (iii)   County:   Sacramento

8.   ☒   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     or

9.   ☐   **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   January 2 of 2026

Amber Wright

_____         _____

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)         (SIGNATURE)

# Key Excerpts Appendix (Supplemental)

Evidence Roadmap for TRO / Remand / Leave

Dated: February 01, 2026

## Purpose

This appendix compiles the small set of documents that show the case turns on a single closing condition (2nd■lien recording prior to disbursement), the actual disbursement date, the public recording timestamp, the stale title pull, the final title policy as delivered, and the claim denial reasons.

| 1 | Closing condition | Typed closing instructions: "THIS LOAN MUST RECORD IN 2ND LIEN POSITION ON OR PRIOR |
| 2 | Funds released | Bank record showing disbursement / transfer on 07/14/2025. | B-1 |
| 3 | Public record timestamp | Recorder cover sheet for recorded Deed of Trust (Doc #2025-0214839) showing recording 07/15/2 |
| 4 | Stale title | Title Summary / report produced 10/15/2024 (shows the title pull used was months old). |
| 5 | Final title policy (as delivered) | Receipt Title Insurance Company: ALTA Short Form Residential Loan Policy Assessments Priori |
| 6 | Denial reasons | Claim denial letter dated 10/24/2025 (cites Schedule B omissions and Exclusion 3(c)"). |

## Excerpts

The following pages are true and correct copies of the referenced documents as produced or obtained from the Riverside County Recorder.

1. THIS LOAN MUST RECORD IN 2ND LIEN POSITION ON OR PRIOR TO THE DISBURSEMENT DATE NOTED ABOVE. PROVIDE DUPLICATE ORIGINALS OF THE ALTA TITLE POLICY

2. Vesting to read: AUDREY BETH LITTLE, AN UNMARRIED WOMAN AND JACOB LITTLE, AN UNMARRIED MAN, AS JOINT TENANTS WITH FULL RIGHTS OF SURVIVORSHIP

3. Title Policy must contain the following endorsements (or their equivalents): 8.1, 9, 5

4. ALTA Title Policy must be free from liens, encumbrances, easements, encroachments and other title matters except (i) the lien of our loan... (ALL TAXES TO BE PAID CURRENT) ... and (iv) the following items as shown on the preliminary title report dated May 8, 2025

SECONDARY FINANCING:

Secondary financing in the amount of $ NONE has been approved.

ESTIMATE OF FEES AND COSTS:

| ITEM | AMOUNT | POC | PAID BY |
|---|---|---|---|
| Document Prep fee to: Oaktree Funding Corp | 195.00 | | Borrower |
| Underwriting fee to: Oaktree Funding Corp | 695.00 | | Borrower |
| Appraisal fees to: AMC Direct Corporation | 900.00 | | Borrower |
| Appraisal Review Fee to: Clear Capital | 120.00 | | Borrower |
| TITLE - Lender's title insurance to: Amrock | 575.00 | | Borrower |
| TITLE - Settlement Fee to: Amrock Title | 475.00 | | Borrower |
| Mortgage recording fee to: Other | 256.00 | | Borrower |
| Originator compensation to: Adaxa, LLC | 14,331.60 | | Borrower |
| TITLE - Tax Certificate fee to: Amrock | 25.00 | | Borrower |
| Deed Prep Fee to: RR MICHIGAN, LLC | 95.00 | | Borrower |



June 24, 2025 through July 22, 2025

Primary Account: **000000818985381**

## TRANSACTION DETAIL *(continued)*

| DATE | DESCRIPTION | AMOUNT | BALANCE |
|------|-------------|-------:|--------:|
| 07/07 | Remote Online Deposit            1 | **120.00** | 2,430.49 |
| 07/07 | Unitedhealthcare Premium     781482043821    Tel ID: 1836282001 | -544.24 | 1,886.25 |
| 07/07 | Unitedhcmedicare Medinspymt 000001321677779 Tel ID: 9000447048 | -115.40 | 1,770.85 |
| 07/07 | Zelle Payment To Ericpagelyahoo.Com Pagel Jpm99Bek5Ru3 | -1,041.67 | 729.18 |
| 07/07 | 07/04 Payment To Chase Card Ending IN 8129 | -300.00 | 429.18 |
| 07/07 | 07/06 Payment To Chase Card Ending IN 8129 | -100.00 | 329.18 |
| 07/07 | 07/06 Payment To Chase Card Ending IN 8129 | -190.00 | 139.18 |
| 07/07 | Affirm Inc      Affirm Pay 4428065      Web ID: 0000317218 | -275.48 | -136.30 |
| 07/07 | Affirm Inc      Affirm Pay 4780332      Web ID: 0000317218 | -80.07 | -216.37 |
| 07/07 | Bloomingdales    Auto Pymt 721716665280274 Web ID: Citiautfdr | -54.53 | -270.90 |
| 07/07 | Paypal         Inst Xfer  Instacart     Web ID: Paypalsi77 | -41.70 | -312.60 |
| 07/07 | Paypal         Inst Xfer  Instacart     Web ID: Paypalsi77 | -23.52 | -336.12 |
| 07/07 | Paypal         Inst Xfer  Adobe Inc Adobe Web ID: Paypalsi77 | -12.99 | -349.11 |
| 07/08 | Zelle Payment From Lance Betson Wfct0Yzvjr59 | **2,000.00** | 1,650.89 |
| 07/08 | 360 Sheffield Fi Trans Pmt          PPD ID: 1561771532 | -390.47 | 1,260.42 |
| 07/08 | Ebay Comwrxgt9B9 Payments    4Vbdfmirqgpom20 Web ID: 1395398000 | -191.25 | 1,069.17 |
| 07/08 | Griffin Ranch Ho L7709420          PPD ID: 1711041244 | -590.00 | 479.17 |
| 07/08 | Paypal         Inst Xfer  Flexjobs     Web ID: Paypalsi77 | -2.95 | 476.22 |
| 07/08 | Card Purchase With Pin  07/08 Homegoods 44439 Town C Palm Desert CA Card 6892 | -101.04 | 375.18 |
| 07/09 | Broadspire Svcs  Claimpmt   6710046536      CCD ID: B363917295 | **10,630.00** | 11,005.18 |
| 07/09 | Paypal         Inst Xfer  Google Google_Y Web ID: Paypalsi77 | -149.95 | 10,855.23 |
| 07/09 | Paypal         Inst Xfer  Instantink    Web ID: Paypalsi77 | -8.69 | 10,846.54 |
| 07/10 | Card Purchase          07/08 Hobby-Lobby #709 Rancho Mirage CA Card 6892 | -15.02 | 10,831.52 |
| 07/10 | Ally Home Loans  Loan Paymt 7123095684      Web ID: 9Drafting | -6,587.64 | 4,243.88 |
| 07/10 | Imp Irrig Dist  Power Bill          PPD ID: 9960038000 | -955.39 | 3,288.49 |
| 07/10 | Frontier Communi Bill Pay  21139369821      Tel ID: 7529252911 | -200.00 | 3,088.49 |
| 07/10 | Select Portfolio Sps      0031420235      Web ID: 1870465626 | -3,022.81 | 65.68 |
| 07/11 | Recurring Card Purchase 07/11 Hudforeclosed.Com 877-5038719 CA Card 6892 | -49.60 | 16.08 |
| 07/11 | Paypal         Inst Xfer  Apple.Com Bill  Web ID: Paypalsi77 | -106.98 | -90.90 |
| 07/11 | Paypal         Inst Xfer  Apple.Com Bill  Web ID: Paypalsi77 | -37.95 | -128.85 |
| 07/11 | Affirm Inc      Affirm Pay 6853746      Web ID: 0000317218 | -17.94 | -146.79 |
| 07/14 | Card Purchase Return    07/10 Hobby-Lobby #709 Rancho Mirage CA Card 6892 | **4.30** | -142.49 |
| 07/14 | Real Time Transfer Recd From Aba/Contr Bnk-072000326  From: Bnf-Amrock Ref: 746429 Info: Text-Rmtinf-Loan Proceeds Audrey Beth Little Iid: 20250714021000021P1Brjpc01440268995 Recd: 18:27:50 Trn: 1223962195Gc Bref: 2579A0A1-C0C6-4E23-Be12-8Cb259C708A | **85,790.31** | 85,647.82 |
| 07/14 | Zelle Payment From Rosalina Ramirez 25484359608 | **2,000.00** | 87,647.82 |
| 07/14 | Affirm Inc      Affirm Pay 7319217      Web ID: 0000317218 | -101.86 | 87,545.96 |
| 07/14 | Card Purchase          07/14 Sp+Aff * Snuggle ME O 855-423-3729 CA Card 6892 | -35.66 | 87,510.30 |
| 07/14 | Affirm Inc      Affirm Pay 7841309      Web ID: 0000317218 | -192.42 | 87,317.88 |
| 07/14 | Aqua Finance Inc Billpay          PPD ID: 1391615890 | -83.65 | 87,234.23 |
| 07/14 | Zelle Payment To Rosalina Ramirez 25483779585 | -2,685.00 | 84,549.23 |
| 07/14 | Zelle Payment To Rosario Sandoval Jpm99Bfqnm7U | -750.00 | 83,799.23 |
| 07/14 | Affirm Inc      Affirm Pay 7966272      Web ID: 0000317218 | -210.65 | 83,588.58 |
| 07/15 | Remote Online Deposit            1 | **1,690.41** | 85,278.99 |
| 07/15 | Manual CR-Bkrg | **8,000.00** | 93,278.99 |
| 07/15 | Online Transfer From Sav ...3716 Transaction#: 25494185710 | **4,000.00** | 97,278.99 |
| 07/15 | Zelle Payment From Rosalina Ramirez 25490370727 | **685.00** | 97,963.99 |

RECORDING REQUESTED BY:

Rocket Close and Title, Inc (the 'Settlement Agent')

AND WHEN RECORDED MAIL DOCUMENT TO:

NAME          Settlement Agent ATTN: Recording

STREET        662 Woodward Ave
ADDRESS

CITY, STATE &  Detroit, MI 48226
ZIP CODE

**DOC # 2025-0214839**
07/15/2025 08:20 AM Fees: $84.00
Page 1 of 21
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: NORMA #248

SPACE ABOVE FOR RECORDER'S USE ONLY

## DEED OF TRUST

### Title of Document

Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).

☐ Exempt from the fee per GC 27388.1 (a) (2); This document is subject to Documentary Transfer Tax

☐ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer subject to the imposition of documentary transfer tax (DTT).

☐ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer of real property that is a residential dwelling to an owner-occupier.

☑ Exempt from fee per GC 27388.1 (a) (1); fee cap of $225.00 reached.

☐ Exempt from the fee per GC 27388.1 (a) (1); not related to real property.

THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
($3.00 Additional Recording Fee Applies)

DOC #2025-0214839  Page 2 of 21

Recording Requested By:
OAKTREE FUNDING CORP

And After Recording Return To:
OAKTREE FUNDING CORP
3133 WEST FRYE ROAD #205
CHANDLER, ARIZONA 85226
Loan Number: 22025050036

_____ [Space Above This Line For Recording Data] _____

# DEED OF TRUST

MIN: 1000962-2025050036-7                          MERS Phone: 888-679-6377

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 10, 12, 17, 19 and 20.  Certain rules regarding the usage of words used in this document are also provided in Section 15.

(A)  "**Security Instrument**" means this document, which is dated     July 8, 2025              , together with all Riders to this document.

(B)  "**Borrower**" is  AUDREY BETH LITTLE, AN UNMARRIED WOMAN AND JACOB LITTLE, AN UNMARRIED MAN, AS JOINT TENANTS WITH FULL RIGHTS OF SURVIVORSHIP

BORROWER S ADDRESS IS 81439 MERV GRIFFIN WAY, LA QUINTA, CALIFORNIA 92253.

Borrower is the trustor under this Security Instrument.

(C)  "**Lender**" is  OAKTREE FUNDING CORP

Lender is a                                                                                             organized
and existing under the laws of                          ARIZONA
Lender's address is  3133 WEST FRYE ROAD #205, CHANDLER, ARIZONA 85226

(D)  "**Trustee**" is   FIDELITY NATIONAL TITLE COMPANY
4350 LA JOLLA VILLAGE DRIVE, SUITE 370, SAN DIEGO, CALIFORNIA 92122

CALIFORNIA SECOND LIEN DEED OF TRUST - MERS
© 2008 DOCMAGIC, INC.                              Page 1 of 14
CASEC.MZD 12/05/17

☆ DocMagic



DOC #2025-0214839 Page 3 of 21

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "Note" means the promissory note signed by Borrower and dated    July 8, 2025
The Note states that Borrower owes Lender   SEVEN HUNDRED SIXTEEN THOUSAND FIVE HUNDRED EIGHTY AND 00/100                    Dollars (U.S. $ 716,580.00          ) plus interest.
Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than August 1, 2055

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☒ Planned Unit Development Rider | ☐ Biweekly Payment Rider |
| ☐ 1 - 4 Family Rider | ☐ Home Improvement Rider | ☐ Revocable Trust Rider |
| ☐ Other(s) [Specify] | | |

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) **Reserved.**

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) **Reserved.**

(P) "Periodic Payment" means the regularly scheduled amount due for principal and interest under the Note.

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (12 C.F.R. Part 1024), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

✿ DocMagic

74346744                                                                                    October 15, 2024

## Title Summary

Loan Number:                22025050036

                            81439 Merv Griffin Way
                            La Quinta, CA 92253-8084

Borrowers:                  Audrey Beth Little
Underwriter:                Rocket Title Insurance Company

Audrey Beth Little, an unmarried woman

*Date of Current Vesting:*
By Deed dated May 12, 2021, Recorded June 18, 2021

Land Situated in the City of La Quinta in the County of Riverside in the State of CA
PARCEL 1: LOT 64 OF TRACT NO. 32879, IN THE CITY OF LA QUINTA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 399, PAGES 3 THROUGH 20, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE LAND, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFOR AND STORING IN AND REMOVING THE SAME FROM SAID LAND OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THE LAND, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE LAND, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE OR OPERATE THROUGH THE SURFACE OR THE UPPER 500 FEET OF THE SUBSURFACE OF THE LAND.

RESERVING UNTO GRANTOR, ITS SUCCESSORS AND ASSIGNS, AND OTHERS, TOGETHER WITH THE RIGHT TO GRANT AND TRANSFER ALL OR A PORTION OF THE SAME, EXCEPT AS GRANTED HEREBY, EASEMENTS AND RIGHTS OF ACCESS, USE, ENJOYMENT, MAINTENANCE, REPAIRS, DRAINAGE AND FOR OTHER PURPOSES, ALL AS RESERVED TO GRANTOR AS DECLARANT AND OWNER IN THE DECLARATION.

PARCEL 2: EASEMENTS AND RIGHTS OF OWNERS AS SET FORTH IN THAT CERTAIN "AMENDED AND RESTATED DECLARATION OF RESTRICTIONS FOR GRIFFIN RANCH" RECORDED ON JANUARY 8, 2013 AS INSTRUMENT NO. 2013-0009750, RE-RECORDED ON JUNE 18, 2013 AS INSTRUMENT NO. 2013-0288996 (COLLECTIVELY "DECLARATION"), AND AS SET FORTH IN THAT CERTAIN "SUPPLEMENTAL DECLARATION AND NOTICE OF ANNEXATION," RECORDED ON SEPTEMBER 4, 2020, AS INSTRUMENT NO. 2020-0418197, OF OFFICIAL RECORDS, AND ANY AMENDMENTS THERETO ("DECLARATION OF ANNEXATION") OF OFFICIAL RECORDS, AND ANY AMENDMENTS THERETO, IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY.

PARCEL 3: A NONEXCLUSIVE EASEMENT APPURTENANT TO THE PROPERTY FOR INGRESS, EGRESS AND ACCESS ON, OVER, AND ACROSS THE PRIVATE STREETS IN GRIFFIN RANCH, AS MORE PARTICULARLY SET FORTH IN THAT CERTAIN "DECLARATION ESTABLISHING ACCESS EASEMENT RIGHTS" RECORDED ON OCTOBER 10, 2007 AS INSTRUMENT NO. 2007-0628725 IN THE OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA, AS SAME MAY BE RE-RECORDED, RESTATED AND/OR AMENDED FROM TIME TO TIME (THE "ACCESS DECLARATION").

Tax ID Numbers(s): 780-120-055

1.  A Deed of Trust to Secure an Indebtedness of $1,384,896.00, and any other amounts as therein provided, recorded October 27, 2021, as Instrument/Case No. 2021-0634801, of Official Records.

    Dated Date:              October 19, 2021

    Trustor:                 Audrey Beth Little, an unmarried woman

    Trustee:                 Title365 Company

    Beneficiary:             Mortgage Electronic Registration Systems, Inc., as nominee for Ally Bank

    Loan No:

    Additional Information:

    Re-recorded July 27, 2022 in Instrument/Case No. 2022-0334595.

2.  A Deed of Trust to Secure an Indebtedness of $357,500.00, and any other amounts as therein provided, recorded October 18, 2022, as Instrument/Case No. 2022-0432861, of Official Records.

    Dated Date:              October 4, 2022

    Trustor:                 Audrey Beth Little, an unmarried woman

Key closing condition (A-2): THIS LOAN MUST RECORD IN 2ND LIEN POSITION ON OR PRIOR TO THE DISBURSEMENT DATE.
Public record: Deed of Trust Doc #2025-0214839 recorded 07/15/2025 08:20 AM (Riverside County Recorder).

**Order Number:** 74346744
**Production Date:** October 15, 2024

## CONVEYANCE SEARCH

Effective Date:  May 8, 2025 at 8:00 a.m.

From examination of the records in the Register of Deeds Office, Riverside County, CA, for property described as follows, to wit:

Land situated  in the City of La Quinta in the County of Riverside in the State of CA

(See Attached Exhibit A - Legal Description)


Commonly known as: 81439 Merv Griffin Way, La Quinta, CA 92253-8084

780-120-055

24 months prior to May 8, 2025, we find there are no conveyances affecting subject property except the following:


1 By Deed  from Lennar Homes of California, Inc., a California Corporation to Audrey Beth Little, an unmarried woman dated May 12, 2021 and recorded June 12, 2021, Instrument/Case No. 2021-0369122

This report contains information from public land records available in the county indicated above for whose accuracy and completeness we assume no responsibility. This report is released with the understanding that it is strictly confidential and only to be used by the party requesting it. This report is not to be construed as an opinion of title or as a commitment for title insurance. For matters of a legal nature, we suggest you contact your attorney. The liability of Rocket Close and Title, Inc is limited to the amount paid for this report. Rocket Close and Title, Inc assumes no liability, financial or otherwise, in association with the information in this report.

Key closing condition (A-2): THIS LOAN MUST RECORD IN 2ND LIEN POSITION ON OR PRIOR TO THE DISBURSEMENT DATE.
Public record: Deed of Trust Doc #2025-0214839 recorded 07/15/2025 08:20 AM (Riverside County Recorder).

# FINAL POLICY

**Order Number:**    74346744

**Loan Number:**    22025050036

**Property Address:**    81439 Merv Griffin Way

La Quinta, CA 92253 8084

## PLEASE DELIVER TO:

Adaxa, LLC
6930 E Chauncey Ln Ste 210
Phoenix, AZ 85054

ATTN: FINAL DOCS

---

**Issued By:**

Rocket Close and Title, Inc
17785 Center Court Dr. N., Suite 760
Cerritos, CA 90703
Phone: (866) 948-7627
Fax: (877) 380-4101

Agent for:

***Rocket Title Insurance Company***

Key closing condition (A-2): THIS LOAN MUST RECORD IN 2ND LIEN POSITION ON OR PRIOR TO THE DISBURSEMENT DATE.
Public record: Deed of Trust Doc #2025-0214839 recorded 07/15/2025 08:20 AM (Riverside County Recorder).

**Rocket Title Insurance Company**

**ALTA SHORT FORM RESIDENTIAL LOAN POLICY—
ASSESSMENTS PRIORITY ONE-TO-FOUR FAMILY
issued by
ROCKET TITLE INSURANCE COMPANY**

**Transaction Identification Data, for which the Company assumes no liability as set forth in Condition 9.e.:**

Issuing Agent: Rocket Close and Title, Inc

Issuing Office: 17785 Center Court Dr. N., Suite 760, Cerritos, CA 90703

Issuing Office's ALTA® Registry ID: 1066048

Loan ID Number: 22025050036

Issuing Office File Number: 74346744

Property Address: 81439 Merv Griffin Way, La Quinta, CA 92253 8084

## <u>SCHEDULE A</u>

Name and Address of Title Insurance Company:  Rocket Title Insurance Company
5910 No. Central Expressway, Suite 1445, Dallas, TX 75206

Policy Number: RTLSCA-104615

Amount of Insurance:  $716,580.00          Premium:  $575.00

Mortgage Amount:   $716,580.00          Mortgage Date:  7/9/2025

Date of Policy:  07/09/2025
or the date of recording of the insured
mortgage, whichever is later

Property Address:   81439 Merv Griffin Way, La Quinta, CA 92253 8084

County and State:   Riverside, CA

1. Name of Insured:      Oaktree Funding Corporation its successors and/or assigns

2. Name of Borrower(s):   Audrey Beth Little, an unmarried person and Jacob Little, a single man, Joint Tenants
with Rights of Survivorship

3. The estate or interest in the Land identified in this Schedule A and which is encumbered by the Insured Mortgage is Fee Simple and is, at the Date of Policy, vested in the Borrower(s) identified in the Insured Mortgage and named above.

4. The Land referred to in this policy is described as set forth in the Insured Mortgage.

5. This policy consists of 6 page(s), unless an addendum is attached and indicated below:

   ☒    Addendum attached

6. This policy incorporates by reference the endorsements selected below, if any, adopted by the American Land Title Association as of the Date of Policy:

   ☐    ALTA 4 Condominium—Assessments Priority endorsement
   ☒    ALTA 5 Planned Unit Development—Assessments Priority endorsement
   ☐    ALTA 6 Variable Rate Mortgage endorsement, if the Insured Mortgage contains provisions which provide for an adjustable interest rate

**Copyright 2021 American Land Title Association. All rights reserved.**
The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of



Key closing condition (A-2): THIS LOAN MUST RECORD IN 2ND LIEN POSITION ON OR PRIOR TO THE DISBURSEMENT DATE.
Public record: Deed of Trust Doc #2025-0214839 recorded 07/15/2025 08:20 AM (Riverside County Recorder).

**Rocket Title Insurance Company**

ALTA Short Form Residential Loan Policy–
Assessments Priority 2021 v. 01.00 (07-01-2021)

☐ ALTA 6.2 Variable Rate Mortgage—Negative Amortization endorsement, if the Insured Mortgage contains provisions which provide for both an adjustable interest rate and negative amortization

☐ ALTA 7 Manufactured Housing Unit endorsement, if a manufactured housing unit is located on the Land at the Date of Policy

☐ ALTA 7.1 Manufactured Housing—Conversion—Loan Policy endorsement

☒ ALTA 8.1 Environmental Protection Lien endorsement—Paragraph b refers to the following State statute(s):

☒ ALTA 9 Restrictions, Encroachments, Minerals—Loan Policy endorsement

☐ ALTA 9.6 Private Rights—Loan Policy endorsement

☐ ALTA 14 Future Advance—Priority endorsement

☐ ALTA 14.1 Future Advance—Knowledge endorsement

☐ ALTA 14.3 Future Advance—Reverse Mortgage endorsement

☐ ALTA 22 Location endorsement, if the type of improvement is a one-to-four family residential structure and the Property Address is as shown above

☐ ALTA 30 Shared Appreciation Mortgage endorsement

SUBJECT TO THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B BELOW, AND ANY ADDENDUM ATTACHED HERETO, ROCKET TITLE INSURANCE COMPANY, A TEXAS CORPORATION, (THE "COMPANY"), HEREBY INSURES THE INSURED IN ACCORDANCE WITH AND SUBJECT TO THE TERMS, EXCLUSIONS, AND CONDITIONS SET FORTH IN THE AMERICAN LAND TITLE ASSOCIATION (ALTA) LOAN POLICY (07-01-2021), ALL OF WHICH ARE INCORPORATED HEREIN. ALL REFERENCES TO SCHEDULES A AND B REFER TO SCHEDULES A AND B OF THIS POLICY.

Countersigned by:

**ROCKET TITLE INSURANCE COMPANY**

By:

_____
Authorized Signatory

**Copyright 2021 American Land Title Association. All rights reserved.**
The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of

Key closing condition (A-2): THIS LOAN MUST RECORD IN 2ND LIEN POSITION ON OR PRIOR TO THE DISBURSEMENT DATE.
Public record: Deed of Trust Doc #2025-0214839 recorded 07/15/2025 08:20 AM (Riverside County Recorder)

**Rocket Title Insurance Company**

## SCHEDULE B

### EXCEPTIONS FROM COVERAGE

**Some historical land records contain Discriminatory Covenants that are illegal and unenforceable by law. This policy treats any Discriminatory Covenant in a document referenced in Schedule B as if each Discriminatory Covenant is redacted, repudiated, removed, and not republished or recirculated. Only the remaining provisions of the document are excepted from coverage.**

Except to the extent set forth below, this policy does not insure against loss or damage and the Company will not pay costs, attorneys' fees, or expenses arising by reason of:

1.      Those taxes and assessments that become due or payable subsequent to the Date of Policy. Exception 1 does not modify or limit the coverage provided in Covered Risk 11.b.

2.      Covenants, conditions, restrictions, or limitations, if any, appearing in the Public Records; however, this policy insures against loss or damage arising from:
   a.      the violation of those covenants, conditions, restrictions, or limitations on or prior to the Date of Policy;
   b.      a forfeiture or reversion of Title from a future violation of those covenants, conditions, restrictions, or limitations, including those relating to environmental protection; and
   c.      provisions in those covenants, conditions, restrictions, or limitations, including those relating to environmental protection, under which the lien of the Insured Mortgage can be invalidated, subordinated, or impaired.
   As used in Exception 2.a., the words "covenants, conditions, restrictions, or limitations" do not refer to or include any covenant, condition, restriction, or limitation (i) relating to obligations of any type to perform maintenance, repair, or remediation on the Land; or (ii) pertaining to environmental protection of any kind or nature, including hazardous or toxic matters, conditions, or substances, except to the extent that an Enforcement Notice as of the Date of Policy identifies a violation or alleged violation affecting the Land and is not referenced in an Addendum attached to this policy.

3.      Any easements or servitudes appearing in the Public Records; however, this policy insures against loss or damage arising from:
   a.      the encroachment, at the Date of Policy, of the improvements on any easement; and
   b.      any interference with or damage to existing improvements, including lawns, shrubbery, and trees, resulting from the use of the easements for the purposes granted or reserved.

4.      Any lease, grant, exception, or reservation of minerals or mineral rights or other subsurface substances appearing in the Public Records; however, this policy insures against loss or damage arising from:
   a.      any effect on or impairment of the use of the Land for one-to-four family residential purposes by reason of such lease, grant, exception, or reservation of minerals or mineral rights or other subsurface substances; and
   b.      any damage to existing improvements, including lawns, shrubbery, and trees, resulting from the future exercise of any right to use the surface of the Land for the extraction or development of the minerals or mineral rights or other subsurface substances so leased, granted, excepted, or reserved.
   Nothing herein insures against loss or damage resulting from contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.

NOTICES, WHERE SENT: Any notice of claim and any other notice or statement in writing required to be given to the Company under this policy must be given to the Company at: 5910 North Central Expressway, Suite 1445, Dallas, TX 75206.

Copyright 2021 American Land Title Association. All rights reserved.
The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of



Key closing condition (A-2): THIS LOAN MUST RECORD IN 2ND LIEN POSITION ON OR PRIOR TO THE DISBURSEMENT DATE.
Public record: Deed of Trust Doc #2025-0214839 recorded 07/15/2025 08:20 AM (Riverside County Recorder).

**Rocket Title Insurance Company**

**ADDENDUM
ALTA SHORT FORM RESIDENTIAL LOAN POLICY
ASSESSMENTS PRIORITY ONE-TO-FOUR FAMILY**

Addendum to Policy Number: **RTLSCA-104615**                    File Number: **74346744**

**SCHEDULE B**
(Continued)

In addition to the matters set forth in Schedule B of the policy to which this Addendum is attached, this policy does not insure against loss or damage and the Company will not pay costs, attorneys' fees, or expenses that arise by reason of the following:

Oil, gas, or other mineral interests and all rights incident thereto now or previously conveyed, transferred, leased, excepted or reserved.

Assessments, if any, for Community Facility Districts affecting said land which may exist by virtue of assessment maps or notices filed by said Districts.

**Copyright 2021 American Land Title Association. All rights reserved.**
The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of

Key closing condition (A-2): THIS LOAN MUST RECORD IN 2ND LIEN POSITION ON OR PRIOR TO THE DISBURSEMENT DATE.
Public record: Deed of Trust Doc #2025-0214839 recorded 07/15/2025 08:20 AM (Riverside County Recorder).

# EXHIBIT A - LEGAL DESCRIPTION

| | | | |
|---|---|---|---|
| **Policy Number:** | **RTLSCA-104615** | **Order Number:** | **74346744** |
| **Loan Number:** | **22025050036** | | |

Tax Id Number(s): 780-120-055

Land Situated in the City of La Quinta in the County of Riverside in the State of CA
PARCEL 1: LOT 64 OF TRACT NO. 32879, IN THE CITY OF LA QUINTA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 399, PAGES 3 THROUGH 20, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE LAND, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFOR AND STORING IN AND REMOVING THE SAME FROM SAID LAND OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THE LAND, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE LAND, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE OR OPERATE THROUGH THE SURFACE OR THE UPPER 500 FEET OF THE SUBSURFACE OF THE LAND.

RESERVING UNTO GRANTOR, ITS SUCCESSORS AND ASSIGNS, AND OTHERS, TOGETHER WITH THE RIGHT TO GRANT AND TRANSFER ALL OR A PORTION OF THE SAME, EXCEPT AS GRANTED HEREBY, EASEMENTS AND RIGHTS OF ACCESS, USE, ENJOYMENT, MAINTENANCE, REPAIRS, DRAINAGE AND FOR OTHER PURPOSES, ALL AS RESERVED TO GRANTOR AS DECLARANT AND OWNER IN THE DECLARATION.

PARCEL 2: EASEMENTS AND RIGHTS OF OWNERS AS SET FORTH IN THAT CERTAIN "AMENDED AND RESTATED DECLARATION OF RESTRICTIONS FOR GRIFFIN RANCH" RECORDED ON JANUARY 8, 2013 AS INSTRUMENT NO. 2013-0009750, RE-RECORDED ON JUNE 18, 2013 AS INSTRUMENT NO. 2013-0288996 (COLLECTIVELY "DECLARATION"), AND AS SET FORTH IN THAT CERTAIN "SUPPLEMENTAL

DECLARATION AND NOTICE OF ANNEXATION," RECORDED ON SEPTEMBER 4, 2020, AS INSTRUMENT NO. 2020-0418197, OF OFFICIAL RECORDS, AND ANY AMENDMENTS THERETO ("DECLARATION OF ANNEXATION") OF OFFICIAL RECORDS, AND ANY AMENDMENTS THERETO, IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY.

PARCEL 3: A NONEXCLUSIVE EASEMENT APPURTENANT TO THE PROPERTY FOR INGRESS, EGRESS AND ACCESS ON, OVER, AND ACROSS THE PRIVATE STREETS IN GRIFFIN RANCH, AS MORE PARTICULARLY SET FORTH IN THAT CERTAIN "DECLARATION ESTABLISHING ACCESS EASEMENT RIGHTS" RECORDED ON OCTOBER 10, 2007 AS INSTRUMENT NO. 2007-0628725 IN THE OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA, AS SAME MAY BE RE-RECORDED, RESTATED AND/OR AMENDED FROM TIME TO TIME (THE "ACCESS DECLARATION").

Commonly known as: 81439 Merv Griffin Way, La Quinta, CA, 92253 8084

**Copyright 2021 American Land Title Association. All rights reserved.**
The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of



Key closing condition (A-2): THIS LOAN MUST RECORD IN 2ND LIEN POSITION ON OR PRIOR TO THE DISBURSEMENT DATE.
Public record: Deed of Trust Doc #2025-0214839 recorded 07/15/2025 08:20 AM (Riverside County Recorder)

**EXHIBIT E-2 — Rocket Title Claim Denial Letter (10/24/2025)**

What the denial letter states (by page):

• Policy insures Oaktree DOT recorded 07/15/2025 as Doc No. 2025-0214839; Policy date July 9, 2025. (p.1)

• Schedule B does not except the Resnick Deed of Trust; also does not except the Ally first lien ("oversight"). (p.2)

• Denial rationale: coverage is indemnity; cites "Exclusion 3(c)" ("no loss or damage") and asserts no loss while loans are cur

• Denies "unmarketable title" theory for secondary-market unsaleability; cites CA cases distinguishing value vs title. (p.3)

• States any claim about known first lien would be excluded under exclusions 3(a) and 3(b); says insurer will amend Schedule

Note: The denial letter references "Exclusion 3(c)." The short-form policy packet provided separately may incorporate exclusions/conditions by reference; this appendix includes the complete denial letter and the full policy packet provided.

# EXHIBIT E-2

Title Claim Denial Letter - 10/24/2025 (Rocket Title counsel)



662 Woodward Ave.
Detroit, MI 48226

5910 N. Central Expressway
Suite 1445
Dallas TX, 75206

(888) 854-9400 Toll Free
Rockettic.com

October 24, 2025

*Via Email to: rteague@oaktreefunding.com*

Mr. Robert Teague
Oaktree Funding Corp.
3133 W. Frye Rd., Suite 305
Chandler AZ 85226

Re:    Denial of Claim: Little, Audrey
        Property Address: 81439 Merv Griffin Way, La Quinta, CA 92253
        Insured: Oaktree Funding Corporation (Loan Ref.  22025050036 )
        Rocket Title Insurance Company Policy Number: RTLSCA-104615
        Title Agent: Rocket Close, LLC (Ref. 74346744)
        Claim No.: CA 106

Dear Mr. Teague:

Please be advised that I have been assigned by Rocket Title Insurance Company (the "Company") to respond to the claim tendered by Oaktree Funding Corp. ("Oaktree") on September 10, 2025.

Oaktree Funding is the named insured under that certain ALTA Short Form Residential Loan Policy, No. RTLSCA-104615 (the "Policy"), with a date of policy of July 9, 2025, and policy limits of $716,580.00. The Policy insures a Deed of Trust in favor of Oaktree recorded on July 15, 2025, in the Riverside County Recorder's Office as Document No. 2025-0214839 (the "Deed of Trust"), which secures repayment of a loan to borrowers Audrey Beth Little and Jacob Little (the "Borrowers") in the original amount of $716,580.00 (the "Oaktree Loan") by the real property commonly known as 81439 Merv Griffin Way, La Quinta, CA 92253 (the "Property").

**<u>Claim</u>**

In your letter, you submit a claim under the Policy based on the existence of a Deed of Trust recorded on December 6, 2024, in the Riverside County Recorder's Office as Document No. 2024-0373710, and in favor of Stewart and Lynda Resnick, as Trustees etc. (the "Resnick Deed of Trust"), securing repayment of a loan made to Audrey Beth Little in the original amount of $393,000 (the "Resnick Loan"). You advise that, as a result of the Resnick Deed of Trust, Oaktree's lien is in third lien position, making it unsaleable, and you request that the Company payoff the Resnick Loan so that the Oaktree Loan may be sold. You contend that Oaktree has only recently learned of the Resnick Loan and Resnick Deed of Trust.

Our investigation to date reflects that the Oaktree Loan is current, and that Borrower Audrey Little is also current under the Resnick Loan. Indeed, Borrower Audrey Little advised that the Resnick Loan was made by her uncle, that it is very low interest, that she is current on the payments, and that at the end of each year her uncle gifts her all interest paid on the Resnick Loan during that year. A review of the public record also confirms that no Notice of Default or Notice of Sale has been recorded pertaining to the Resnick Deed of Trust.

Mr. Robert Teague
Oaktree Funding Corp.
October 24, 2025
Page 2


**_Policy_**

The insuring provisions of the Policy provide coverage for, among other things, and subject to the exceptions set forth in Schedule B:

> *3. Unmarketable Title*
> *...*
> *10. The lack of priority of the lien of the Insured Mortgage upon the Title over any other lien or encumbrance on the Title as security for the following components of the Indebtedness:*
>> *a. the amount of the principal disbursed as of the Date of Policy;*
>> *b. the interest on the obligation secured by the Insured Mortgage;*
>> *c. the reasonable expense of foreclosure;*
>> *d. amounts advanced for insurance premiums by the Insured before the acquisition of the estate or interest in the Title; and*
>> *e. the following amounts advanced by the Insured before the acquisition of the estate or interest in the Title to protect the priority of the lien of the Insured Mortgage:*
>>> *i. real estate taxes and assessments imposed by a governmental taxing authority; and*
>>> *ii. regular, periodic assessments by a property owners' association.*


The coverage afforded under the Policy is limited to the exceptions set forth in Schedule B, as well as the exclusions set forth in the Policy.

I note that schedule B does not except the Resnick Deed of Trust. In addition, and due to an oversight, Schedule B does not except the first lien secured against the Property in the approximate amount of $1.3M and in favor of Ally Bank.

Exclusion 3(c) excludes coverage for matters:

> *c. resulting in no loss or damage to the Insured Claimant.*


**_Analysis re: Resnick Deed of Trust_**

A title insurance policy is a contract of indemnity. It does not guarantee or represent that title is in any particular state or condition. Rather, a title insurance policy indemnifies against actual loss compensable under the terms of the title insurance policy which arises as a result of a matter for which coverage is afforded in accordance with, and subject to, the terms and conditions of the title insurance policy. This position is consistent with California case law and statute. See *Siegel v. Fidelity National Title Insurance Company* (1996) 46 Cal.App.4th 1181; See also *Smith v. First American Title Insurance Company* (1986) 177 Cal.App.3d 625; *Glavinich v. Commonwealth Land Title Insurance Company* (1984) 163 Cal.App.3d 263; *Karl v. Commonwealth Land Title Ins. Co.* (1993) 20 Cal. App. 4th 972.; and California Insurance Code Sections 12340.10 and 12340.11. The policy expressly provides that the insurer will pay any loss or

Mr. Robert Teague
Oaktree Funding Corp.
October 24, 2025
Page 3


damage suffered by the insured from any omitted defect not excluded by the terms of the policy. 3 Miller and Starr, Cal. Real Estate (2nd ed. 1989).

The Resnick Deed of Trust appears to fall within insuring provision No. 10. The Resnick Deed of Trust was not disclosed on Schedule B as an exception to the Policy, and it purports to assert seniority over the Oaktree Deed of Trust. I turn now towards the impact of Exclusion No. 3(c) set forth above.

As set forth above, the Policy is a contract of indemnity. As such, the obligations of the Company are only triggered upon the Insured suffering a loss under the Policy. Here, that has not occurred. The Oaktree Loan is current, and so is the Resnick Loan. Indeed, the Resnick Loan appears to be a loan between family members. Stewart Resnick is apparently Audrey Little's uncle. The Resnick Loan is current, with very low interest, and at the end of each year borrower's uncle gifts her the interest paid on the loan. To the extent that the borrower continues to make payments under the Resnick Loan and there is no threat of foreclosure under the Resnick Deed of Trust, the Insured has not incurred a loss under the Policy triggering the obligations of the Company and, as noted above, Exclusion No. 3(c) provides that there is no coverage under the Policy for matters for which the Insured has not suffered any loss.

I turn now to the claim that the existence of the Resnick Deed of Trust has rendered the Oaktree Loan unsaleable on the secondary mortgage market and whether the same falls within insuring provision No. 3.

Under California law, defects affecting the *value* of an interest in real property, as opposed to *title* to the real property, does not render said interest unmarketable within the context of a title insurance policy. *Dollinger DeAnza Associates v. Chicago Title Ins. Co.* (2011) 199 Cal. App. 4th 1132; *Mellinger v. Ticor Title Ins. Co. of California* (2001) 93 Cal.App.4th 691, 695–696 ("Thus, the test for a marketable title is 'whether a reasonable purchaser, knowing that a third party might claim an interest in the property, would nevertheless proceed with the transaction.'")

The existence of the Resnick Deed of Trust may impact the value that a third party may be willing to pay for a purchase of the Oaktree Loan, but it does not impact the marketability of Oaktree's *title* to the Property pursuant to the Oaktree Deed of Trust, which remains unchallenged and valid and enforceable, i.e., Oaktree has a valid and enforceable lien against the Property, and no one is challenging the same.

Accordingly, the existence of the Resnick Deed of Trust does not fall within insuring provision No. 3.

### *Analysis re: First Lien*

As noted above, Schedule B did not except coverage for the first lien in the approximate amount of $1.3 Million and in favor of Ally Bank. This was due to an oversight.

While your letter does not specifically mention said first lien, please be advised that there would be no coverage for the same given our investigation has determined that the existence of the first lien was known to Oaktree at the time of origination and the time the Policy was issued. Indeed, your letter confirms that Oaktree intended to be secured in a *second* lien position against the Property. Thus, any claim based on the first lien would be excluded based on exclusions 3(a) and 3(b), which exclude coverage for matters:

---

Public record: Deed of Trust Doc #2025-0214839 recorded 07/15/2025 08:20 AM (Riverside County Recorder).
Key closing condition (A-2): THIS LOAN MUST RECORD IN 2ND LIEN POSITION ON OR PRIOR TO THE DISBURSEMENT DATE.

Mr. Robert Teague
Oaktree Funding Corp.
October 24, 2025
Page 4

       a. *created, suffered, assumed, or agreed to by the Insured Claimant;*
       b. *not Known to the Company, not recorded in the Public Records at the Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;*

The Company will be amending the Policy to reflect an exception in Schedule B for the first lien. This may be done through issuance of a corrective policy, or by issuing an amended Schedule B. I will provide more information on that in the near future.

Based on the foregoing, the Company respectfully denies any obligation to you. In the event that the facts as we understand them change in the future, i.e. foreclosure proceedings are initiated under the Resnick Deed of Trust, or the Borrowers default under the terms of the Oaktree Loan or Deed of Trust and Oaktree initiates foreclosure, please promptly re-tender the claim to the Company at that time so that the Company may reevaluate its obligations under the Policy at said time and in light of said developments.

Reference to any particular provision of a policy of title insurance in this letter, the contents of this letter, and the contents of any prior correspondence, do not constitute and shall not be construed as a waiver of any other term or provision of any policy of title insurance, any grounds for denial, or any applicable defenses as may be afforded by law. The Company retains the right to supplement this letter.

Please also note that the above is based upon the information currently available to the Company. If there are any facts which were unknown to the Company upon making this coverage determination, and which may alter such determination, please provide this information or documentation in writing as soon as possible and your claim will be reevaluated. If I do not receive additional information or documentation, your claim file will be closed in 30 days from the date of this letter.

The Company retains the right to supplement this letter. Also please be advised that the Company retains the right deny your claim based on additional grounds.

Enclosed is a "Notice to Claimant When your Claim Has Been Denied" for your reference. This notice is provided pursuant to state regulations and contains certain information that may be of assistance to claimants whose claims have been denied.

Should you have any questions or concerns regarding this matter, you may contact me at (313) 338-0120 or by email at Claims@rockettic.com.

Sincerely,

*Ginny Lafferty*

Ginny Lafferty
Legal Counsel, Title Insurance

Cc: Olivier J. Labarre: olabarre@wrightlegal.net (as courtesy)

---

Public record: Deed of Trust Doc #2025-0214839 recorded 07/15/2025 08:20 AM (Riverside County Recorder).
Key closing condition (A-2): THIS LOAN MUST RECORD IN 2ND LIEN POSITION ON OR PRIOR TO THE DISBURSEMENT DATE.

Mr. Robert Teague
Oaktree Funding Corp.
October 24, 2025
Page 5

## **NOTICE**

You have various rights, and limitations upon those rights, as provided in the policy or guarantee, under state or federal law, or under governmental regulations. It is important that you are aware of the following:

### ARBITRATION

Your policy or guarantee may give you, and the Company, the right to Arbitration. If the right to Arbitration is contained in the Conditions and Stipulations of the policy or guarantee, then you may request that a neutral Arbitrator hear any coverage decision made by the Company. If you should decide to seek Arbitration, then the Company upon request will provide a copy of the Rules for Arbitration to you.

### COMPLAINTS TO THE INSURANCE COMMISSIONER

If you believe all or part of your claim has been wrongfully denied or rejected, you may have the matter reviewed by the California Department of Insurance. The California Department of Insurance may be contacted at California Department of Insurance Claims Services Bureau, 11th Floor, 300 South Spring Street, Los Angeles, California 90013. The telephone number is (213) 897-8921.

### STATUTE OF LIMITATIONS

The statute of limitations governing a claim under a title insurance policy is two years pursuant to *California Code of Civil Procedure §339*.

# EXHIBIT INDEX

| Exhibit | Description | Page |
|---|---|---|
| **A** | **Escrow / Closing Instructions** | **3** |
| A-1 | Specific Closing / Escrow Instructions (Original) | 4 |
| A-2 | Typed Escrow Instructions (Readable Copy) | 7 |
| **B** | **Disbursement, Recording & Settlement** | **14** |
| B-1 | Proof of Loan Disbursement - 07/14/2025 | 15 |
| B-2 | Recorded Deed of Trust and Recording Proof - 07/15/2025 | 17 |
| B-3 | Complete Escrow Closing / Settlement Statement (Closing Disclosure) | 20 |
| B-4 | Rocket Exhibit B — Title / Settlement Process (Who Did What) | 27 |
| B-5 | Rocket Exhibit C — Disbursement Proof & Recording Proof | 35 |
| **C** | **Title & Insurance Failure / Unjust Enrichment** | **46** |
| C-1 | Preliminary Title Report - 10/15/2024 (Facially Stale) | 47 |
| C-2 | Title / Lien Visibility as of Recording (shows senior liens) | 51 |
| C-3 | Proof of Title Insurance Premium Paid | 55 |
| C-4 | Lender's Title Insurance Policy (effective-date language; incorporated | 58 |
| C-5 | Rocket Exhibit D — Title Policy (Effective Date / Schedule B) | 59 |
| C-6 | Rocket Exhibit E — Stale Title / Commitments (9-Month Gap) | 82 |
| C-7 | Rocket Exhibit F — Lien Visibility / Position Evidence | 91 |
| C-8 | Rocket Exhibit L — Claim Denial & Admissions (10/24/2025) | 93 |
| **D** | **QC / Bring-Down Failure (Absence Evidence)** | **95** |
| D-1 | Underwriting / Final QC Conditions (2nd lien premise; QC requirement; | 96 |
| D-2 | Commitment Jacket Warning / Absence of Timely Bring-Down Evidence | 102 |
| D-3 | Document Requests and QWR (what was demanded; what is missing) | 108 |
| D-4 | Rocket Exhibit J — Selected Loan File Excerpts | 111 |
| **E** | **Oaktree Knowledge, Claim & Posture** | **113** |
| E-1 | Oaktree Title Claim Submission (Notice of Claim) | 114 |
| E-2 | Title Claim Denial Letter - 10/24/2025 (Rocket Title counsel) | 116 |
| E-3 | Oaktree Knowledge / Correspondence | 122 |
| E-4 | Refusal to Pause / Enforcement Posture | 127 |
| **F** | **Irreparable Harm / Disability** | **130** |
| F-1 | SSD / Disability Documentation | 131 |
| F-2 | Court Order Granting Disability Accommodation (MC-410) | 136 |
| F-3 | Loss of In-Home Caregiving Evidence | 139 |
| F-4 | Medical Impact / Treatment Disruption Evidence | 143 |
| **G** | **Counsel / Escrow Obstruction** | **147** |
| G-1 | Emails - Teri Hill | 148 |
| G-2 | Emails - Stacey Holubec | 151 |
| **H** | **CPL Paid, Invoked & Ignored / Document Requests** | **153** |
| H-0 | Proof CPL Fee Paid (invoice line item) | 154 |
| H-1 | CPL Invocation Email - 12/10/2025 [PLACEHOLDER] | 156 |
| H-2 | Requests for CPL Copy, Appeals, Escrow File, Claim File | 159 |
| H-3 | Follow-Ups Showing Silence / No Response | 164 |

| Exhibit | Description | Page |
|---|---|---|
| **N** | **Enterprise / Corporate Knowledge, Assignment & Continued Notice** | **168** |
| N-1 | Escalation to Rocket Companies (Enterprise Notice) | 169 |
| N-2 | Assignment to Rocket Close Leadership | 173 |
| N-3 | Follow-Ups After Assignment (No Cure / No Pause) | 176 |
| N-4 | Continued Notice with No Response | 186 |
| N-5 | Rocket Exhibit G — Notice of Claim (09/09/2025) | 190 |
| N-6 | Rocket Exhibit H — Enterprise Notice Timeline | 192 |
| **T** | **Refusal to Pause / Continued Enforcement** | **194** |
| T-1 | Chronology/Table of Pause Requests | 195 |
| T-2 | Written Refusals / Continued Enforcement Records | 197 |
| T-3 | Rocket Exhibit M — Counsel Notice / Refusal to Pause + Billing Materials | 201 |
| **U** | **Court / Procedural** | **336** |
| U-1 | Prior Accepted Motion / Declaration | 337 |
| U-2 | MC-410 Disability Accommodation Order | 340 |
| **M** | **Miscellaneous Correspondence (Only if Needed)** | **343** |
| M-1 | Misc. Targeted Correspondence (only if needed) | 344 |

# EXHIBIT A-2

Typed Escrow Instructions (Readable Copy)

SPECIFIC CLOSING INSTRUCTIONS


FROM: OAKTREE FUNDING CORP.

3133 WEST FRYE ROAD, #205, CHANDLER, ARIZONA 85226

Phone: (480) 800-3800 Fax: (480) 857-8080


TO: AMROCK TITLE CALIFORNIA, INC.

3133 WEST 1ST STREET, #2205, CHANDLER, ARIZONA 85703

Phone: (866) 313-8336


ATTN: GARY WALLACE


RE: Borrower(s): AUDREY BETH LITTLE, JACOB LITTLE


Property Address: 81439 MERV GRIFFIN WAY, LA QUINTA, CALIFORNIA 92253


Document Date: July 8, 2025

Closing Date: July 8, 2025

Disbursement: July 14, 2025


Loan No.: 22025050036

Order No.: 74346744

Escrow No.: 74346744


LOAN DOCUMENTS:

We enclose the following documents necessary to complete the above referenced loan transaction:

(X) Note

(X) Deed of Trust

(X) Planned Unit Dev. Rider

(X) Payment Letter

(X) Hazard Ins. Req.

(X) Affidavit and Agreement

(X) Allonge to Note

(X) ATLA

(X) Consumer Credit Score Disclosure

(X) Privacy Policy

(X) CINF

(X) Borrowers Cert.

(X) 4506C


SEE ATTACHED SUPPLEMENTAL CLOSING INSTRUCTIONS


Deliver one (1) copy of all loan documents to the Borrower(s); deliver one (1) copy of the Federal Truth-In-Lending Disclosure Statement or Closing Disclosure (as applicable) to each Borrower.


LOAN TERMS:

Loan Amount: 716,580.00

Term (Months): 360

Interest Rate: 9.625 %

Initial Payment: 6,090.85

First Payment Date: 09/01/25

Last Payment Date: 08/01/55

ARM Loan: ( ) Yes (X) No

Loan Purpose: HOME EQUITY LOAN

PAYOFF REQUIREMENTS:

It is a condition to the funding of this loan that the following payoffs be made through this closing. Indicate payoffs on the HUD-1 Settlement Statement or Closing Disclosure (as applicable) or provide other satisfactory evidence of payoff:

PAYOFF to KINECTA FCU for HELOC       360,584.08

PAYOFF to AMEX for Charge Account       16,850.00

PAYOFF to JPMCB CARD for Revolving Account 15,303.00

PAYOFF to WFBN CARD for Revolving Account 5,799.00

PAYOFF to GSBANK for Revolving Account   22,813.00

SEE ATTACHED PAYOFF ADDENDUM.

CONDITIONS TO BE SATISFIED PRIOR TO DISBURSEMENT OF LOAN PROCEEDS:

OAKTREE TO PERFORM FINAL QC REVIEW PRIOR TO FUNDING.

BORROWER AND LOAN AGENT TO SIGN FINAL 103 AT CLOSING.

FINAL CD TO REFLECT THE FOLLOWING PAYOFFS:

** SEE ATTACHED ADDENDUM TO CLOSING INSTRUCTIONS **

TITLE INSURANCE REQUIREMENTS:

You are authorized to use funds for the account of the Borrowers and to record all instruments when you comply with the following:

1. THIS LOAN MUST RECORD IN 2ND LIEN POSITION ON OR PRIOR TO THE DISBURSEMENT DATE NOTED ABOVE. PROVIDE DUPLICATE ORIGINALS OF THE ALTA TITLE POLICY

2. Vesting to read: AUDREY BETH LITTLE, AN UNMARRIED WOMAN AND JACOB LITTLE, AN UNMARRIED MAN, AS JOINT TENANTS WITH FULL RIGHTS OF SURVIVORSHIP

3. Title Policy must contain the following endorsements (or their equivalents): 8.1, 9, 5

4. ALTA Title Policy must be free from liens, encumbrances, easements, encroachments and other title matters except (i) the lien of our loan… (ALL TAXES TO BE PAID CURRENT) … and (iv) the following items as shown on the preliminary title report dated May 8, 2025


SECONDARY FINANCING:

Secondary financing in the amount of $ NONE has been approved.


ESTIMATE OF FEES AND COSTS:


| ITEM | AMOUNT | POC | PAID BY |
|---|---|---|---|
| Document Prep fee to: Oaktree Funding Corp | 195.00 | | Borrower |
| Underwriting fee to: Oaktree Funding Corp | 695.00 | | Borrower |
| Appraisal fees to: AMC Direct Corporation | 900.00 | | Borrower |
| Appraisal Review Fee to: Clear Capital | 120.00 | | Borrower |
| TITLE - Lender's title insurance to: Amrock | 575.00 | | Borrower |
| TITLE - Settlement Fee to: Amrock Title | 475.00 | | Borrower |
| Mortgage recording fee to: Other | 256.00 | | Borrower |
| Originator compensation to: Adaxa, LLC | 14,331.60 | | Borrower |
| TITLE - Tax Certificate fee to: Amrock | 25.00 | | Borrower |
| Deed Prep Fee to: RR MICHIGAN, LLC | 95.00 | | Borrower |

Subtotal of Estimated Fees and Costs: $17,667.60

PER DIEM INTEREST:

From: 07/14/25 To: 08/01/25   18 days at $191.5856 per day

Subtotal of Per Diem Interest: $3,448.54 *

IMPOUNDS/ESCROWS:

(Blank table – no impounds listed)

Aggregate Escrow Adjustment: $0.00

Impound Total: $0.00

TOTAL OF FEES AND COSTS: $21,116.14

HUD-1 SETTLEMENT STATEMENT OR CLOSING DISCLOSURE:

The final HUD-1 or Closing Disclosure must accurately reflect all receipts and disbursements… Fax a certified copy to OAKTREE FUNDING CORP @ (909) 982-9614. Send original to 3133 WEST FRYE ROAD #205, CHANDLER, ARIZONA 85226.

ADDITIONAL INFORMATION:

BORROWER MUST SIGN AND DATE THESE CLOSING INSTRUCTIONS.

If loan does not close within 48 hours of receipt of funds, return documents and wire funds back to OAKTREE FUNDING CORP.

Please contact (480) 800-3800 with questions.

BORROWER ACKNOWLEDGMENT:

I/We have read and acknowledged receipt of these Closing Instructions.

Borrower: AUDREY BETH LITTLE        Date: _____

Borrower: JACOB LITTLE          Date: _____

# EXHIBIT B-1

Proof of Loan Disbursement - 07/14/2025



## TRANSACTION DETAIL *(continued)*

| DATE | DESCRIPTION | AMOUNT | BALANCE |
|------|-------------|-------:|--------:|
| 07/07 | Remote Online Deposit          1 | **120.00** | 2,430.49 |
| 07/07 | Unitedhealthcare Premium    781482043821    Tel ID: 1836282001 | -544.24 | 1,886.25 |
| 07/07 | Unitedhcmedicare Medinspymt 000001321677779 Tel ID: 9000447048 | -115.40 | 1,770.85 |
| 07/07 | Zelle Payment To Ericpagelyahoo.Com Pagel Jpm99Bek5Ru3 | -1,041.67 | 729.18 |
| 07/07 | 07/04 Payment To Chase Card Ending IN 8129 | -300.00 | 429.18 |
| 07/07 | 07/06 Payment To Chase Card Ending IN 8129 | -100.00 | 329.18 |
| 07/07 | 07/06 Payment To Chase Card Ending IN 8129 | -190.00 | 139.18 |
| 07/07 | Affirm Inc      Affirm Pay 4428065      Web ID: 0000317218 | -275.48 | -136.30 |
| 07/07 | Affirm Inc      Affirm Pay 4780332      Web ID: 0000317218 | -80.07 | -216.37 |
| 07/07 | Bloomingdales   Auto Pymt 721716665280274 Web ID: Citiautfdr | -54.53 | -270.90 |
| 07/07 | Paypal        Inst Xfer Instacart      Web ID: Paypalsi77 | -41.70 | -312.60 |
| 07/07 | Paypal        Inst Xfer Instacart      Web ID: Paypalsi77 | -23.52 | -336.12 |
| 07/07 | Paypal        Inst Xfer Adobe Inc Adobe Web ID: Paypalsi77 | -12.99 | -349.11 |
| 07/08 | Zelle Payment From Lance Betson Wfct0Yzvjr59 | **2,000.00** | 1,650.89 |
| 07/08 | 360 Sheffield Fi Trans Pmt          PPD ID: 1561771532 | -390.47 | 1,260.42 |
| 07/08 | Ebay Comwrxgt9B9 Payments    4Vbdfmirqgpom20 Web ID: 1395398000 | -191.25 | 1,069.17 |
| 07/08 | Griffin Ranch Ho L7709420          PPD ID: 1711041244 | -590.00 | 479.17 |
| 07/08 | Paypal        Inst Xfer Flexjobs      Web ID: Paypalsi77 | -2.95 | 476.22 |
| 07/08 | Card Purchase With Pin  07/08 Homegoods 44439 Town C Palm Desert CA Card 6892 | -101.04 | 375.18 |
| 07/09 | Broadspire Svcs Claimpmt   6710046536      CCD ID: B363917295 | **10,630.00** | 11,005.18 |
| 07/09 | Paypal        Inst Xfer Google Google_Y Web ID: Paypalsi77 | -149.95 | 10,855.23 |
| 07/09 | Paypal        Inst Xfer Instantink    Web ID: Paypalsi77 | -8.69 | 10,846.54 |
| 07/10 | Card Purchase          07/08 Hobby-Lobby #709 Rancho Mirage CA Card 6892 | -15.02 | 10,831.52 |
| 07/10 | Ally Home Loans  Loan Paymt 7123095684      Web ID: 9Drafting | -6,587.64 | 4,243.88 |
| 07/10 | Imp Irrig Dist  Power Bill          PPD ID: 9960038000 | -955.39 | 3,288.49 |
| 07/10 | Frontier Communi Bill Pay  21139369821      Tel ID: 7529252911 | -200.00 | 3,088.49 |
| 07/10 | Select Portfolio Sps      0031420235      Web ID: 1870465626 | -3,022.81 | 65.68 |
| 07/11 | Recurring Card Purchase 07/11 Hudforeclosed.Com 877-5038719 CA Card 6892 | -49.60 | 16.08 |
| 07/11 | Paypal        Inst Xfer Apple.Com Bill Web ID: Paypalsi77 | -106.98 | -90.90 |
| 07/11 | Paypal        Inst Xfer Apple.Com Bill Web ID: Paypalsi77 | -37.95 | -128.85 |
| 07/11 | Affirm Inc      Affirm Pay 6853746      Web ID: 0000317218 | -17.94 | -146.79 |
| 07/14 | Card Purchase Return   07/10 Hobby-Lobby #709 Rancho Mirage CA Card 6892 | **4.30** | -142.49 |
| 07/14 | Real Time Transfer Recd From Aba/Contr Bnk-072000326  From: Bnf-Amrock Ref: 746429 Info: Text-Rmtinf-Loan Proceeds Audrey Beth Little Iid: 20250714021000021P1Brjpc01440268995 Recd: 18:27:50 Trn: 1223962195Gc Bref: 2579A0A1-C0C6-4E23-Be12-8Cb259C708A | **85,790.31** | 85,647.82 |
| 07/14 | Zelle Payment From Rosalina Ramirez 25484359608 | **2,000.00** | 87,647.82 |
| 07/14 | Affirm Inc      Affirm Pay 7319217      Web ID: 0000317218 | -101.86 | 87,545.96 |
| 07/14 | Card Purchase          07/14 Sp+Aff * Snuggle ME O 855-423-3729 CA Card 6892 | -35.66 | 87,510.30 |
| 07/14 | Affirm Inc      Affirm Pay 7841309      Web ID: 0000317218 | -192.42 | 87,317.88 |
| 07/14 | Aqua Finance Inc Billpay          PPD ID: 1391615890 | -83.65 | 87,234.23 |
| 07/14 | Zelle Payment To Rosalina Ramirez 25483779585 | -2,685.00 | 84,549.23 |
| 07/14 | Zelle Payment To Rosario Sandoval Jpm99Bfqnm7U | -750.00 | 83,799.23 |
| 07/14 | Affirm Inc      Affirm Pay 7966272      Web ID: 0000317218 | -210.65 | 83,588.58 |
| 07/15 | Remote Online Deposit          1 | **1,690.41** | 85,278.99 |
| 07/15 | Manual CR-Bkrg | **8,000.00** | 93,278.99 |
| 07/15 | Online Transfer From Sav ...3716 Transaction#: 25494185710 | **4,000.00** | 97,278.99 |
| 07/15 | Zelle Payment From Rosalina Ramirez 25490370727 | **685.00** | 97,963.99 |

# EXHIBIT B-2

Recorded Deed of Trust and Recording Proof - 07/15/2025

## Advanced Search - Web

Search one or several fields at a time.

**Individual Names** should be entered **Last First MI** (i.e. Smith, James M). For a broader search, use only a last name and

## Assessor-County Clerk-Recorder

Language        Home        cart

Clerk Documents are Indexed from Jan 1, 1893 through Nov 21, 2025

Recorder Documents are Indexed from Jan 1, 1974 through Dec 31, 2025

| Document Number | Recording Date Start | Recording Date End | Name |
|---|---|---|---|
| | 07/13/2025 | 07/16/2025 | oaktree |

Document Types

Use Advanced Name Searching
([What is this?](#))

| **Recent searches** | | **Clear Selections** | **Search** |
|---|---|---|---|

Description (1)

DEED OF T...    1

☐ Showing page 1 of 1
for 1 Total Results

**Advanced Search - Web Recording Date is between Jul 13, 2025 and Jul 16, 2025 and Name contains oaktree**



## Name (4)

LITTLE AU...          1

Back

MORTGAG...          1

OAKTREE F...          1

Apply Filter…

D   2025-0214839  •  DEED OF TRUST

| RecordingDate | Grantor (2) | Grantee (2) | # of Pages |
|---|---|---|---|
| 07/15/2025 08:20 AM | LITTLE AUDREY BETH<br>LITTLE JACOB | OAKTREE FUNDING CORP<br>MORTGAGE FI... | 21 |

© Copyright 2014-2024 Tyler Technologies | Version 2024.4.21

# EXHIBIT C-1

Preliminary Title Report - 10/15/2024 (Facially Stale)

74346744                                                                    October 15, 2024

## Title Summary

Loan Number:          22025050036

                      81439 Merv Griffin Way
                      La Quinta, CA 92253-8084

Borrowers:            Audrey Beth Little
Underwriter:          Rocket Title Insurance Company

Audrey Beth Little, an unmarried woman

*Date of Current Vesting:*
By Deed dated May 12, 2021, Recorded June 18, 2021

Land Situated  in the City of La Quinta in the County of Riverside in the State of CA
PARCEL 1: LOT 64 OF TRACT NO. 32879, IN THE CITY OF LA QUINTA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 399, PAGES 3 THROUGH 20, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE LAND, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFOR AND STORING IN AND REMOVING THE SAME FROM SAID LAND OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THE LAND, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE LAND, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE OR OPERATE THROUGH THE SURFACE OR THE UPPER 500 FEET OF THE SUBSURFACE OF THE LAND.

RESERVING UNTO GRANTOR, ITS SUCCESSORS AND ASSIGNS, AND OTHERS, TOGETHER WITH THE RIGHT TO GRANT AND TRANSFER ALL OR A PORTION OF THE SAME, EXCEPT AS GRANTED HEREBY, EASEMENTS AND RIGHTS OF ACCESS, USE, ENJOYMENT, MAINTENANCE, REPAIRS, DRAINAGE AND FOR OTHER PURPOSES, ALL AS RESERVED TO GRANTOR AS DECLARANT AND OWNER IN THE DECLARATION.

PARCEL 2: EASEMENTS AND RIGHTS OF OWNERS AS SET FORTH IN THAT CERTAIN "AMENDED AND RESTATED DECLARATION OF RESTRICTIONS FOR GRIFFIN RANCH" RECORDED ON JANUARY 8, 2013 AS INSTRUMENT NO. 2013-0009750, RE-RECORDED ON JUNE 18, 2013 AS INSTRUMENT NO. 2013-0288996 (COLLECTIVELY "DECLARATION"), AND AS SET FORTH IN THAT CERTAIN "SUPPLEMENTAL DECLARATION AND NOTICE OF ANNEXATION," RECORDED ON SEPTEMBER 4, 2020, AS INSTRUMENT NO. 2020-0418197, OF OFFICIAL RECORDS, AND ANY AMENDMENTS THERETO ("DECLARATION OF ANNEXATION") OF OFFICIAL RECORDS, AND ANY AMENDMENTS THERETO, IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY.

PARCEL 3: A NONEXCLUSIVE EASEMENT APPURTENANT TO THE PROPERTY FOR INGRESS, EGRESS AND ACCESS ON, OVER, AND ACROSS THE PRIVATE STREETS IN GRIFFIN RANCH, AS MORE PARTICULARLY SET FORTH IN THAT CERTAIN "DECLARATION ESTABLISHING ACCESS EASEMENT RIGHTS" RECORDED ON OCTOBER 10, 2007 AS INSTRUMENT NO. 2007-0628725 IN THE OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA, AS SAME MAY BE RE-RECORDED, RESTATED AND/OR AMENDED FROM TIME TO TIME (THE "ACCESS DECLARATION").

Tax ID Numbers(s): 780-120-055

1. A Deed of Trust to Secure an Indebtedness of $1,384,896.00, and any other amounts as therein provided, recorded October 27, 2021, as Instrument/Case No. 2021-0634801, of Official Records.

   Dated Date:          October 19, 2021

   Trustor:             Audrey Beth Little, an unmarried woman

   Trustee:             Title365 Company

   Beneficiary:         Mortgage Electronic Registration Systems, Inc., as nominee for Ally Bank

   Loan No:

   Additional Information:

   Re-recorded July 27, 2022 in Instrument/Case No. 2022-0334595.

2. A Deed of Trust to Secure an Indebtedness of $357,500.00, and any other amounts as therein provided, recorded October 18, 2022, as Instrument/Case No. 2022-0432861, of Official Records.

   Dated Date:          October 4, 2022

   Trustor:             Audrey Beth Little, an unmarried woman

**Order Number:**    74346744
**Production Date:**    October 15, 2024

## CONVEYANCE SEARCH

Effective Date:  May 8, 2025 at 8:00 a.m.

From examination of the records in the Register of Deeds Office, Riverside County, CA, for property described as follows, to wit:

Land situated  in the City of La Quinta in the County of Riverside in the State of CA

(See Attached Exhibit A - Legal Description)

Commonly known as: 81439 Merv Griffin Way, La Quinta, CA 92253-8084

780-120-055

24 months prior to May 8, 2025, we find there are no conveyances affecting subject property except the following:

1 By Deed  from Lennar Homes of California, Inc., a California Corporation to Audrey Beth Little, an unmarried woman dated May 12, 2021 and recorded June 12, 2021, Instrument/Case No. 2021-0369122

This report contains information from public land records available in the county indicated above for whose accuracy and completeness we assume no responsibility. This report is released with the understanding that it is strictly confidential and only to be used by the party requesting it. This report is not to be construed as an opinion of title or as a commitment for title insurance. For matters of a legal nature, we suggest you contact your attorney. The liability of Rocket Close and Title, Inc is limited to the amount paid for this report. Rocket Close and Title, Inc assumes no liability, financial or otherwise, in association with the information in this report.

74346744                                                          October 15, 2024

| | |
|---|---|
| Trustee: | First American Title Company |
| Beneficiary: | Kinecta Federal Credit Union, a Federal Credit Union |
| Loan No: | 7000034807 |

3.   A Deed of Trust to Secure an Indebtedness of $125,000.00, and any other amounts as therein provided, recorded December 7, 2022, as Instrument/Case No. 2022-0494846, of Official Records.

| | |
|---|---|
| Dated Date: | November 30, 2022 |
| Trustor: | Audrey Beth Little, an unmarried woman |
| Trustee: | Fidelity National Title Company, a California corporation |
| Beneficiary: | Pagel Management LLC |
| Loan No: | |

4.   Record mortgage/deed of trust to be insured from Audrey Beth Little, an unmarried woman .

Please prepare your final loan documents as follows:

Audrey Beth Little

***If documents are not drawn exactly as stated above, a delay in closing your loan could occur***

# EXHIBIT C-2

Title / Lien Visibility as of Recording (shows senior liens)

*Note: Underlying vendor report contains an internal heading 'EXHIBIT F'; it is filed in this binder as Exhibit C-2.*

# EXHIBIT F – Title / Lien Visibility as of 7/15/2025

Property/title report showing lien history and senior liens visible at time of Oaktree
recording.





**Property Details Report**

## Subject Property Location

Report Date: 12/03/2025
Order ID: R202972322

| | |
|---|---|
| Property Address | 81439 MERV GRIFFIN WAY |
| City, State & Zip | LA QUINTA, CA 92253-8084 |
| County | RIVERSIDE COUNTY |
| Mailing Address | 81439 MERV GRIFFIN WAY, LA QUINTA, CA 92253-8084 |
| Census Tract | 0456.14 |
| Thomas Bros Pg-Grid | |

| | |
|---|---|
| Property Use | Single Family Residential |
| Parcel Number | 780-120-055 |
| Latitude | 33.651522 |
| Longitude | -116.242809 |

**Legal Description Details** Lot Number: 64 Tract No: 32879 Brief Description: .52 ACRES IN LOT 64 MB 399/003 TR 32879

### Current Ownership Information    *Source of Ownership data: Recorder Information*

| | | | |
|---|---|---|---|
| Primary Owner Name(s) | LITTLE, AUDREY BETH; LITTLE, JACOB | Sale Price | |
| | | Transfer Date | 07/09/2025 |
| | | Recording Date | 07/15/2025 |
| Vesting | Joint Tenants with Right of Survivorship | Recorder Doc # | 2025-0214838 |
| | | Book/Page | |

### Latest Full Sale Information

| | | | |
|---|---|---|---|
| Primary Owner Name(s) | LITTLE, AUDREY BETH | Sale Price | $1,731,500 |
| | | Sale Date | 05/12/2021 |
| | | Recording Date | 06/18/2021 |
| Vesting | | Recorder Doc # | 2021-0369122 |
| | | Book/Page | |

#### Financing Details at Time of Purchase

| | | | | | |
|---|---|---|---|---|---|
| 1 | Loan Amount | $1,384,896 | Origination Lender Name | 5TH STREET CAPITAL INC | |
| | Loan Type | Conventional | Recording Doc # | 2021-0369123 | |

### Property Characteristics

| | | | | | |
|---|---|---|---|---|---|
| Bedrooms | 4 | Year Built | 2020 | Living Area (SF) | 4,821 |
| Bathrooms/Partial | 3.75 | Garage Type/Parking Spaces | Attached Garage/2 | Price ($/SF) | $359/SF |
| Total Rooms | | Stories/Floors | 1 Story | Lot Size (SF/AC) | 22,651/.52 |
| Construction Type | Wood | Units | | Fireplace | 1 Fireplace |
| Exterior Walls | | Buildings | | Pool | Pool (yes) - P |
| Roof Material/Type | Tile | Basement Type/Area | | Heat Type | Central |
| Foundation Type | | Style | | A/C | Central |
| Property Type | Residential | View | | Elevator | |
| Land Use | Single Family Residential | | | Zoning | |

### Assessment & Taxes

| | | | | | |
|---|---|---|---|---|---|
| Assessment Year | 2025 | Tax Year | 2025 | Tax Exemption | California State Homeowner's Exemption |
| Total Assessed Value | $1,577,004 | Tax Amount | $20,740,76 | Tax Rate Area | 20-171 |
| Land Value | $394,251 | Tax Account ID | 780120055 | | |
| Improvement Value | $1,182,753 | Tax Status | No Delinquency Found | | |
| Improvement Ratio | 75% | Delinquent Tax Year | | | |
| Total Value | | | | Market Improvement Value | |
| Market Land Value | | | | Market Value Year | |

### Lien History

| Trans. ID | Recording Date | Lender | Amount | Purchase Money |
|---|---|---|---|---|
| 1 | 07/15/2025 | OAKTREE FUNDING CORP | $716,580 | NO |
| 2 | 12/06/2024 | STEWART AND LYNDA RESNICK REVOCABLE TRUS | $393,000 | NO |
| 3 | 12/07/2022 | PAGEL MANAGEMENT LLC | $125,000 | NO |
| 4 | 10/18/2022 | KINECTA FCU | $357,500 | NO |
| 5 | 07/27/2022 | ALLY BANK | $1,384,896 | NO |

## Lien History (cont.)

| Trans. ID | Recording Date | Lender | Amount | Purchase Money |
|---|---|---|---|---|
| 6 | 07/21/2022 | US BANK NA | $278,000 | NO |
| 7 | 04/04/2022 | PAGEL MANAGEMENT LLC | $257,500 | NO |
| 8 | 10/27/2021 | ALLY BANK | $1,384,896 | NO |
| 9 | 06/18/2021 | 5TH STREET CAPITAL INC | $1,384,896 | YES |

## Loan Officer Insights

| Trans.ID | | | |
|---|---|---|---|
| 8 | Loan Officer | CHARLES FRANCO | NMLS#248801 |
| | Broker | | NMLS# |
| | Loan Company | KINECTA FEDERAL CREDIT UNION | NMLS#407870 |
| 9 | Loan Officer | NICHOLAS HOWIE | NMLS#1922562 |
| | Broker | BETTER MORTGAGE CORPORATION | NMLS#330511 |
| | Loan Company | | NMLS# |
| 13 | Loan Officer | NICHOLAS HOWIE | NMLS#1922562 |
| | Broker | | NMLS# |
| | Loan Company | ALLY BANK | NMLS#181005 |
| 14 | Loan Officer | ROBERT FORBES PAINTER | NMLS#272709 |
| | Broker | BROKER SOLUTIONS INC | NMLS#6606 |
| | Loan Company | 5TH STREET CAPITAL INC | NMLS#1436495 |

# EXHIBIT D-1

Underwriting / Final QC Conditions (2nd lien premise; QC requirement; max CLTV)

# EXHIBIT J

Selected pages from complete loan file (CPL/QC/title timing/conditions)

# OAKTREE
### F U N D I N G   C O R P.

## APPROVAL CERTIFICATE

**July 07, 2025 6:40 PM PDT**

Oaktree Funding Corp
3133 W Frye Road, Suite 205
Chandler, AZ 85226

**Ref #: 22025050036**

Audrey Beth Little
81439 Merv Griffin Way
La Quinta, CA 92253

This mortgage loan has been approved on behalf of the above noted client with the following terms and conditions.

| | | | |
|---|---|---|---|
| **Loan Number** | 22025050036 | **AU Response** | None/Not Submitted |
| **Approval Date** | 7/2/2025 | **Approval Exp Date** | |
| | | **Rate Lock Expiration** | 7/11/2025 |

### Loan Information

| | | | |
|---|---|---|---|
| **Loan Amount** | $716,580.00 | **Loan Purpose** | Refinance Cash-out |
| **Total Loan Amount** | $716,580.00 | **Cashout Amount** | $100,000.00 |
| **Mortgage Insurance** | No MI | **Impound?** | No escrow |
| **Upfront MIP Fee Financed** | $0.00 | **Term / Due** | 360 / 360 Months |
| **Note Rate** | 9.625% | **Loan Program** | 30 YR FIXED 2ND LIEN OO/2ND EQUITY ADVANTAGE |
| **Max DTI / Rate** | 50.000% / 9.067% | **Payment Type** | Principal & Interest |
| **LTV / CLTV / HCLTV** | 25.144% / 69.809% / | **Documentation** | Full Document |

### Collateral

| | | | |
|---|---|---|---|
| **Home Value** | $2,850,000.00 | **Property Type** | PUD |
| **Appraised Value** | $2,850,000.00 | **Property Purpose** | Primary Residence |
| **Appraisal Exp Date** | | **Asset Exp Date** | |

### Income

| | | | |
|---|---|---|---|
| **Monthly Income** | $40,847.17 | **Principal & Interest** | $6,090.85 |
| **Income Doc Exp Date** | | **Ratios** | 33.634% / 49.640% |

### Credit

| | | | |
|---|---|---|---|
| **Qualifying Score** | 689 | **Credit Exp Date** | |
| **LQI Credit Exp Date** | | | |

### Preliminary Title Report

| | | | |
|---|---|---|---|
| **Prelim Document Date** | | **Prelim Title Exp Date** | |

### Loan Officer

| | | | |
|---|---|---|---|
| **Contact** | Adam Jorgensen | **Phone** | (402) 525-3079 |
| **E-mail** | ajorgensen@adaxahome.com | **Fax** | |
| **Broker Name** | Adaxa, LLC | | |

### Processor (External)

| | | | |
|---|---|---|---|
| **Contact** | Ashley Garcia | **Phone** | (831) 212-2483 |
| **E-mail** | agarcia@adaxahome.com | **Fax** | |
| **Broker Name** | Adaxa, LLC | | |

### Processor

| | | | |
|---|---|---|---|
| **Contact** | Kale Allred | **Phone** | (480) 800-3800 |
| **E-mail** | kallred@oaktreefunding.com | **Fax** | |

### Account Executive

| | | | |
|---|---|---|---|
| **Contact** | Adam Martin | **Phone** | (480) 800-3800 |
| **E-mail** | akmartin@oaktreefunding.com | **Fax** | |

**Underwriter Signature:** _____          **Date:** _____

# APPROVAL CERTIFICATE

**July 07, 2025 6:40 PM PDT**                                    **Ref #: 22025050036**

Oaktree Funding Corp                                             Audrey Beth Little
3133 W Frye Road, Suite 205                                     81439 Merv Griffin Way
Chandler, AZ 85226                                              La Quinta, CA 92253

This mortgage loan has been approved on behalf of the above noted client with the following terms and conditions.

| NOTE | DATE CLEARED | CLEARED BY |
|---|---|---|
| 27 | CTC - See Account Manager for questions on docs. <br><br> FICO: 689 <br> MAX DTI = 50% <br> MAX CLTV = 75% <br> ' | | |

| PTF | DATE CLEARED | CLEARED BY |
|---|---|---|
| 78 | Subject lien is a 2nd mortgage. The following lien on title may remain in 1st position: Ally | | |
| 68 | Final CD to reflect the following payoffs: <br><br> Kinecta FCU HELOC <br> Pagel Mangement LLC <br> JPMCB Card <br> GS Bank <br> Amex <br> WFBNA Card <br> City National Bank <br> Citi <br> Syncb/Amazon <br> Bloom/CBNA <br> Capital One <br> BBY/CBNA <br> Amex <br> CCB/SaksMC <br> Federal Taxes Due <br> County Tax Liens | | |
| 69 | HOI insurance balance of $N/A to be paid at closing. | | |
| 71 | E-signatures are not allowed. All E-signed LOE's to be hand signed at closing. | | |
| 72 | Oaktree to perform VVOE/Business Verification within 5 days of closing. | | |
| 73 | Borrower to sign Final 1003 at closing. | | |
| 82 | Loan must meet QM fees and HPML test.  If not, appraisal is required. | | |
| 61 | Confirm and/or update rate lock expiration. Rate lock must be good through funding. | | |
| 62 | SEE EXPIRATION DATES BELOW: <br><br> Appraisal: 8/10 <br> Assets: N/A <br> CPL: 10/1 <br> Credit: 8/1 <br> Income: TBD <br> Title: 8/8 <br> LOCK: 7/11 | | |
| 76 | Oaktree to perform Final QC review prior to funding. | | |



Alternative Analysis Form

Re: Little 22025050036

This loan did not qualify for Agency Guidelines due to the program being Second Mortgage for this borrower.

Thank you!

-Oaktree UW Department

Oaktree Funding Corporation
1298 W. 7th St, Upland, CA 91786

# EXHIBIT D-2

Commitment Jacket Warning / Absence of Timely Bring-Down Evidence

**Rocket Title Insurance Company**

ALTA Commitment for Title Insurance
2021 v. 01.00 (07-01-2021)

---

**Transaction Identification Data, for which the Company assumes no liability as set forth in Commitment Condition 5.e.:**

Issuing Agent: Rocket Close and Title, Inc

Issuing Office: 17785 Center Court Dr. N., Suite 760 Cerritos, CA 90703

Issuing Office's ALTA® Registry ID: 1066048

Loan ID #: 22025050036

Commitment Number: 74346744

Issuing Office File Number: 74346744

Property Address: 81439 Merv Griffin Way, La Quinta, CA 92253-8084

Revision Number: 4

## Schedule A

1. **Commitment Date:** May 8, 2025 at 8:00 a.m.

2. **Policy to be Issued:**

     Loan Policy (7/1/21) $750,000.00  (Without Standard Exceptions)

     **Proposed Insured:** Oaktree Funding Corporation, its successors and/or assigns

     **Loan Number:** 22025050036

3. **The estate or interest in the Land described or referred to in this Commitment is:** Fee Simple

4. **The Title is, at the Commitment Date, vested in:**
    Audrey Beth Little, an unmarried woman
    By Deed from Lennar Homes of California, Inc., a California Corporation to Audrey Beth Little, an unmarried woman, dated May 12, 2021, recorded June 18, 2021 in Instrument/Case No. 2021-0369122.

5. **The Land is described as follows:**

     Land situated in the City of La Quinta in the County of Riverside in the State of California

     (See Attached Exhibit A - Legal Description)

     **Commonly Known As:** 81439 Merv Griffin Way  La Quinta, CA 92253-8084

     Tax Parcel Identification Numbers: 780-120-055

     Property Type:  Planned Unit Development

     NOTE: The property address, tax parcel identification number, and property type are provided solely for informational purposes and are not insurable for this transaction.

---

In order to close a transaction using this Title Commitment, and have a Title Policy issued based on the contents of this Commitment, the Commitment Revision Date must not be older than 14 days from the actual closing date.  Please contact this Title provider for appropriate updates.  Please not that after 180 days, this commitment is void and of no effect.

This  page is only a part of a 2021 ALTA® Commitment for Title Insurance issued by Rocket Title Insurance Company.  This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I-Requirements; and Schedule B, Part II-Exceptions; and counter-signature by the Company or its issuing agent that may be in electronic form.

---

**Copyright 2021 American Land Title Association. All rights reserved.**
The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.
Form 99A11002412



**⟲Rocket Title Insurance Company**

ALTA Commitment for Title Insurance
2021 v. 01.00 (07-01-2021)

Agent for:  Rocket Title Insurance Company

Countersigned By:

_____

Nicole Beattie, Agent

**ROCKET TITLE INSURANCE COMPANY**



By: _____

Officer

In order to close a transaction using this Title Commitment, and have a Title Policy issued based on the contents of this Commitment, the Commitment Revision Date must not be older than 14 days from the actual closing date.  Please contact this Title provider for appropriate updates.  Please not that after 180 days, this commitment is void and of no effect.

This  page is only a part of a 2021 ALTA® Commitment for Title Insurance issued by Rocket Title Insurance Company.  This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I-Requirements; and Schedule B, Part II-Exceptions; and counter-signature by the Company or its issuing agent that may be in electronic form.

**Copyright 2021 American Land Title Association. All rights reserved.**
The use of this Form (or any derivative thereof) is restricted to ALTA licensees and
ALTA members in good standing as of the date of use. All other uses are prohibited.
Reprinted under license from the American Land Title Association.
Form 99A11002412



⊙ **Rocket Title Insurance Company**

ALTA Commitment for Title Insurance
2021 v. 01.00 (07-01-2021)

# SCHEDULE B - PART I
## (Requirements)

All of the following Requirements must be met:

1.  The Proposed Insured must notify the Company in writing of the name of any party not referred to in this Commitment who will obtain an interest in the Land or who will make a loan on the Land. The Company may then make additional Requirements or Exceptions.

2.  Pay the agreed amount for the estate or interest to be insured.

3.  Pay the premiums, fees, and charges for the Policy to the Company.

4.  Documents satisfactory to the Company that convey the Title or create the Mortgage to be insured, or both, must be properly authorized, executed, delivered, and recorded in the Public Records.

5.  The following are the requirements to be complied with:
    A. Payment to, or for the account of, the sellers or mortgagors of the full consideration for the estate or interest to be insured.
    B. Instruments in insurable form which must be executed, delivered and duly filed for record.

6.  Record mortgage/deed of trust to be insured from Audrey Beth Little, an unmarried woman .

7.  A Deed of Trust to Secure an Indebtedness of $1,384,896.00, and any other amounts as therein provided, recorded October 27, 2021, as Instrument/Case No. 2021-0634801, of Official Records.

    | | |
    |---|---|
    | Dated Date: | October 19, 2021 |
    | Trustor: | Audrey Beth Little, an unmarried woman |
    | Trustee: | Title365 Company |
    | Beneficiary: | Mortgage Electronic Registration Systems, Inc., as nominee for Ally Bank |
    | Loan No: | |
    | MIN: | 100572615853071984 |
    | Open Ended: | No |

    Additional Information:

    Re-recorded July 27, 2022 in Instrument/Case No. 2022-0334595.

8.  A Deed of Trust to Secure an Indebtedness of $357,500.00, and any other amounts as therein provided, recorded October 18, 2022, as Instrument/Case No. 2022-0432861, of Official Records.

    | | |
    |---|---|
    | Dated Date: | October 4, 2022 |
    | Trustor: | Audrey Beth Little, an unmarried woman |
    | Trustee: | First American Title Company |

---

In order to close a transaction using this Title Commitment, and have a Title Policy issued based on the contents of this Commitment, the Commitment Revision Date must not be older than 14 days from the actual closing date.  Please contact this Title provider for appropriate updates.  Please not that after 180 days, this commitment is void and of no effect.

This  page is only a part of a 2021 ALTA® Commitment for Title Insurance issued by Rocket Title Insurance Company.  This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I-Requirements; and Schedule B, Part II-Exceptions; and counter-signature by the Company or its issuing agent that may be in electronic form.

**Copyright 2021 American Land Title Association. All rights reserved.**
The use of this Form (or any derivative thereof) is restricted to ALTA licensees and
ALTA members in good standing as of the date of use. All other uses are prohibited.
Reprinted under license from the American Land Title Association.
Form 99A11002412



**⚙ Rocket Title Insurance Company**

**ALTA Commitment for Title Insurance**
**2021 v. 01.00 (07-01-2021)**

| | |
|---|---|
| Beneficiary: | Kinecta Federal Credit Union, a Federal Credit Union |
| Loan No: | 7000034807 |
| MIN: | |
| Open Ended: | Yes |

9. A Deed of Trust to Secure an Indebtedness of $125,000.00, and any other amounts as therein provided, recorded December 7, 2022, as Instrument/Case No. 2022-0494846, of Official Records.

| | |
|---|---|
| Dated Date: | November 30, 2022 |
| Trustor: | Audrey Beth Little, an unmarried woman |
| Trustee: | Fidelity National Title Company, a California corporation |
| Beneficiary: | Pagel Management LLC |
| Loan No: | |
| MIN: | |
| Open Ended: | No |

10. Payment of unpaid taxes and special assessments, plus penalty, interest and collection fees, if any, or same to be shown on the final policy.

11. Taxes being obtained from municipality. To follow under separate cover.

**Tax Id Number(s): 780-120-055**

NOTE: In the event that the loan secured by the mortgage to be insured (the insured mortgage) is closed and disbursed by a branch office of the Company or an agent of the Company, for whom we have provided you with an un-cancelled closing protection letter, the policy committed for by this commitment will be issued in the form required by your closing instructions.  Such policy will only include exceptions disclosed by this commitment and any amendments to or updates of this commitment provided to you prior to closing.

NOTE: Rocket Close and Title, Inc obtains the opinion of an independent attorney licensed in the subject property state prior to the furnishing of any title information where required by applicable law.

In order to close a transaction using this Title Commitment, and have a Title Policy issued based on the contents of this Commitment, the Commitment Revision Date must not be older than 14 days from the actual closing date.  Please contact this Title provider for appropriate updates.  Please not that after 180 days, this commitment is void and of no effect.

This  page is only a part of a 2021 ALTA® Commitment for Title Insurance issued by Rocket Title Insurance Company.  This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I-Requirements; and Schedule B, Part II-Exceptions; and counter-signature by the Company or its issuing agent that may be in electronic form.

**Copyright 2021 American Land Title Association. All rights reserved.**
The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.
Form 99A11002412

**Rocket Title Insurance Company**

Commitment for Title Insurance
2021 v. 01.00 (07-01-2021)

## SCHEDULE B - PART II
### (Exceptions)

**Some historical land records contain Discriminatory Covenants that are illegal and unenforceable by law. This Commitment and the Policy treat any Discriminatory Covenant in a document referenced in Schedule B as if each Discriminatory Covenant is redacted, repudiated, removed, and not republished or recirculated. Only the remaining provisions of the document will be excepted from coverage.**

The Policy will not insure against loss or damage resulting from the terms and conditions of any lease or easement identified in Schedule A, and will include the following Exceptions unless cleared to the satisfaction of the Company:

1. Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.

2. Rights, facts, interests or claims which are not shown by the Public Records, but which could be ascertained by an inspection of said Land or by making inquiry of persons in possession thereof.

3. Easements, claims of easement or encumbrances which are not shown by the public records.

4. Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by public records.

5. Unpatented mining claims; reservations or exceptions in patents or in Acts authorizing the issuance thereof, water rights, claims or title to water, in each case not shown in the public records.

6. Any lien, or right to a lien, for services, labor or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

7. Taxes and assessments not yet due and payable.

8. Covenants, conditions and restrictions and other instruments recorded in the public records and purporting to impose a transfer fee or conveyance fee payable upon the conveyance of an interest in real property or payable for the right to make or accept such a transfer, and any and all fees, liens or charges, whether recorded or unrecorded, if any, currently due payable or that will become due or payable, and any other rights deriving therefrom, that are assessed pursuant thereto.

9. Oil, gas, or other mineral interests and all rights incident thereto now or previously conveyed, transferred, leased, excepted or reserved.

10. Any and all easements, agreements and restrictions of record.

11. Assessments, if any, for Community Facility Districts affecting said land which may exist by virtue of assessment maps or notices filed by said Districts.

NOTE: In the event that the Commitment Jacket is not attached hereto, all of the terms, conditions and provisions contained in said Jacket are incorporated herein.

NOTE: The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than the amount, if any, set forth in the arbitration, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as exclusive remedy of the parties. Arbitration is voluntary and non-binding.

In order to close a transaction using this Title Commitment, and have a Title Policy issued based on the contents of this Commitment, the Commitment Revision Date must not be older than 14 days from the actual closing date. Please contact this Title provider for appropriate updates. Please not that after 180 days, this commitment is void and of no effect.

This page is only a part of a 2021 ALTA® Commitment for Title Insurance issued by Rocket Title Insurance Company. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I-Requirements; and Schedule B, Part II-Exceptions; and counter-signature by the Company or its issuing agent that may be in electronic form.

**Copyright 2021 American Land Title Association. All rights reserved.**
The use of this Form (or any derivative thereof) is restricted to ALTA licensees and ALTA members in good standing as of the date of use. All other uses are prohibited. Reprinted under license from the American Land Title Association.
Form 99A11002412

