BUCHALTER LLP
JASON E. GOLDSTEIN (SBN: 207481)
RICHARD HOVSEPYAN (SBN: 365788)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email: jgoldstein@buchalter.com
       rhovsepyan@buchalter.com

Attorneys for Defendant
OAKTREE FUNDING CORP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY B. LITTLE,<br><br>Plaintiff,<br><br>vs.<br><br>OAKTREE FUNDING CORPORATION; ROCKET CLOSE, LLC; ROCKET COMPANIES, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 5:26-cv-00402 MEMF (MBKx)<br><br>**DEFENDANT OAKTREE FUNDING CORP.'S NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFF AUDREY B. LITTLE'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>[Memorandum of Points and Authorities, Request for Judicial Notice and Incorporation by Reference and (Proposed) Order filed concurrently herewith]<br><br>Date:   March 19, 2026<br>Time:   10:00 a.m.<br>Crtrm:  8(B) |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD, IF ANY:**

**PLEASE TAKE NOTICE THAT** on March 19, 2026 at 1:00 p.m., in Courtroom 8(B) Floor of the above-entitled Court, located at 350 W. 1st Street,, Los Angeles, California 90012, Defendant Oaktree Funding Corp. ("Oaktree") shall move to dismiss the First Amended Complaint ("FAC") of Plaintiff Audrey B. Little ("Plaintiff") and each count alleged in the FAC against Oaktree, including the claim for relief for punitive damages, pursuant to Fed. R. Civ. P. 12(b)(6) on the

following grounds:

1.      The first count for Negligence fails to state a claim upon which relief can be granted, including but not limited to, because Oaktree does not owe a duty of care to Plaintiff and Plaintiff has failed to allege any damages proximately caused by Oaktree.

2.      The third count for Negligent Misrepresentation fails to state a claim upon which relief can be granted, including but not limited to, because Oaktree does not owe a duty of care to Plaintiff, Plaintiff has not alleged this count with the requisite specificity and Plaintiff has failed to allege any damages proximately caused by Oaktree.

3.      The fourth count for Fraudulent Concealment fails to state a claim upon which relief can be granted, including but not limited to, because Oaktree did not make any misrepresentations, Plaintiff has not alleged this count with the requisite specificity and Plaintiff has failed to allege any damages proximately caused by Oaktree.

4.      The fifth count for Civil Conspiracy fails to state a claim upon which relief can be granted because Civil Conspiracy is not a claim for relief.

5.      The seventh count for Unfair Business Practices fails to state a claim upon which relief can be granted, including but not limited to, because Oaktree did not commit any unfair business practices and Plaintiff's common law causes of action cannot form a basis for this claim.

6.      The eighth count for UDAAP fails to state a claim upon which relief can be granted because there is no private right of action.

7.      The ninth count for CFPB Regulation X (12 C.F.R. 1024) fails to state a claim upon which relief may be granted, including but not limited to, because Plaintiff has not alleged that she sent a proper Qualified Written Request or Request for Information, did not allege that she properly submitted a completed loss mitigation application and has not allegedly any damages proximately caused by an

alleged Real Estate Settlement Procedures Act violation.

8.    The tenth count for Failure To Mitigate Damages fails to state a claim upon which relief may be granted because Failure To Mitigate Damages is an affirmative defense by a Defendant and not a claim for relief for a Plaintiff.

9.    The eleventh count for Punitive Damages fails to state a claim upon which relief may be granted because Punitive Damages are a remedy and not a claim for relief.

10.    Prayer 9 of the FAC which states as follows should be dismissed because it fails to state a claim for relief for punitive damages:

"Punitive and exemplary damages pursuant to Civil Code § 3294 for Defendants' malice, oppression, and fraud, including but not limited to:

- deliberate concealment of the recorded lien,

- synchronized misrepresentations,

- refusal to mitigate known harm,

- coordinated concealment of the title claim denial,

- refusal to appeal the denial,

- and conscious disregard of Plaintiff's rights, financial safety, disability, and medical vulnerability."

Pursuant to Local Rule 7-3, on February 5, 2026, counsel for Oaktree sent emails to Plaintiff attaching the authority for this motion and then spoke on the telephone with the Plaintiff and the parties could not come to an agreement which rendered this motion necessary.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BUCHALTER LLP
IRVINE

3

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**
BUCHALTER 107957943v1

This motion is based upon this notice, the attached memorandum of points and authorities, the concurrently filed Request for Judicial Notice and upon such further evidence and argument as may be presented at the time of the hearing.

DATED:  February 5, 2026                    BUCHALTER LLP


                                            By:  */s/ Jason E. Goldstein*
                                                 JASON E. GOLDSTEIN
                                                 RICHARD HOVSEPYAN
                                                 Attorneys for Defendant
                                                 OAKTREE FUNDING CORPORATION

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**
BUCHALTER 107957943v1