BUCHALTER LLP
JASON E. GOLDSTEIN (SBN: 207481)
RICHARD HOVSEPYAN (SBN: 365788)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email: jgoldstein@buchalter.com
      rhovsepyan@buchalter.com

Attorneys for Defendant
OAKTREE FUNDING CORP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY B. LITTLE,<br><br>Plaintiff,<br><br>vs.<br><br>OAKTREE FUNDING CORPORATION; ROCKET CLOSE, LLC; ROCKET COMPANIES, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 5:26-cv-00402 MEMF (MBKx)<br><br>**DEFENDANT OAKTREE FUNDING CORP.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>[Memorandum of Points and Authorities, Request for Judicial Notice and Incorporation by Reference and (Proposed) Order filed concurrently herewith]<br><br>Date: March 19, 2026<br>Time: 10:00 a.m.<br>Crtrm: 8(B) |

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

BUCHALTER LLP
IRVINE

BUCHALTER 107958103v1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ..........................10

II.    STATEMENT OF FACTS.................................................................11

    A.    The Resnick Loan And The Resnick Deed Of Trust.........................11

    B.    The Oaktree Loan And Plaintiff's Concealment And Non-Disclosure Of The Resnick Loan And Resnick Deed Of Trust.........11

    C.    The Escrow Agent's Breach Of The Second Lien Position Instruction ...................................................................................11

    D.    Plaintiff Alleges That, After The Oaktree Loan Funded, Oaktree Concealed A Title Insurance Claim Denial ....................................11

    E.    Plaintiff Alleges That, After The Oaktree Loan Funded, Oaktree Refused To Produce Title Documents ..............................................12

    F.    Plaintiff Alleges That, After The Oaktree Loan Funded, Counsel For Oaktree And Counsel For Rocket Participated In A Civil Conspiracy................................................................................12

    G.    Plaintiff Alleges That, After The Oaktree Loan Funded, Oaktree Would Not Provide A Temporary Forbearance; The FAC's Exhibits Include Multiple Letters From Oaktree Titled "Incomplete Borrower Response Package Notification" .........................................12

III.    THE COURT HAS DISCRETION TO DISMISS THE FAC, AND EACH AND EVERY PURPORTED CLAIM FOR RELIEF CONTAINED THEREIN DUE TO A LACK OF PLAUSIBILITY............12

IV.    COUNT 1 FOR NEGLIGENCE FAILS..........................................14

    A.    Oaktree Owed No Duty Of Care To The Plaintiff............................14

    B.    No Damages Proximately Caused By Oaktree.................................15

V.    COUNT 3 FOR NEGLIGENT MISREPRESENTATION FAILS .............16

    A.    The Negligent Misrepresentation Cause Of Action Fails Due To Lack Of Duty ................................................................................16

    B.    This Count Lacks Specificity, There Was No Misrepresentation By Oaktree And No Damages Proximately Caused By Oaktree .............16

VI.    COUNT 4 FOR FRAUDULENT CONCEALMENT FAILS .....................17

    A.    This Count Lacks Specificity, There Was No Concealment By Oaktree And No Damages Proximately Caused By Oaktree .............19

VII.    COUNT 5 FOR CIVIL CONSPIRACY FAILS ........................................20

BUCHALTER LLP
IRVINE

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

BUCHALTER 107958103v1

VIII.  COUNT 7 FOR UNFAIR BUSINESS PRACTICES FAILS ...................... 20

    A.  Oaktree Has Not Done Anything Unlawful ............................................ 21

    B.  Oaktree Has Not Done Anything Unfair ............................................... 21

    C.  Oaktree Has Not Done Anything Fraudulent .................................... 22

IX.  COUNT 8 FOR UDAAP VIOLATIONS FAILS ....................................... 22

X.  COUNT 9 FOR CFPB REGULATION X (12 C.F.R. § 1024) FAILS ........ 23

    A.  Plaintiff Has Not Alleged That She Sent A Proper Qualified Written Request Or Request For Information .................................... 23

    B.  Plaintiff Has Not Pled That She Properly Submitted A Loss Mitigation Application .................................................................. 24

    C.  Plaintiff Has Not Pled Damages Caused By An Alleged RESPA Violation .................................................................. 24

XI.  COUNT 10 FOR FAILURE TO MITIGATE DAMAGES FAILS .............. 25

XII.  COUNT 11 FOR PUNITIVE DAMAGES FAILS ................................... 26

XIII.  THE CLAIMS AND PRAYER FOR PUNITIVE DAMAGES FAILS ....... 26

    A.  Since The Counts For Which Punitive Damages Are Sought Fail, The Punitive Damages Allegations And Prayer Must Be Stricken .... 26

    B.  The Punitive Damages Allegations And Prayer Are Insufficiently Pled And Must Be Dismissed ........................................................... 26

    C.  The Punitive Damage Allegations Fail To Comply With The *Civil Code* § 3294 Requirement For Corporate Defendants And Must Be Stricken ........................................................................................ 28

XIV.  CONCLUSION ........................................................................... 29

**MEMORANDUM OF POINTS AND AUTHORITIES**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*569 East County Boulevard LLC v. Backcountry Against The Dump, Inc.*
(2016) 6 Cal.App.5th 426 ................................................................................26

*Ashcroft v. Iqbal*
(2009) 129 S. Ct. 1937 ....................................................................................13

*Atiyeh v. Am. Bus. Bank*
(C.D. Cal. 2025) 2025 U.S. Dist. LEXIS 37838 .............................................22

*Ballistereri v. Pacifica Police Dept.*
(9th Cir. 1988) 901 F.2d 696 ..........................................................................13

*Bell Atlantic Corp. v. Twombly*
(2007) 550 U.S. 544 ........................................................................................13

*Bock v. Hansen*
(2014) 225 Cal.App.4th 215 ...........................................................................16

*Brousseau v. Jarrett*
(1977) 73 Cal. App. 3d 864 ............................................................................27

*Byars v. SCME Mortgage Bankers, Inc.*
(2003) 29 Cal. 4th 1134 ..................................................................................21

*Cadlo v. Owens-Illinois, Inc.*
(2004) 125 Cal.App.4th 513 ...........................................................................16

*Campbell v. Clark*
(1958) 159 Cal.App.2d 439 .............................................................................18

*Candland v. Ins. Co. of N. Am. (In re Candland)*
(9th Cir. 1996) 90 F.3d 1466 .............................................................15, 17, 19

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*
(1999) 20 Cal. 4th 163 (1999).........................................................................20

**MEMORANDUM OF POINTS AND AUTHORITIES**

BUCHALTER LLP
IRVINE

BUCHALTER 107958103v1

*Century Sur. Co. v. Crosby Ins., Inc.*
(2004) 124 Cal.App.4th 116 ................................................................................. 16

*Cohen v. Groman Mortuary*
(1964) 231 Cal.App.2d 1 ..................................................................................... 27

*Committee on Children's Television v. General Foods Corp.*
(1983) 35 Cal. 3d 197 .......................................................................................... 22

*Cortez v. Purolator Air Filtration Products Co.*
(2000) 23 Cal.4th 163 .......................................................................................... 21

*Davis v. HSBC Bank Nevada, N.A.*
(9th Cir. 2012) 691 F.3d 1152 ............................................................................ 14

*Deutsche Bank Nat'l Trust Co. v. Fox*
(M.D. Fla. 2013) 971 F.Supp.2d 1106 ................................................................ 22

*Diaz v. United Cal. Bank*
(1977) 71 Cal.App.3d 161 .............................................................................. 17, 19

*Downey v. Humphreys*
(1951) 102 Cal.App.2d 323 ................................................................................. 15

*Durning v. First Boston Corp.*
(9th Cir. 1987) 815 F.2d 1265 ............................................................................ 14

*Field v. Century 21 Klowden Forness Realty*
(1998) 63 Cal.App.4th 18 ........................................................................ 15, 17, 19

*Fullmer v. JPMorgan Chase Bank, N.A.,*
No. 2:09-cv-01037-JFM, 2010 WL 95206 (E.D. Cal. Jan. 6, 2010) ............ 24, 25

*G.D. Searle & Co. v. Sup. Ct.*
(1975) 49 Cal. App. 3d 22 .............................................................................. 26, 27

*Grieves v. Sup. Ct.*
(1984) 157 Cal.App.3d 159 ................................................................................. 28

*Henderson v. Sec. Nat. Bank*
(1977) 72 Cal.App.3d 764 ................................................................................... 26

*Herrera v. Credit Collection Servs. Comercial*
(C.D. Cal. 2024) 2024 U.S. Dist. LEXIS 240295 ............................................... 22

BUCHALTER LLP
IRVINE

5

**MEMORANDUM OF POINTS AND AUTHORITIES**

BUCHALTER 107958103v1

*Hilliard v. A.H. Robins Co.*
(1983) 148 Cal.App.3d 374 .............................................................................. 26, 27

*Hintz v. JPMorgan Chase Bank, N.A.*
(8th Cir. 2012) 686 F.3d 505 .................................................................................. 24

*Hoyem v. Manhattan*
(1978) 22 Cal.3d 508 ............................................................................................... 14

*J. R. Norton Co. v. General Teamsters, Warehousemen and Helpers Union*
(1989) 208 Cal.App.3d 430 ..................................................................................... 28

*Jenkins v. JP Morgan Chase Bank, N.A.*
(2013) 216 Cal.App.4th 497 .................................................................................... 21

*Jolley v. Chase Home Finance, LLC*
(2013) 213 Cal.App.4th 872 .................................................................................... 22

*Klistoff v. Sup. Ct.*
(2007) 157 Cal.App.4th 469 .................................................................................... 20

*Lal v. Am. Home Servicing, Inc.*
(E.D. Cal. 2010) 680 F. Supp. 2d 1218 ................................................................. 25

*Lavie v. Procter & Gamble Co.*
(2003) 105 Cal. App. 4th 496 ................................................................................. 22

*Lazar v. Sup. Ct.*
(1996) 12 Cal.4th 631 ......................................................................................... 16, 19

*Lueras v. BAC Home Loans Servicing, LP*
(2013) 221 Cal.App.4th 49 ...................................................................................... 14

*Mack v. South Bay Beer Distributors*
(9th Cir. 1986) 798 F.2d 1279 ................................................................................ 14

*Medrano v. Flagstar Bank, FSB*
(9th Cir. 2012) 704 F.3d 661 .................................................................................. 24

*Mirkin v. Wasserman*
(1993) 5 Cal.4th 1082 .............................................................................................. 21

BUCHALTER LLP
IRVINE

6

**MEMORANDUM OF POINTS AND AUTHORITIES**

BUCHALTER 107958103v1

*Moe*
21 Cal.App.3d 289 ........................................................................................ 17, 19

*Moss v. U.S. Secret Service*
(9th Cir. 2009) 572 F.3d 962 ............................................................................. 14

*O'Donnell v. Bank of America, Nat. Ass'n*
(9th Cir. 2013) 504 Fed. App'x 566 .................................................................. 23

*Prakashpalan v. Engstrom, Lipscomb & Lack*
(2014) 223 Cal. App. 4th 1105 ......................................................................... 18

*Price v. Wells Fargo Bank*
(1989) 213 Cal.App.3d 465 .............................................................................. 15

*Renfroe v. Nationstar Mortg., LLC*
(11th Cir. 2016) 822 F.3d 1241 ........................................................................ 24

*Roberts v. Ball, Hunt, Brown & Barowitz*
(1976) 57 Cal.App.3d 104 ........................................................................... 18, 22

*Robinson v. Bank of Am., N.A.*,
No. 3:21-cv-00110-AJB-(DEBx), 2022 WL 837073 (S.D. Cal. Mar. 21, 2022) ......................................................................................................... 25

*Scannell v. County of Riverside*
(1984) 152 Cal.App.3d 596 .............................................................................. 28

*Singh v. Wash. Mut. Bank*,
No. 3:09-cv-02771-MMC, 2009 WL 2588885 (N.D. Cal. Aug. 19, 2009) ......................................................................................................... 25

*Smith v. Sup. Ct*.
(1992) 10 Cal.App.4th 1033 .............................................................................. 27

*Spaziani v. Miller*
(1963) 215 Cal.App.2d 667 ......................................................................... 17, 19

*Sprewell v. Golden State Warriors*
(9th Cir. 2001) 266 F.3d 979 ............................................................................ 14

*Stansfield v. Starkey*
(1990) 220 Cal.App.3d 59 ................................................................................. 18

BUCHALTER LLP
IRVINE

**MEMORANDUM OF POINTS AND AUTHORITIES**

BUCHALTER 107958103v1

*Stevenson v. Baum*
(1998) 65 Cal.App.4th 159 ................................................................. 15, 17, 19

*Textron Financial Corp. v. National Fire Ins. Co. of Pittsburgh*
(2004) 118 Cal.App.4th 1061 ........................................................................ 21

*Valle De Oro Bank v. Gamboa*
(1994) 26 Cal.App.4th 1686 ......................................................................... 25

*White v. Ultramar*
(1999) 21 Cal.4th 563 ................................................................................... 28

*Wilhelm v. Pray, Price, Williams & Russell*
(1986) 186 Cal.App.3d 1324 ................................................................... 16, 18

*Williston Basin Interstate Pipeline Co. v. Exclusive Gas Storage
Leasehold & Easement in the Cloverly Subterranean Geological
Formation*
(9th Cir. 2008) 524 F.3d 1090 ...................................................................... 13

*Wylie v. Gresch*
(1987) 191 Cal.App.3d 412 .......................................................................... 16

**Statutes**

12 U.S.C. § 2605(i)(3) ....................................................................................... 23

12 U.S.C. § 2605(e)(1)(A), (e)(2) ..................................................................... 23

12 U.S.C. § 2605(e)(1)(B) ................................................................................. 23

12 U.S.C. § 2605(f)(1)(A) .................................................................................. 24

Bus. & Prof. Code § 17200 ..................................................................... 20, 21, 22

Cal. Civ. Code § 5 .......................................................................................... 22, 23

Cal. Civ. Code § 1714.10 ................................................................................... 20

Cal. Civ. Code § 1714.10(b) .............................................................................. 20

Cal. Civ. Code § 3294 .................................................................................. 27, 28

Cal. Civ. Code § 3294(b) ............................................................................. 28, 29

Fed. Trade Com. Act ..................................................................................22

Real Est. Settlement Proc. Act...........................................................23, 24, 25

**Other Authorities**

12 C.F.R. § 1024..........................................................................................23

12 C.F.R. § 1024.35(a) .................................................................................23

12 C.F.R. § 1024.36(a) .................................................................................23

12 C.F.R. § 1024.41 .....................................................................................24

12 C.F.R. § 1024.41(b)(1) .............................................................................24

Fed. R. Civ. P. 12(b)(6) ...............................................................................13

5 Witkin, *California Procedure* (5th Ed., 2008)
    Pleading § 711 .......................................................................................18

BUCHALTER LLP
IRVINE

**MEMORANDUM OF POINTS AND AUTHORITIES**

BUCHALTER 107958103v1

## I.  INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Audrey B. Little ("Plaintiff") applied for a loan in the original principal amount of $716,580.00 ("Oaktree Loan") from Defendant Oaktree Funding Corp. ("Oaktree"), which Oaktree Loan was to be secured by a second priority lien position Deed of Trust recorded against the real property commonly known as 81439 Merv Griffin Way, La Quinta, California 90064 ("Property").  In doing so, Plaintiff concealed and failed to disclose to Oaktree the existence of an existing loan from non-party Stewart and Lynda Resnick Revocable Trust, dated December 27, 1988, as amended ("Resnick Loan") which was secured by a Deed of Trust ("Resnick Deed of Trust") recorded against the Property.[1]  [Request For Judicial Notice And Incorporation By Reference ("RJN"), **Exhibit 1**]

Despite clear escrow instructions to the escrow agent Amrock Title California, Inc., which may now be known as a "Rocket" entity ("Escrow Agent"), to only close the Oaktree Loan if Oaktree's Deed of Trust would be recorded in a second priority lien position, the Resnick Deed of Trust was ignored and the Escrow Agent closed the escrow for the Oaktree Loan and recorded a Deed of Trust in favor of Oaktree in a third position on the Property.  Oaktree would not have funded the Oaktree Loan had it known of the Resnick Loan or the Resnick Deed of Trust.

Plaintiff now seeks to cast blame on her lender, Oaktree, for the Escrow Agent's breaches of the escrow instructions and her own concealment of the Resnick Loan and the Resnick Deed of Trust.  The attempt fails.

Therefore, for the reasons stated below, this motion to dismiss should be granted and each count in the First Amended Complaint ("FAC") alleged against Oaktree, including the claim for punitive damages, should be dismissed, with prejudice.

---

[1] Plaintiff will dispute that she knew about the existence of the Resnick Deed of Trust, even though she signed it before a notary, but Plaintiff cannot dispute knowing about the existence of the Resnick Loan.

## II.   STATEMENT OF FACTS

### A.   The Resnick Loan And The Resnick Deed Of Trust

In late 2024, Plaintiff obtained the Resnick Loan, which was in the amount of $393,000.00, which was secured by the Resnick Deed of Trust which was recorded against the Property.  [FAC, 1 Introduction; RJN, **Exhibit 1**]

### B.   The Oaktree Loan And Plaintiff's Concealment And Non-Disclosure Of The Resnick Loan And Resnick Deed Of Trust

After obtaining the Resnick Loan, Plaintiff applied for the Oaktree Loan, which Oaktree Loan was to be secured by a second priority lien position Deed of Trust recorded against the Property.  In doing so, Plaintiff concealed and failed to disclose to Oaktree the existence of the Resnick Loan and Resnick Deed of Trust. [FAC, 4 Factual Allegations, D; RJN, **Exhibit 1**]

### C.   The Escrow Agent's Breach Of The Second Lien Position Instruction

Despite clear escrow instructions to the Escrow Agent to only close the Oaktree Loan if Oaktree's Deed of Trust would be recorded in a second priority lien position, the Resnick Deed of Trust was ignored and the Escrow Agent closed the escrow for the Loan and recorded a Deed of Trust in favor of Oaktree in a third position on the Property.  Oaktree would not have funded the Oaktree Loan had it known of the Resnick Loan or the Resnick Deed of Trust. [FAC, 4 Factual Allegations, B, D; RJN, **Exhibit 1**]

### D.   Plaintiff Alleges That, After The Oaktree Loan Funded, Oaktree Concealed A Title Insurance Claim Denial

Plaintiff alleges that Oaktree, after the Oaktree Loan funded, concealed that it tendered a claim under its title insurance policy which was denied.  [FAC, 4 Factual Allegations, F]

**E.** **Plaintiff Alleges That, After The Oaktree Loan Funded, Oaktree Refused To Produce Title Documents**

Plaintiff alleges that Oaktree, after the Oaktree Loan funded, refused to produce title documents. [FAC, 4 Factual Allegations, F(b)]

**F.** **Plaintiff Alleges That, After The Oaktree Loan Funded, Counsel For Oaktree And Counsel For Rocket Participated In A Civil Conspiracy**

Plaintiff alleges that, after the Oaktree Loan funded, counsel for Oaktree and counsel for a Rocket entity participated in a civil conspiracy. [FAC, 4 Factual Allegations, G]

**G.** **Plaintiff Alleges That, After The Oaktree Loan Funded, Oaktree Would Not Provide A Temporary Forbearance; The FAC's Exhibits Include Multiple Letters From Oaktree Titled "Incomplete Borrower Response Package Notification"**

Plaintiff alleges that, after the Oaktree Loan funded, Oaktree would not provide a temporary forbearance. [FAC, 4 Factual Allegations, H]

Plaintiff's FAC attaches as exhibits multiple letters from Oaktree entitled, "INCOMPLETE BORROWER RESPONSE PACKAGE NOTIFICATION" which pointed out that Plaintiff's loss mitigation applications were "incomplete." [FAC, Exhibits]

**III.** **THE COURT HAS DISCRETION TO DISMISS THE FAC, AND EACH AND EVERY PURPORTED CLAIM FOR RELIEF CONTAINED THEREIN DUE TO A LACK OF PLAUSIBILITY**

While a Complaint only needs to provide a short and plain statement for relief, the actual standard required for pleading civil complaints in federal court requires that: 1) the plaintiff provide grounds for relief which are "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do;" and 2) factual allegations which "must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 555. *See also*, *Williston Basin Interstate Pipeline Co. v. Exclusive Gas Storage Leasehold & Easement in the Cloverly Subterranean Geological Formation* (9th Cir. 2008) 524 F.3d 1090, 1096 (citing *Twombly* [affirming dismissal of complaint where complaint failed to state a claim to relief that was plausible on its face]).

In fact, a plaintiff must show that it has a plausible entitlement to relief. *See Twombly,* 550 U.S. at 559 and 570:

> "It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process . . . [b]ecause the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."

The United States Supreme Court confirmed the plausibility standard for pleading civil complaints in *Ashcroft v. Iqbal* (2009) 129 S. Ct. 1937, 1949-1950 when it held that:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state a claim for relief that is plausible on its face." (citation omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (citation omitted). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (citation omitted). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitled to relief.'" (citation omitted).

It was further held in *Iqbal* that:

> "only a complaint that states a plausible claim for relief survives a motion to dismiss. (citation omitted). Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. (citation omitted). But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" - - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2)." *Iqbal*, 129 S. Ct. at 1949-1950. [Emphasis added]

Federal Rule of Civil Procedure 12(b)(6) provides a mechanism whereby a claim may be dismissed where there is a lack of a cognizable theory or where there is an absence of sufficient facts. *See Ballistereri v. Pacifica Police Dept.*, 901 F.2d

696, 699 (9th Cir. 1988).   Although a Court must assume that the plaintiff's allegations are true on a motion to dismiss, the Court may disregard conclusory allegations and unreasonable inferences.  *See also*, *Moss v. U.S. Secret Service* (9th Cir. 2009) 572 F.3d 962, 971, citing to *Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F.3d 979, 988 (stating that courts are not required to make "unreasonable inferences" or "unwarranted deductions of fact" to save a complaint from a motion to dismiss).

In addition, the Court need not accept as true allegations that contradict facts which may be judicially noticed (*Mack v. South Bay Beer Distributors* (9th Cir. 1986) 798 F.2d 1279, 1281) or which are contradicted by facts established by exhibits attached to the Complaint. (*Durning v. First Boston Corp.* (9th Cir. 1987) 815 F.2d 1265, 1267).  See also, *Davis v. HSBC Bank Nevada, N.A.* (9th Cir. 2012) 691 F.3d 1152, 1160 (holding that courts may incorporate by reference documents referred to or identified in a complaint but not attached to it).

As discussed above, and as will be further discussed below, Plaintiff has failed to allege any plausible claims against Oaktree.

## IV.    COUNT 1 FOR NEGLIGENCE FAILS

The elements of a cause of action for negligence are:  (1) legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach.  *Hoyem v. Manhattan* (1978) 22 Cal.3d 508, 514.

### A.    Oaktree Owed No Duty Of Care To The Plaintiff

It is the law in California that a lender does not owe its borrower a duty of care when it does not exceed its conventional role as a money lender.  As the Court of Appeal held in *Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 63:

> "**Lenders and borrowers operate at arm's length.** (*Oaks Management Corporation v. Superior Court* (2006) 145 Cal.App.4th 453, 466 . . .; *Union Bank v.* Superior *Court* (1995) 31 Cal.App.4th 573, 579 . . .; *Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 476 . . . ., disapproved on other grounds in *Riverisland Cold Storage, Inc. v.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

BUCHALTER LLP
IRVINE

BUCHALTER 107958103v1

*Fresno-Madera Production Credit Assn.* (2013) 55 Cal.4th 1169, 1182 . . .) **"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."** (*Nymark v. Heart Fed. Savings & Loan Assn.* (1991) 231 Cal.App.3d 1089, 1096)." [Emphasis added]

It has long been regarded as "axiomatic that the relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor." "A debt is not a trust and there is not a fiduciary relation between a debtor and creditor as such." The same principle should apply with even greater clarity to the relationship between a bank and its loan customers. *Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 476, quoting *Morse v. Crocker Nat'l. Bank* (1983) 142 Cal.App.3d 228, 232 and *Downey v. Humphreys* (1951) 102 Cal.App.2d 323, 332.

Here, Oaktree solely acted as a conventional lender of money. Therefore, no duty of care existed and the negligence claim fails as a result.

## B.   No Damages Proximately Caused By Oaktree

It was absolutely appropriate for Oaktree to rely on Plaintiff's loan application in which she did not disclose the Resnick Loan and Resnick Deed of Trust. See, *Candland v. Ins. Co. of N. Am. (In re Candland)* (9th Cir. 1996) 90 F.3d 1466, 1471.

It was also appropriate for those in the real estate industry to rely on statements from title companies, like Oaktree did here. See, e.g., *Stevenson v. Baum* (1998) 65 Cal.App.4th 159, 163 and *Field v. Century 21 Klowden Forness Realty* (1998) 63 Cal.App.4th 18, 21-22.

Plaintiff's failure to disclose, and to instead conceal, the existence of the Resnick Loan and the Resnick Deed of Trust, and the Escrow Agent's failure to comply with the second lien position escrow instruction, is what proximately caused any damages which Plaintiff may have suffered. Oaktree is a victim of both Plaintiff and the Escrow Agent.

Count 1 must be dismissed, with prejudice.

## V.   **COUNT 3 FOR NEGLIGENT MISREPRESENTATION FAILS**

The elements of a cause of action for negligent misrepresentation are: (1) a false statement of a material fact that the defendant honestly believes to be true, but made without reasonable grounds for such belief; (2) made with the intent to induce reliance; (3) reasonable reliance; and (4) damages. *Century Sur. Co. v. Crosby Ins., Inc.*, (2004) 124 Cal.App.4th 116, 129. Each element in a cause of action for negligent misrepresentation must be factually and specifically alleged. *Cadlo v. Owens-Illinois, Inc.* (2004) 125 Cal.App.4th 513, 519.

Each element in a cause of action for negligent misrepresentation must be factually and specifically alleged. *Cadlo v. Owens-Illinois, Inc.* (2004) 125 Cal.App.4th 513, 519.

### A.   **The Negligent Misrepresentation Cause Of Action Fails Due To Lack Of Duty**

Responsibility for an alleged negligent misrepresentation requires the existence of a duty. *Bock v. Hansen* (2014) 225 Cal.App.4th 215, 229. See also, *Wilhelm v. Pray, Price, Williams & Russell* (1986) 186 Cal.App.3d 1324, 1332 (holding that the question of duty is relevant in cases where a cause of action for negligent misrepresentation is alleged). "Whether a legal duty exists in a given case is primarily a question of law." *Wylie v. Gresch* (1987) 191 Cal.App.3d 412, 416.

Here, there is no duty of care present.

### B.   **This Count Lacks Specificity, There Was No Misrepresentation By Oaktree And No Damages Proximately Caused By Oaktree**

A plaintiff's burden in asserting a misrepresentation claim against a corporation, as opposed to an individual, is even greater. *Lazar v. Sup. Ct.,* (1996) 12 Cal.4th 631, 645. In such a case, the Plaintiff must allege the <u>name of the person</u> who made the allegedly fraudulent representations, <u>their authority to speak</u>, <u>what they said or wrote</u> and <u>when it was said or written</u>. *Id.*

Here, the specificity is lacking.  There is no misrepresentation by Oaktree and no person at Oaktree is identified as making a misrepresentation.

Simply put, it was absolutely appropriate for Oaktree to rely on Plaintiff's loan application in which she did not disclose the Resnick Loan and Resnick Deed of Trust.  See, *Candland v. Ins. Co. of N. Am. (In re Candland)* (9th Cir. 1996) 90 F.3d 1466, 1471.

It was also appropriate for those in the real estate industry to rely on statements from title companies, like Oaktree did here.  See, e.g., *Stevenson v. Baum* (1998) 65 Cal.App.4th 159, 163 and *Field v. Century 21 Klowden Forness Realty* (1998) 63 Cal.App.4th 18, 21-22.

It is similarly well established that an escrow agent has a fiduciary duty to communicate its knowledge of material facts to the parties to the escrow.  *Diaz v. United Cal. Bank* (1977) 71 Cal.App.3d 161, 169 170; *Moe*, 21 Cal.App.3d 289, 306 (the duty to disclose includes ". . . any facts which might materially affect . . ." the principal's interest); and *Spaziani v. Miller* (1963) 215 Cal.App.2d 667, 682 ("The obligation of an escrow holder to disclose his principal information acquired by him in the course of his employment must be viewed in the light of the fiduciary relationship existing between them.").

Plaintiff's failure to disclose, and to instead conceal, the existence of the Resnick Loan and the Resnick Deed of Trust, and the Escrow Agent's failure to comply with the second lien position escrow instruction, is what proximately caused any damages which Plaintiff may have suffered.  Oaktree is a victim of both Plaintiff and the Escrow Agent.

Count 3 must be dismissed, with prejudice.

## VI.   COUNT 4 FOR FRAUDULENT CONCEALMENT FAILS

"The elements of a claim for fraudulent concealment require the plaintiff to show that: '(1) the defendant . . . concealed or suppressed a material fact, (2) the defendant [was] under a duty to disclose the fact to the plaintiff, (3) the defendant . . .

intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff [was] unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as result of the concealment or suppression of face, the plaintiff must have sustained damage.' (cit. omit.)" *Prakashpalan v. Engstrom, Lipscomb & Lack* (2014) 223 Cal. App. 4th 1105.

Fraud actions have been classed as "disfavored," and are subject to strict requirements of particularity in pleading. 5 Witkin, *California Procedure* (5th Ed., 2008) Pleading § 711, p. 126. Therefore, each of the elements of a fraud cause of action must be alleged in full, factually and specifically, since general pleadings of legal conclusions are insufficient to state a cause of action. *Roberts v. Ball, Hunt, Brown & Barowitz* (1976) 57 Cal.App.3d 104, 109. Fraud must be pleaded in specific language descriptive of the acts which are relied upon to constitute fraud, and it is not sufficient to allege the elements in general terms or in terms which amount to mere conclusions. *Campbell v. Clark* (1958) 159 Cal.App.2d 439.

The particularity requirement necessitates pleading facts which show how, when, where and to whom and by what means the representations were tendered. In *Stansfield v. Starkey* (1990) 220 Cal.App.3d 59, it was held that a demurrer was properly sustained without leave to amend where the plaintiff failed to specifically allege a Fraud claim. In so ruling, the court noted that the rationale for the strict pleading requirement is not merely notice to the defendant. The idea seems to be that the allegations of fraud involve a serious attack of character, and fairness to the defendant demands that he should have the fullest possible details of the charge in order to prepare his defense. *Id.* at 73. Thus, liberal rules of construction will not usually be invoked to sustain a pleading that is defective with respect to any one of the required elements of a fraud cause of action. *Wilhelm v. Pray, Price, Williams & Russell* (1986) 186 Cal.App.3d 1324, 1331.

In addition, as stated above, a plaintiff's burden in asserting a misrepresentation claim against a corporation, as opposed to an individual, is even

greater.  *Lazar v. Sup. Ct.,* (1996) 12 Cal.4th 631, 645.  In such a case, the Plaintiff must allege the name of the person who made the allegedly fraudulent representations, their authority to speak, what they said or wrote and when it was said or written.  *Id*.

### A.   This Count Lacks Specificity, There Was No Concealment By Oaktree And No Damages Proximately Caused By Oaktree

A plaintiff's burden in asserting a misrepresentation claim against a corporation, as opposed to an individual, is even greater.  *Lazar v. Sup. Ct.,* (1996) 12 Cal.4th 631, 645.  In such a case, the Plaintiff must allege the name of the person who made the allegedly fraudulent representations, their authority to speak, what they said or wrote and when it was said or written.  *Id*.

Here, the specificity is lacking.  There is no concealment by Oaktree and no person at Oaktree is identified as making a misrepresentation or concealing anything.

Simply put, it was absolutely appropriate for Oaktree to rely on Plaintiff's loan application in which she did not disclose the Resnick Loan and Resnick Deed of Trust.  See, *Candland v. Ins. Co. of N. Am. (In re Candland)* (9th Cir. 1996) 90 F.3d 1466, 1471.

It was also appropriate for those in the real estate industry to rely on statements from title companies, like Oaktree did here.  See, e.g., *Stevenson v. Baum* (1998) 65 Cal.App.4th 159, 163 and *Field v. Century 21 Klowden Forness Realty* (1998) 63 Cal.App.4th 18, 21-22.

It is similarly well established that an escrow agent has a fiduciary duty to communicate its knowledge of material facts to the parties to the escrow.  *Diaz v. United Cal. Bank* (1977) 71 Cal.App.3d 161, 169 170; Moe, 21 Cal.App.3d 289, 306 (the duty to disclose includes ". . . any facts which might materially affect . . ." the principal's interest); and *Spaziani v. Miller* (1963) 215 Cal.App.2d 667, 682 ("The obligation of an escrow holder to disclose his principal information acquired by him

in the course of his employment must be viewed in the light of the fiduciary relationship existing between them.").

Plaintiff's failure to disclose, and to instead conceal, the existence of the Resnick Loan and the Resnick Deed of Trust, and the Escrow Agent's failure to comply with the second lien position escrow instruction, is what proximately caused any damages which Plaintiff may have suffered. Oaktree is a victim of both Plaintiff and the Escrow Agent.

Count 4 must be dismissed, with prejudice.

## VII.    COUNT 5 FOR CIVIL CONSPIRACY FAILS

There is no cause of action for civil conspiracy. Instead, it is a legal doctrine that imposes liability on persons who did not commit the tort, but participated in its plan or design. *Klistoff v. Sup. Ct.* (2007) 157 Cal.App.4th 469, 479.

In addition, the purported civil conspiracy alleged here purportedly involves the attorneys for Oaktree and a Rocket entity. To the extent this Court determines that *Civil Code* § 1714.10 is a substantive rule of law, then Plaintiff also failed to satisfy certain procedural requirements before filing a claim alleging a civil conspiracy between an attorney and its client before this action was filed. This has not been done here and this cause of action fails as a result. See, *Civil Code* § 1714.10(b)("Failure to obtain a court order where required by subdivision (a) shall be a defense to any action for civil conspiracy filed in violation thereof. The defense shall be raised by the attorney charged with civil conspiracy upon that attorney's first appearance by demurrer. . .")

Count 5 must be dismissed, with prejudice.

## VIII.    COUNT 7 FOR UNFAIR BUSINESS PRACTICES FAILS

*Business & Professions Code* § 17200 ("Section 17200") provides civil remedies for unfair competition, which it defines as "any unlawful, unfair or fraudulent business act or practice." Section 17200 was designed to protect consumers and competitors from unfair business practices. *Cel-Tech*

*Communications, Inc. v. Los Angeles Cellular Tel. Co.* (1999) 20 Cal. 4th 163, 180 (1999). The statute "is not an all-purpose substitute for a tort or contract action." *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 173. As will be discussed below, this purported claim for relief fails as a matter of law.

Here, the Plaintiff bases her Section 17200 claims on the prior counts discussed above. This is improper because common law claims and principles cannot serve as a basis for a violation of the "unlawful" prong of Section 17200 claim. *See Textron Financial Corp. v. National Fire Ins. Co. of Pittsburgh* (2004) 118 Cal.App.4th 1061, 1072 (common law claim for fraud could not serve as the "unlawful" act supporting a claim under Section 17200). Even "[p]rovisions of the Civil Code that are substantially the same as the common law, such as the provisions that codify common law torts, 'must be construed as continuations thereof, and not as new enactments.'" *Mirkin v. Wasserman* (1993) 5 Cal.4th 1082, 1091 (citing California Civil Code Section 5 and specifically applying holding to claim for deceit).

For these reasons, the Plaintiff's Section 17200 count fails and must be dismissed.

### A.    Oaktree Has Not Done Anything Unlawful

The "unlawful" prong borrows violations of other laws and treats them as unlawful practices that Section 17200 makes independently actionable. *Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 520. Nothing unlawful has been alleged.

### B.    Oaktree Has Not Done Anything Unfair

The "unfair" prong of a Section 17200 claim requires an allegation that Bank's conduct threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition. *Byars v. SCME Mortgage bankers, Inc.* (2003) 29 Cal.4th 1134. This, the Plaintiff has not done and cannot do here.

### C.    Oaktree Has Not Done Anything Fraudulent

The "fraudulent" prong deals with "any act or practice likely to deceive the public, even if no one is actually deceived." *Jolley v. Chase Home Finance, LLC* (2013) 213 Cal.App.4th 872, 907.  See, also *Committee on Children's Television v. General Foods Corp.* (1983) 35 Cal. 3d 197, 211 (holding that the test of whether a practice is "fraudulent" under Section 17200 is whether "…members of the public are likely to be deceived")

This standard "…implies more than a mere possibility that the [practice] might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.  Rather, the phrase indicates that the [practice] is such that it is probable that a significant portion of the general consuming public or targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie v. Procter & Gamble Co.* (2003) 105 Cal. App. 4th 496, 500, 508.

There is nothing "fraudulent," as that term is used in Section 17200, that has been alleged here.

Count 7 must be dismissed, with prejudice.

## IX.    COUNT 8 FOR UDAAP VIOLATIONS FAILS

Plaintiff's claim for "UDAAP Violations" fails because there is no private right of action for UDAAP violations. *See, Atiyeh v. Am. Bus. Bank* (C.D. Cal. 2025) 2025 U.S. Dist. LEXIS 37838, * 6, citing to *Deutsche Bank Nat'l Trust Co. v. Fox* (M.D. Fla. 2013) 971 F.Supp.2d 1106, 1120 ("the administration of the Federal Trade Commission Act, including UDAAP, 'is in the hands of the administrative agency and not the private citizen." *Robert*s, 556 F.2d at 361 n. 6. Consequently, Foxx does not have a private action under UDAAP, and Count XV is DISMISSED with prejudice."), *Herrera v. Credit Collection Servs. Comercial* (C.D. Cal. 2024) 2024 U.S. Dist. LEXIS 240295, * 2 ("[T]he Court examined whether Plaintiff sufficiently alleged claims for relief. With respect to the FTC Act violations, the Court determined that Plaintiff cannot bring a § 5 claim because the Ninth Circuit has held

that § 5 does not provide a private right of action") and *O'Donnell v. Bank of America, Nat. Ass'n*, (9th Cir. 2013) 504 Fed. App'x 566, 568.

Count 8 must be dismissed, with prejudice.

## X.     COUNT 9 FOR CFPB REGULATION X (12 C.F.R. § 1024) FAILS

12 C.F.R. Section 1024 is known as Regulation X and was issued by the Bureau of Consumer Financial Protection to implement the Real Estate Settlement Procedures Act ("RESPA").

Here, Plaintiff has only submitted terse legal conclusions, with no facts, to support this purported count. This requires the granting of this motion in and of itself. In any event, this count fails in its own right.

### A.     Plaintiff Has Not Alleged That She Sent A Proper Qualified Written Request Or Request For Information

Plaintiff has not alleged that she submitted, properly or not, a Qualified Written Request ("QWR") or Request for Information ("RFI") to Oaktree.

As an initial matter, a QWR under RESPA, 12 C.F.R. §§1024.35(a), 1024.36(a) imposes two preconditions that a borrower must satisfy to trigger a response duty. First, the borrower must show that he or she submitted a qualifying QWR regarding the servicing of a federally related mortgage loan. See 12 U.S.C. § 2605(e)(1)(A), (e)(2). RESPA defines a QWR as a written correspondence that "includes … the name and account of the borrower and includes a statement of the reasons for the belief of the borrower … that the account is in error or provides sufficient detail regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). Second, if a borrower submits a qualifying QWR to a loan servicer, the borrower's letter must also request or challenge "information relating to the servicing of such loan." 12 U.S.C. § 2605(e)(1)(A), (e)(2). Servicing encompasses "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts ..., and making the payments of principal and interest and such other payments." 12 U.S.C. § 2605(i)(3). As defined,

servicing excludes "the transactions and circumstances surrounding a loan's origination—facts that would be relevant to a challenge to the validity of an underlying debt or the terms of a loan agreement." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666-67 (9th Cir. 2012).

Documents regarding a claim by Oaktree to its title insurer which was denied is not a document that RESPA requires be produced to a borrower pursuant to a QWR or a RFI.  Allegedly failing to appeal a title insurer's denial of a claim is also something that is not covered by RESPA.

**B.    Plaintiff Has Not Pled That She Properly Submitted A Loss Mitigation Application**

12 C.F.R. section 1024.41 enacts loss mitigation procedures under RESPA. The first step is the receipt of a complete loss mitigation application.  12 C.F.R. section 1024.41(b)(1).  Plaintiff has not alleged that she submitted a complete loss mitigation application.  In fact, the exhibits to the FAC are replete with documents from Oaktree informing the Plaintiff that her loss mitigation application was incomplete.

Second, nothing in 12 C.F.R. section 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option.

**C.    Plaintiff Has Not Pled Damages Caused By An Alleged RESPA Violation**

Lastly, in order to establish a violation of RESPA, Plaintiff must plead and prove "facts showing how the plaintiff suffered actual harm due to defendants' failure to respond to a qualified written request." *See* 12 U.S.C. § 2605(f)(1)(A); *Fullmer v. JPMorgan Chase Bank, N.A.*, No. 2:09-cv-01037-JFM, 2010 WL 95206, at *6 (E.D. Cal. Jan. 6, 2010); *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016) (explaining "there must be a 'causal link' between the alleged [RESPA] violation and the damages" [quoting *Turner v. Beneficial Corp.*, 242 F.3d 1023, 1028 (11th Cir. 2001) ]); cf. *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 511 (8th

Cir. 2012). Plaintiff has failed to allege that he sustained any actual damages resulting from any alleged violation of RESPA by Oaktree.

Here, Plaintiff fails to plead that any such damages were the "direct result of [Oaktree's purported] failure to comply" with RESPA. *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010). "A claim of a RESPA violation cannot survive a motion to dismiss when the plaintiff does not plead facts showing how the plaintiff suffered actual harm due to defendants' failure to respond to a qualified written response." *Fullmer v. JPMorgan Chase Bank, N.A.*, No. 2:09-cv-01037-JFM, 2010 WL 95206, at *6 (E.D. Cal. Jan. 6, 2010); *see* also *Singh v. Wash. Mut. Bank*, No. 3:09-cv-02771-MMC, 2009 WL 2588885, at *5 (N.D. Cal. Aug. 19, 2009) (dismissing RESPA claim where plaintiffs "failed to allege any facts in support of their conclusory allegation that '[a]s a result' of defendants' failure to respond, defendants 'are liable for actual damages, costs, and attorney fees' "). Accordingly, a "plaintiff's failure to allege a pecuniary loss attributable to a servicer's failure to respond to QWRs has therefore been found to be fatal to the claim." *Robinson v. Bank of Am., N.A.*, No. 3:21-cv-00110-AJB-(DEBx), 2022 WL 837073, at *7 (S.D. Cal. Mar. 21, 2022).

Simply put, Plaintiff's failure to disclose, and to instead conceal, the existence of the Resnick Loan and the Resnick Deed of Trust, and the Escrow Agent's failure to comply with the second lien position escrow instruction, is what proximately caused any damages which Plaintiff may have suffered. Oaktree is a victim of both Plaintiff and the Escrow Agent.

Count 9 must be dismissed, with prejudice.

## XI.  COUNT 10 FOR FAILURE TO MITIGATE DAMAGES FAILS

It was held in *Valle De Oro Bank v. Gamboa* (1994) 26 Cal.App.4th 1686, 1691, that:

> "The doctrine of mitigation of damages holds that "[a] plaintiff who suffers damage as a result of either a breach of contract or a tort has a duty to take reasonable steps to mitigate those damages and will not be

able to recover for any losses which could have been thus avoided. (cits. omit.)"

The alleged failure to mitigate damages is an affirmative defense raised by a defendant to claims by a Plaintiff. It is not a cause of action.

Count 10 must be dismissed, with prejudice.

## XII.    COUNT 11 FOR PUNITIVE DAMAGES FAILS

Punitive damages is a remedy, not a cause of action. See, *569 East County Boulevard LLC v. Backcountry Against The Dump, Inc.* (2016) 6 Cal.App.5th 426, 429, fn. 3 and *Hilliard v. A.H. Robins Co.* (1983) 148 Cal.App.3d 374, 391.

Count 11 must be dismissed, with prejudice.

## XIII.   THE CLAIMS AND PRAYER FOR PUNITIVE DAMAGES FAILS

### A.    Since The Counts For Which Punitive Damages Are Sought Fail, The Punitive Damages Allegations And Prayer Must Be Stricken

For all of the reasons stated above, the counts which seek punitive damages fail. Therefore, there is no basis for any award of punitive damages against Oaktree and the punitive damages allegations and prayer must be dismissed.

### B.    The Punitive Damages Allegations And Prayer Are Insufficiently Pled And Must Be Dismissed

Punitive damages are disfavored in California. California courts have ruled that such damages should be awarded with the greatest of caution and only in the clearest of cases. *Henderson v. Sec. Nat. Bank* (1977) 72 Cal.App.3d 764, 771.

In *G.D. Searle & Co. v. Sup. Ct.* (1975) 49 Cal. App. 3d 22, 29, the Court of Appeal discussed the possible grounds for punitive damages and pointed out that, like fraud, actions for punitive damages must be specifically pled: "Notwithstanding relaxed pleading criteria, certain tortious injuries demand firm allegations. Vague, conclusory allegations of fraud or falsity may not be rescued by the rule of liberal construction."

BUCHALTER LLP
IRVINE

26
**MEMORANDUM OF POINTS AND AUTHORITIES**

BUCHALTER 107958103v1

Detailed factual allegations are necessary because "[w]hen a defendant must produce evidence in defense of an exemplary damage claim; fairness demands that he receive adequate notice of the kind of conduct charged against him." *Id.*  Thus, "[c]onclusory characterization of a defendant's conduct as intentional, willful and fraudulent is patently insufficient statement of 'oppression, fraud, malice, express or implied,' within the meaning of section 3294." *See Brousseau v. Jarrett* (1977) 73 Cal. App. 3d 864, 872 [holding that conclusory allegations that a defendant engaged in certain conduct "intentionally, willfully, fraudulently, and with a wanton and reckless disregard" held "patently insufficient" to entitle a plaintiff to punitive damages]; *Cohen v. Groman Mortuary* (1964) 231 Cal.App.2d 1, 8 [stating that allegations of "wanton" or "willful disregard" are nothing more than legal conclusions]; *see also  Hilliard v. A.H. Robbins Co.* (1983) 148 Cal.App.3d 374 [finding that mere allegation that intentional tort was committed is insufficient to warrant punitive damages].

In *Smith v. Sup. Ct.* (1992) 10 Cal.App.4th 1033, 1035-36, the court struck a punitive damage claim where the plaintiff alleged that:

> "Defendants . . . misrepresented and fraudulently concealed the true nature of the representation being afforded by . . . defendants and that Plaintiff's legal interests were being protected, when in fact they were not.  The defendant's conduct . . . was intentional, knowing, malicious, fraudulent, false and deceitful.  Said acts and omissions were undertaken with a conscious disregard of the interests and rights of plaintiff and to the benefit of defendants."

The *Smith* court determined that the above allegations were wholly inadequate to support a punitive damages claim because they were only conclusory allegations. *See Id.* at 1042.

Here, in the FAC, the Plaintiff alleges no facts which show how Oaktree purportedly acted with oppression, fraud or malice.

Without specific facts showing malicious, fraudulent or oppressive conduct by Oaktree, the allegations and prayer for punitive damages fail as a matter of law and must be dismissed.

BUCHALTER LLP
IRVINE

27

**MEMORANDUM OF POINTS AND AUTHORITIES**

BUCHALTER 107958103v1

## C.  The Punitive Damage Allegations Fail To Comply With The *Civil Code* § 3294 Requirement For Corporate Defendants And Must Be Stricken

A complainant which attempts to allege a claim for punitive damages against a corporate entity <u>must satisfy</u> the requirements of *Civil Code* § 3294(b) which requires an allegation that, "the acts of employees of defendant corporation were done with the knowledge or under the express direction or ratification of an officer, director or managing agent of the corporation . . ." *Scannell v. County of Riverside* (1984) 152 Cal.App.3d 596 (striking deficient punitive damage allegations against a corporation).

The California Supreme Court in *White v. Ultramar* (1999) 21 Cal.4th 563, 572, held that the drafters of *Civil Code* §3294(b)'s:

> " . . . **goals were to avoid imposing punitive damages on employers who were merely negligent or reckless and to distinguish ordinary respondeat superior liability from corporate liability for punitive damages** . . . Section 3294 is no longer silent on who may be responsible for imputing punitive damages to a corporate employer. **For corporate punitive damages liability, section 3294, subdivision (b), requires that the wrongful act giving rise to the exemplary damages be committed by an 'officer, director, or managing agent**.'"

In *Grieves v. Sup. Ct.* (1984) 157 Cal.App.3d 159, 168, the Court of Appeal affirmed the sustaining of a demurrer in favor of a corporate defendant. Addressing the claim for punitive damages against the corporate defendant, the court stated:

> "[W]e fail to see how any of those allegations sets forth facts to show [corporate defendant's] advance knowledge, authorization or ratification. Also, absent from the complaint is any assertion an officer, director, managing agent of corporate defendant] was personally responsible for any of the acts allegedly performed by [corporate defendant]."

Further, the court in *J. R. Norton Co. v. General Teamsters, Warehousemen and Helpers Union* (1989) 208 Cal.App.3d 430, 445, held that:

> "A corporation may be held liable for punitive damages for the acts of its agents and employees when the act is motivated by actual malice or done under circumstances amounting to oppression providing that the

act is done with the knowledge or under the direction of corporate officials having the power to bind the corporation."

Plaintiff's factually devoid punitive damage allegations do <u>not</u> satisfy the Section 3294(b) standard <u>and</u> are nothing more than legal conclusions with no factual support.  Therefore, the punitive damages allegations and prayer must be dismissed.

## XIV.  <u>CONCLUSION</u>

Plaintiff has failed to allege any claim for relief, including for punitive damages against Oaktree.  Therefore, Oaktree respectfully requests that this court grant this motion and dismiss the FAC as to Oaktree, with prejudice.


DATED:  February 5, 2026            BUCHALTER LLP


                                    By:  <u>*/s/ Jason E. Goldstein*</u>
                                         JASON E. GOLDSTEIN
                                         RICHARD HOVSEPYAN
                                         Attorneys for Defendant
                                    OAKTREE FUNDING CORPORATION

**MEMORANDUM OF POINTS AND AUTHORITIES**

BUCHALTER LLP
IRVINE

BUCHALTER 107958103v1