BUCHALTER LLP
JASON E. GOLDSTEIN (SBN: 207481)
RICHARD HOVSEPYAN (SBN: 365788)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email:jgoldstein@buchalter.com
    rhovsepyan@buchalter.com

Attorneys for Defendant
OAKTREE FUNDING CORP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY B. LITTLE,<br><br>Plaintiff,<br><br>vs.<br><br>OAKTREE FUNDING CORPORATION; ROCKET CLOSE, LLC; ROCKET COMPANIES, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 5:26-cv-00402 MEMF (MBKx)<br><br>**DEFENDANT OAKTREE FUNDING CORP.'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE INTO FIRST AMENDED COMPLAINT**<br><br>[Notice of Motion, Memorandum of Points and Authorities and (Proposed) Order filed concurrently herewith]<br><br>Date:  March 19, 2026<br>Time:  10:00 a.m.<br>Crtrm: 8(B) |

## <u>NOTICE</u>

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Oaktree Funding Corp. ("Oaktree"), respectfully requests that this Court take judicial notice and incorporate by reference into the First Amended Complaint ("FAC") of Plaintiff Audrey B. Little, pursuant to *Fed. R. Evid.* 201 and *Davis v. HSBC Bank Nevada, N.A.* (9th Cir. 2012) 691 F.3d 1152, 1160 (holding that courts may incorporate by reference documents

1

**REQUEST FOR JUDICIAL NOTICE**

BUCHALTER 107958043v1

referred to or identified in a complaint but not attached to it), the following document which is referenced and identified in and is central to the claims made in the FAC:

1.     Deed of Trust, Assignment of Leases and Rents and Fixture Filing and Security Agreement between Stewart and Lynda Resnick Revocable Trust dated December 27, 1988, as amended and Audrey Beth Little, which was recorded against the real property commonly known as 81439 Merv Griffin Way, La Quinta, California 90064, on December 6, 2024 as DOC # 2024-0373710 in the Official Records, County of Riverside, a true and correct recorded copy of which is attached hereto marked as Exhibit 1.

JUDICIAL NOTICE OF THIS DOCUMENT IS APPROPRIATE BECAUSE ITS AUTHENTICITY CANNOT REASONABLY BE DISPUTED.

THIS DOCUMENT SHOULD ALSO BE INCORPORATED BY REFERENCE INTO THE FIRST AMENDED COMPLAINT BECAUSE IT IS REFERENCED AND IDENTIFIED THEREIN AND IS CENTRAL TO THE PLAINTIFF'S CLAIMS.

DATED:  February 5, 2026          BUCHALTER LLP


                                  By:  */s/ Jason E. Goldstein*
                                       JASON E. GOLDSTEIN
                                       RICHARD HOVSEPYAN
                                       Attorneys for Defendant
                                  OAKTREE FUNDING CORPORATION

BUCHALTER LLP
IRVINE

2
**REQUEST FOR JUDICIAL NOTICE**

BUCHALTER 107958043v1

# EXHIBIT 1

**DOC # 2024-0373710**
12/06/2024 02:28 PM Fees: $106.00
Page 1 of 11
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**RECORDING REQUESTED BY**

Stewart Title of California
**AND WHEN RECORDED MAIL DOCUMENT TO:**

**NAME** Stewart and Lynda
Resnick Revocable Trust
**STREET ADDRESS** c/o The Wonderful Company LLC
11444 West Olympic Blvd 10th Floor
Los Angeles CA 90064
**CITY, STATE & ZIP CODE** Attention : General Counsel

A# 193

\*\*This document was electronically submitted
to the County of Riverside for recording\*\*
Receipted by: TERESA #134

SPACE ABOVE FOR RECORDER'S USE ONLY

# Deed of Trust , Assigment of Lease and Rents , Fixture Filing and Security Agreement

**Title of Document**

Pursuant to Senate Bill 2 – Building Homes and Jobs Act (Government Code Section 27388.1 (GC)), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).

STEWART TITLE has recorded this instrument
as an accommodation only. It has not been
examined as to its effect upon the title, no
examination of the title having been made.

**REASON FOR EXEMPTION:**

☐ Exempt as Transfer of real property subject to imposition of documentary transfer tax.

☐ Exempt from fee under GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer subject to the imposition of documentary transfer tax (DTT).

☐ Exempt as Transfer of real property that is a residential dwelling to an owner-occupier.

☐ Exempt from fee under GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer of real property that is a residential dwelling to an owner-occupier.

☐ Exempt from fee under GC 27388.1 (a) (1); exceeds maximum fee of $225.00.

☐ Exempt from fee under GC 27388.1 (a) (1); not related to real property.

**THE FOLLOWING EXEMPTIONS APPLY TO CERTAIN COUNTIES INCLUDING KERN, MARIN, PLUMAS, SAN DIEGO AND SAN FRANCISCO COUNTIES:**

☒ Exempt from fee under GC 27388.1 (a) (2); recorded "in connection with" a transfer subject to the imposition of documentary transfer tax (DTT) which was paid on document recorded on _6 AB / 2021_ as Document No. _2021-0369122_ of the Official County Records, or

☐ Exempt from fee under GC 27388.1 (a) (1); recorded "in connection with" a transfer where the maximum fee of $225 was reached with documents recorded on _____ as Document No. _____ of the Official County Records.

☐ Exempt from fee under GC 27388.1 (a) (2); recorded "in connection with" a transfer that is a residential dwelling to an owner-occupier with documents recorded on _____ as Document No. _____ of the Official County Records.

I hereby declare under penalty of perjury that the information provided above is true and correct to the best of my knowledge and understanding.

Executed this __6__ day of __December__ , __2024__

At __Riverside__ , __CA__
        City                      State

_____
Signature

RECORDING REQUESTED BY AND
WHEN RECORDED, RETURN TO:

Stewart and Lynda Resnick Revocable Trust
c/o The Wonderful Company LLC
11444 West Olympic Boulevard, 10th Floor
Los Angeles, California 90064
Attention:  General Counsel

---

### [SPACE ABOVE FOR RECORDER'S USE ONLY]

## DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT AND FIXTURE FILING

This Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (this "Deed of Trust") is made this 6th day of December, 2024, between **AUDREY BETH LITTLE**, an individual ("Trustor"), whose address is 81439 Merv Griffin Way, La Quinta, California  92253, **STEWART TITLE OF CALIFORNIA, INC.** ("Trustee"), whose address is 325 Mall Drive, Suite 105, Hanford, California 93230, and Stewart A. Resnick and Lynda Rae Resnick, as Trustees of the **STEWART AND LYNDA RESNICK REVOCABLE TRUST**, dated December 27, 1988, as amended ("Beneficiary"), whose address is c/o The Wonderful Company LLC, 11444 West Olympic Boulevard, 10th Floor, Los Angeles, California 90064.

TRUSTOR IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, the following property, rights, interests and estates now owned, or hereafter acquired by Trustor (collectively, the "Property"):

(a)    that certain real property in Riverside County, California, commonly known as 81439 Merv Griffin Way, La Quinta, California  92253, as more particularly described in Exhibit "A" attached hereto and made a part hereof (the "Land");

(b)    the buildings, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and improvements now or hereafter erected or located on the Land (the "Improvements");

(c)    all easements, rights of way or use, rights, strips and gores of land, streets, ways, alleys, passages, sewer rights, water, water courses, water rights and powers, air rights and development rights, and all estates, rights, titles, interests, privileges, liberties, servitudes, tenements, hereditaments and appurtenances of any nature whatsoever, in any way now or hereafter belonging, relating or pertaining to the Land and the Improvements and the reversion and reversions, remainder and remainders, and all land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Land, to the center line thereof and all the estates, rights, titles, interests, dower and rights of dower, curtesy and rights of curtesy, property, possession, claim and demand whatsoever, both at

Page 1

law and in equity, of Trustor of, in and to the Land and the Improvements and every part and parcel thereof, with the appurtenances thereto;

(d)    all machinery, equipment, fixtures (including, but not limited to, all heating, air conditioning, plumbing, lighting, communications and elevator fixtures) and other property of every kind and nature whatsoever owned by Trustor, or in which Trustor has or shall have an interest, now or hereafter located upon the Land and the Improvements, or appurtenant thereto, and usable in connection with the present or future operation and occupancy of the Land and the Improvements and all building equipment, materials and supplies of any nature whatsoever owned by Trustor, or in which Trustor has or shall have an interest, now or hereafter located upon the Land and the Improvements, or appurtenant thereto, or usable in connection with the present or future operation and occupancy of the Land and the Improvements (collectively, the "Personal Property"), and the right, title and interest of Trustor in and to any of the Personal Property which may be subject to any security interests, as defined in the Uniform Commercial Code, as adopted and enacted by the state where any of the Property is located (the "Code"), superior in lien to the lien of this Deed of Trust and all proceeds and products of the above;

(e)    all leases and other agreements affecting the use, enjoyment or occupancy of the Land and the Improvements heretofore or hereafter entered into, including a guaranty of any such lease (a "Lease" or "Leases") and all right, title and interest of Trustor, its successors and assigns therein and thereunder, including, without limitation, cash or securities deposited thereunder to secure the performance by the lessees of their obligations thereunder and all rents, additional rents, revenues, issues and profits (including all oil and gas or other mineral royalties and bonuses) from the Land and the Improvements (the "Rents") and all proceeds from the sale or other disposition of the Leases and the right to receive and apply the Rents to the payment of the indebtedness evidenced by the Note (as defined below); and

(f)    any and all other rights of Trustor in and to the items set forth in Subsections (a) through (e) above.

This Deed of Trust and the grants, assignments and transfers made in this Deed of Trust are given for the purpose of securing payment of the indebtedness evidenced by that certain Amended, Restated and Consolidated Secured Promissory Note dated as of even date herewith, and any modification, extension or renewal thereof, in the original principal amount of Three Hundred Ninety-Three Thousand Dollars ($393,000), executed by Trustor in favor of Beneficiary (as amended from time to time, the "Note").

A.    To protect the security of this Deed of Trust, Trustor agrees:

1.    To keep the Property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished

Page 2

{3486067.3}

therefor; to comply with all laws affecting the Property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon the Property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of the Property may be reasonably necessary, the specific enumerations herein not excluding the general.

2.      To provide, maintain and deliver to Beneficiary a policy or policies of insurance satisfactory to and with loss payable to Beneficiary covering loss or damage to the Property up to the amount of the full replacement value thereof, as the same may exist from time to time, covering such perils as Beneficiary shall determine, and liability insurance and any other insurance as Beneficiary deems necessary in its sole discretion. The amount collected under any insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at the option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

3.      To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

4.      To pay, at least ten (10) days before delinquency all taxes and assessments affecting the Property when due, all encumbrances, charges and liens, with interest, on the Property or any part thereof, which appear to be prior or superior hereto, and all cost, fees and expenses of this Deed of Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation to do so and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to (a) enter upon the Property for such purposes, (b) appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, (c) pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and (d) in exercising any such powers, pay necessary expenses, employ counsel and pay his or her reasonable fees.

5.      To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

Page 3

B.      It is mutually agreed:

1.      That any award in connection with any condemnation for public use of or injury to the Property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by it in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

2.      That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.  Trustor agrees that it will make no offset or deduction of any kind from payments due and owing under this Deed of Trust or agreements related thereto to Beneficiary.

3.      That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and the Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: (a) reconvey any part of the Property, (b) consent to the making of any map or plat thereof, (c) join in granting any easements thereon, or (d) join in any extension agreement or any agreement subordinating the lien or charge hereof.

4.      That upon written request of Beneficiary stating that all sums secured hereby have been paid and upon surrender of this Deed of Trust and the Note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the Property. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.  The grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

5.      That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of this Deed of Trust, to collect the Rents, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain the Rents as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of the Property or any part thereof, in its own name sue for or otherwise collect the Rents, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of the Property, the collecting of the Rents and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

6. That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause the Property to be sold, which notice Trustee shall cause to be recorded. Beneficiary also shall deposit with Trustee this Deed of Trust, the Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell the Property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of the Property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Deed of Trust, including costs of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

7. Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where the Property is situated shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed of Trust is recorded and the name and address of the new Trustee.

8. That this Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the Note, whether or not named as Beneficiary herein. In this Deed of Trust, whenever

{3486067.3}

the context so requires the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

9.      That Trustee accepts this Deed of Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

10.     Trustor requests that a copy of notices of any action or proceeding hereunder be mailed to Trustor at its address set forth above.

11.     Beneficiary requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Beneficiary's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the California Civil Code.

12.     If Trustor shall sell, convey or alienate the Property, or any part thereof, or any interest therein, or shall be divested of its title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the Beneficiary being first had and obtained, Beneficiary shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured by this Deed of Trust, irrespective of the maturity date specified in the Note, immediately due and payable.


Trustor

13.     That any default under the terms of the Note shall constitute a default under the terms of this Deed of Trust, and Beneficiary shall be entitled to exercise any and all of its rights and remedies under this Deed of Trust and under applicable law upon the occurrence of any such default.

14.     That this Deed of Trust is intended to create a lien on the Property, and an absolute assignment of the Rents, all in favor of Beneficiary.  The parties acknowledge that some of the Property and some or all of the Rents may be determined under applicable law to be personal property or fixtures.  To the extent that any Property or Rents may be or be determined to be personal property, Trustor as debtor hereby grants Beneficiary as secured party a security interest in all such Property (including, any replacement or substituted property) and Rents, to secure payment and performance of all of the obligations under the Note.  This Deed of Trust constitutes a security agreement under the Code covering all such Property and Rents.  Beneficiary shall have all of the rights and remedies of a secured party under the Code, as well as all other rights and remedies available at law or in equity.

Page 6

{3486067.3}

15.    Trustor agrees that this Deed of Trust constitutes a financing statement filed as a fixture filing in the Official Records of Riverside County, California, with respect to any and all fixtures included within the term "Property" used herein and with respect to any goods and other Personal Property that may now be or hereafter become fixtures. The name and mailing addresses of the debtor (Trustor) and the secured party (Beneficiary) are set forth in the introductory paragraph of this Deed of Trust. Trustor is the record owner of the Property. The Personal Property described above is the collateral covered by this financing statement. Any reproduction of this Deed of Trust or any other security agreement or financing statement shall be sufficient as a financing statement. With respect to fixtures, Beneficiary or Trustee may elect to treat same as either real property or personal property and proceed to exercise such rights and remedies applicable to the categorization so chosen. Beneficiary may proceed against the items of real property and any items of collateral separately or together in any order whatsoever, without in any way affecting or waiving Beneficiary's rights and remedies under the Code, this Deed of Trust, the Note or otherwise. Trustor acknowledges and agrees that Beneficiary's rights and remedies under the Code, this Deed of Trust and the Note shall be cumulative and shall be in addition to every other right and remedy now or hereafter existing at law, in equity, by statute or by agreement of the parties.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK –
SIGNATURES ON NEXT PAGE]

{3486067.3}

IN WITNESS WHEREOF, this Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing has been executed and delivered as of the date set forth above.

TRUSTOR:

_____
Audrey Beth Little, an individual

{3486067.3}

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California          )
                             )  ss.
County of Riverside          )


On _December 6, 2024_ , before me, ___E. Martinez___ , a Notary Public, personally appeared __Audrey Beth Little_____ , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.


Signature _____

E. MARTINEZ
COMM. #2464409
Notary Public - California
Riverside County
My Comm. Expires Sep. 26, 2027

{3486067.3}

DOC #2024-0373710 Page 11 of 11

## EXHIBIT "A"

### Legal Description

The land referred to herein is situated in the State of California, County of Riverside, City of La Quinta and described as follows:

Parcel 1:

Lot 64 of Tract No. 32879, in the City of La Quinta, County of Riverside, State of California, as per Map recorded in Book 399, Pages 3 through 20, inclusive of Maps, in the Office of the County Recorder of said County.

Except therefrom all oil, oil rights, minerals, mineral rights, natural gas rights and other hydrocarbons by whatsoever name known, geothermal steam and all products derived from any of the foregoing, that may be within or under the land, together with the perpetual right of drilling, mining, exploring and operating therefor and storing in and removing the same from said land or any other land, including the right to whipstock or directionally drill and mine from lands other than the land, oil or gas wells, tunnels and shafts into, through or across the subsurface of the land, and to bottom such whipstocked or directionally drilled wells, tunnels and shafts under and beneath or beyond the exterior limits thereof, and to redrill, retunnel, equip, maintain, repair, deepen and operate any such wells or mines without, however, the right to drill, mine, store, explore or operate through the surface or the upper 500 feet of the subsurface of the land.

Parcel 2:

Easements and rights of owners as set forth in that certain "Amended and Restated Declaration of Restrictions for Griffin Ranch" recorded on January 8, 2013 as Instrument No. 2013-0009750, rerecorded on June 18, 2013 as Instrument No. 2013-0288996 (collectively "Declaration"), and as set forth in that certain "Supplemental Declaration and Notice of Annexation," recorded on September 4, 2020, as Instrument No. 2020-0418197, of Official Records, and any amendments thereto ("Declaration of Annexation") of Official Records, and any amendments thereto, in the Office of the County Recorder of Riverside County.

Parcel 3:

A nonexclusive easement appurtenant to the property for ingress, egress and access on, over, and across the Private Streets in Griffin Ranch, as more particularly set forth in that certain "Declaration Establishing Access Easement Rights" recorded on October 10, 2007 as Instrument No. 2007-0628725 in the Official Records of Riverside County, California, as same may be re-recorded, restated and/or amended from time to time (the "Access Declaration").

Riverside County APN: 780-120-055

A - 1

{3486067.3}