UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY B. LITTLE,<br><br>        Plaintiff,<br><br>vs.<br><br>OAKTREE FUNDING CORPORATION; ROCKET CLOSE, LLC; ROCKET COMPANIES, INC.; AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>        Defendants. | CASE NO.: 5:26-cv-00402 MEMF (MBKx)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT OAKTREE FUNDING CORP.'S NOTICE OF MOTION AND MOTION TO DISMISS TO PLAINTIFF AUDREY B. LITTLE'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6), WITH PREJUDICE** |

On February 5, 2026, Defendant Oaktree Funding Corp. ("Oaktree") filed a motion to dismiss the first amended complaint ("Motion") of Plaintiff Audrey B. Little ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6).

The Court, having considered Oaktree's Motion and finding good cause therefor, hereby GRANTS the Motion and ORDERS as follows:

1. The first count for Negligence fails to state a claim upon which relief can be granted, including but not limited to, because Oaktree does not owe a duty of care to

Plaintiff and Plaintiff has failed to allege any damages proximately caused by Oaktree and is dismissed, with prejudice.

2.      The third count for Negligent Misrepresentation fails to state a claim upon which relief can be granted, including but not limited to, because Oaktree does not owe a duty of care to Plaintiff, Plaintiff has not alleged this count with the requisite specificity and Plaintiff has failed to allege any damages proximately caused by Oaktree and is dismissed, with prejudice.

3.      The fourth count for Fraudulent Concealment fails to state a claim upon which relief can be granted, including but not limited to, because Oaktree did not make any misrepresentations, Plaintiff has not alleged this count with the requisite specificity and Plaintiff has failed to allege any damages proximately caused by Oaktree and is dismissed, with prejudice.

4.      The fifth count for Civil Conspiracy fails to state a claim upon which relief can be granted because Civil Conspiracy is not a claim for relief and is dismissed, with prejudice.

5.      The seventh count for Unfair Business Practices fails to state a claim upon which relief can be granted, including but not limited to, because Oaktree did not commit any unfair business practices and Plaintiff's common law causes of action cannot form a basis for this claim and is dismissed, with prejudice.

6.      The eighth count for UDAAP fails to state a claim upon which relief can be granted because there is no private right of action and is dismissed, with prejudice.

7.      The ninth count for CFPB Regulation X (12 C.F.R. 1024) fails to state a claim upon which relief may be granted, including but not limited to, because Plaintiff has not alleged that she sent a proper Qualified Written Request or Request for Information, did not allege that she properly submitted a completed loss mitigation application and has not allegedly any damages proximately caused by an alleged Real Estate Settlement Procedures Act violation and is dismissed, with prejudice.

8.    The tenth count for Failure To Mitigate Damages fails to state a claim upon which relief may be granted because Failure To Mitigate Damages is an affirmative defense by a Defendant and not a claim for relief for a Plaintiff and is dismissed, with prejudice.

9.    The eleventh count for Punitive Damages fails to state a claim upon which relief may be granted because Punitive Damages are a remedy and not a claim for relief and the punitive damages claims and prayer are dismissed, with prejudice.

IT IS SO ORDERED.


Dated: March __, 2026                    _____

                            MAAME EWUSI-MENSAH FRIMPONG

                            United States District Judge