BUCHALTER LLP
JASON E. GOLDSTEIN (SBN: 207481)
RICHARD HOVSEPYAN (SBN: 365788)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email:jgoldstein@buchalter.com
      rhovsepyan@buchalter.com

Attorneys for Defendant
OAKTREE FUNDING CORP

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AUDREY B. LITTLE,<br><br>       Plaintiff,<br><br>    vs.<br><br>OAKTREE FUNDING CORPORATION; ROCKET CLOSE, LLC; ROCKET COMPANIES, INC.; and DOES 1 through 50, inclusive,<br><br>      Defendants. | CASE NO.: 5:26-cv-00402 MEMF (MBKx)<br><br>**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>[Opposition, Evidentiary Objections and (Proposed) Order filed concurrently herewith] |

1

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

BUCHALTER LLP
IRVINE

108028819v1

# <u>TABLE OF CONTENTS</u>

**Page(s)**

I.   INTRODUCTION, SUMMARY OF ARGUMENT AND FACTS ..............9

   A.   The Application For A Temporary Restraining Order Should Be Denied Due To The Lack Of Admissible Evidence And The Failure To Authenticate Any Document ...............................................9

   B.   The Application Should Be Denied Because It Seeks Improper Relief ...................................................................................................9

   C.   The Oaktree Loan & The Concealed Resnick Loan And Resnick Deed Of Trust ..................................................................................10

   D.   The Uniform Residential Loan Application ....................................10

   E.   Despite The Representations In The Application, The Plaintiff Concealed And Failed To Disclose An Existing $393,000.00 Loan And Deed Of Trust (Resnick Loan & Resnick Deed of Trust) ..........10

   F.   If The Plaintiff Had Disclosed The Existing $393,000.00 Resnick Loan & Resnick Deed Of Trust, Oaktree Would Not Have Funded The Oaktree Loan ...............................................................................11

   G.   The Plaintiff Has Not Submitted A Complete Loss Mitigation Application .........................................................................................11

   H.   While The Escrow Agent Did Breach Its Contractual And Fiduciary Duties, This Does Not Support An Injunction Against Oaktree ..............................................................................................12

II.   PLAINTIFF HAS FAILED TO SATISFY THE STANDARD TO OBTAIN A TEMPORARY RESTRAINING ORDER .............................12

   A.   The Plaintiff's Fault Bars Ex Parte Relief ........................................12

   A.   Injunctive Relief Is Designed To Preserve The Status Quo And The Status Quo Found The Lenders With The Ability To Foreclose.13

   B.   Factors to be Considered ....................................................................13

III.   OAKTREE'S REMOVAL WAS TIMELY .................................................14

IV.   PLAINTIFF IS NOT LIKELY TO SUCCEED ON THE MERITS ............16

   A.   Count 1 For Negligence Fails...........................................................16

      1.   Oaktree Owed No Duty Of Care To The Plaintiff....................16

      2.   No Breach & No Damages Proximately Caused By Oaktree ..17

1

Buchalter LLP
Irvine

108028819v1

B.    Count 3 For Negligent Misrepresentation Fails ................................ 18

    1.    *The Negligent Misrepresentation Cause Of Action Fails Due To Lack Of Duty* ................................................................................ 18

    2.    *This Count Lacks Specificity, There Was No Misrepresentation By Oaktree And No Damages Proximately Caused By Oaktree* ................................ 19

C.    Count 4 For Fraudulent Concealment Fails ..................................... 20

    1.    *There Was No Concealment By Oaktree And No Damages Proximately Caused By Oaktree* ......................... 21

D.    Count 5 For Civil Conspiracy Fails ................................................. 22

E.    Count 7 For Unfair Business Practices Fails ................................... 23

    1.    *Oaktree Has Not Done Anything Unlawful* ............................ 23

    2.    *Oaktree Has Not Done Anything Unfair* ................................ 23

    3.    *Oaktree Has Not Done Anything Fraudulent* ......................... 24

F.    Count 8 For UDAAP Violations Fails ............................................. 24

G.    Count 9 For CFPB Regulation X (12 C.F.R. § 1024) Fails ............. 25

    1.    *Plaintiff Has Not Established That She Sent A Proper Qualified Written Request Or Request For Information* ......... 25

    2.    *Plaintiff Has Not Established Or Pled That She Properly Submitted A Loss Mitigation Application* ............................... 26

    3.    *Plaintiff Has Not Established Or Pled Damages Caused By An Alleged RESPA Violation* ............................................. 27

H.    Count 10 For Failure To Mitigate Damages Fails ........................... 27

I.    Count 11 For Punitive Damages Fails ............................................. 28

V.    PLAINTIFF HAS NOT ESTABLISHED IRREPARABLE HARM .......... 28

VI.    THE BALANCE OF THE EQUITIES DOES NOT TIP IN THE PLAINTIFF'S FAVOR ............................................................................ 28

VII.    AN INJUNCTION IS NOT IN THE PUBLIC INTEREST ....................... 29

VIII.    IF THE COURT WERE TO GRANT THE EX PARTE APPLICATION THE COURT SHOULD REQUIRE THE PLAINTIFF TO POST A SUBSTANTIAL BOND ............................................................................ 29

IX.    CONCLUSION ...................................................................................... 29

2

BUCHALTER LLP
IRVINE

108028819v1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*569 East County Boulevard LLC v. Backcountry Against The Dump, Inc.*
(2016) 6 Cal.App.5th 426 ..................................................................................27

*Alliance for the Wild Rockies,*
632 F.3d 1138 ...................................................................................................28

*Alliance Mortg. Co. v. Rothwell*
(1995) 10 Cal.4th 1226 ........................................................................ 17, 19, 21

*Atiyeh v. Am. Bus. Bank*
(C.D. Cal. 2025) 2025 U.S. Dist. LEXIS 37838 .............................................23

*Bock v. Hansen*
(2014) 225 Cal.App.4th 215 ............................................................................17

*Byars v. SCME Mortgage Bankers, Inc.*
(2003) 29 Cal.4th 1134 ....................................................................................23

*Cadlo v. Owens-Illinois, Inc.*
(2004) 125 Cal.App.4th 513 ............................................................................17

*Campbell v. Clark*
(1958) 159 Cal.App.2d 439 .............................................................................19

*Candland v. Ins. Co. of N. Am. (In re Candland)*
(9th Cir. 1996) 90 F.3d 1466 .............................................................. 16, 18, 20

*Carvalho v. Equifax Info. Servs., LLC*
(9th Cir. 2010) 629 F.3d 876 ..........................................................................14

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*
(1999) 20 Cal. 4th 163 (1999) .........................................................................22

*Century Sur. Co. v. Crosby Ins., Inc.*
(2004) 124 Cal.App.4th 116 ............................................................................17

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

BUCHALTER LLP
IRVINE

108028819v1

*Committee on Children's Television v. General Foods Corp.*
(1983) 35 Cal. 3d 197 ........................................................................23

*Cortez v. Purolator Air Filtration Products Co.*
(2000) 23 Cal.4th 163 .......................................................................22

*Destfino v. Reiswig,*
630 F.3d 952 (9th Cir. 2011)............................................................14

*Deutsche Bank Nat'l Trust Co. v. Fox*
(M.D. Fla. 2013) 971 F.Supp.2d 1106..............................................23

*Diaz v. United Cal. Bank*
(1977) 71 Cal.App.3d 161...................................................16, 18, 20

*Downey v. Humphreys*
(1951) 102 Cal.App.2d 323................................................................16

*Earth Island Inst. v. Carlton*
(9th Cir. 2010) 626 F.3d 462............................................................12

*Field v. Century 21 Klowden Forness Realty*
(1998) 63 Cal.App.4th 18 ....................................................16, 18, 20

*Fullmer v. JPMorgan Chase Bank, N.A.,*
No. 2:09-cv-01037-JFM, 2010 WL 95206 (E.D. Cal. Jan. 6, 2010) ................26

*Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Trick Driver*s,
415 U.S. 423 (1974).........................................................................12

*Harris v. Bankers Life & Cas. Co.*
(9th Cir. 2015) 425 F.3d 689............................................................14

*Herrera v. Credit Collection Servs. Comercial*
(C.D. Cal. 2024) 2024 U.S. Dist. LEXIS 240295 ............................24

*Hilliard v. A.H. Robins Co.*
(1983) 148 Cal.App.3d 374...............................................................27

*Hintz v. JPMorgan Chase Bank, N.A.,*
686 F.3d 505 (8th Cir. 2012)............................................................26

4

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO
PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A
TEMPORARY RESTRAINING ORDER**

*Hoyem v. Manhattan*
    (1978) 22 Cal.3d 508 ...................................................................................... 15

*Jenkins v. JP Morgan Chase Bank, N.A.*
    (2013) 216 Cal.App.4th 497 ........................................................................... 22

*Jolley v. Chase Home Finance, LLC*
    (2013) 213 Cal.App.4th 872 ........................................................................... 23

*Klistoff v. Sup. Ct.*
    (2007) 157 Cal.App.4th 469 ........................................................................... 21

*Lavie v. Procter & Gamble Co.*
    (2003) 105 Cal. App. 4th 496 ......................................................................... 23

*Lazar v. Sup. Ct.*
    (1996) 12 Cal.4th 631 ............................................................................... 18, 20

*Lueras v. BAC Home Loans Servicing, LP*
    (2013) 221 Cal.App.4th 49 ............................................................................. 15

*Markowitz v. Fidelity Nat. Title Co.*
    (2006) 142 Cal.App.4th 508 ................................................................ 17, 19, 21

*Mazurek v. Armstrong*
    (1997) 520 U.S. 968 ....................................................................................... 12

*Medrano v. Flagstar Bank, FSB,*
    704 F.3d 661 (9th Cir. 2012) .......................................................................... 25

*Mirkin v. Wasserman*
    (1993) 5 Cal.4th 1082 .................................................................................... 22

*Mission Power Eng'g Co. v. Cont'l Cas. Co.,*
    883 F.Supp. 488 (C.D. Cal. 1995) .................................................................. 11

*Moe v. Transamerica Title Ins. Co.*
    (1971) 21 Cal.App.3d 289, 306 ............................................................. 16, 18, 20

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*
    (1999) 526 U.S. 344 ................................................................................. 13, 14

5

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

*O'Donnell v. Bank of America, Nat. Ass'n*
(9th Cir. 2013) 504 Fed. App'x 566 ................................................................24

*Prakashpalan v. Engstrom, Lipscomb & Lack*
(2014) 223 Cal. App. 4th 1105 .......................................................................19

*Price v. Wells Fargo Bank*
(1989) 213 Cal.App.3d 465 ............................................................................16

*Renfroe v. Nationstar Mortg., LLC,*
822 F.3d 1241 (11th Cir. 2016) ....................................................................26

*Roberts v. Ball, Hunt, Brown & Barowitz*
(1976) 57 Cal.App.3d 104 ......................................................................19, 24

*Spaziani v. Miller*
(1963) 215 Cal.App.2d 667 ...............................................................16, 18, 20

*Stanley v. University of So. Calif.*
(9th Cir. 1994) 13 F.3d 1313 ........................................................................12

*Stevenson v. Baum*
(1998) 65 Cal.App.4th 159 ................................................................16, 18, 20

*Textron Financial Corp. v. National Fire Ins. Co. of Pittsburgh*
(2004) 118 Cal.App.4th 1061 .......................................................................22

*Valle De Oro Bank v. Gamboa*
(1994) 26 Cal.App.4th 1686 .........................................................................26

*Valle Del Sol Inc. v. Whiting,*
732 F.3d 1006 (9th Cir. 2013) .......................................................................28

*Weinberger v. Romero-Barcelo*
(1982) 456 U.S. 305 ......................................................................................12

*Wilhelm v. Pray, Price, Williams & Russell*
(1986) 186 Cal.App.3d 1324 .........................................................................17

*Winter v. Natural Resources Defense Council, Inc.*
(2008) 555 U.S. 7...............................................................................12, 13, 27

6

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO
PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A
TEMPORARY RESTRAINING ORDER**

*Wylie v. Gresch*
    (1987) 191 Cal.App.3d 412 ................................................................18

**Statutes**

12 U.S.C. § 2605(i)(3) ................................................................25

12 U.S.C. § 2605(e)(1)(A) ................................................................24, 25

12 U.S.C. § 2605(e)(1)(B) ................................................................25

12 U.S.C. § 2605(e)(2)................................................................24, 25

12 U.S.C. § 2605(f)(1)(A) ................................................................26

28 U.S.C.1446(d) ................................................................15

28 U.S.C § 1331 ................................................................13, 14

28 U.S.C. § 1441 ................................................................15

28 U.S.C § 1441(a) ................................................................13

28 U.S.C. § 1446(b) ................................................................13

28 U.S.C. § 1446(b)(2) ................................................................14, 15

28 U.S.C.§ 1446(b)(2)(A) ................................................................14

28 U.S.C. § 1446(b)(3) ................................................................13, 14, 15

*Business & Professions Code* § 17200 ................................................................22, 23

California Civil Code § 5 ................................................................24

*Civil Code* § 1714.10 ................................................................21

*Civil Code* § 1714.10(b) ................................................................21

Federal Trade Commission Act................................................................24

Real Estate Settlement Procedures Act................................................................14, 24, 25, 26

7

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

BUCHALTER LLP
IRVINE

108028819v1

**Other Authorities**

12 C.F.R. § 1024 ....................................................................................... 14, 24

12 C.F.R. § 1024.35(a) ................................................................................. 24

12 C.F.R. § 1024.36(a) ................................................................................. 24

12 C.F.R. § 1024.41 ................................................................................ 25, 26

12 C.F.R. § 1024.41(b)(1) ............................................................................ 25

Fed. R. Civ. P. 6(a)(2)(A-C) ........................................................................ 14

Fed. R. Civ. P. 65(c) ..................................................................................... 28

5 Witkin, *California Procedure* (5th Ed., 2008) Pleading § 711 ............... 19

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

Buchalter LLP
Irvine

108028819v1

## I.    INTRODUCTION, SUMMARY OF ARGUMENT AND FACTS

### A.    The Application For A Temporary Restraining Order Should Be Denied Due To The Lack Of Admissible Evidence And The Failure To Authenticate Any Document

Plaintiff Audrey B. Little's ("Plaintiff") application for a temporary restraining order lacks merit and admissible evidence and must be denied.  While Plaintiff, in essence, has submitted five (5) declarations in support of her application, not one of those adequately authenticates any document and all of them are subject to evidentiary objections.  This, in and of itself, requires the denial of the application.

### B.    The Application Should Be Denied Because It Seeks Improper Relief

The Plaintiff is requesting that this Court restrain Defendant Oaktree Funding Corp. ("Oaktree"), from requiring that that the Plaintiff and her co-borrower make payments on a loan that the Plaintiff and her co-borrower applied for and Oaktree funded at their request and to avoid any consequences if the Plaintiff and her co-borrower do not make the required payments (negative credit reporting, foreclosure).

In doing so, the Plaintiff asks this Court to ignore the fact that she concealed a $393,000.00 existing loan from Oaktree (which will be defined as the "Resnick Loan" below) when she applied for the subject loan from Oaktree – an undisputed material fact that, if disclosed, would have resulted in Oaktree not funding the requested loan.

Instead, Plaintiff seeks to cast blame on everyone involved in this loan transaction – *except herself who had knowledge of the Resnick Loan before the close of escrow,* for not discovering the Resnick Loan and stopping this transaction from funding and the escrow closing.   This is beyond the pale.

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

BUCHALTER LLP
IRVINE

108028819v1

C.    **The Oaktree Loan & The Concealed Resnick Loan And Resnick Deed Of Trust**

What happened here is that the Plaintiff applied for a loan in the original principal amount of $716,580.00 ("Oaktree Loan") from Oaktree, which Oaktree Loan was to be secured by a second priority lien position Deed of Trust recorded against the real property commonly known as 81439 Merv Griffin Way, La Quinta, California 90064 ("Property"). [Declaration of Robert Teague ("Teague Dec."), ¶¶ 1-4 and 6-7 and **Exhibit 1**]

In doing so, Plaintiff concealed and failed to disclose to Oaktree the existence of an existing loan from non-party Stewart and Lynda Resnick Revocable Trust, dated December 27, 1988, as amended ("Resnick Loan") which was secured by a Deed of Trust ("Resnick Deed of Trust") recorded against the Property.[1] [Teague Dec., ¶ 8 **Exhibit 2**]

D.    **The Uniform Residential Loan Application**

The Uniform Residential Loan Application ("Application") which the Plaintiff submitted to Oaktree before obtaining the Oaktree Loan, was signed by the Plaintiff under the heading:

> "I/We fully understand that it is a federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of federal law (18 U.S.C. §§ 1001 et seq.). [Teague Dec., ¶ 6 and **Exhibit 1**]

E.    **Despite The Representations In The Application, The Plaintiff Concealed And Failed To Disclose An Existing $393,000.00 Loan And Deed Of Trust (Resnick Loan & Resnick Deed of Trust)**

In the Application, the Plaintiff acknowledged and represented that:

---

[1] Plaintiff will dispute that she knew about the existence of the Resnick Deed of Trust, even though she signed it before a notary, but Plaintiff cannot dispute knowing about the existence of the Resnick Loan.

10

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

BUCHALTER LLP
IRVINE

108028819v1

- "The information I have provided in this application is true, accurate and complete as of the date I signed this application."
- "If the information I submitted changes or I have new information before closing of the Loan, I must change and supplement this application, including providing any updated/supplemental real estate sales contract."
- The Lender and Other Loan Participants may rely on the information contained the application for and after closing of the Loan. [Teague Dec., ¶¶ 6-7 and **Exhibit 1**]

Contrary to the above representations, the Plaintiff failed to disclose the existence of the existing Resnick Loan which was secured by the Resnick Deed of Trust. Oaktree did not obtain a copy of the Resnick Deed of Trust until after the Oaktree Loan had already funded. [Teague Dec., ¶¶ 8 and **Exhibit 2**]

**F.    If The Plaintiff Had Disclosed The Existing $393,000.00 Resnick Loan & Resnick Deed Of Trust, Oaktree Would Not Have Funded The Oaktree Loan**

The Plaintiff was required to disclose, and not conceal, the $393,000.00 Resnick Loan in the Application. The Plaintiff's concealment and failure to disclose the $393,000.00 Resnick Loan in the Application was a material misrepresentation of a material fact to Oaktree upon which Oaktree justifiably and detrimentally relied in making the Oaktree Loan. [Teague Dec., ¶ 9]

If the Plaintiff had not concealed and failed to disclose the $393,000.00 Resnick Loan to Oaktree, Oaktree would not have funded the Oaktree Loan. [Teague Dec., ¶ 10]

**G.    The Plaintiff Has Not Submitted A Complete Loss Mitigation Application**

As noted in the exhibits to the Plaintiff's First Amended Complaint, the

11

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

Plaintiff has not submitted a complete loss mitigation application to Oaktree or its servicer. [Teague Dec., ¶ 11]

### H.    While The Escrow Agent Did Breach Its Contractual And Fiduciary Duties, This Does Not Support An Injunction Against Oaktree

Despite clear escrow instructions to the escrow agent Amrock Title California, Inc., which may now be known as a "Rocket" entity ("Escrow Agent"), to only close the Oaktree Loan if Oaktree's Deed of Trust would be recorded in a second priority lien position, the Resnick Deed of Trust was ignored and the Escrow Agent closed the escrow for the Oaktree Loan and recorded a Deed of Trust in favor of Oaktree in a third position on the Property. Oaktree would not have funded the Oaktree Loan had it known of the Resnick Loan or the Resnick Deed of Trust.

Plaintiff now seeks to cast blame on her lender, Oaktree, for the Escrow Agent's breaches of the escrow instructions and her own concealment of the Resnick Loan and the Resnick Deed of Trust. The attempt fails.

Plaintiff's failure to disclose, and to instead conceal, the existence of the Resnick Loan and the Resnick Deed of Trust, and the Escrow Agent's failure to comply with the second lien position escrow instruction, is what proximately caused any damages which Plaintiff may have suffered. Oaktree is a victim of both the Plaintiff and the Escrow Agent.

Therefore, for the reasons stated above and below, the Plaintiff application for a temporary restraining order against Oaktree should be denied.

## II.    PLAINTIFF HAS FAILED TO SATISFY THE STANDARD TO OBTAIN A TEMPORARY RESTRAINING ORDER

### A.    The Plaintiff's Fault Bars Ex Parte Relief

To obtain ex parte relief, "[I]t must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas.*

12

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

*Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995). *The Plaintiff cannot satisfy this burden here.*

This is because it is the Plaintiff's failure to disclose, and to instead conceal, the existence of the Resnick Loan and the Resnick Deed of Trust, and the Escrow Agent's failure to comply with the second lien position escrow instruction, that proximately caused any damages which Plaintiff may have suffered. Oaktree is a victim of both the Plaintiff and the Escrow Agent.

The Plaintiff's fault is self-evident. The Application should be denied.

## A.    Injunctive Relief Is Designed To Preserve The Status Quo And The Status Quo Found The Lenders With The Ability To Foreclose

The general purpose of a temporary restraining order is to preserve the status quo. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Trick Drivers*, 415 U.S. 423, 439 (1974). Here, the status quo found Oaktree with the contractual and constitutional right to enforce its loan contract.

## B.    Factors to be Considered

An injunction is an equitable remedy. "The basis for injunctive relief (preliminary or permanent) in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero-Barcelo*, (1982) 456 U.S. 305, 312; *Stanley v. University of So. Calif.* (9th Cir. 1994) 13 F.3d 1313, 1320. A preliminary injunction "is an extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.* (2008) 555 U.S. 7, 22. A Plaintiff, "face[s] a difficult task in proving that they are entitled to this 'extraordinary remedy.'" *Earth Island Inst. v. Carlton*, (9th Cir. 2010) 626 F.3d 462, 469. The "clear showing" requirement is particularly strong when a party seeks a temporary restraining order. *Mazurek v. Armstrong* (1997) 520 U.S. 968, 972.

A party seeking a preliminary injunction must show: (1) a likelihood of success

13

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

on the merits; (2) a likelihood of irreparable injury without relief; (3) that the balance of hardships favors the plaintiff; and (4) that an injunction serves the public interest. *Winter*, (2008) 555 U.S. at 20.

In addition to the above, a Plaintiff must establish: 1) that he or she is likely to suffer irreparable harm in the absence of preliminary relief; 2) that the balance of equities tips in his or her favor; and 3) that an injunction is in the public interest. *Winter*, 555 U.S. at 20.  Moreover, a plaintiff must show that it is likely to prevail on the merits.  *Id.*

The Plaintiff has not met, and cannot meet, her burden

## III.    <u>OAKTREE'S REMOVAL WAS TIMELY</u>

Removal of this action was timely because Oaktree's 30-day clock to remove under 28 U.S.C. § 1446(b) began when Oaktree was first served with Little's First Amended Complaint ("FAC") on December 31, 2025—the first pleading paper that made the State Court Action removable on the basis of federal question jurisdiction pursuant to 28 U.S.C §§ 1331 and 1441(a)—and Oaktree rightfully removed the action within 30 days of service thereof.  *See*, 28 U.S.C. § 1446(b)(3) (when an amended pleading first makes a case removable, "a notice of removal may be filed within 30 days after receipt" of that amended pleading.)  [Declaration of Jason E. Goldstein ("Goldstein Dec."), ¶ 8 and **<u>Exhibit 1</u>**]

The Supreme Court has made clear that formal service of a pleading which first makes the case removable is the event that triggers the removal clock.  *Murphy Bros. v. Michetti Pipe Stringing, Inc.* (1999) 526 U.S. 344, 347-48 ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").  Consistent with *Murphy*, the Ninth Circuit holds that the 30-day removal period commences upon receipt, via service, of a

14

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

pleading or other paper from which removability is ascertainable. *Harris v. Bankers Life & Cas. Co.*, (9th Cir. 2015) 425 F.3d 689, 694; *Carvalho v. Equifax Info. Servs., LLC*, (9th Cir. 2010) 629 F.3d 876, 885.

Here, Little's original Complaint—filed November 12, 2025—pled only state-law claims and was not removable. [Goldstein Dec., ¶¶ 4-5]  But Little's FAC—filed in the State Court Action on November 18, 2025—added a federal claim for alleged violations of the Real Estate Settlement Procedures Act, 12 C.F.R. § 1024, based on the same underlying transaction and occurrence as her previously pled state-law claims—which, for the first time—made this case removable on federal question grounds.  [Goldstein Decl., ¶¶ 6-7]; 28 U.S.C § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Oaktree first received formal service of the FAC on December 31, 2025, and filed its Notice of Removal on January 29, 2026—the 29th day of its 30 day window to remove under 28 U.S.C. § 1446(b)(3).  [Goldstein Decl., ¶¶ 8-9 and **Exhibit 1**] *See also*, Fed. R. Civ. P. 6(a)(2)(A-C) (exclude the day of service and include the last day of the period when calculating the 30 day period for removal.)  Thus, because the FAC, and not the original complaint, first supplied a federal question, and because Oaktree removed within 30 days of receiving service of that FAC, the removal was timely.  28 U.S.C. § 1446(b)(3); *Murphy Bros.*, 526 U.S. at 347–48; *Harris*, 425 F.3d at 694; *Carvalho*, 629 F.3d at 885.

Oaktree's removal is also not defeated by the "rule of unanimity" enumerated in 28 U.S.C. § 1446(b)(2).  Per § 1446(b)(2)(A), "all defendants who have been ***properly joined and served*** must join in or consent to the removal of the action" (emphasis added).  However, consent or participation from unserved or improperly served defendants is unnecessary. *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011).  Here, the State Court Action's docket reflects that Defendant Rocket

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

Title Insurance Company—the only Defendant other than Oaktree to respond or appear in connection with the State Court Action—was dismissed on January 5, 2026.  [Goldstein Decl., ¶¶ 11-14]

Accordingly, Oaktree's removal complied with the procedural requirements of §§ 1441, 1446(b)(2), 1446(b)(3), 1446(d)—and was timely.  [Goldstein Decl., ¶ 14] Thus, the action was properly removed, and the Plaintiff has no basis in law or fact upon which to claim otherwise.

## IV.  PLAINTIFF IS NOT LIKELY TO SUCCEED ON THE MERITS

Each Count in Plaintiff's FAC fails, for the reasons stated above and below, including the lack of any admissible evidence to support the application and the failure to properly plead the counts in the FAC.

### A.  Count 1 For Negligence Fails

The elements of a cause of action for negligence are:  (1) legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach.  *Hoyem v. Manhattan* (1978) 22 Cal.3d 508, 514.

#### 1.  Oaktree Owed No Duty Of Care To The Plaintiff

It is the law in California that a lender does <u>not</u> owe its borrower a duty of care when it does not exceed its conventional role as a money lender.  As the Court of Appeal held in *Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 63:

> "**Lenders and borrowers operate at arm's length.** (*Oaks Management Corporation v. Superior Court* (2006) 145 Cal.App.4th 453, 466 . . .; *Union Bank v.* Superior *Court* (1995) 31 Cal.App.4th 573, 579 . . . ; *Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 476 . . . , disapproved on other grounds in *Riverisland Cold Storage, Inc. v. Fresno-Madera Production Credit Assn.* (2013) 55 Cal.4th 1169, 1182 . . .) **"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."** (*Nymark v. Heart Fed. Savings & Loan Assn.* (1991) 231 Cal.App.3d 1089, 1096)."  [Emphasis added]

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

BUCHALTER LLP
IRVINE

108028819v1

It has long been regarded as "axiomatic that the relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor." "A debt is not a trust and there is not a fiduciary relation between a debtor and creditor as such." The same principle should apply with even greater clarity to the relationship between a bank and its loan customers. *Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 476, quoting *Morse v. Crocker Nat'l. Bank* (1983) 142 Cal.App.3d 228, 232 and *Downey v. Humphreys* (1951) 102 Cal.App.2d 323, 332.

Here, Oaktree solely acted as a conventional lender of money. Therefore, no duty of care existed and the negligence claim fails as a result.

2. *No Breach & No Damages Proximately Caused By Oaktree*

It was absolutely appropriate for Oaktree to rely on Plaintiff's Application in which she did not disclose the Resnick Loan and Resnick Deed of Trust. See, *Candland v. Ins. Co. of N. Am. (In re Candland)* (9th Cir. 1996) 90 F.3d 1466, 1471.

It was also appropriate for those in the real estate industry to rely on statements from title companies, like Oaktree did here. See, e.g., *Stevenson v. Baum* (1998) 65 Cal.App.4th 159, 163 and *Field v. Century 21 Klowden Forness Realty* (1998) 63 Cal.App.4th 18, 21-22.

It is similarly well established that an escrow agent has a fiduciary duty to communicate its knowledge of material facts to the parties to the escrow. *Diaz v. United Cal. Bank* (1977) 71 Cal.App.3d 161, 169 170; *Moe v. Transamerica Title Ins. Co.* (1971) 21 Cal.App.3d 289, 306 (the duty to disclose includes ". . . any facts which might materially affect . . ." the principal's interest); and *Spaziani v. Miller* (1963) 215 Cal.App.2d 667, 682 ("The obligation of an escrow holder to disclose his principal information acquired by him in the course of his employment must be viewed in the light of the fiduciary relationship existing between them.").

In addition, because an escrow agent is an agent and fiduciary of the parties to the escrow, and Oaktree was a party to the escrow, Oaktree was <u>entitled to rely on its</u>

17

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

fiduciary without investigation. *Markowitz v. Fidelity Nat. Title Co.* (2006) 142 Cal.App.4th 508, 526 and *Alliance Mortg. Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1240.

Plaintiff's failure to disclose, and to instead conceal, the existence of the Resnick Loan and the Resnick Deed of Trust, and the Escrow Agent's failure to comply with the second lien position escrow instruction, is what proximately caused any damages which Plaintiff may have suffered. Oaktree is a victim of both the Plaintiff and the Escrow Agent.

Count 1 fails, as a matter of law, and Plaintiff has not, and cannot, establish a likelihood of success.

**B.    Count 3 For Negligent Misrepresentation Fails**

The elements of a cause of action for negligent misrepresentation are: (1) a false statement of a material fact that the defendant honestly believes to be true, but made without reasonable grounds for such belief; (2) made with the intent to induce reliance; (3) reasonable reliance; and (4) damages. *Century Sur. Co. v. Crosby Ins., Inc.*, (2004) 124 Cal.App.4th 116, 129. Each element in a cause of action for negligent misrepresentation must be factually and specifically alleged. *Cadlo v. Owens-Illinois, Inc.* (2004) 125 Cal.App.4th 513, 519.

Each element in a cause of action for negligent misrepresentation must be factually and specifically alleged. *Cadlo v. Owens-Illinois, Inc.* (2004) 125 Cal.App.4th 513, 519. As discussed in Oaktree's motion to dismiss, this cause of action has not even been properly alleged.

*1.    The Negligent Misrepresentation Cause Of Action Fails Due To Lack Of Duty*

Responsibility for an alleged negligent misrepresentation requires the existence of a duty. *Bock v. Hansen* (2014) 225 Cal.App.4th 215, 229. See also, *Wilhelm v. Pray, Price, Williams & Russell* (1986) 186 Cal.App.3d 1324, 1332

18

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

(holding that the question of duty is relevant in cases where a cause of action for negligent misrepresentation is alleged).  "Whether a legal duty exists in a given case is primarily a question of law."  *Wylie v. Gresch* (1987) 191 Cal.App.3d 412, 416.

Here, there is no duty of care present.

### 2.    *This Count Lacks Specificity, There Was No Misrepresentation By Oaktree And No Damages Proximately Caused By Oaktree*

A plaintiff's burden in asserting a misrepresentation claim against a corporation, as opposed to an individual, is even greater.  *Lazar v. Sup. Ct.,* (1996) 12 Cal.4th 631, 645.  In such a case, the Plaintiff must allege the <u>name of the person</u> who made the allegedly fraudulent representations, <u>their authority to speak</u>, <u>what they said or wrote</u> and <u>when it was said or written</u>.  *Id.*

Here, the specificity is lacking.  There is no misrepresentation by Oaktree and no person at Oaktree is identified as making a misrepresentation.

In addition, it was absolutely appropriate for Oaktree to rely on Plaintiff's Application in which she did not disclose the Resnick Loan and Resnick Deed of Trust.  See, *Candland v. Ins. Co. of N. Am. (In re Candland)* (9th Cir. 1996) 90 F.3d 1466, 1471.

It was also appropriate for those in the real estate industry to rely on statements from title companies, like Oaktree did here.  See, e.g., *Stevenson v. Baum* (1998) 65 Cal.App.4th 159, 163 and *Field v. Century 21 Klowden Forness Realty* (1998) 63 Cal.App.4th 18, 21-22.

It is similarly well established that an escrow agent has a fiduciary duty to communicate its knowledge of material facts to the parties to the escrow.  *Diaz v. United Cal. Bank* (1977) 71 Cal.App.3d 161, 169 170; *Moe*, 21 Cal.App.3d 289, 306 (the duty to disclose includes ". . . any facts which might materially affect . . ." the principal's interest); and *Spaziani v. Miller* (1963) 215 Cal.App.2d 667, 682 ("The obligation of an escrow holder to disclose his principal information acquired by him

19

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

Buchalter LLP
Irvine

108028819v1

in the course of his employment must be viewed in the light of the fiduciary relationship existing between them.").

In addition, because an escrow agent is an agent and fiduciary of the parties to the escrow, and Oaktree was a party to the escrow, Oaktree was <u>entitled to rely on its fiduciary without investigation</u>. *Markowitz v. Fidelity Nat. Title Co*. (2006) 142 Cal.App.4th 508, 526 and *Alliance Mortg. Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1240.

Count 3 fails, as a matter of law, and Plaintiff has not, and cannot, establish a likelihood of success.

## C.    <u>Count 4 For Fraudulent Concealment Fails</u>

"The elements of a claim for fraudulent concealment require the plaintiff to show that: '(1) the defendant . . . concealed or suppressed a material fact, (2) the defendant [was] under a duty to disclose the fact to the plaintiff, (3) the defendant . .. intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff [was] unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as  result of the concealment or suppression of face, the plaintiff must have sustained damage.' (cit. omit.)" *Prakashpalan v. Engstrom, Lipscomb & Lack* (2014) 223 Cal. App. 4th 1105.

Fraud actions have been classed as "disfavored," and are subject to strict requirements of particularity in pleading.  5 Witkin, *California Procedure* (5th Ed., 2008) Pleading § 711, p. 126.  Therefore, each of the elements of a fraud cause of action must be alleged in full, factually and specifically, since general pleadings of legal conclusions are insufficient to state a cause of action.  *Roberts v. Ball, Hunt, Brown & Barowitz* (1976) 57 Cal.App.3d 104, 109.  Fraud must be pleaded in specific language descriptive of the acts which are relied upon to constitute fraud, and it is not sufficient to allege the elements in general terms or in terms which amount to mere conclusions.  *Campbell v. Clark* (1958) 159 Cal.App.2d 439.

20

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

In addition, as stated above, a plaintiff's burden in asserting a misrepresentation claim against a corporation, as opposed to an individual, is even greater. *Lazar v. Sup. Ct.,* (1996) 12 Cal.4th 631, 645. In such a case, the Plaintiff must allege the <u>name of the person</u> who made the allegedly fraudulent representations, <u>their authority to speak</u>, <u>what they said or wrote</u> and <u>when it was said or written</u>. *Id.* As discussed in Oaktree's motion to dismiss, this cause of action has not even been properly alleged.

> 1. *There Was No Concealment By Oaktree And No Damages Proximately Caused By Oaktree*

Here, there is no concealment by Oaktree and no person at Oaktree is identified as making a misrepresentation or concealing anything.

Simply put, it was absolutely appropriate for Oaktree to rely on Plaintiff's Application in which she did not disclose the Resnick Loan and Resnick Deed of Trust. See, *Candland v. Ins. Co. of N. Am. (In re Candland)* (9th Cir. 1996) 90 F.3d 1466, 1471.

It was also appropriate for those in the real estate industry to rely on statements from title companies, like Oaktree did here. See, e.g., *Stevenson v. Baum* (1998) 65 Cal.App.4th 159, 163 and *Field v. Century 21 Klowden Forness Realty* (1998) 63 Cal.App.4th 18, 21-22.

It is similarly well established that an escrow agent has a fiduciary duty to communicate its knowledge of material facts to the parties to the escrow. *Diaz v. United Cal. Bank* (1977) 71 Cal.App.3d 161, 169 170; *Moe*, 21 Cal.App.3d 289, 306 (the duty to disclose includes ". . . any facts which might materially affect . . ." the principal's interest); and *Spaziani v. Miller* (1963) 215 Cal.App.2d 667, 682 ("The obligation of an escrow holder to disclose his principal information acquired by him in the course of his employment must be viewed in the light of the fiduciary relationship existing between them.").

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

BUCHALTER LLP
IRVINE

108028819v1

In addition, because an escrow agent is an agent and fiduciary of the parties to the escrow, and Oaktree was a party to the escrow, Oaktree was <u>entitled to rely on its fiduciary without investigation</u>. *Markowitz v. Fidelity Nat. Title Co*. (2006) 142 Cal.App.4th 508, 526 and *Alliance Mortg. Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1240.

Plaintiff's failure to disclose, and to instead conceal, the existence of the Resnick Loan and the Resnick Deed of Trust, and the Escrow Agent's failure to comply with the second lien position escrow instruction, is what proximately caused any damages which Plaintiff may have suffered. Oaktree is a victim of both the Plaintiff and the Escrow Agent.

Count 4 fails, as a matter of law, and Plaintiff has not, and cannot, establish a likelihood of success.

### D.    Count 5 For Civil Conspiracy Fails

There is no cause of action for civil conspiracy. Instead, it is a legal doctrine that imposes liability on persons who did not commit the tort, but participated in its plan or design. *Klistoff v. Sup. Ct.* (2007) 157 Cal.App.4th 469, 479.

In addition, the purported civil conspiracy alleged here purportedly involves the attorneys for Oaktree and a Rocket entity. To the extent this Court determines that *Civil Code* § 1714.10 is a substantive rule of law, then Plaintiff also failed to satisfy certain procedural requirements before filing a claim alleging a civil conspiracy between an attorney and its client before this action was filed. This has <u>not</u> been done here and this cause of action fails as a result. See, *Civil Code* § 1714.10(b)("Failure to obtain a court order where required by subdivision (a) shall be a defense to any action for civil conspiracy filed in violation thereof. The defense shall be raised by the attorney charged with civil conspiracy upon that attorney's first appearance by demurrer. . .")

Count 5 fails, as a matter of law, and Plaintiff has not, and cannot, establish a

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

1    likelihood of success.

2    **E.    Count 7 For Unfair Business Practices Fails**

3    *Business & Professions Code* § 17200 ("Section 17200") provides civil

4    remedies for unfair competition, which it defines as "any unlawful, unfair or

5    fraudulent business act or practice."   Section 17200 was designed to protect

6    consumers and competitors from unfair business practices. *Cel-Tech*

7    *Communications, Inc. v. Los Angeles Cellular Tel. Co.* (1999) 20 Cal. 4th 163, 180

8    (1999).  The statute "is not an all-purpose substitute for a tort or contract action."

9    *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 173.  As will

10   be discussed below, this purported claim for relief fails as a matter of law.

11   Here, the Plaintiff bases her Section 17200 claims on the prior counts discussed

12   above.  This is improper because common law claims and principles cannot serve as

13   a basis for a violation of the "unlawful" prong of Section 17200 claim.  *See Textron*

14   *Financial Corp. v. National Fire Ins. Co. of Pittsburgh* (2004) 118 Cal.App.4th

15   1061, 1072 (common law claim for fraud could not serve as the "unlawful" act

16   supporting a claim under Section 17200).  Even "[p]rovisions of the Civil Code that

17   are substantially the same as the common law, such as the provisions that codify

18   common law torts, 'must be construed as continuations thereof, and not as new

19   enactments.'" *Mirkin v. Wasserman* (1993) 5 Cal.4th 1082, 1091 (citing California

20   Civil Code Section 5 and specifically applying holding to claim for deceit).

21   For these reasons, the Plaintiff's Section 17200.

22   *1.    Oaktree Has Not Done Anything Unlawful*

23   The "unlawful" prong borrows violations of other laws and treats them as

24   unlawful practices that Section 17200 makes independently actionable. *Jenkins v.*

25   *JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 520.  Nothing unlawful

26   has been established or alleged.

27   *2.    Oaktree Has Not Done Anything Unfair*

28
                                             23

BUCHALTER LLP
IRVINE

108028819v1

The "unfair" prong of a Section 17200 claim requires an allegation that Bank's conduct threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition. *Byars v. SCME Mortgage bankers, Inc.* (2003) 29 Cal.4th 1134. This, the Plaintiff has not done and cannot do here.

### 3.    *Oaktree Has Not Done Anything Fraudulent*

The "fraudulent" prong deals with "any act or practice likely to deceive the public, even if no one is actually deceived." *Jolley v. Chase Home Finance, LLC* (2013) 213 Cal.App.4th 872, 907. See, also *Committee on Children's Television v. General Foods Corp.* (1983) 35 Cal. 3d 197, 211 (holding that the test of whether a practice is "fraudulent" under Section 17200 is whether "…members of the public are likely to be deceived")

This standard "…implies more than a mere possibility that the [practice] might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the phrase indicates that the [practice] is such that it is probable that a significant portion of the general consuming public or targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie v. Procter & Gamble Co.* (2003) 105 Cal. App. 4th 496, 500, 508.

There is nothing "fraudulent," as that term is used in Section 17200, that has been established or alleged here.

Count 7 fails, as a matter of law, and Plaintiff has not, and cannot, establish a likelihood of success.

### F.    Count 8 For UDAAP Violations Fails

Plaintiff's claim for "UDAAP Violations" fails because there is no private right of action for UDAAP violations. *See, Atiyeh v. Am. Bus. Bank* (C.D. Cal. 2025) 2025 U.S. Dist. LEXIS 37838, * 6, citing to *Deutsche Bank Nat'l Trust Co. v. Fox*

24

BUCHALTER LLP
IRVINE

108028819v1

(M.D. Fla. 2013) 971 F.Supp.2d 1106, 1120 ("the administration of the Federal Trade Commission Act, including UDAAP, 'is in the hands of the administrative agency and not the private citizen." *Robert*s, 556 F.2d at 361 n. 6. Consequently, Foxx does not have a private action under UDAAP, and Count XV is DISMISSED with prejudice."), *Herrera v. Credit Collection Servs. Comercial* (C.D. Cal. 2024) 2024 U.S. Dist. LEXIS 240295, * 2 ("[T]he Court examined whether Plaintiff sufficiently alleged claims for relief. With respect to the FTC Act violations, the Court determined that Plaintiff cannot bring a § 5 claim because the Ninth Circuit has held that § 5 does not provide a private right of action") and *O'Donnell v. Bank of America, Nat. Ass'n*, (9th Cir. 2013) 504 Fed. App'x 566, 568.

Count 8 fails, as a matter of law, and Plaintiff has not, and cannot, establish a likelihood of success.

### G.    Count 9 For CFPB Regulation X (12 C.F.R. § 1024) Fails

12 C.F.R. Section 1024 is known as Regulation X and was issued by the Bureau of Consumer Financial Protection to implement the Real Estate Settlement Procedures Act ("RESPA").

Here, Plaintiff has submitted no facts to support this purported count.  This requires the granting of this motion in and of itself.  In any event, this count fails in its own right.

#### 1.    *Plaintiff Has Not Established That She Sent A Proper Qualified Written Request Or Request For Information*

Plaintiff has not established that she submitted, properly or not, a Qualified Written Request ("QWR") or Request for Information ("RFI") to Oaktree.

As an initial matter, a QWR under RESPA, 12 C.F.R. §§1024.35(a), 1024.36(a) imposes two preconditions that a borrower must satisfy to trigger a response duty. First, the borrower must show that he or she submitted a qualifying QWR regarding the servicing of a federally related mortgage loan. See 12 U.S.C.

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

§ 2605(e)(1)(A), (e)(2). RESPA defines a QWR as a written correspondence that "includes … the name and account of the borrower and includes a statement of the reasons for the belief of the borrower … that the account is in error or provides sufficient detail regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). Second, if a borrower submits a qualifying QWR to a loan servicer, the borrower's letter must also request or challenge "information relating to the servicing of such loan." 12 U.S.C. § 2605(e)(1)(A), (e)(2). Servicing encompasses "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts ..., and making the payments of principal and interest and such other payments." 12 U.S.C. § 2605(i)(3). As defined, servicing excludes "the transactions and circumstances surrounding a loan's origination—facts that would be relevant to a challenge to the validity of an underlying debt or the terms of a loan agreement." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666-67 (9th Cir. 2012).

Documents regarding a claim by Oaktree to its title insurer which was denied is not a document that RESPA requires be produced to a borrower pursuant to a QWR or a RFI. Allegedly failing to appeal a title insurer's denial of a claim is also something that is not covered by RESPA.

### 2. *Plaintiff Has Not Established Or Pled That She Properly Submitted A Loss Mitigation Application*

12 C.F.R. section 1024.41 enacts loss mitigation procedures under RESPA. The first step is the receipt of a complete loss mitigation application. 12 C.F.R. section 1024.41(b)(1). Plaintiff has not established or alleged that she submitted a complete loss mitigation application. In fact, the exhibits to the FAC are replete with documents from Oaktree informing the Plaintiff that her loss mitigation application was incomplete. Further, Robert Teague of Oaktree has declared that the Plaintiff never submitted a completed loss mitigation application. [Teague Dec., ¶ 11]

26

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

Second, nothing in 12 C.F.R. section 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option.

### 3. Plaintiff Has Not Established Or Pled Damages Caused By An Alleged RESPA Violation

Lastly, in order to establish a violation of RESPA, Plaintiff must plead and prove "facts showing how the plaintiff suffered actual harm due to defendants' failure to respond to a qualified written request." *See* 12 U.S.C. § 2605(f)(1)(A); *Fullmer v. JPMorgan Chase Bank, N.A.*, No. 2:09-cv-01037-JFM, 2010 WL 95206, at *6 (E.D. Cal. Jan. 6, 2010); *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1246 (11th Cir. 2016) (explaining "there must be a 'causal link' between the alleged [RESPA] violation and the damages" [quoting *Turner v. Beneficial Corp.*, 242 F.3d 1023, 1028 (11th Cir. 2001) ]); cf. *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 511 (8th Cir. 2012). Plaintiff has failed to plead or prove that she sustained any actual damages resulting from any alleged violation of RESPA by Oaktree.

Simply put, Plaintiff's failure to disclose, and to instead conceal, the existence of the Resnick Loan and the Resnick Deed of Trust, and the Escrow Agent's failure to comply with the second lien position escrow instruction, is what proximately caused any damages which Plaintiff may have suffered. Oaktree is a victim of both the Plaintiff and the Escrow Agent.

Count 9 fails, as a matter of law, and Plaintiff has not, and cannot, establish a likelihood of success.

### H. Count 10 For Failure To Mitigate Damages Fails

It was held in *Valle De Oro Bank v. Gamboa* (1994) 26 Cal.App.4th 1686, 1691, that:

> "The doctrine of mitigation of damages holds that "[a] plaintiff who suffers damage as a result of either a breach of contract or a tort has a duty to take reasonable steps to mitigate those damages and will not be able to recover for any losses which could have been thus avoided. (cits. omit.)"

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

BUCHALTER LLP
IRVINE

108028819v1

The alleged failure to mitigate damages is an affirmative defense raised by a defendant to claims by a Plaintiff.  It is not a cause of action.

Count 10 fails, as a matter of law, and Plaintiff has not, and cannot, establish a likelihood of success.

### I.   <u>Count 11 For Punitive Damages Fails</u>

Punitive damages is a remedy, not a cause of action.  See, *569 East County Boulevard LLC v. Backcountry Against The Dump, Inc.* (2016) 6 Cal.App.5th 426, 429, fn. 3 and *Hilliard v. A.H. Robins Co.* (1983) 148 Cal.App.3d 374, 391.

Count 11 fails, as a matter of law, and Plaintiff has not, and cannot, establish a likelihood of success.

### V.   <u>PLAINTIFF HAS NOT ESTABLISHED IRREPARABLE HARM</u>

To be entitled to preliminary relief, a plaintiff must also establish that it will likely suffer irreparable harm if the defendant's actions are not enjoined. *Winter,* supra, 555 U.S. 7 at 22.  Plaintiff has not done so here.  Oaktree's ability to collect on its loan obligation does not create irreparable harm.

### VI.   <u>THE BALANCE OF THE EQUITIES DOES NOT TIP IN THE PLAINTIFF'S FAVOR</u>

Before issuing a preliminary injunction, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Nat. Res. Def. Council, Inc.*, (2008) 555 U.S. at 24.  The equities favor Oaktree, not the Plaintiff.

This is because it was the Plaintiff's failure to disclose, and to instead conceal, the existence of the Resnick Loan and the Resnick Deed of Trust, and the Escrow Agent's failure to comply with the second lien position escrow instruction, that proximately caused any damages which Plaintiff may have suffered.  Oaktree is a victim of both the Plaintiff and the Escrow Agent.

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

BUCHALTER LLP
IRVINE

108028819v1

## VII.  AN INJUNCTION IS NOT IN THE PUBLIC INTEREST

The public interest analysis considers "whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Alliance for the Wild Rockies*, 632 F.3d at 1138. "'[I]t is clear that it would not be equitable or in the public's interest to allow the state . . . to violate the requirements of federal law, especially when there are no adequate remedies available." *Valle Del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013).  The public interest favors Oaktree, not the Plaintiff.

This is because it was the Plaintiff's failure to disclose, and to instead conceal, the existence of the Resnick Loan and the Resnick Deed of Trust, and the Escrow Agent's failure to comply with the second lien position escrow instruction, that proximately caused any damages which Plaintiff may have suffered.  Oaktree is a victim of both the Plaintiff and the Escrow Agent.

## VIII.  IF THE COURT WERE TO GRANT THE EX PARTE APPLICATION THE COURT SHOULD REQUIRE THE PLAINTIFF TO POST A SUBSTANTIAL BOND

When a motion for preliminary injunction is granted, the plaintiff is required to post security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  It is common for lender liability litigation to exceed $100,000.00 and the Plaintiff should be required to post a bond which exceeds $100,000.00 if this Court were inclined to grant this application which, for the reasons discussed above, this Court should not do.

## IX.  CONCLUSION

Plaintiff's application should be denied. Plaintiff has not submitted any admissible evidence and cannot establish any cause of action.  Simply put, but for the Plaintiff's failure to disclose, and to instead conceal, the existence of the Resnick

29

BUCHALTER LLP
IRVINE

108028819v1

Loan and the Resnick Deed of Trust, and the Escrow Agent's failure to comply with the second lien position escrow instruction, this action would not have been filed and the Oaktree Loan would not have been funded. Oaktree is a victim of both the Plaintiff and the Escrow Agent and should not be subject to a temporary restraining order.

DATED:  February 9, 2026          BUCHALTER LLP


By:  */s/ Jason E. Goldstein*
JASON E. GOLDSTEIN
RICHARD HOVSEPYAN
Attorneys for Defendant
OAKTREE FUNDING CORPORATION

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

BUCHALTER LLP
IRVINE

108028819v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

31

**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO
PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A
TEMPORARY RESTRAINING ORDER**

BUCHALTER LLP
IRVINE

108028819v1