BUCHALTER LLP
JASON E. GOLDSTEIN (SBN: 207481)
RICHARD HOVSEPYAN (SBN: 365788)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email:jgoldstein@buchalter.com
        rhovsepyan@buchalter.com

Attorneys for Defendant
OAKTREE FUNDING CORP

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY B. LITTLE,<br><br>                Plaintiff,<br><br>        vs.<br><br>OAKTREE FUNDING<br>CORPORATION; ROCKET CLOSE,<br>LLC; ROCKET COMPANIES, INC.; and<br>DOES 1 through 50, inclusive,<br><br>                Defendants. | CASE NO.: 5:26-cv-00402 MEMF (MBKx)<br><br>**DECLARATION OF ROBERT TEAGUE IN SUPPORT OF DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>[Opposition, Declaration of Jason E. Goldstein, Evidentiary Objections and (Proposed) Order filed concurrently herewith] |

## <u>DECLARATION OF ROBERT TEAGUE</u>

I, Robert Teague, declare:

1.    I am Robert Teague of Oaktree Funding Corporation ("Oaktree"), a Defendant in this action.

2.    I make this declaration on my personal knowledge. If called as a witness, I could and would competently testify to the facts set forth herein.

1

**DECLARATION OF ROBERT TEAGUE IN SUPPORT OF DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

3.      I am a custodian of the books, records, files and ledgers of Oaktree as it pertains to Oaktree's loan in the original principal amount of $716,580.00 ("Oaktree Loan") to Audrey B. Little ("Ms. Little") and Jacob Little ("Mr. Little")(sometimes jointly termed, "Borrower") which was supposed to be secured by a second priority lien position Deed of Trust recorded against real property commonly known as 81439 Merv Griffin Way, La Quinta, California 92253 ("Property").

4.      The writings contained in the books, records, files and accounting ledgers of Oaktree relating to the Borrowers are made at or near the time of the act, condition or event to which the same relate and such records are maintained in the regular and ordinary course of the business of Oaktree.  In the regular and ordinary course of their business, Oaktree maintains written records related to its loans and the Deeds of Trust securing their loans.  This information is maintained by and retrieved from computers which are used for this purpose.

5.      Prior to making this declaration, I have reviewed the files of Oaktree as it relates to the Borrowers and the Oaktree Loan and am extremely familiar with this account.  Any such record or document as is referred to herein was prepared or maintained in the ordinary course of the business of Oaktree by persons engaged by Oaktree who had personal knowledge of the event being recorded and who had a business duty to so record such event.

**The Loan**

6.      On or about May 6, 2025, Ms. Little submitted a Uniform Residential Loan Application ("Application") to Oaktree, which she signed under the heading, "I/We fully understand that it is a federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of federal law (18 U.S.C. §§ 1001 et seq.), a true

2

**DECLARATION OF ROBERT TEAGUE IN SUPPORT OF DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

and correct partially redacted copy of the Application is attached hereto marked as **Exhibit 1.**

### The Uniform Residential Loan Application

7.    In the Application, Ms. Little acknowledged and represented that,"

- "The information I have provided in this application is true, accurate and complete as of the date I signed this application."

- "If the information I submitted changes or I have new information before closing of the Loan, I must change and supplement this application, including providing any updated/supplemental real estate sales contract."

- The Lender and Other Loan Participants may rely on the information contained the application for and after closing of the Loan.

### Despite The Representations In The Application, Ms. Little Concealed And Failed To Disclose an Existing $393,000.00 Loan

8.     Contrary to the above representations, Ms. Little failed to disclose the existence of an existing loan to her from Stewart and Lynda Resnick Revocable Trust in the original principal amount of $393,000.00 ("Resnick Loan") which was secured by a Deed of Trust ("Resnick Deed of Trust"), a true and correct recorded copy of which Oaktree obtained after the Oaktree Loan had already funded and is attached hereto marked as **Exhibit 2**.

### If Ms. Little Had Disclosed The Existing $393,000.00 Resnick Loan, Oaktree Would Not Have Funded The Oaktree Loan

9.     Ms. Little was required to disclose, and not conceal, the $393,000.00 Resnick Loan in the Application.  Ms. Little's concealment and failure to disclose the $393,000.00 Resnick Loan in the Application was a material misrepresentation

3

**DECLARATION OF ROBERT TEAGUE IN SUPPORT OF DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

1  of a material fact to Oaktree upon which Oaktree justifiably and detrimentally relied

2  in making the Oaktree Loan.

3       10.    If Ms. Little had not concealed and failed to disclose the $393,000.00

4  Resnick Loan to Oaktree, Oaktree would not have funded the Oaktree Loan.

5  **Ms. Little Has Not Submitted A Complete Loss Mitigation Application To**

6  **Oaktree Or Its Servicer**

7       11.    As noted in the exhibits to Ms. Little's First Amended Complaint,

8  Ms. Little has not submitted a complete loss mitigation application to Oaktree or its

9  servicer.

10      I declare under penalty of perjury under the laws of the United States of

11  America that the foregoing is true and correct that it was executed on February 9,

12  2026, at Chandler, Arizona.

13

14  Signed: _____
           Robert R. Teague

15             Oaktree Funding Corp.

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**DECLARATION OF ROBERT TEAGUE IN SUPPORT OF DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

# EXHIBIT 1

*To be completed by the Lender:*    OAKTREE FUNDING CORP

Lender Loan No./Universal Loan Identifier 22025050036 / 549300KX4S1573HISS222202505003633    Agency Case No. _____

# Uniform Residential Loan Application

**Verify and complete the information on this application.** If you are applying for this loan with others, each additional Borrower must provide information as directed by your Lender.

## Section 1: Borrower Information. This section asks about your personal information and your income from employment and other sources, such as retirement, that you want considered to qualify for this loan.

### 1a. Personal Information

**Name** *(First, Middle, Last, Suffix)*
AUDREY LITTLE
**Alternate Names** - List any names by which you are known or any names
under which credit was previously received *(First, Middle, Last, Suffix)*

**Social Security Number** _____
*(or Individual Taxpayer Identification Number)*
**Date of Birth**                    **Citizenship**
*(mm/dd/yyyy)*                       ⊗ U.S. Citizen
                                     O Permanent Resident Alien
                                     O Non-Permanent Resident Alien

**Type of Credit**
O I am applying for **individual credit.**
⊗ I am applying for **joint credit.** Total Number of Borrowers: _2_
Each Borrower intends to apply for joint credit. *Your initials:* _AL_

**List Name(s) of Other Borrower(s) Applying for this Loan**
*(First, Middle, Last, Suffix)*
JACOB LITTLE

**Marital Status**          **Dependents** *(not listed by another Borrower)*
O Married                   Number _0_
O Separated                 Ages _____
⊗ Unmarried*
* *Single, Divorced, Widowed, Civil Union, Domestic Partnership,*
*Registered Reciprocal Beneficiary Relationship*

**Contact Information**
**Home** Phone _
**Cell** Phone _
**Work** Phone _____    Ext. _____
**Email** audrey.little@gmail.com

**Current Address**
Street  81439 MERV GRIFFIN WAY                                    Unit # _____
City  LA QUINTA              State CA   Zip 92253   Country US
How Long at Current Address? _3_ Years _6_ Months Housing O No primary housing expense ⊗ Own O Rent ($_____ /month)

**If at Current Address for LESS than 2 years, list Former Address**    [X] *Does not apply*
Street _____                                       Unit # _____
City _____ State _____ Zip _____ Country _____
How Long at Former Address? _____ Years _____ Months Housing O No primary housing expense O Own O Rent ($_____ /month)

**Mailing Address** - *if different from Current Address*    [X] *Does not apply*
Street _____                                       Unit # _____
City _____ State _____ Zip _____ Country _____

### 1b. Current Employment/Self Employment and Income    [X] *Does not apply*

### 1c. IF APPLICABLE, Complete Information for Additional Employment/Self Employment and Income    [X] *Does not apply*

### 1d. IF APPLICABLE, Complete Information for Previous Employment/Self Employment and Income    [X] *Does not apply*

---

**Borrower Name:** AUDREY LITTLE

Uniform Residential Loan Application
Freddie Mac Form 65 Fannie Mae Form 1003
Effective Date 01/2021

Page 1 of 9

✤ DocMagic



**1e. Income from Other Sources**

☐ *Does not apply*

Include income from other sources below.   Under Income Source, choose from the sources listed here:

| | | | |
|---|---|---|---|
| * Alimony | * Child Support | * Interest and Dividends | * Notes Receivable | * Royalty Payments | * Unemployment Benefits |
| * Automobile Allowance | * Disability | * Mortgage Credit Certificate | * Public Assistance | * Separate Maintenance | * VA Compensation |
| * Boarder Income | * Foster Care | * Mortgage Differential | * Retirement | * Social Security | * Other |
| * Capital Gains | * Housing or Parsonage | Payments | *(e.g., Pension IRA)* | * Trust | |

NOTE: *Reveal alimony, child support, separate maintenance, or other income ONLY IF you want it considered in determining your qualification for this loan.*

| Income Source - *use list above* | Monthly Income |
|---|---|
| Social Security | $ |
| Retirement | $ |
| Provide TOTAL Amount Here | $ |

## Section 2: Financial Information - Assets and Liabilities. This section asks about things you own that are worth money and that you want considered to qualify for this loan. It then asks about your liabilities (or debts) that you pay each month, such as credit cards, alimony, or other expenses.

**2a. Assets - Bank Accounts, Retirement, and Other Accounts You Have**

Include all accounts below.   Under Account Type, choose from the types listed here:

| | | |
|---|---|---|
| * Checking | * Certificate of Deposit | * Stock Options | * Bridge Loan Proceeds | * Trust Account |
| * Savings | * Mutual Fund | * Bonds | * Individual Development Account | * Cash Value of Life Insurance |
| * Money Market | * Stocks | * Retirement *(e.g., 401k, IRA)* | | *(used for the transaction)* |

| Account Type - *use list above* | Financial Institution | Account Number | Cash or Market Value |
|---|---|---|---|
| | | | $ |
| | | Provide TOTAL Amount Here | $ |

**2b. Other Assets You Have**

☒ *Does not apply*

Include all other assets and credits below.   Under Asset or Credit Type, choose from the types listed here:

*Assets*                                                          *Credits*

| | | | |
|---|---|---|---|
| * Proceeds from Real Estate | * Proceeds from Sale of Non-Real | * Unsecured Borrowed Funds | * Earnest Money | * Relocation Funds | * Sweat Equity |
| Property to be sold on or before | Estate Asset | * Other | * Employer Assistance | * Rent Credit | * Trade Equity |
| closing | * Secured Borrowed Funds | | * Lot Equity | | |

**2c. Liabilities - Credit Cards, Other Debits, and Leases that You Owe**

☐ *Does not apply*

List all liabilities below (except real estate) and include deferred payments.   Under Account Type, choose from the types listed here:

* Revolving *(e.g., credit cards)*    * Installment *(e.g., car, student, personal loans)*    * Open 30-Day *(balance paid monthly)*    * Lease (not real estate)    * Other

| Account Type - *use list above* | Company Name | Account Number | Unpaid Balance *To be paid off at or before closing* | | Monthly Payment |
|---|---|---|---|---|---|
| Installment | BMW FIN SVC | | $ | ☐ | $ |
| Installment | KINECTA FCU | | $ | ☐ | $ |
| Revolving | JPMCB CARD | | $ | ☐ | $ |
| Revolving | GS BANK | | $ | ☐ | $ |
| Open 30-Day | AMEX | | $ | ☐ | $ |
| Installment | AQUA FINANCE | | $ | ☐ | $ |
| Revolving | WFBNA CARD | | $ | ☐ | $ |
| Revolving | CITY NATIONAL BANK | | $ | ☐ | $ |
| Installment | SHEFFIELD | | $ | ☐ | $ |
| Revolving | CITI | | $ | ☐ | $ |
| Revolving | SYNCB/AMAZON | | $ | ☐ | $ |
| Revolving | BLOOM/CBNA | | $ | ☐ | $ |
| Revolving | AMEX | | $ | ☐ | $ |
| Revolving | CAPITAL ONE | | $ | ☐ | $ |

Borrower Name: AUDREY LITTLE





| Account Type -use list above | Company Name | Account Number | Unpaid Balance To be paid off at or before closing | Monthly Payment |
|---|---|---|---|---|
| Revolving | BBY/CBNA | | | |

### 2d. Other Liabilities and Expenses  [X] Does not apply

| Include all other liabilities and expenses below.  Choose from the types listed here: <br> * Alimony* Child Support * Separate Maintenance * Job Related Expenses * Other | Monthly Payment |
|---|---|

## Section 3: Financial Information - Real Estate. This section asks you to list all properties you currently own and what you owe on them.  [X] I do not own any real estate

### 3a. Property You Own             If you are refinancing, list the property you are refinancing FIRST.

### 3b. IF APPLICABLE, Complete Information for Additional Property    [X] Does not apply

## Section 4: Loan and Property Information. This section asks about the loan's purpose and the property you want to purchase or refinance.

### 4a. Loan and Property Information

Loan Amount $ __550,000.00__     Loan Purpose  ○ Purchase  ⊙ Refinance  ○ Other _____

Property Address     Street __81439 MERV GRIFFIN WAY__

Unit # _____ City __LA QUINTA__                    State __CA__         Zip __92253__

County __RIVERSIDE__           Number of Units __1__     Property Value $ __2,570,000.00__

Occupancy ⊗ Primary Residence  ○ Second Home  ○ Investment Property

**1. Mixed-Use Property.** If you will occupy the property, will you set aside space within the property to operate your own business? (e.g., daycare facility, medical office, beauty/barber shop)     ⊗ NO  ○ YES

**2. Manufactured Home.** Is the property a manufactured home? (e.g., a factory built dwelling built on a permanent chassis)   ⊗ NO  ○ YES

### 4b. Other New Mortgage Loans on the Property You are Buying or Refinancing    [X] Does not apply

### 4c. Rental Income on the Property You Want to Purchase    For Purchase Only    [X] Does not apply

### 4d. Gifts or Grants You Have Been Given or Will Receive for this Loan    [X] Does not apply

Include all gifts and grants below.  Under Source, choose from the sources listed here:
* Community Nonprofit     * Federal Agency      * Relative            * State Agency        * Lender
* Employer                * Local Agency        * Religious Nonprofit * Unmarried Partner   * Other

---

**Borrower Name:** AUDREY LITTLE



☆DocMagic

**Section 5: Declarations.** This section asks you specific questions about the property, your funding, and your past financial history.

### 5a. About this Property and Your Money for this Loan

| | | |
|---|---|---|
| **A.** | Will you occupy the property as your primary residence? | ○ NO ⊗ YES |
| | If YES, have you had an ownership interest in another property in the last three years? | ○ NO ○ YES |
| | If YES, complete (1) and (2) below: | |
| | (1)  What type of property did you own: primary residence (PR), FHA secondary residence (SR), second home (SH), or investment property (IP)? | _____ |
| | (2)  How did you hold title to the property: by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | _____ |
| **B.** | If this is a Purchase Transaction: Do you have a family relationship or business affiliation with the seller of the property? | ○ NO ○ YES |
| **C.** | Are you borrowing  any money for this real estate transaction *(e.g., money for your closing costs or down payment)* or obtaining any money from another party, such as the seller or realtor, that you have not disclosed on this loan application? | ⊗ NO ○ YES |
| | If YES, what is the amount of this money? | $ _____ |
| **D.** | 1.  Have you or will you be applying for a mortgage loan on another property (not the property securing this loan) on or before closing this transaction that is not disclosed on this loan application? | ⊗ NO ○ YES |
| | 2.  Have you or will you be applying for any new credit *(e.g., installment loan, credit card, etc.)* on or before closing this loan that is not disclosed on this application? | ⊗ NO ○ YES |
| **E.** | Will this property  be subject to a lien that could take priority over the first mortgage lien, such as a clean energy lien paid through your property taxes *(e.g., the Property Assessed Clean Energy Program)*? | ⊗ NO ○ YES |

### 5b. About Your Finances

| | | |
|---|---|---|
| **F.** | Are you a co-signer or guarantor on any debt or loan that is not disclosed on this application? | ⊗ NO ○ YES |
| **G.** | Are there any outstanding judgments against you? | ⊗ NO ○ YES |
| **H.** | Are you currently delinquent or in default on a Federal debt? | ⊗ NO ○ YES |
| **I.** | Are you a party to a lawsuit in which you potentially have any personal financial liability? | ⊗ NO ○ YES |
| **J.** | Have you conveyed title to any property in lieu of foreclosure in the past 7 years? | ⊗ NO ○ YES |
| **K.** | Within the past 7 years, have you completed a pre-foreclosure sale or short sale, whereby the property was sold to a third party and the Lender agreed to accept less than the outstanding mortgage balance due? | ⊗ NO ○ YES |
| **L.** | Have you had property foreclosed upon in the last 7 years? | ⊗ NO ○ YES |
| **M.** | Have you declared bankruptcy within the past 7 years? | ⊗ NO ○ YES |
| | If YES, identify the type(s) of bankruptcy:  ☐ Chapter7   ☐ Chapter 11   ☐ Chapter 12   ☐ Chapter 13 | |

**Borrower Name:** AUDREY LITTLE

Uniform Residential Loan Application
Freddie Mac Form 65 Fannie Mae Form 1003
Effective Date 01/2021

Page 4 of 9

✩ DocMagic



## Section 6: Acknowledgments and Agreements. This section tells you about your legal obligations when you sign this application.

**Acknowledgments and Agreements**

**Definitions:**
- "Lender" includes the Lender's agents, service providers, and any of their successors and assigns.
- "Other Loan Participants" includes (i) any actual or potential owners of a loan resulting from this application (the "Loan"), (ii) acquirers of any beneficial or other interest in the Loan, (iii) any mortgage insurer, (iv) any guarantor, (v) any servicer of the Loan, and (vi) any of these parties' service providers, successors or assigns.

**I agree to, acknowledge, and represent the following:**
**(1) The Complete Information for this Application**
- The information I have provided in this application is true, accurate, and complete as of the date I signed this application.
- If the information I submitted changes or I have new information before closing of the Loan, I must change and supplement this application, including providing any updated/supplemented real estate sales contract.
- For purchase transactions: The terms and conditions of any real estate sales contract signed by me in connection with this application are true, accurate, and complete to the best of my knowledge and belief. I have not entered into any other agreement, written or oral, in connection with this real estate transaction.
- The Lender and Other Loan Participants may rely on the information contained in the application before and after closing of the Loan.
- Any intentional or negligent misrepresentation of information may result in the imposition of:
  - (a) civil liability on me, including monetary damages, if a person suffers any loss because the person relied on any misrepresentation that I have made on this application, and/or
  - (b) criminal penalties on me including, but not limited to, fine or imprisonment or both under the provisions of Federal law (18 U.S.C. §§ 1001 et seq.).

**(2) The Property's Security**
The Loan I have applied for in this application will be secured by a mortgage or deed of trust which provides the Lender a security interest in the property described in this application.

**(3) The Property's Appraisal, Value, and Condition**
- Any appraisal or value of the property obtained by the Lender is for use by the Lender and Other Loan Participants.
- The Lender and Other Loan Participants have not made any representation or warranty, express or implied, to me about the property, its condition, or its value.

**(4) Electronic Records and Signatures**
- The Lender and Other Loan Participants may keep any paper record and/or electronic record of this application, whether or not the Loan is approved.

- If this application is created as (or converted into) an "electronic application", I consent to the use of "electronic records" and "electronic signatures" as the terms are defined in and governed by applicable Federal and/or state electronic transactions laws.
- I intend to sign and have signed this application either using my:
  - (a) electronic signature; or
  - (b) a written signature and agree that if a paper version of this application is converted into an electronic application, the application will be an electronic record, and the representation of my written signature on this application will be my binding electronic signature.
- I agree that the application, if delivered or transmitted to the Lender or Other Loan Participants as an electronic record with my electronic signature, will be as effective and enforceable as a paper application signed by me in writing.

**(5) Delinquency**
- The Lender and Other Loan Participants may report information about my account to credit bureaus. Late payments, missed payments, or other defaults on my account may be reflected in my credit report and will likely affect my credit score.
- If I have trouble making my payments I understand that I may contact a HUD-approved housing counseling organization for advice about actions I can take to meet my mortgage obligations.

**(6) Authorization for Use and Sharing of Information**
By signing below, in addition to the representations and agreements made above, I expressly authorize the Lender and Other Loan Participants to obtain, use, and share with each other (i) the Loan application and related loan information and documentation, (ii) a consumer credit report on me, and (iii) my tax return information, as necessary to perform the actions listed below, for so long as they have an interest in my loan or its servicing:
- (a) process and underwrite my loan;
- (b) verify any data contained in my consumer credit report, my loan application and other information supporting my loan application;
- (c) inform credit and investment decisions by the Lender and Other Loan Participants;
- (d) perform audit, quality control, and legal compliance analysis and reviews;
- (e) perform analysis and modeling for risk assessments;
- (f) monitor the account for this loan for potential delinquencies and determine any assistance that may be available to me; and
- (g) other actions permissible under applicable law.

*Audrey Little*

**Borrower Signature** _05/06/25 11:16:34 AM PDT_ _____ Date *(mm/dd/yyyy)* _____

**Additional Borrower Signature** _____ Date *(mm/dd/yyyy)* _____

**Borrower Name:** AUDREY LITTLE

Uniform Residential Loan Application
Freddie Mac Form 65 Fannie Mae Form 1003
Effective Date 01/2021

☆ DocMagic



## Section 7: Military Service. This section asks questions about your (or your deceased spouse's) military service.

**Military Service of Borrower**

**Military Service -** Did you (or your deceased spouse) ever serve, or are you currently serving, in the United States Armed Forces? ⊗ NO ○ YES
*If YES, check all that apply:*
☐ Currently serving on active duty with projected expiration date of service/tour _____ *(mm/dd/yyyy)*
☐ Currently retired, discharged, or separated from service
☐ Only period of service was a non-activated member of the Reserve on National Guard
☐ Surviving spouse

## Section 8: Demographic Information. This section asks about your ethnicity, sex, and race.

**Demographic Information of Borrower**

**The purpose of collecting this information** is to help ensure that all applicants are treated fairly and that the housing needs of communities and neighborhoods are being fulfilled. For residential mortgage lending, Federal law requires that we ask applicants for their demographic information (ethnicity, sex, and race) in order to monitor our compliance with equal credit opportunity, fair housing, and home mortgage disclosure laws. You are not required to provide this information, but are encouraged to do so. You may select one or more designations for "Ethnicity" and one or more designations for "Race." **The law provides that we may not discriminate** on the basis of this information, or on whether you choose to provide it. However, if you choose not to provide the information and you have made this application in person, Federal regulations require us to note your ethnicity, sex, and race on the basis of visual observation or surname. The law also provides that we may not discriminate on the basis of age or marital status information you provide in this application.
**Instructions:** You may select one or more "Hispanic or Latino" origins and one or more designations for "Race." If you do not wish to provide some or all of this information, select the applicable check box.

**Ethnicity**
☐ Hispanic or Latino
  ☐ Mexican  ☐ Puerto Rican  ☐ Cuban
  ☐ Other Hispanic or Latino - *Enter origin:*

  *Examples: Argentinean, Colombian, Dominican,*
  *Nicaraguan,*
  *Salvadoran, Spaniard, etc.*
☐ Not Hispanic or Latino
☒ I do not wish to provide this information

**Sex**
☐ Female
☐ Male
☒ I do not wish to provide this information

**Race**
☐ American Indian or Alaska Native - *Enter name of enrolled*
  *or principal tribe:* _____
☐ Asian
  ☐ Asian Indian  ☐ Chinese  ☐ Filipino
  ☐ Japanese  ☐ Korean  ☐ Vietnamese
  ☐ Other Asian - *Enter race:* _____
    *Examples: Hmong, Laotian, Thai, Pakistani, Cambodian, etc.*
☐ Black or African American
☐ Native Hawaiian or Other Pacific Islander
  ☐ Native Hawaiian  ☐ Guamanian or Chamorro  ☐ Samoan
  ☐ Other Pacific Islander - *Enter race:*
  _____
  *Examples: Fijian, Tongan, etc.*
☐ White
☒ I do not wish to provide this information

**To Be Completed by Financial Institution** *(for application taken in person):*
Was the ethnicity of the Borrower collected on the basis of visual observation or surname?  ○ NO  ○ YES
Was the sex of the Borrower collected on the basis of visual observation or surname?  ○ NO  ○ YES
Was the race of the Borrower collected on the basis of visual observation or surname?  ○ NO  ○ YES

**The Demographic Information was provided through:**
☐ Face-to-Face Interview *(includes Electronic Media w/Video Component)*  ☒ Telephone Interview  ☐ Fax or Mail  ☐ Email or Internet

---

**Borrower Name:** AUDREY LITTLE

Uniform Residential Loan Application
Freddie Mac Form 65 Fannie Mae Form 1003
Effective Date 01/2021

Page 6 of 9

✧ DocMagic



**Section 9: Loan Originator Information.** To be completed by your **Loan Originator.**

**Loan Originator Information**

Loan Originator Organization Name  ADAXA, LLC

Address  6930 E CHAUNCEY LN SUITE 210, PHOENIX, ARIZONA 85054

Loan Originator Organization NMLSR ID #  2380533          State License ID #  1043363

Loan Originator Name  ADAM SCOTT JORGENSEN

Loan Originator NMLSR ID #  1627987          State License ID #

Email  ajorgensen@adaxahome.com          Phone  (402) 525-3079

Signature  *Adam Scott Jorgensen*
05/06/25 11:22:18 AM PDT          Date *(mm/dd/yyyy)*  05/06/2025

---

**Borrower Name:** AUDREY LITTLE

Uniform Residential Loan Application          Page 7 of 9          ☆ DocMagic
Freddie Mac Form 65 Fannie Mae Form 1003
Effective Date 01/2021



*To be completed by the Lender:*

Lender Loan No./Universal Loan Identifier ___22025050036 / 549300KX4S1573HISS222202505003633___    Agency Case No. _____

# Uniform Residential Loan Application - Unmarried Addendum

**For Borrower Selecting the Unmarried Status**

**Lenders Instructions for Using the Unmarried Addendum**

The Lender may use the Unmarried Addendum only when a Borrower selected "Unmarried" in Section 1 and the information collected is necessary to determine how State property laws directly or indirectly affecting creditworthiness apply, including ensuring clear title.

For example, the Lender may use the Unmarried Addendum when the Borrower resides in a State that recognizes civil unions, domestic partnerships, or registered reciprocal beneficiary relationships or when the "property is located in such a State. "State" means any state, the District of Columbia, the Commonwealth of Puerto Rico, or any territory or possession of the United States.

---

**If you selected "Unmarried" in Section 1,** is there a person who is not your legal spouse but who currently has real property rights similar to those of a legal spouse?    ⊗ NO  ○ YES

**If YES, indicate the type of relationship and the State in which the relationship was formed.** For example, indicate if you are in a civil union, domestic partnership, registered reciprocal beneficiary relationship, or other relationship recognized by the State in which you currently reside or where the property is located.

○ Civil Union    ○ Domestic Partnership    ○ Registered Reciprocal Beneficiary Relationship    ○ Other *(explain)* _____

State: _____

---

Borrower Name:  AUDREY LITTLE
Uniform Residential Loan Application - Unmarried Addendum
Freddie Mac Form 65 ■ Fannie Mae Form 1003          Page 8 of 9
*Effective 1/2021*

☆ DocMagic



| *To be completed by the* **Lender:** | |
|---|---|
| Lender Loan No./Universal Loan Identifier  22025050036 / 549300KX4S1573HISS222202505003633 | Agency Case No. _____ |

# Uniform Residential Loan Application - Continuation Sheet

**Continuation Sheet**   Use this continuation sheet if you need more space to complete the Uniform Residential Loan Application.

**Borrower Name** (*First, Middle, Last, Suffix*)  AUDREY LITTLE

**Additional Information**

**Additional Borrower Name** (*First, Middle, Last, Suffix*) _____

**Additional Information**

Under California Civil Code 1812.30(j) "Credit applications for the obtainment of money, goods, labor, or services shall clearly specify that the applicant, if married, may apply for a separate account."

I/We fully understand that it is a federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of federal law (18 U.S.C. §§ 1001 *et seq.*).

*Audrey Little*
**Borrower Signature** ___05/06/25 11:16:37 AM PDT_____ Date *(mm/dd/yyyy)* _____

**Additional Borrower Signature** _____ Date *(mm/dd/yyyy)* _____



# EXHIBIT 2

DOC # 2024-0373710
12/06/2024 02:28 PM Fees: $106.00
Page 1 of 11
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**RECORDING REQUESTED BY**

Stewart Title of California
AND WHEN RECORDED MAIL DOCUMENT TO:

NAME       Stewart and Lynda
           Resnick Revocable Trust
STREET     c/o The Wonderful Company LLC
ADDRESS    11444 West Olympic Blvd 10th Floor
CITY, STATE &   Los Angeles CA 90064
ZIP CODE   Attention : General Counsel

A#193

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: TERESA #134

SPACE ABOVE FOR RECORDER'S USE ONLY

# Deed of Trust , Assigment of Lease and Rents ,
## Fixture Filing and Security Agreement
Title of Document

**Pursuant to Senate Bill 2 – Building Homes and Jobs Act (Government Code Section 27388.1 (GC)), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).**

STEWART TITLE has recorded this instrument
as an accommodation only. It has not been
examined as to its effect upon the title, no
examination of the title having been made.

**REASON FOR EXEMPTION:**

☐ **Exempt as Transfer of real property subject to imposition of documentary transfer tax.**

☐ **Exempt from fee under GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer subject to the imposition of documentary transfer tax (DTT).**

☐ **Exempt as Transfer of real property that is a residential dwelling to an owner-occupier.**

☐ **Exempt from fee under GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer of real property that is a residential dwelling to an owner-occupier.**

☐ **Exempt from fee under GC 27388.1 (a) (1); exceeds maximum fee of $225.00.**

☐ **Exempt from fee under GC 27388.1 (a) (1); not related to real property.**

**THE FOLLOWING EXEMPTIONS APPLY TO CERTAIN COUNTIES INCLUDING KERN, MARIN, PLUMAS, SAN DIEGO AND SAN FRANCISCO COUNTIES:**

☒ **Exempt from fee under GC 27388.1 (a) (2); recorded "in connection with" a transfer subject to the imposition of documentary transfer tax (DTT) which was paid on document recorded on** 6/18/2021 **as Document No.** 2021-0369122 **of the Official County Records, or**

☐ **Exempt from fee under GC 27388.1 (a) (1); recorded "in connection with" a transfer where the maximum fee of $225 was reached with documents recorded on _____ as Document No. _____ of the Official County Records.**

☐ **Exempt from fee under GC 27388.1 (a) (2); recorded "in connection with" a transfer that is a residential dwelling to an owner-occupier with documents recorded on _____ as Document No. _____ of the Official County Records.**

I hereby declare under penalty of perjury that the information provided above is true and correct
to the best of my knowledge and understanding.

Executed this    6    day of _____December_____ , 2024

At _____Riverside_____ , CA
City                                          State

Signature

RECORDING REQUESTED BY AND
WHEN RECORDED, RETURN TO:

Stewart and Lynda Resnick Revocable Trust
c/o The Wonderful Company LLC
11444 West Olympic Boulevard, 10th Floor
Los Angeles, California 90064
Attention: General Counsel

---

[SPACE ABOVE FOR RECORDER'S USE ONLY]

### DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT AND FIXTURE FILING

This Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (this "Deed of Trust") is made this 6th day of December, 2024, between **AUDREY BETH LITTLE**, an individual ("Trustor"), whose address is 81439 Merv Griffin Way, La Quinta, California 92253, **STEWART TITLE OF CALIFORNIA, INC.** ("Trustee"), whose address is 325 Mall Drive, Suite 105, Hanford, California 93230, and Stewart A. Resnick and Lynda Rae Resnick, as Trustees of the **STEWART AND LYNDA RESNICK REVOCABLE TRUST**, dated December 27, 1988, as amended ("Beneficiary"), whose address is c/o The Wonderful Company LLC, 11444 West Olympic Boulevard, 10th Floor, Los Angeles, California 90064.

TRUSTOR IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, the following property, rights, interests and estates now owned, or hereafter acquired by Trustor (collectively, the "Property"):

(a)     that certain real property in Riverside County, California, commonly known as 81439 Merv Griffin Way, La Quinta, California 92253, as more particularly described in Exhibit "A" attached hereto and made a part hereof (the "Land");

(b)     the buildings, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and improvements now or hereafter erected or located on the Land (the "Improvements");

(c)     all easements, rights of way or use, rights, strips and gores of land, streets, ways, alleys, passages, sewer rights, water, water courses, water rights and powers, air rights and development rights, and all estates, rights, titles, interests, privileges, liberties, servitudes, tenements, hereditaments and appurtenances of any nature whatsoever, in any way now or hereafter belonging, relating or pertaining to the Land and the Improvements and the reversion and reversions, remainder and remainders, and all land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Land, to the center line thereof and all the estates, rights, titles, interests, dower and rights of dower, curtesy and rights of curtesy, property, possession, claim and demand whatsoever, both at

Page 1

{3486067.3}

law and in equity, of Trustor of, in and to the Land and the Improvements and every part and parcel thereof, with the appurtenances thereto;

      (d)    all machinery, equipment, fixtures (including, but not limited to, all heating, air conditioning, plumbing, lighting, communications and elevator fixtures) and other property of every kind and nature whatsoever owned by Trustor, or in which Trustor has or shall have an interest, now or hereafter located upon the Land and the Improvements, or appurtenant thereto, and usable in connection with the present or future operation and occupancy of the Land and the Improvements and all building equipment, materials and supplies of any nature whatsoever owned by Trustor, or in which Trustor has or shall have an interest, now or hereafter located upon the Land and the Improvements, or appurtenant thereto, or usable in connection with the present or future operation and occupancy of the Land and the Improvements (collectively, the "Personal Property"), and the right, title and interest of Trustor in and to any of the Personal Property which may be subject to any security interests, as defined in the Uniform Commercial Code, as adopted and enacted by the state where any of the Property is located (the "Code"), superior in lien to the lien of this Deed of Trust and all proceeds and products of the above;

      (e)    all leases and other agreements affecting the use, enjoyment or occupancy of the Land and the Improvements heretofore or hereafter entered into, including a guaranty of any such lease (a "Lease" or "Leases") and all right, title and interest of Trustor, its successors and assigns therein and thereunder, including, without limitation, cash or securities deposited thereunder to secure the performance by the lessees of their obligations thereunder and all rents, additional rents, revenues, issues and profits (including all oil and gas or other mineral royalties and bonuses) from the Land and the Improvements (the "Rents") and all proceeds from the sale or other disposition of the Leases and the right to receive and apply the Rents to the payment of the indebtedness evidenced by the Note (as defined below); and

      (f)    any and all other rights of Trustor in and to the items set forth in Subsections (a) through (e) above.

This Deed of Trust and the grants, assignments and transfers made in this Deed of Trust are given for the purpose of securing payment of the indebtedness evidenced by that certain Amended, Restated and Consolidated Secured Promissory Note dated as of even date herewith, and any modification, extension or renewal thereof, in the original principal amount of Three Hundred Ninety-Three Thousand Dollars ($393,000), executed by Trustor in favor of Beneficiary (as amended from time to time, the "Note").

A.    To protect the security of this Deed of Trust, Trustor agrees:

      1.    To keep the Property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished

{3486067.3}

therefor; to comply with all laws affecting the Property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon the Property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of the Property may be reasonably necessary, the specific enumerations herein not excluding the general.

2.    To provide, maintain and deliver to Beneficiary a policy or policies of insurance satisfactory to and with loss payable to Beneficiary covering loss or damage to the Property up to the amount of the full replacement value thereof, as the same may exist from time to time, covering such perils as Beneficiary shall determine, and liability insurance and any other insurance as Beneficiary deems necessary in its sole discretion. The amount collected under any insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at the option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

3.    To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.

4.    To pay, at least ten (10) days before delinquency all taxes and assessments affecting the Property when due, all encumbrances, charges and liens, with interest, on the Property or any part thereof, which appear to be prior or superior hereto, and all cost, fees and expenses of this Deed of Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation to do so and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to (a) enter upon the Property for such purposes, (b) appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, (c) pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and (d) in exercising any such powers, pay necessary expenses, employ counsel and pay his or her reasonable fees.

5.    To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

{3486067.3}

B.    It is mutually agreed:

1.    That any award in connection with any condemnation for public use of or injury to the Property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by it in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

2.    That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.  Trustor agrees that it will make no offset or deduction of any kind from payments due and owing under this Deed of Trust or agreements related thereto to Beneficiary.

3.    That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and the Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: (a) reconvey any part of the Property, (b) consent to the making of any map or plat thereof, (c) join in granting any easements thereon, or (d) join in any extension agreement or any agreement subordinating the lien or charge hereof.

4.    That upon written request of Beneficiary stating that all sums secured hereby have been paid and upon surrender of this Deed of Trust and the Note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the Property. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.  The grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

5.    That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of this Deed of Trust, to collect the Rents, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain the Rents as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of the Property or any part thereof, in its own name sue for or otherwise collect the Rents, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of the Property, the collecting of the Rents and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

Page 4

{3486067.3}

6.      That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause the Property to be sold, which notice Trustee shall cause to be recorded. Beneficiary also shall deposit with Trustee this Deed of Trust, the Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell the Property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of the Property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Deed of Trust, including costs of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

7.      Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where the Property is situated shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed of Trust is recorded and the name and address of the new Trustee.

8.      That this Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the Note, whether or not named as Beneficiary herein. In this Deed of Trust, whenever

{3486067.3}

Page 5

the context so requires the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

9.      That Trustee accepts this Deed of Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

10.     Trustor requests that a copy of notices of any action or proceeding hereunder be mailed to Trustor at its address set forth above.

11.     Beneficiary requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Beneficiary's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the California Civil Code.

12.     If Trustor shall sell, convey or alienate the Property, or any part thereof, or any interest therein, or shall be divested of its title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the Beneficiary being first had and obtained, Beneficiary shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured by this Deed of Trust, irrespective of the maturity date specified in the Note, immediately due and payable.


Trustor

13.     That any default under the terms of the Note shall constitute a default under the terms of this Deed of Trust, and Beneficiary shall be entitled to exercise any and all of its rights and remedies under this Deed of Trust and under applicable law upon the occurrence of any such default.

14.     That this Deed of Trust is intended to create a lien on the Property, and an absolute assignment of the Rents, all in favor of Beneficiary.  The parties acknowledge that some of the Property and some or all of the Rents may be determined under applicable law to be personal property or fixtures.  To the extent that any Property or Rents may be or be determined to be personal property, Trustor as debtor hereby grants Beneficiary as secured party a security interest in all such Property (including, any replacement or substituted property) and Rents, to secure payment and performance of all of the obligations under the Note.  This Deed of Trust constitutes a security agreement under the Code covering all such Property and Rents.  Beneficiary shall have all of the rights and remedies of a secured party under the Code, as well as all other rights and remedies available at law or in equity.

Page 6

{3486067.3}

15.     Trustor agrees that this Deed of Trust constitutes a financing statement filed as a fixture filing in the Official Records of Riverside County, California, with respect to any and all fixtures included within the term "Property" used herein and with respect to any goods and other Personal Property that may now be or hereafter become fixtures. The name and mailing addresses of the debtor (Trustor) and the secured party (Beneficiary) are set forth in the introductory paragraph of this Deed of Trust. Trustor is the record owner of the Property. The Personal Property described above is the collateral covered by this financing statement. Any reproduction of this Deed of Trust or any other security agreement or financing statement shall be sufficient as a financing statement. With respect to fixtures, Beneficiary or Trustee may elect to treat same as either real property or personal property and proceed to exercise such rights and remedies applicable to the categorization so chosen. Beneficiary may proceed against the items of real property and any items of collateral separately or together in any order whatsoever, without in any way affecting or waiving Beneficiary's rights and remedies under the Code, this Deed of Trust, the Note or otherwise. Trustor acknowledges and agrees that Beneficiary's rights and remedies under the Code, this Deed of Trust and the Note shall be cumulative and shall be in addition to every other right and remedy now or hereafter existing at law, in equity, by statute or by agreement of the parties.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK –
SIGNATURES ON NEXT PAGE]

(3486067.3)

IN WITNESS WHEREOF, this Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing has been executed and delivered as of the date set forth above.

TRUSTOR:

_____

Audrey Beth Little, an individual

{3486067.3}

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )

)  ss.

County of Riverside )

On _December 6, 2024_, before me, _E. Martinez_, a Notary Public, personally appeared _Audrey Beth Little_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

E. MARTINEZ
COMM. #2464409
Notary Public - California
Riverside County
My Comm. Expires Sep. 26, 2027

{3486067.3}

**EXHIBIT "A"**

**Legal Description**

The land referred to herein is situated in the State of California, County of Riverside, City of La Quinta and described as follows:

Parcel 1:

Lot 64 of Tract No. 32879, in the City of La Quinta, County of Riverside, State of California, as per Map recorded in Book 399, Pages 3 through 20, inclusive of Maps, in the Office of the County Recorder of said County.

Except therefrom all oil, oil rights, minerals, mineral rights, natural gas rights and other hydrocarbons by whatsoever name known, geothermal steam and all products derived from any of the foregoing, that may be within or under the land, together with the perpetual right of drilling, mining, exploring and operating therefor and storing in and removing the same from said land or any other land, including the right to whipstock or directionally drill and mine from lands other than the land, oil or gas wells, tunnels and shafts into, through or across the subsurface of the land, and to bottom such whipstocked or directionally drilled wells, tunnels and shafts under and beneath or beyond the exterior limits thereof, and to redrill, retunnel, equip, maintain, repair, deepen and operate any such wells or mines without, however, the right to drill, mine, store, explore or operate through the surface or the upper 500 feet of the subsurface of the land.

Parcel 2:

Easements and rights of owners as set forth in that certain "Amended and Restated Declaration of Restrictions for Griffin Ranch" recorded on January 8, 2013 as Instrument No. 2013-0009750, rerecorded on June 18, 2013 as Instrument No. 2013-0288996 (collectively "Declaration"), and as set forth in that certain "Supplemental Declaration and Notice of Annexation," recorded on September 4, 2020, as Instrument No. 2020-0418197, of Official Records, and any amendments thereto ("Declaration of Annexation") of Official Records, and any amendments thereto, in the Office of the County Recorder of Riverside County.

Parcel 3:

A nonexclusive easement appurtenant to the property for ingress, egress and access on, over, and across the Private Streets in Griffin Ranch, as more particularly set forth in that certain "Declaration Establishing Access Easement Rights" recorded on October 10, 2007 as Instrument No. 2007-0628725 in the Official Records of Riverside County, California, as same may be re-recorded, restated and/or amended from time to time (the "Access Declaration").

Riverside County APN: 780-120-055

A - 1

{3486067.3}