BUCHALTER LLP
JASON E. GOLDSTEIN (SBN: 207481)
RICHARD HOVSEPYAN (SBN: 365788)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email: jgoldstein@buchalter.com
       rhovsepyan@buchalter.com

Attorneys for Defendant
OAKTREE FUNDING CORP

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AUDREY B. LITTLE,<br><br>     Plaintiff,<br><br>vs.<br><br>OAKTREE FUNDING CORPORATION; ROCKET CLOSE, LLC; ROCKET COMPANIES, INC.; and DOES 1 through 50, inclusive,<br><br>     Defendants. | CASE NO.: 5:26-cv-00402 MEMF (MBKx)<br><br>**DECLARATION OF JASON E. GOLDSTEIN IN SUPPORT OF DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>[Opposition, Declaration of Robert Teague, Evidentiary Objections, and (Proposed) Order filed concurrently herewith] |

1

**DECLARATION OF JASON E. GOLDSTEIN**

# DECLARATION OF JASON E. GOLDSTEIN

I, Jason E. Goldstein, hereby declare as follows:

1. I am an attorney duly licensed to practice law before all courts of the State of California, the State of Florida, all of the United States District Courts in California and the United States District Courts for the Southern and Middle Districts of Florida and the Northern District of New York. I am a Partner at the law firm of Buchalter LLP ("Buchalter"), counsel of record for Defendant Oaktree Funding Corp. ("Oaktree") in the above-referenced action.

2. This Declaration is submitted in support of Oaktree's Opposition to Plaintiff Audrey B. Little's ("Little") Ex Parte Application for a Temporary Restraining Order in the above-referenced action.

3. I make this declaration on my own personal knowledge. If called as a witness, I could and would testify competently to the facts set forth herein.

4. On November 12, 2025, Little filed an action in the Superior Court of the State of California in and for the County of Riverside, Palm Springs Branch, entitled *Little v. Rocket Title Insurance Company et al.,* Case No: CVPS2508295 (the "State Court Action").

5. Little's original Complaint in the State Court Action pled only state law claims and was not removable.

6. Little subsequently filed a First Amended Complaint ("FAC") in the State Court Action on November 18, 2025. The FAC added a federal law claim for alleged violations of the Real Estate Settlements Procedures Act, 12 C.F.R. § 1024, based on the same underlying transaction and occurrence as her previously pled state-law claims.

7. By filing the FAC, Little made the above-referenced action removable on federal question grounds pursuant to 28 U.S.C §§ 1331 and 1441(a).

/ / /

/ / /

8. Oaktree first received formal service of the FAC on December 31, 2025. Attached hereto marked as **Exhibit 1** is a true and correct copy of an email from Plaintiff to myself stating that Oaktree's registered agent was served on December 31, 2025. Pursuant to 28 U.S.C. § 1446(b)(3), Oaktree's 30 day window to remove the State Court Action began on December 31, 2025, upon Oaktree's receipt of the FAC through formal service.

9. Oaktree subsequently filed its Notice of Removal in this Court on January 29, 2026—the 29th day of its 30 day window to remove under 28 U.S.C. § 1446(b)(3), given that the FAC was the first pleading which made the action removable.

10. Oaktree's Removal of the State Court Action also satisfied 28 U.S.C. § 1446(d), given that Oaktree (1) promptly filed its Notice of Removal in this Court on January 29, 2026, and (2) concurrently provided notice to both Little and the Riverside County Superior Court on the same day.

11. Aside from Oaktree, the only other named Defendant to have made an appearance in the State Court Action was Rocket Title Insurance Company.

12. However, Rocket Title Insurance Company was dismissed from the State Court Action on January 5, 2026.

13. Prior to its removal of the State Court Action, I had not seen any pleading or document which informed me that a specific attorney had appeared for any other Defendant besides Rocket Title Insurance Company, who was dismissed at the time of removal.

14. Accordingly, Oaktree's removal complied with the procedural requirements of §§ 1441, 1446(b)(2), 1446(b)(3), 1446(d)—and was timely.

15. Finally, Plaintiff makes certain statements to the effect that her motion for an injunction in the state court was not timely opposed. What Plaintiff overlooks is that by removing this case to federal court, the state court was divested of jurisdiction and Oaktree did not need to file a response to her motion. Nor did

Oaktree want to take any action inconsistent with it seeking to remove this case to federal court.

I declare under penalty of perjury of the laws of the United States of American that the foregoing is true and correct and that this Declaration was executed on February 9, 2026, in Irvine, California.

                                          */s/ Jason E. Goldstein*
                                          JASON E. GOLDSTEIN

# EXHIBIT 1

**Goldstein, Jason E.**

| | |
|---|---|
| **From:** | Audrey Little <audreylittle@icloud.com> |
| **Sent:** | Wednesday, December 31, 2025 10:13 AM |
| **To:** | Goldstein, Jason E.; Teague Robert |
| **Cc:** | Audrey Little |
| **Subject:** | Service |

This message has originated from an External Email. audreylittle@icloud.com <audreylittle@icloud.com>:

Service was officially set to your registered agent today in Sacramento.

Jason once filed are you authorized to accept service? May I eserve you or would you prefer that I mail future sevice to the registered agent.

1