```
BUCHALTER LLP
JASON E. GOLDSTEIN (SBN: 207481)
RICHARD HOVSEPYAN (SBN: 365788)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email: jgoldstein@buchalter.com
       rhovsepyan@buchalter.com
```

Attorneys for Defendant
OAKTREE FUNDING CORP

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| AUDREY B. LITTLE, | CASE NO.: 5:26-cv-00402 MEMF (MBKx) |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT OAKTREE FUNDING CORP'S EVIDENTIARY OBJECTIONS TO DECLARATION OF AUDREY B. LITTLE [DKT. 4, P. 79] AND (PROPOSED) ORDER** |
| OAKTREE FUNDING CORPORATION; ROCKET CLOSE, LLC; ROCKET COMPANIES, INC.; and DOES 1 through 50, inclusive, | |
| Defendants. | [Opposition, Declaration of Robert Teague, Declaration of Jason E. Goldstein, Evidentiary Objections and (Proposed) Order filed concurrently herewith] |

Defendant Oaktree Funding Corp. ("Oaktree"), hereby submits its evidentiary objections to the Declaration of Plaintiff Audrey B. Little, submitted as Dkt. # 4, page 79, and proposed order:

### OBJECTIONS TO THIRD DECLARATION OF AUDREY LITTLE

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| 1.   I am a disabled individual with significant and ongoing medical conditions. My health is highly sensitive to prolonged stress, disruption of treatment, and physical | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation) | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| overexertion. Procedural delay in this case is materially worsening my health and placing me at risk of permanent physical injury. | **Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | |
| 2.    I have a history of breast cancer and chronic autoimmune illness. My treating physicians have emphasized the importance of minimizing prolonged stress due to its impact on immune and inflammatory responses. Since this case began, sustained uncertainty, financial strain, and the risk of losing my home have caused a significant escalation of stress-related symptoms. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 802** (hearsay)<br><br>**Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 3.    For the first time since approximately 2009, I have experienced a flare of microscopic colitis, which is 100% stress-agitated. Due to the severity of symptoms, my physicians have recommended a colonoscopy and endoscopy. These symptoms arose during the pendency of this case. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 802** (hearsay)<br><br>**Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 4.    I have experienced new physical symptoms that I have never previously had, | **Fed R. Evid. 402 and 403** (irrelevant) | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| including persistent night sweats, unexplained body odor, hair loss, and immune-related issues. During this same period, I developed an ear infection for the first time in my life. | **Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | |
| 5.  I am a breast cancer survivor, having been diagnosed in 2017 and remaining cancer-free. Stress is a medically recognized risk factor for recurrence. Many of the physical stress responses I experience, including night sweats, are involuntary and not subject to conscious control. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 6.  Due to the financial impact of this case, I have been forced to discontinue medically necessary therapies not covered by insurance. I have lost approximately three months of therapy that previously required approximately four hours per week. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 7.  Based on my treatment history and medical guidance, therapy interruption has a compounding effect. Each month of missed therapy typically requires approximately two to two and a half months of increased | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 802** (hearsay)<br><br>**Fed R. Evid. 901**(lack of foundation) | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| therapy to recover lost function. As a result, recovery is now projected to require approximately five months at approximately nine hours per week. | **Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | |
| 8.  I have also been unable to participate in adaptive physical education activities, which typically require approximately twelve hours per week and are critical to maintaining strength and preventing surgical intervention. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 9.  Due to financial strain, I have been forced to reduce long-standing in-home assistance that I relied on for over twenty years. As a result, I have performed physical tasks beyond my medical limitations. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 10.  As a direct result, I sustained a shoulder injury and am scheduled to undergo an MRI on January 9, 2026. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness) | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
|  | **Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) |  |
| 11.   I have sought ongoing medical care from my primary physician and pain management physician and am now being referred to an orthopedic surgeon due to progression of injury. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 802** (hearsay)<br><br>**Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 12.   Continued delay places me at risk of requiring surgical intervention that could result in an estimated sixty percent loss of mobility. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 13.   Continued delay also increases the risk that I may lose my home, which was specifically designed to accommodate my physical limitations. Relocation would place me at significant risk of serious physical injury. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| | opinion/legal conclusion) | |
| 14.  The cumulative effect of prolonged delay places me at risk of irreparable physical harm. Advancing the Case Management Conference will allow the Court to promptly address scheduling and prevent further injury. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |

**IT IS SO ORDERED.**

Dated: February __, 2026

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge