BUCHALTER LLP
JASON E. GOLDSTEIN (SBN: 207481)
RICHARD HOVSEPYAN (SBN: 365788)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email: jgoldstein@buchalter.com
       rhovsepyan@buchalter.com

Attorneys for Defendant
OAKTREE FUNDING CORP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| AUDREY B. LITTLE, | CASE NO.: 5:26-cv-00402 MEMF (MBKx) |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT OAKTREE FUNDING CORP'S EVIDENTIARY OBJECTIONS TO DECLARATION OF AUDREY B. LITTLE [DKT. 4, P. 2] AND (PROPOSED) ORDER** |
| OAKTREE FUNDING CORPORATION; ROCKET CLOSE, LLC; ROCKET COMPANIES, INC.; and DOES 1 through 50, inclusive, | |
| Defendants. | [Opposition, Declaration of Robert Teague, Declaration of Jason E. Goldstein, Evidentiary Objections and (Proposed) Order filed concurrently herewith] |

Defendant Oaktree Funding Corp. ("Oaktree"), hereby submits its evidentiary objections to the Declaration of Plaintiff Audrey B. Little, submitted as Dkt. # 4, page 2, and proposed order:

## EVIDENTIARY OBJECTIONS TO DECLARATION OF AUDREY LITTLE

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| 1.　I am the Plaintiff in this action and am proceeding in pro per. I have personal knowledge of the facts stated herein. | **Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 701** (improper | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| | opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | |
| 2. I submit this declaration in support of (a) my Ex Parte Application for Temporary Restraining Order, (b) my Motion for Leave to File the Second Amended Complaint for purposes of clarifying jurisdiction, and (c) my Emergency Motion to Remand and for Fees under 28 U.S.C. § 1447(c). | **Fed R. Evid. 402 and 403** (irrelevant) | ☐ Sustained<br>☐ Overruled |
| 3. Prior to removal, I provided Defendants with a complete redlined version of the First Amended Complaint reflecting that the pleading was entirely superseded, including removal of all RESPA / Regulation X claims. I expressly advised that the Second Amended Complaint (v82) proceeds solely on state-law causes of action. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 901** (lack of authentication) | ☐ Sustained<br>☐ Overruled |
| 4. I met and conferred with counsel for Rocket Close and Rocket Companies regarding the Second Amended Complaint. During that meet-and-confer, we reviewed the causes of action in the SAC cause-by-cause. I expressly advised that RESPA / Regulation X was removed. Rocket agreed to respond only to the Second Amended Complaint. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 802** (hearsay) | ☐ Sustained<br>☐ Overruled |
| 5. I did not have a meet-and-confer with Oaktree. Oaktree declined to meet and confer and declined to grant a temporary pause of | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 802** (hearsay) | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| enforcement. | | |
| 6. I did not refuse to move the injunction hearing. When Oaktree's counsel requested that the hearing be continued to February 24, 2026, I explained that moving the hearing later without protection would cause me additional irreparable harm. I therefore proposed multiple reasonable alternatives to accommodate scheduling while preventing further harm: (a) continuing the hearing to February 24 with a temporary pause in enforcement until that date; (b) requesting that the Court advance the hearing to an earlier date; and (c) proceeding on the existing hearing date if no pause were granted. Oaktree declined all of these options. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 7. After the deadline to oppose my state-court injunction motion passed without a timely opposition, Defendants filed a Notice of Removal on January 29, 2026, freezing the state court's ability to act and creating an immediate gap in judicial protection. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 8. I am a disabled individual and have suffered irreparable harm and face imminent risk of additional irreparable harm absent immediate court intervention. This includes medically documented injury and health impacts caused and exacerbated by Defendants' continued enforcement | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| posture. | (improper/unqualified expert opinion/legal conclusion) | |

**IT IS SO ORDERED.**

Dated: February __, 2026

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge