BUCHALTER LLP
JASON E. GOLDSTEIN (SBN: 207481)
RICHARD HOVSEPYAN (SBN: 365788)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email: jgoldstein@buchalter.com
       rhovsepyan@buchalter.com

Attorneys for Defendant
OAKTREE FUNDING CORP

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AUDREY B. LITTLE,<br><br>    Plaintiff,<br><br>    vs.<br><br>OAKTREE FUNDING CORPORATION; ROCKET CLOSE, LLC; ROCKET COMPANIES, INC.; and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO.: 5:26-cv-00402 MEMF (MBKx)<br><br>**DEFENDANT OAKTREE FUNDING CORP'S EVIDENTIARY OBJECTIONS TO DECLARATION OF AUDREY B. LITTLE [DKT. 4, P. 72-77] AND (PROPOSED) ORDER**<br><br>[Opposition, Declaration of Robert Teague, Declaration of Jason E. Goldstein, Evidentiary Objections and (Proposed) Order filed concurrently herewith] |

Defendant Oaktree Funding Corp. ("Oaktree"), hereby submits its evidentiary objections to the Declaration of Plaintiff Audrey B. Little, submitted as Dkt. # 4, page 72-77, and proposed order:

**EVIDENTIARY OBJECTIONS TO DECLARATION OF AUDREY B. LITTLE**

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| 1. I am the Plaintiff in this action and have personal knowledge of the facts stated | **Fed R. Evid. 901**(lack of foundation) | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| herein. | **Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | |
| 2. This declaration supports my Motion for Temporary and Preliminary Injunctive Relief. The transaction at issue never validly closed because express escrow conditions precedent were not satisfied. | **Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 3. None of the written escrow conditions required prior to disbursement were met at funding, including final QC, recording in second lien position on or prior to disbursement, current title verification, and insurance attachment. | **Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 602** (lack of personal knowledge)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 4. Loan proceeds were disbursed on July 14, 2025. The deed of trust recorded on July 15, 2025. The title policy's effective-date language confirms that insurance could not attach until recording. | **Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 602** (lack of personal knowledge)<br><br>**Fed R. Evid. 802** (hearsay)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| 5. The only title report that appears to have been run is dated October 15, 2024. No bring-down or current title verification exists. A title report run as of recording shows senior liens visible. | **Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 602** (lack of personal knowledge)<br><br>**Fed R. Evid. 802** (hearsay)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 6. Oaktree produced a file labeled the "complete loan file." That production does not include the escrow instructions governing the transaction, does not include a complete executed loan agreement as closed, and does not include any final settlement statement or cost summary reflecting compliance with escrow conditions. It also contains no final QC checklist or sign-off, no current title evidence, and no CPL documentation. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 602** (lack of personal knowledge)<br><br>**Fed R. Evid. 802** (hearsay)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 7. Defendants were on notice of the lien-priority defect no later than September 9, 2025. Despite that knowledge, Defendants did not disclose the defect to me, did not pause enforcement, and allowed me to make my first payment on the loan after they already knew the lien-priority condition had failed. I was not informed of any lien problem by Defendants. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 602** (lack of personal knowledge)<br><br>**Fed R. Evid. 802** (hearsay)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| 8. I attempted to refinance the loan in early September 2025, consistent with the express condition under which I agreed to it. In mid-September 2025, during that refinance process, I was informed that there was a defect preventing refinance, but I was not told the nature of the defect. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 802** (hearsay)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 9. When I was told during the refinance process that there was a defect, I stated that this was not possible because I had previously had the title report read to me and had specifically asked whether there was any evidence of a family loan, and I was told there was none. After learning that there was a lien issue, I contacted a knowledgeable friend to determine when the family loan had recorded. He informed me that it recorded on December 6, 2024. At that point, I understood that any title report relied upon at closing must have predated that recording. I did not learn that the preliminary title report was dated October 15, 2024 until November 19, 2025, when Oaktree finally provided the title insurance commitment. That was the first time I was informed that the problem involved lien priority. Defendants did not disclose this information to me prior to that call. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 802** (hearsay) | ☐ Sustained<br>☐ Overruled |
| 10. I did not receive any title claim denial or claim correspondence until December 10, 2025. I am | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| informed and believe that a denial letter is dated October 24, 2025, but that denial was not provided to me at or near that time and was not disclosed to me when Defendants already had knowledge of the defect. | foundation)<br><br>**Fed R. Evid. 602** (lack of personal knowledge)<br><br>**Fed R. Evid. 802** (hearsay) | |
| 11.   I also did not receive or see any title report, preliminary title, or title insurance commitment reflecting the lien-priority defect until November 19, 2025, when Oaktree finally provided me with the insurance commitment. Until that date, Defendants had not disclosed the contents or date of the title materials on which they relied, including that the only preliminary title was dated October 15, 2024. Upon reviewing those materials for the first time on December 10, 2025, I immediately invoked Closing Protection Letter (CPL) coverage the same day based on the acknowledged escrow failures. No CPL payment has been made. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 602** (lack of personal knowledge)<br><br>**Fed R. Evid. 802** (hearsay)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 12.   Beginning in early October 2025, I made at least ten separate written requests directly to Oaktree Funding Corporation, its loan servicer, and Oaktree's counsel requesting a temporary pause of billing, collection, and enforcement activity. Each request sought only to preserve the status quo while the undisputed closing defects were addressed. Oaktree acknowledged that escrow errors had occurred and that a denial letter also attributed the loss to escrow error, yet Oaktree nevertheless refused | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 802** (hearsay) | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| or failed to grant every request for a pause. | | |
| 13. As a result of continued enforcement despite notice, my credit has been permanently damaged. I was forced to reduce essential in-home caregiving support that I had relied spanning more than two decades. I expressly advised Defendants in advance that reduction of this care would cause medical harm. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 602** (lack of personal knowledge)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 14. Prior to the loss of caregiving support, I was engaged in ongoing, cash-paid therapeutic treatment specifically designed to prevent the need for surgery. That treatment required approximately four hours per week. Because continued enforcement forced me to reduce caregiving and divert funds away from these therapies, I was required to discontinue them. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 802** (hearsay)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 15. As a result of that discontinuation, my treating providers have advised that recovery will now require approximately eight months of intensified treatment at roughly nine hours per week—more than double the prior weekly requirement and duration. This extended recovery period represents permanent life harm in the form of lost function, lost time, and increased medical risk that cannot be restored. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 602** (lack of personal knowledge)<br><br>**Fed R. Evid. 802** (hearsay)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| 16.    Separately, the reduction in caregiving support caused me to perform physical tasks I should not have been performing. This resulted in a significant shoulder injury, for which I underwent an MRI on Friday and am awaiting results, and a serious fall while attempting tasks normally performed by my caregiver. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 17.    Each additional month that enforcement continues without a pause extends my recovery period by approximately two months at the intensified treatment level. By the time this motion is heard, the continued lack of a pause will have added approximately three additional months of recovery at roughly nine hours per week, compounding permanent life and medical harm. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 602** (lack of personal knowledge)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 18.    After the denial materials were received, Oaktree's in-house counsel, Robert Teague, contacted me by telephone and stated that he intended to report me to the FBI for mortgage fraud. During that call, I responded that I had signed the same escrow instructions Defendants were required to follow and asked how fraud could be alleged where I had no intent and no control over escrow, title, recording, or disbursement. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 802** (hearsay) | ☐ Sustained<br>☐ Overruled |
| 19.    At that time, the only attorney involved on the Rocket side was counsel for Rocket Title Insurance Company. There was no | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation) | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| counsel engaged to address Rocket Close's escrow conduct or enterprise-level resolution. I escalated the matter to the Chief Executive Officer of Rocket Companies because there was no single point of authority addressing the escrow failures, the denial, or the continued enforcement posture. The escalation to Rocket leadership followed the call with Mr. Teague and was undertaken to seek coordinated resolution across the Rocket entities. | **Fed R. Evid. 602** (lack of personal knowledge)<br><br>**Fed R. Evid. 802** (hearsay) | |
| 20.   I have more than thirty-six years of professional experience in large-scale operations, process design, and information systems that support complex, regulated transactions. Based on that experience, I was able to recognize immediately how the failures in this transaction occurred and why they were structural rather than accidental. Many attorneys I interacted with initially did not recognize the nature of the failure because it arose from process and systems breakdowns rather than a single document error. The failures here are not consistent with an isolated clerical mistake; they reflect a breakdown in process controls that would allow the same failure to recur absent corrective changes. I raised these concerns during my efforts to resolve this matter because the issue is systemic in nature, not unique to my loan. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 602** (lack of personal knowledge)<br><br>**Fed R. Evid. 802** (hearsay)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 21.   On January 9, 2026, the Court granted my request for disability accommodations, | **Fed R. Evid. 402 and 403** (irrelevant) | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| including permission to appear remotely where permitted. | | |
| 22. Absent court-ordered relief, enforcement will continue to cause irreparable harm before judicial review can occur. | **Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 802** (hearsay)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |

**IT IS SO ORDERED.**

Dated: February __, 2026

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge