FILED
CLERK, U.S. DISTRICT COURT
2/11/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: asi  DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AUDREY B. LITTLE, | **Case No. 5:26-cv-00402-MEMF (MBKx)** |
| Plaintiff, | |
| v. | |
| OAKTREE FUNDING CORPORATION; ROCKET CLOSE, LLC; ROCKET COMPANIES, INC.; and DOES 1–50, inclusive, | |
| Defendants. | |

**SUPPLEMENTAL DECLARATION OF AUDREY B. LITTLE REGARDING DISCLOSURES AND TITLE/ESCROW CONTROL**
**(IN SUPPORT OF PENDING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND OSC RE PRELIMINARY INJUNCTION)**

I, Audrey B. Little, declare as follows:

1. I am the Plaintiff in this action and submit this Supplemental Declaration in support of my pending Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction, and the limited supplemental exhibit excerpts submitted for the Court's convenience.

2. Defendants and/or their agents controlled and performed the title and escrow functions for the subject loan transaction, including obtaining and relying on title materials, ensuring compliance with escrow/closing instructions, reconveyance of paid-off liens, and the order and timing of recording at closing.

3. I did not receive or possess a current title report identifying the lien-priority defect prior to closing. Any preliminary title report and any updated title diligence (including any bring-down) were obtained, maintained, and relied upon by Defendants and/or their agents as part of underwriting/closing.

4. The record reflects reliance on a preliminary title report dated October 15, 2024 despite the loan closing in July 2025, and the absence of timely updated title diligence immediately before disbursement/recording.

5. As a result, the loan did not record in the required position at closing. Consistent with the record, disbursement occurred on July 14, 2025 and the Deed of Trust recorded on July 15, 2025. In addition, a paid-off lien was not timely reconveyed, and senior liens remained of record at the time of recording.

6. At the outset of the transaction, I disclosed the family obligation and specifically asked whether it was reflected on title because I understood that if it appeared on title it would affect lien position/CLTV and therefore loan eligibility. I proceeded in reliance on Defendants' title/escrow diligence and the non-discretionary closing instruction requiring recordation in second-lien position on or prior to disbursement.

7. This matter does not involve a borrower-disclosure failure as a cause of the lien-priority defect. Lien priority is determined by professional actions at closing—current title diligence, compliance with escrow instructions, reconveyance of paid-off liens, and correct recording order. Borrowers do not control these processes. Here, even full disclosure by me would not have changed the requirement that the lender's deed of trust record in second-lien position on or prior to disbursement, nor would it have cured a failure to perform the non-discretionary closing safeguards that fixed priority at inception.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 11, 2026, at La Quinta, California.

/s/ Audrey B. Little

AUDREY B. LITTLE