Audrey B. Little

Address: (on file with the Court)

Telephone: (on file with the Court)

Email: (on file with the Court)

Plaintiff Pro Se

FILED
CLERK, U.S. DISTRICT COURT
02/09/2026
CENTRAL DISTRICT OF CALIFORNIA
BY    AP    DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

AUDREY B.

LITTLE, Plaintiff,

v.

OAKTREE FUNDING CORPORATION; ROCKET CLOSE, LLC; ROCKET

COMPANIES, INC.; and DOES 1–50,

inclusive, Defendants.

Case No. 5:26-cv-00402-MEMF-MBK

SUPPLEMENTAL DECLARATION OF AUDREY LITTLE (EXECUTED

DECEMBER 23, 2025)

IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED

COMPLAINT (DKT. 13)

I, Audrey Little, declare as follows:

1. I am the borrower in this matter and have personal knowledge of the facts stated herein. If called as a witness, I could and would testify competently thereto.

2. Prior to applying for the subject loan, I informed the mortgage broker that I

had a family loan. I understood at all times that if there were an existing lien affecting title, I would not qualify for the loan.

3. During the loan process, the mortgage broker advised me that the title report was clear and read to me what appeared on the title report. Based on that representation, and based on what was described to me, everything sounded correct and consistent with my understanding of the property's status.

4. I did not believe, and had no reason to believe, that the family loan would appear as a recorded lien on title. There was no indication given to me that any lien affecting priority existed or had been identified.

5. As I later learned, the title company relied on facially stale title materials bearing an October 15, 2024 date. No current title report was run as of the date of closing.

6. The escrow instructions for this transaction expressly required that the lender's deed of trust be recorded in second position prior to funding. Despite this requirement, funding occurred without confirmation of lien position based on a current title report.

7. Title insurance was issued based on the same stale title materials rather than a report current to the date of recording and funding.

8. I did not withhold or conceal information regarding the family loan. There was no specific field, form, or place in the loan application or process that required or permitted me to independently disclose a family loan that was not reflected as a recorded lien on title.

9. The family loan did not require monthly payments and was effectively a zero-payment obligation. As such, it would not have affected my debt-to-income ratio or my ability to qualify for the loan. I therefore did not list it separately on the final Uniform Residential Loan Application (Form 1003), and I relied on the mortgage professionals and the title company to determine whether any recorded lien existed that would affect title or lien priority.

10. I relied on the professionals involved in the transaction—including the mortgage broker, escrow, and title—to accurately determine and confirm the condition of title, including lien status and priority, prior to closing and funding.

11. I would not have proceeded with the loan, and I would not have qualified for the loan, had I been informed that a lien existed that impaired the required lien position.

12. Assertions that I "did not disclose" the family loan are factually incorrect. I disclosed the existence of the family loan to the mortgage broker and relied on representations that title was clear based on the title materials being used.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 23, 2025, at La Quinta, California.

AUDREY LITTLE

PROOF OF SERVICE

I am the plaintiff in this action and I am over the age of 18. On February 9, 2026, I submitted the foregoing document to the Court for filing through the Central District of California's Electronic Document Submission System (EDSS).

On the same date, I served a true and correct copy of the foregoing document on counsel of record by email:

Jason E. Goldstein (Buchalter LLP) — jgoldstein@buchalter.com
Zeeshan Iqbal (Hinshaw & Culbertson LLP) — ZIqbal@hinshawlaw.com

1
2   Dated: February 9, 2026
3
4   /s/ Audrey B. Little
5   AUDREY B. LITTLE
6   Plaintiff Pro Se
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28