FILED

CLERK, U.S. DISTRICT COURT

02/12/2026

CENTRAL DISTRICT OF CALIFORNIA

BY_____AP_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**AUDREY B. LITTLE,**

Plaintiff,

v.

OAKTREE FUNDING CORPORATION, et al.,
Defendants.

**Case No. 5:26-cv-00402-MEMF (MBKx)**

## HEALTHCARE / IRREPARABLE HARM EXHIBITS

### NOTICE OF LODGING OF INADVERTENTLY OMITTED PHI EXHIBITS

Plaintiff lodges the following medical and caregiving exhibits solely to complete the irreparable-harm record. These materials include time-stamped medical records and screenshots previously referenced in Plaintiff's filings but inadvertently omitted from an electronic upload. This packet contains Protected Health Information (PHI). Plaintiff requests confidential handling and will comply with any sealing/redaction procedures the Court directs.

---

### Exhibit Index

Exhibit A: Cedars-Sinai After Visit Summary (Breast oncology)
Exhibit B: Care/communication screenshots (ear pain / symptoms)
Exhibit C: Care/communication screenshots (pain meds / Norco)
Exhibit D: UCLA Progress Note screenshot (telehealth / pain history)
Exhibit E: UCLA Progress Note screenshot (prior baseline visit)
Exhibit F: UCLA After Visit Summary screenshot (med changes / radiculopathy)
Exhibit G: MyChart provider list / appointments screenshots
Exhibit H: Additional MyChart screenshot(s) (as included)
Exhibit I: MRI Shoulder Left Without Contrast – Results (Collected 01/09/2026)

Dated: February 12, 2026
/s/ Audrey B. Little
AUDREY B. LITTLE, Plaintiff Pro Se

UNITED STATES DISTRICT COURT                    Case No. 5:26-cv-00402-

CENTRAL DISTRICT OF CALIFORNIA                          MEMF (MBKx)


AUDREY B. LITTLE, Plaintiff,

v.

OAKTREE FUNDING CORPORATION; ROCKET CLOSE,

LLC; ROCKET COMPANIES, INC.; and DOES 1–50, inclusive,

Defendants.


PLAINTIFF'S EMERGENCY CONSOLIDATED REPLY IN SUPPORT OF TRO, ORDER

SHORTENING TIME, AND PRELIMINARY INJUNCTION THROUGH FINAL

ADJUDICATION OR RECORDED CURE; AND RESPONSE TO DEFENDANTS'

REMOVAL NARRATIVE AND EVIDENTIARY OBJECTIONS


Plaintiff submits this Reply to present the record as it is—document-driven and timestamped—

and to prevent irreversible harm. Defendants are attempting to reframe a systemic closing and

gatekeeper failure into a borrower-disclosure morality play and to obtain timing leverage through

removal and late-night filing practice.

Defendants filed their federal opposition packet at 10:44 p.m. on February 9, 2026 and served it

by email/ECF notice. Plaintiff worked through the night because the date-certain harm matured

on February 10, 2026.


**I. KEY FACTS AND TIMELINE (UNDISPUTED)**

• Rocket was served December 22, 2025; Oaktree was served December 31, 2025.

• Plaintiff's noticed state-court injunction opposition deadline was January 28, 2026 (court-day

counted). Defendants missed it. No opposition filed.

• Oaktree filed its Notice of Removal on January 29, 2026 after business hours.

• Oaktree filed its federal opposition package at 10:44 p.m. on February 9, 2026, accompanied by

multiple evidentiary-objection filings aimed at striking Plaintiff's irreparable-harm record.

毅filecite孚turn0file1孚L18-L28傢

## II.  THE INJUNCTION OPPOSITION DEADLINE WAS MISSED; REMOVAL THEN
## PROVIDED THIRTEEN EXTRA DAYS

Defendants' opposition to the noticed injunction was due January 28, 2026. The deadline was

missed. No opposition was filed.

On January 29—after the missed deadline—Oaktree removed. Removal did not interrupt a

timely response; the response had already been missed. Removal reset the procedural clock and

provided Defendants approximately thirteen extra days to oppose in federal court compared to

the state schedule.

Defense counsel states that removal meant Oaktree "did not need to file a response" to the

pending state-court injunction motion. 毅filecite孚turn0file7傢 That statement ignores the fact

that the state deadline had already passed before removal was filed. Removal functioned as an

end-run around a missed deadline and a pending injunction posture.

## III.  REMOVAL MISSTATEMENTS: COUNSEL KNOWLEDGE, CONSENT, AND
## FEDERAL-CLAIM POSTURE

Rocket was served nine days before Oaktree and remained a defendant at removal. Under 28 U.S.C. § 1446(b)(2)(A), all properly joined and served defendants must join in or consent to removal at the time of removal.

On January 5, 2026 Plaintiff expressly identified Rocket's counsel to Oaktree's counsel ("Zeeshan is the attorney for Rocket Close and Companies"), copying Rocket's counsel on the same email chain. 毂filecite孿turn2file9傢 Any representation that Rocket counsel was unknown, or that consent could be obtained only after later "discovery," is contradicted by that written notice.

By January 23, 2026 Plaintiff provided Oaktree a redlined version of the materially superseding pleading posture and explained that the SAC revisions were evidence-driven after Oaktree's production on December 10, 2025. 毂filecite孿turn2file9傢 Defendants' attempt to portray removal as compelled by surprise or by a stable federal-claim posture is inconsistent with the contemporaneous record.

Plaintiff requests expedited remand determination and fees under 28 U.S.C. § 1447(c).


## IV.  THIS IS A TOTAL GATEKEEPER COLLAPSE (TITLE / ESCROW / RECORDING / RECONVEYANCE / TITLE INSURANCE / QC)—NOT "ONE MISSED LIEN"

Defendants want this case to be about one allegedly "missed" deed of trust so they can pivot to borrower nondisclosure. That is not the record. The record supports, at minimum, serious questions that every core safeguard failed:

Defendants also mischaracterize Oaktree as a mere "conventional lender." The loan was processed as a non-conventional product, and Oaktree functioned as the underwriter—not a passive money source. Oaktree's own file reflects underwriting and lender QC responsibilities

tied to title and lien-priority conditions. Oaktree cannot invoke the "conventional lender" label to disclaim duty while simultaneously acting as the underwriting gatekeeper for title, CLTV, and required lien position.

Oaktree also had the stale preliminary title report dated 10/15/2024 in its file long before funding. The record reflects that this stale title material was in Oaktree's possession and relied upon in the underwriting/closing process since at least May 2025. A current title bring-down at or immediately before disbursement was the obvious safeguard; either it was never obtained, or it was obtained and ignored. Either scenario supports injunctive relief and undermines Defendants' effort to shift blame to borrower "disclosure."

• No current title bring-down was obtained immediately before disbursement (or, if obtained, Defendants proceeded anyway).

• Escrow did not comply with the lien-priority instruction requiring the lender's deed of trust to record in the required position as a condition to close. Oaktree admits this safeguard existed and that escrow recorded Oaktree in a subordinate position. 毂filecite孿turn0file6傢

• Recording occurred after disbursement rather than on/before the disbursement date required by the closing instruction (recording order safeguard failed).

• A paid lien was not timely reconveyed/cleared, compounding the defective lien stack and demonstrating the title/escrow "cleanup" function failed.

• Title insurance / title-risk handling was not performed as it should have been (claim/denial/policy inconsistencies are in the record).

• Oaktree's own QC/title conditions were not enforced despite underwriting limits turning on title/CLTV gatekeeping. 毂filecite孿turn2file4傢

## V.  DTI = $0; TITLE/CLTV WAS THE DISQUALIFIER—THAT IS WHY PLAINTIFF ASKED "IS IT ON TITLE?"

Defendants' "material concealment" narrative collapses under underwriting math. The family obligation required no monthly payment; disclosure would add $0 to DTI. 毂filecite孕turn2file4俟 The underwriting gate was whether a lien appeared on title (CLTV/lien stack) and whether the lender's deed of trust could be recorded in the required position. That is why Plaintiff asked whether it was on title. 毂filecite孕turn2file2俟

## VI.  DEFENDANTS' OBJECTION PACKET IS A "GAG" ATTEMPT TO ERASE IRREPARABLE HARM

Plaintiff's medical background further supports the credibility of her functional-harm testimony. Plaintiff worked in healthcare for 36 years. Plaintiff is not offering expert causation opinions. Plaintiff offers first-hand functional facts, supported by medical records, and explains why the physical consequences of forced displacement and overexertion are serious and irreversible for her.

Plaintiff is disabled with degenerative musculoskeletal conditions. Plaintiff also has microscopic colitis. During this period, Plaintiff has experienced stress-aggravated symptoms including night sweats, hair loss, and other immune-related changes. Plaintiff did not previously understand these stress responses until her treating physician explained that severe stress can trigger such physical symptoms. Plaintiff reports these facts as observed and as communicated to her by her treating providers; she does not ask the Court to make medical-causation findings on an emergency record.

Federal disability status and court accommodation: The Social Security Administration has

found Plaintiff disabled under its rules since August 13, 2010. (Exhibit Binder v14, Section F-1.)

Riverside Superior Court granted Plaintiff's disability accommodation request (MC-410),

recognizing the need for accommodations in court proceedings. (Exhibit Binder v14, Section

F-2.)

Caregiver reduction and resulting injury: Due to the financial strain and enforcement pressure,

Plaintiff has been forced to reduce long-standing in-home assistance. As a result, Plaintiff

performed physical tasks beyond her medical limitations and sustained a shoulder injury; an MRI

was ordered to evaluate the injury (including suspected rotator cuff involvement). (Exhibit

Binder v14, Section F-4; medical records in Exhibit Binder v14, Section F.)

Plaintiff further experienced an ear infection during this same period, which her physician

advised may be associated with stress-related immune changes. Again, Plaintiff offers this only

to show the concrete physical deterioration occurring during the enforcement-and-delay window

and why continued pressure and forced move risk permanent injury and loss of function.

Defendants filed multiple evidentiary-objection documents aiming to strike Plaintiff's disability

and injury facts as "irrelevant." 毅filecite學turn0file1學L18-L28傢 Irreparable harm is a

required TRO/PI element. Plaintiff offers first-hand functional facts and objective corroboration;

Defendants' objections are an attempt to blind the Court to the irreparable-harm inquiry.


## VII.  RELIEF REQUESTED

• Immediate TRO restraining any trustee sale/title transfer/foreclosure steps;

• Immediate restraint of acceleration, default/late/collection fees, billing/collection activity, and

coercive enforcement leverage;

• Immediate restraint of adverse credit furnishing/updating/verifying during the TRO period (or require DISPUTED and bar new delinquency/default codes);

• Order Shortening Time and expedited PI hearing;

• Preliminary Injunction to remain in effect through final adjudication or recorded cure;

• Expedited remand determination and fees/costs under 28 U.S.C. § 1447(c);

• Bond waived or nominal (≤ $500).

## VIII.  CONCLUSION

Defendants missed a fixed state-court opposition deadline, removed the next day after business hours, obtained thirteen extra days, and filed a 10:44 p.m. federal opposition package designed to erase irreparable harm. The Court should enter immediate injunctive relief and expedite remand and PI proceedings.

DATED: February 10, 2026

/s/ Audrey B. Little

AUDREY B. LITTLE

Plaintiff Pro Se

# Social Security Administration
## Benefit Verification Letter

Date: January 12, 2024
BNC#: 24B5395K13179
REF: A

AUDREY BETH LITTLE
81439 MERV GRIFFIN WAY
LA QUINTA CA  92253-8084

You asked us for information from your record. The information that you requested is shown below. If you want anyone else to have this information, you may send them this letter.

**Information About Current Social Security Benefits**

Beginning December 2023, the full monthly Social Security benefit before any deductions is $3,488.80.

We deduct $594.00 for medical insurance premiums each month.

The regular monthly Social Security payment is $2,894.00.
(We must round down to the whole dollar.)

Social Security benefits for a given month are paid the following month. (For example, Social Security benefits for March are paid in April.)

Your Social Security benefits are paid on or about the third of each month.

We found that you became disabled under our rules on August 13, 2010.

**Information About Past Social Security Benefits**

From December 2022 to November 2023, the full monthly Social Security benefit before any deductions was $3,380.70.

We deducted $560.50 for medical insurance premiums each month.

The regular monthly Social Security payment was $2,820.00.
(We must round down to the whole dollar.)

**Type of Social Security Benefit Information**

You are entitled to monthly disability benefits.

See Next Page

## MC-410  Disability Accommodation Request

**CONFIDENTIAL**

If you have a disability and need an accommodation while you are at court, you can use this form to make your request. For more information, see form <u>MC-410-INFO</u>.

**5** Make this request at least **5 days** (when the court is open) before you need the accommodation.

*Clerk receives and date stamps here.*

**Court Name and Address:**

### 1  Your information

Name: Audrey Little

Address: 81439 Merv Griffin Way

La Quinta CA  92253

Phone: 310-283-4448

Email: audrey.little458@gmail.com

**Case Number (if you know it):**
CVPS2508295

**Case Name/Type (if you know it):**
Little vs Rocket

### 2  How are you involved in the case?
☐ Juror  ☒ Party  ☐ Witness  ☐ Lawyer
☐ Other (explain):

### 3  When and where do you need the accommodation? [date(s), time(s), and court location]
Supior court of Riversie , Palm Springs Division

### 4  What accommodation do you need at the court?
The ability to appear remotely (by Zoom or equivalent) when medically necessary;schedule hearings at earliest possible dates when court permits, consideration and limitations on continuances  where pheasa

### 5  Why do you need this accommodation to assist you in court?
I am disableld and this case is causng orolinged harm.  That these accommodations apply to all future hearings in this matter.

☒ More information on this request is attached.

Date: 12-31-2025

Audrey Little
**Type or print name**

*audrey Little*
**Signature**

**(Optional)** If a court employee, caregiver or other person helped fill out this form and is **willing to provide more information if needed**, provide contact information below:

Name:                          Email:                          Phone:

Judicial Council of California, *www.courts.ca.gov*
Rev. January 1, 2021, Optional Form
Cal. Rules of Court, rule 1.100

**Disability Accommodation Request**

MC-410, Page 1 of 2



Name: Audrey Little

Case Number (if you know it):
CVPS2508295

————————————— **Court fills out below** —————————————

**(Optional)**

**(!)** **Important!** If your case is delayed or dismissed after you make this request and you do not need the accommodation for the date you specified under 3, please contact the court at:

Phone: _____     Email: _____

☒ Your request is **GRANTED.** The court will provide the accommodation(s) requested.

☐ Your request is **DENIED IN WHOLE OR IN PART.** The denied portion of your request:

    ☐ Does not meet the requirements of <u>Cal. Rules of Court, rule 1.100</u>.

    ☐ Creates an undue financial or administrative burden for the court.

    ☐ Changes the basic nature of the court's service, program, or activity.

    Explain the reasons supporting the box(es) checked above:

    _____

    _____

    ☐ **Instead**, the court will provide the following accommodation(s):

    _____

    _____

**The court will provide the accommodation(s):**

☐ For the date(s) and time(s) requested     ☐ Indefinitely

☐ On date(s): _future courts hearings, unless trials or other evidentiary hearings where physical attendance is necessary._

☐ More information on this decision is attached.

Date: 1.09.26

Arthur C Hester                          ▶ _(signature)_
Type or print name                          Signature

The court responded in person, by phone, or mail/email on: _____

**Note**: You may be able to ask for a review of this decision.
<u>Cal. Rules of Court, rule 1.100(g)</u> explains how to do this.

Rev. January 1, 2021

**Disability Accommodation Request**

**MC-410**, Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ **Print this form** ]   [ **Save this form** ]     [ **Clear this form** ]

SUPPLEMENTAL DECLARATION OF AUDREY LITTLE

IN SUPPORT OF MOTION TO ADVANCE CASE MANAGEMENT CONFERENCE

[¶ 1] I am a disabled individual with significant and ongoing medical conditions. My health is highly sensitive to prolonged stress, disruption of treatment, and physical overexertion. Procedural delay in this case is materially worsening my health and placing me at risk of permanent physical injury.

[¶ 2] I have a history of breast cancer and chronic autoimmune illness. My treating physicians have emphasized the importance of minimizing prolonged stress due to its impact on immune and inflammatory responses. Since this case began, sustained uncertainty, financial strain, and the risk of losing my home have caused a significant escalation of stress-related symptoms.

[¶ 3] For the first time since approximately 2009, I have experienced a flare of microscopic colitis, which is 100% stress-agitated. Due to the severity of symptoms, my physicians have recommended a colonoscopy and endoscopy. These symptoms arose during the pendency of this case.

[¶ 4] I have experienced new physical symptoms that I have never previously had, including persistent night sweats, unexplained body odor, hair loss, and immune-related issues. During this same period, I developed an ear infection for the first time in my life.

[¶ 5] I am a breast cancer survivor, having been diagnosed in 2017 and remaining cancer-free. Stress is a medically recognized risk factor for recurrence. Many of the physical stress responses I experience, including night sweats, are involuntary and not subject to conscious control.

[¶ 6] Due to the financial impact of this case, I have been forced to discontinue medically necessary therapies not covered by insurance. I have lost approximately three months of therapy that previously required approximately four hours per week.

[¶ 7] Based on my treatment history and medical guidance, therapy interruption has a compounding effect. Each month of missed therapy typically requires approximately two

to two and a half months of increased therapy to recover lost function. As a result, recovery is now projected to require approximately five months at approximately nine hours per week.

[¶ 8] I have also been unable to participate in adaptive physical education activities, which typically require approximately twelve hours per week and are critical to maintaining strength and preventing surgical intervention.

[¶ 9] Due to financial strain, I have been forced to reduce long-standing in-home assistance that I relied on for over twenty years. As a result, I have performed physical tasks beyond my medical limitations.

[¶ 10] As a direct result, I sustained a shoulder injury and am scheduled to undergo an MRI on January 9, 2026.

[¶ 11] I have sought ongoing medical care from my primary physician and pain management physician and am now being referred to an orthopedic surgeon due to progression of injury.

[¶ 12] Continued delay places me at risk of requiring surgical intervention that could result in an estimated sixty percent loss of mobility.

[¶ 13] Continued delay also increases the risk that I may lose my home, which was specifically designed to accommodate my physical limitations. Relocation would place me at significant risk of serious physical injury.

[¶ 14] The cumulative effect of prolonged delay places me at risk of irreparable physical harm. Advancing the Case Management Conference will allow the Court to promptly address scheduling and prevent further injury.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____, at _____, California.

**UNITED STATES DISTRICT COURT - CENTRAL DISTRICT OF CALIFORNIA**

Little v. Oaktree Funding Corporation, et al.  |  Case No. 5:26-cv-00402-MEMF (MBKx)

---

## NOTICE OF LODGING - CONSOLIDATED MEDICAL EXHIBITS (PHI)

Plaintiff lodges the attached consolidated medical exhibits for Court convenience. These exhibits contain personal health information (PHI). Plaintiff provides them solely for the limited purpose of supporting the irreparable-harm record in connection with Plaintiff's requests for TRO/PI/status-quo relief and related jurisdictional briefing. Plaintiff respectfully requests that the Court and parties treat these exhibits as confidential and handle them consistent with applicable privacy protections (including sealing/redaction procedures as appropriate).

**EXHIBIT INDEX**

| Exhibit | Description |
|---------|-------------|
| Exhibit A | Cedars-Sinai After Visit Summary (past visit details) screenshot. |
| Exhibit B | Text message thread re acute ear pain and symptoms (context for functional harm). |
| Exhibit C | Text message thread re pain medication and side effects (itching). |
| Exhibit D | UCLA Health progress note excerpt (11/18/2025) - pain history and VAS. |
| Exhibit E | UCLA Health progress note excerpt (09/12/2024) - baseline history. |
| Exhibit F | UCLA After Visit Summary (11/18/2025) - radiculopathy visit and medications. |
| Exhibit G | MyChart appointment detail screenshot (oncology). |
| Exhibit H | MyChart provider list screenshot (care team). |

DATED: _____, 2026

/s/ Audrey B. Little

AUDREY B. LITTLE, Plaintiff Pro Se

**UNITED STATES DISTRICT COURT - CENTRAL DISTRICT OF CALIFORNIA**

Little v. Oaktree Funding Corporation, et al.  |  Case No. 5:26-cv-00402-MEMF (MBKx)

## Exhibit A

Contains PHI - submitted for limited purpose in support of irreparable-harm record.



**UNITED STATES DISTRICT COURT - CENTRAL DISTRICT OF CALIFORNIA**

Little v. Oaktree Funding Corporation, et al.  |  Case No. 5:26-cv-00402-MEMF (MBKx)

## Exhibit B

Contains PHI - submitted for limited purpose in support of irreparable-harm record.



**UNITED STATES DISTRICT COURT - CENTRAL DISTRICT OF CALIFORNIA**

Little v. Oaktree Funding Corporation, et al.  |  Case No. 5:26-cv-00402-MEMF (MBKx)

## Exhibit C

Contains PHI - submitted for limited purpose in support of irreparable-harm record.



**UNITED STATES DISTRICT COURT - CENTRAL DISTRICT OF CALIFORNIA**

Little v. Oaktree Funding Corporation, et al.  |  Case No. 5:26-cv-00402-MEMF (MBKx)

## Exhibit D

Contains PHI - submitted for limited purpose in support of irreparable-harm record.



UNITED STATES DISTRICT COURT - CENTRAL DISTRICT OF CALIFORNIA

Little v. Oaktree Funding Corporation, et al.  |  Case No. 5:26-cv-00402-MEMF (MBKx)

## Exhibit E

Contains PHI - submitted for limited purpose in support of irreparable-harm record.



**UNITED STATES DISTRICT COURT - CENTRAL DISTRICT OF CALIFORNIA**

Little v. Oaktree Funding Corporation, et al.  |  Case No. 5:26-cv-00402-MEMF (MBKx)

## Exhibit F

Contains PHI - submitted for limited purpose in support of irreparable-harm record.



**UNITED STATES DISTRICT COURT - CENTRAL DISTRICT OF CALIFORNIA**

Little v. Oaktree Funding Corporation, et al.  |  Case No. 5:26-cv-00402-MEMF (MBKx)

## Exhibit G

Contains PHI - submitted for limited purpose in support of irreparable-harm record.



**UNITED STATES DISTRICT COURT - CENTRAL DISTRICT OF CALIFORNIA**

Little v. Oaktree Funding Corporation, et al.  |  Case No. 5:26-cv-00402-MEMF (MBKx)

## Exhibit H

Contains PHI - submitted for limited purpose in support of irreparable-harm record.



**EXHIBIT I — MRI SHOULDER (LEFT) WITHOUT CONTRAST**

Contains PHI — ti

10:44 😀                    .ıll 📶 100

Back           Test Details ⋮          Close

# MRI SHOULDER LEFT WO CONTRAST

Collected on Jan 09, 2026 12:50 PM

## Results

### Impression

IMPRESSION:
1. Supraspinatus tendinosis with evidence of chronic low-grade articular surface partial tear.
2. Infraspinatus tendinosis with subjacent traction cysts.
3. Mild degeneration of the superior labrum.
4. Trace subacromial subdeltoid bursal fluid.

Dictated by: Robert Lee MD
ELECTRONICALLY SIGNED ON: 01/12/2026

Physician to Physician Direct Line is: (818) 732-6894

### Narrative

Patient Name: LITTLE, AUDREY B
Date of Birth: 08/26/1965