1  BUCHALTER LLP
   JASON E. GOLDSTEIN (SBN: 207481)
2  RICHARD HOVSEPYAN (SBN: 365788)
   18400 Von Karman Avenue, Suite 800
3  Irvine, CA 92612-0514
   Telephone: 949.760.1121
4  Fax: 949.720.0182
   Email: jgoldstein@buchalter.com
5         rhovsepyan@buchalter.com

6  Attorneys for Defendant
   OAKTREE FUNDING CORP

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY B. LITTLE,<br><br>    Plaintiff,<br><br>vs.<br><br>OAKTREE FUNDING CORPORATION; ROCKET CLOSE, LLC; ROCKET COMPANIES, INC.; and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO.: 5:26-cv-00402 MEMF (MBKx)<br><br>**DEFENDANT OAKTREE FUNDING CORP.'S OPPOSITION TO PLAINTIFF AUDREY B. LITTLE'S MOTION FOR REMAND**<br><br>[Opposition, Declaration of Jason E. Goldstein and Evidentiary Objections filed concurrently herewith]<br><br>Date: March 19, 2026<br>Time: 10:00 a.m.<br>Crtrm: 8(B) |

## I. INTRODUCTION

In a transparent—and defunct—effort to defeat this Court's federal question jurisdiction, Plaintiff Audrey B. Little ("Plaintiff"), immediately after Defendant Oaktree Funding Corp.'s ("Oaktree") removal, filed an incomplete and defective motion for leave to file a Second Amended Complaint ("SAC"), in order to remove the federal law claim she added to her First Amended Complaint ("FAC"). And now, before the Court has even reviewed her motion for leave (or even filed a SAC), Plaintiff has filed the instant motion to remand.

This Court clearly has federal question jurisdiction over this action, because at the time of removal, Plaintiff's FAC—the operative pleading—expressly asserted violations of the Real Estate Settlement Procedures Act, 12 C.F.R. § 1024 (and UDAAP), and Oaktree timely removed the action on the basis of that federal claim pursuant to 28 U.S.C. §§ 1441(a) and 1446(b)(3). [Dkt. 1, **Exhibit A**, at p. 9]

Unable to contest the above point, Plaintiff asks the Court to remand this action based on a ***proposed*** SAC that she has not even been granted leave to file yet. And furthermore, assuming *arguendo* that the Court grants Plaintiff's motion for leave and subsequently accepts her SAC, the SAC still would not be the operative pleading for the purposes of removal and remand. The law is clear: a federal court's jurisdiction is determined on the basis of the operative pleading—here, the FAC— **at the time of removal**. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("jurisdiction flows from (and only from) the operative pleading.")

Here, Oaktree properly removed this action based on the face of the FAC's federal claims. Dkt. No. 1. Plaintiff's SAC is merely proposed; she has no amendment as of right and must obtain leave to amend under Fed. R. Civ. P. Rule 15(a)(2). Until such leave is obtained and the SAC is accepted—the FAC remains operative. Dkt. No. 13. Because Oaktree timely removed the action pursuant to 28 U.S.C. §§ 1441(a) and 1446(b)(3), and because the FAC has yet to be accepted

and superseded by the Plaintiff's ***proposed*** SAC, this Court properly retains federal question jurisdiction of this matter until such time. Plaintiff's unsupported and uncited assertion that a proposed SAC can supersede the operative FAC for the purposes of jurisdiction and remand is completely baseless. And her remaining critique regarding the rule of unanimity fairs no better, given that Oaktree's remaining named co-Defendant either did not object to Oaktree's removal or otherwise did not appear altogether, making their consent to the removal unnecessary. *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011).

Thus, based on the above, and for the reasons discussed below, Plaintiff's motion to remand this action back to state court should be denied.

## II. RELEVANT PROCEDURAL BACKGROUND

On November 12, 2025, Plaintiff filed an action in the Superior Court of the State of California in and for the County of Riverside, Palm Springs Branch, entitled *Little v. Rocket Title Insurance Company et al.*, Case No.: CVPS2508295. On November 18, 2025, Plaintiff filed its FAC in the state court action. Dkt. No. 1, **Exhibit A**. The FAC alleges, *inter alia*, that Oaktree allegedly violated the Real Estate Settlement Procedures Act, 12 C.F.R. § 1024 (and UDAAP) and that Plaintiff is allegedly entitled to rescission of the loan as a result. *Id.*

Oaktree first received formal service of the FAC on December 31, 2025, and filed its Notice of Removal on January 29, 2026—the 29th day of its 30 day window to remove under 28 U.S.C. § 1446(b)(3). [Declaration of Jason E. Goldstein, ¶ 2 and Dkt. 23-2] *See also*, Fed. R. Civ. P. 6(a)(2)(A-C) (exclude the day of service and include the last day of the period when calculating the 30 day period for removal.) Oaktree removed on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).

On January 30, 2026—one day after Oaktree's removal—Plaintiff filed a Motion to Remand the action back to state court, asserting that: (1) Oaktree's removal

was defective because it is superseded by her yet to be filed (or even granted) SAC which drops all federal claims from the FAC; and (2) a lack of unanimity between the named defendants with respect to the removal, in alleged violation of 28 U.S.C. § 1446(b)(2). Interestingly, the version of the Motion to Remand that Plaintiff filed with the Court is incomplete; it only the includes the first page. [Dkt. No. 11] The Court, on its own motion, has set Plaintiff's Motion for Remand for hearing on March 19, 2026. [Dkt. 16]

## III. ARGUMENT

### A. Oaktree's Removal Was Timely And Not Defeated By The Rule Of Unanimity Under 28 U.S.C. § 1446(b)(2)

Here the FAC, and not the original complaint, first supplied a federal question (Dkt. No. 1, **Exhibit A**), and because Oaktree removed within 30 days of receiving service of that FAC, the removal was timely. 28 U.S.C. § 1446(b)(3); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). Plaintiff does not allege otherwise. Dkt. No. 11.

Moreover, Oaktree's removal is not defective per the "rule of unanimity" enumerated in 28 U.S.C. § 1446(b)(2). Per § 1446(b)(2)(A), "all defendants who have been *properly joined and served* must join in or consent to the removal of the action" (emphasis added). However, consent or participation from unserved or improperly served defendants is unnecessary. *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011). Here, the only Defendant that had appeared in the underlying action as of the time of removal was Rocket Title Insurance Company—who was dismissed on January 5, 2026. [Declaration of Jason E. Goldstein, ¶ 4]

Despite Oaktree making a reasonable inquiry into whether the remaining Defendants (who never made an appearance) had been served with the FAC, it was unable to obtain the requisite information before the expiration of its 30 day window

1 for timely removal. See Notice of Removal at ¶ 1, n.1; [Declaration of Jason E. Goldstein, ¶¶ 3-5] Therefore, when Oaktree removed on January 29, 2026, it did not need consent from any unserved or improperly served Defendants. 28 U.S.C. § 1446(b)(2); *Destfino*, 630 F.3d at 956-57.

And with respect to Defendants Rocket Close LLC, and Rocket Companies, Inc. – the escrow agent, these Defendants made their first appearance in this action after it had been removed, via joint stipulation, wherein they did not object to Oaktree's removal nor the Court's jurisdiction over them. See Dkt. No. 20.

As for Plaintiff's allegation that Rocket Close LLC and Rocket Companies, Inc. had reviewed the SAC and told Plaintiff that they would agree to respond only to the SAC, this does not in and of itself support her contention that these Defendants did not consent to the removal, such as to violate the rule of unanimity. Plaintiff offers no evidence in support of her contention. And given that Rocket Close LLC and Rocket Companies, Inc. filed a stipulation in this Court, wherein they agreed to accept whatever order it issues with respect to the action, their consent to this Court's jurisdiction can be inferred by the stipulation. See Dkt. No. 20. Thus, we have actual, albeit circumstantial, evidence of Rocket Close LLC and Rocket Companies, Inc.'s consent against Plaintiff's unsupported contention of no consent. The former must defeat the latter under these circumstances. The appearance in this action and stipulating to relief from this Court closes the door on this subject.

### B. Plaintiff's Reliance On A Proposed SAC Is Legally Irrelevant

Plaintiff's main remand theory rests on a non-existent operative pleading. The federal docket in this case does not contain an SAC. All it has is a Motion or Leave to Amend. [Dkt. 13] The Court has not yet given Plaintiff leave to file an SAC; no SAC has been filed; and no order has designated any SAC as operative in this case.

Oaktree contends that its motion to dismiss will be dispositive as to the entire action and leave to amend should thus not be granted.

Plaintiff repeatedly attempts to contend that because Oaktree and the remaining Defendants may have been aware of her plan to file an SAC that abandons the FAC's federal law claims, the FAC was inherently superseded by the unfiled SAC and became the operative pleading. She offers no support for this contention or any kind of citation to legal authority. [Dkt. 11] The idea that an ethereal pleading that has yet to be filed or even granted leave to file can act as the operative pleading for the purposes of jurisdiction is absurd. Until this Court grants Plaintiff leave, and until her SAC is filed—the FAC remains operative, and its federal law claims give this Court jurisdiction. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("jurisdiction flows from (and only from) the operative pleading.")

## IV.  CONCLUSION

For the foregoing reasons, Defendant Oaktree Funding Corp., respectfully requests that Plaintiff's Motion for Remand be denied.

DATED: February 13, 2026    BUCHALTER LLP


By: */s/ Jason E. Goldstein*
JASON E. GOLDSTEIN
RICHARD HOVSEPYAN
Attorneys for Defendant
OAKTREE FUNDING CORPORATION