1 | BUCHALTER LLP
2 | JASON E. GOLDSTEIN (SBN: 207481)
  | RICHARD HOVSEPYAN (SBN: 365788)
3 | 18400 Von Karman Avenue, Suite 800
  | Irvine, CA 92612-0514
4 | Telephone: 949.760.1121
  | Fax: 949.720.0182
5 | Email: jgoldstein@buchalter.com
  |        rhovsepyan@buchalter.com

6 | Attorneys for Defendant
7 | OAKTREE FUNDING CORP

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| AUDREY B. LITTLE, | CASE NO.: 5:26-cv-00402 MEMF (MBKx) |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT OAKTREE FUNDING CORP'S EVIDENTIARY OBJECTIONS TO DECLARATION OF AUDREY B. LITTLE [DKT. 19, P. 4] AND (PROPOSED) ORDER** |
| OAKTREE FUNDING CORPORATION; ROCKET CLOSE, LLC; ROCKET COMPANIES, INC.; and DOES 1 through 50, inclusive, | |
| Defendants. | [Opposition, Declaration of Jason E. Goldstein and Evidentiary Objections filed concurrently herewith] |
| | Date: March 19, 2026 |
| | Time: 10:00 a.m. |
| | Crtrm: 8(B) |

Defendant Oaktree Funding Corp. ("Oaktree"), hereby submits its evidentiary objections to the Declaration of Plaintiff Audrey B. Little, submitted as Dkt. # 19, page 4, and proposed order:

**EVIDENTIARY OBJECTIONS TO DECLARATION OF AUDREY B. LITTLE**

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| 1.   Re: Duty of Candor; Material Contradictions; Deadline-Driven Removal Timing<br>I am self-represented and have | **Fed R. Evid. 402 and 403**<br>(irrelevant) | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| been careful to present only statements that I can support with documentary exhibits or sworn personal knowledge. Licensed counsel are held to duties of candor and accuracy in representations to the Court, particularly where jurisdiction and scheduling are affected. Here, Defendants' removal filings contain factual assertions contradicted by Defendants' own documents and contemporaneous communications. For example, Oaktree represented it would seek co-defendants' consent when it "discovers who represents the other Defendants," yet the documentary record shows counsel identity and coordination months earlier, including an email listing both counsel on the same line and identifying Zeeshan Iqbal as counsel for Rocket Close, LLC / Rocket Companies, Inc. In addition, I expressly advised Defendants before removal that the forthcoming Second Amended Complaint removed RESPA/Regulation X and proceeded on state-law causes, yet Defendants removed anyway on the eve of deadlines. I submit these contradictions as evidence of bad faith and respectfully request the Court weigh Defendants' credibility accordingly. | **Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 602** (lack of personal knowledge)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | |
| 2. Additional Facts Regarding Deadlines and Removal Timing: Procedural manipulation/attempted reset of deadlines through removal. An injunction hearing was noticed for February 10, 2026. Under the applicable timing rules, | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 602** (lack of | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| Defendants' opposition was due nine court days before that hearing, i.e., January 28, 2026. No timely opposition was filed. Separately, I served the First Amended Complaint on December 31, 2025, making Defendants' responsive pleading due January 30, 2026 absent stipulation. On January 27, 2026, Oaktree's counsel wrote that he was "now in the position" to stipulate to my filing the Second Amended Complaint while simultaneously requesting a continuance of the injunction hearing. I responded the same day that the SAC was ready to file and requested the stipulation in writing, relying on that representation. The next day, counsel reversed course ("reconsidering whether to stipulate"). On January 29, 2026, after I again asked whether Oaktree would stipulate or respond by the deadline, Defendants filed a Notice of Removal at 5:37 PM PST. This timing bears directly on credibility and supports an inference that removal was used to park the case and obtain a procedural reset of deadlines that were expiring or had already passed. | personal knowledge)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | |

**IT IS SO ORDERED.**

Dated: February __, 2026

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge