BUCHALTER LLP
JASON E. GOLDSTEIN (SBN: 207481)
RICHARD HOVSEPYAN (SBN: 365788)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email: jgoldstein@buchalter.com
       rhovsepyan@buchalter.com

Attorneys for Defendant
OAKTREE FUNDING CORP

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| AUDREY B. LITTLE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>OAKTREE FUNDING CORPORATION; ROCKET CLOSE, LLC; ROCKET COMPANIES, INC.; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | CASE NO.: 5:26-cv-00402 MEMF (MBKx)<br><br>**DEFENDANT OAKTREE FUNDING CORP'S EVIDENTIARY OBJECTIONS TO DECLARATION OF AUDREY B. LITTLE [DKT. 19, P. 8-11] AND (PROPOSED) ORDER**<br><br>[Opposition, Declaration of Jason E. Goldstein and Evidentiary Objections filed concurrently herewith]<br><br>Date: March 19, 2026<br>Time: 10:00 a.m.<br>Crtrm: 8(B) |

Defendant Oaktree Funding Corp. ("Oaktree"), hereby submits its evidentiary objections to the Declaration of Plaintiff Audrey B. Little, submitted as Dkt. # 4, page 8-11, and proposed order:

**EVIDENTIARY OBJECTIONS TO DECLARATION OF AUDREY B. LITTLE**

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| 1.　I am the Plaintiff in this action. I make this Supplemental Declaration | **Fed R. Evid. 901** (lack of foundation) | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| from my own personal knowledge, and if called as a witness I could and would testify competently to the facts stated herein. | **Fed R. Evid. 701** (improper opinion of lay witness)  **Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | |
| 2. This declaration is submitted to explain the imminent and irreparable harm I am suffering and will continue to suffer absent immediate injunctive relief. | **Fed R. Evid. 901**(lack of foundation)  **Fed R. Evid. 701** (improper opinion of lay witness)  **Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 3. I reside in La Quinta, California. I am disabled and have significant medical needs. My home is a single-story residence (approximately 5,000 square feet) with no steps, and its layout and bathrooms were selected and configured to accommodate my medical condition and limited mobility. | **Fed R. Evid. 402 and 403** (irrelevant)  **Fed R. Evid. 901**(lack of foundation)  **Fed R. Evid. 701** (improper opinion of lay witness)  **Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 4. Because of my disability and my pets (three dogs and two cats), relocation is exceptionally difficult. I cannot board or rehome my animals, and finding a suitable rental that accepts them, is accessible, and is comparable | **Fed R. Evid. 402 and 403** (irrelevant)  **Fed R. Evid. 901**(lack of foundation)  **Fed R. Evid. 701** (improper | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| in function is extremely limited. | opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | |
| 5. As a direct result of the events giving rise to this case, my finances have deteriorated rapidly. For the first time in my adult life, I am behind on ordinary living expenses and essential bills. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 6. I am currently behind on unsecured obligations (including amounts owed to my caregiver, gardener, medical providers, and other vendors). I have prioritized only those obligations secured against my home, but that approach is no longer sustainable. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 7. This transaction was supposed to be refinanced immediately after closing. The refinance could not proceed because of the defective lien position and title/recording problems that are the subject of this case. | **Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| | opinion/legal conclusion) | |
| 8. The delay has forced me to carry two mortgage obligations simultaneously, which consumes essentially all of my income and has caused severe, compounding financial strain. | **Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 9. I have already suffered non-monetary losses that cannot be repaired by a later damages award. For example, I was forced to cancel my 60th birthday celebration, cancel my annual holiday party, and cancel significant family travel that had been planned well in advance, including a planned trip to Bora Bora with my son. I also missed the FIFA World Cup with my other son, a once-in-a-lifetime trip we planned for approximately twelve years. I did not attend a single holiday event, and I did not attend a single event during the season in my community. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 10. I missed family time and key life events that cannot be recovered, including being unable to be present for close family members during serious medical events in late 2025 and early 2026, and missing substantial time with my newborn granddaughter. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| | opinion/legal conclusion) | |
| 11. The stress and disruption have materially affected my health and daily functioning. I have lost routine activities that support my physical and emotional well-being, including regular dog walks, gardening, adaptive physical activity, and playing pickleball (which I have not been able to do for approximately four months). I have not been doing the healthy activities that stabilize my condition; instead I have done nothing but sit and work on this crisis. My WHOOP health-age metric increased by approximately six years during this period, which reflects a significant deterioration in my health markers. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 12. I have also withdrawn from normal community and social activities because of the time demands and the emotional shock of this situation. | **Fed R. Evid. 402 and 403** (irrelevant) | ☐ Sustained<br>☐ Overruled |
| 13. I have relied on the same primary caregiver for more than five years (and have known her for more than twenty years). Because of my inability to pay consistently while this situation persists, I have already permanently lost two days per week of that caregiver support, as she had to take other paying work. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| 14. That loss is not fully reversible. Even if my finances stabilize later, I will likely be forced to replace trusted long-term assistance with unfamiliar caregivers, which is uniquely harmful given my disability. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 15. Imminent deadline. If injunctive relief is not entered, irreparable harm will occur on or about February 16, 2026. | **Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 16. By that date, I will be forced to choose between missing payments on the Oaktree loan (which would harm my co-borrower, who was included for debt-to-income purposes and did not cause or understand these issues) or missing payments on my first mortgage for the first time in more than three decades of homeownership to avoid damaging my co-borrower's credit. Either scenario triggers cascading consequences: credit damage, default notices, increased fees and costs, loss of refinancing options, and a material increase in the probability of foreclosure and forced sale. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| 17. Loss of home/ unique property. My home is custom-built and the site and views were selected by me. It has unique characteristics (including unobstructed west- and south-facing views, sun exposure, and an accessible, fenced outdoor area necessary for my animals). | **Fed R. Evid. 402 and 403** (irrelevant) | ☐ Sustained<br>☐ Overruled |
| 18. There is no readily available comparable replacement within my community. Replacing my home within a comparable gated community and configuration would require purchasing scarce land and custom building at dramatically higher cost. Forced displacement would require multiple moves without reliable assistance and would cause severe physical and emotional strain that money cannot adequately undo. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 19. Loss of favorable tax and financing position. If I am forced into foreclosure or a distressed sale, I face permanent losses that are not compensable by ordinary damages, including loss of my property tax basis and the practical loss of my ability to preserve investment and tax planning options tied to my property and equity. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901** (lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 20. Additionally, my current first mortgage interest rate is exceptionally favorable. If my credit is damaged or I lose the home, I will not be able to obtain comparable financing in | **Fed R. Evid. 402 and 403** (irrelevant) | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| the future, if I can obtain financing at all. | **Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | |
| 21. I have acted diligently and in good faith to avoid this crisis. I have repeatedly sought a temporary pause/forbearance and proposed multiple mitigation and settlement options intended to protect all parties while the underlying issues are addressed. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion | ☐ Sustained<br>☐ Overruled |
| 22. Despite those efforts, absent court intervention, the harm described above will occur before the merits of this case can be adjudicated. | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | ☐ Sustained<br>☐ Overruled |
| 23. Monetary damages alone cannot restore what will be lost if the property is taken or if my credit is destroyed and I am displaced: the unique accessibility of my home, my stability and medical functioning, trusted caregiver | **Fed R. Evid. 402 and 403** (irrelevant)<br><br>**Fed R. Evid. 901**(lack of foundation)<br><br>**Fed R. Evid. 701** (improper | ☐ Sustained<br>☐ Overruled |

| Statement | Grounds for Objection | Ruling |
|---|---|---|
| support, and time and life events already lost. | opinion of lay witness)<br><br>**Fed R. Evid. 702-703** (improper/unqualified expert opinion/legal conclusion) | |
| 24. For these reasons, I respectfully request the Court grant immediate injunctive relief to prevent irreparable harm while the Court considers the merits. | All prior objections are incorporated herein by this reference. | ☐ Sustained<br>☐ Overruled |

**IT IS SO ORDERED.**

Dated: February __, 2026

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge