FILED
CLERK, U.S. DISTRICT COURT
2/17/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: asi  DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AUDREY LITTLE, Plaintiff (Pro Se), | **Case No. 5:26-cv-00402-MEMF (MBKx)** |
| v. | |
| OAKTREE FUNDING CORPORATION; ROCKET CLOSE, LLC; ROCKET COMPANIES, INC.; and DOES 1–50, inclusive, Defendants. | |

**EX PARTE APPLICATION FOR IMMEDIATE STATUS-QUO TRO (URGENT — DUE IMMEDIATELY)**

Plaintiff respectfully applies ex parte for a narrow status-quo Temporary Restraining Order ("TRO") to prevent irreparable harm occurring now—before March 19, 2026—while jurisdiction and preliminary-injunction scheduling are pending.

**A. Relief Requested (Status-Quo Only)**

Plaintiff requests that, through March 19, 2026 and continuing until a Preliminary Injunction hearing can be conducted (or further order), Defendants and their agents be ordered to: (1) take no foreclosure or sale steps; (2) furnish or initiate no adverse credit reporting related to the subject loan; (3) initiate no ACH/autopay withdrawals; and (4) cease billing and collection escalation beyond ordinary, non-threatening servicing communications.

**B. Why Ex Parte Relief Is Necessary (Date-Certain, Immediate Harm)**

Plaintiff's situation is immediate. Plaintiff is already late on her first mortgage payment for the first time in her life, and absent immediate interim relief Plaintiff will be forced to list her home for sale immediately to prevent foreclosure-related credit injury to her innocent co-borrower. In addition, Oaktree (or its servicer) has attempted ACH withdrawals despite Plaintiff's instruction to stop and is expected to attempt again. Uncontrolled ACH pulls and credit reporting create immediate, difficult-to-undo harm and compress Plaintiff's ability to stabilize the situation.

**C. Gatekeeping Failure Confirmed by Oaktree's Own Claim Letter**

Oaktree's Notice of Claim to its title insurer states that Oaktree "became aware" of the outstanding deed of trust only later during an attempt to sell the loan to an investor. This admission is inconsistent with meaningful pre-funding QC or a current title bring-down through the funding/recording window. The intervening deed of trust was publicly recorded months before the July 2025 closing; a timely bring-down/current title check would have revealed it regardless of any borrower entry on a Form 1003. Continued enforcement while the defect remains unresolved creates immediate irreparable harm warranting narrow status-quo relief.

**D. Requested Ruling**

Plaintiff respectfully requests that the Court rule on the papers immediately, or alternatively set the earliest possible hearing. Plaintiff will provide notice to Defendants' counsel and file proof of notice/service.

Dated: February 17, 2026

Respectfully submitted,

/s/ Audrey Little

AUDREY LITTLE, Plaintiff Pro Se

**[PROPOSED] ORDER GRANTING LIMITED STATUS-QUO TRO**

IT IS HEREBY ORDERED that, through March 19, 2026 (or further order), Defendants and their agents shall: (1) take no foreclosure/sale steps; (2) furnish or initiate no adverse credit reporting related to the subject loan; and (3) initiate no ACH/autopay withdrawals or collection escalations beyond ordinary servicing. This Order is preservative and does not adjudicate ultimate merits.