FILED
CLERK, U.S. DISTRICT COURT
2/17/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: asi  DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

AUDREY LITTLE, Plaintiff (Pro Se),   **Case No. 5:26-cv-00402-MEMF (MBKx)**

v.

OAKTREE FUNDING CORPORATION;

ROCKET CLOSE, LLC; ROCKET COMPANIES, INC.; and DOES 1–50, inclusive,

Defendants.

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**

Hearing: March 19, 2026 at 10:00 a.m. (Crtrm 8B)

Judge: Hon. Maame Ewusi-Mensah Frimpong

**I. INTRODUCTION**

Removal was procedurally defective because Oaktree failed to obtain the consent of all properly joined and served defendants as required by 28 U.S.C. § 1446(b)(2)(A). Rocket Companies, Inc. was personally served on December 26, 2025. (Ex. 1.) Rocket's state-court stipulation confirms service was completed on December 26, 2025 and reflects active state-court scheduling posture tied to Plaintiff's SAC/leave schedule. (Ex. 2.) Oaktree removed on January 29, 2026 without Rocket's consent. (Ex. 5.) Oaktree attempts to excuse this omission by asserting counsel did not

know who would represent Rocket in litigation and that Rocket had not appeared. (Ex. 4.) Those assertions are not statutory exceptions to unanimity and are contradicted by Plaintiff's written identification of Rocket's counsel on January 5, 2026. (Ex. 3.) Remand is required under 28 U.S.C. § 1447(c). Oaktree Funding Corporation was personally served through its registered agent on December 31, 2025. (Ex. 8.)

**II. UNANIMITY WAS REQUIRED AND WAS NOT SATISFIED (28 U.S.C. § 1446(b)(2)(A))**

A. Rocket was properly served before removal; consent was required. Section 1446(b)(2)(A) requires that all defendants who have been properly joined and served must join in or consent to removal. Rocket Companies, Inc. was personally served on December 26, 2025 via its registered agent (C.T. Corporation Systems). (Ex. 1.) Rocket's stipulation confirms service was completed on December 26, 2025 and that Rocket sought to align deadlines with Plaintiff's SAC/leave posture. (Ex. 2.) Because Rocket was properly joined and served, its consent was required. Removal without that consent mandates remand under 28 U.S.C. § 1447(c).

B. "No appearance" and "uncertainty about counsel" do not excuse unanimity. Oaktree argues that Rocket had not appeared and that counsel was not aware of who would represent Rocket in litigation. (Ex. 4.) Unanimity turns on service—not appearance and not counsel certainty. 28 U.S.C. § 1446(b)(2)(A). Plaintiff identified Rocket's counsel in writing on January 5, 2026: "Zeeshan is the attorney for Rocket Close and Companies." (Ex. 3.) A claimed lack of formal response to a tender is not a statutory exception and cannot cure defective removal. (Ex. 4.) Defendant's Errata Confirms Buchalter Did Not Represent Rocket and Did Not Supply Rocket's Consent. On January 30, 2026, the day after removal, Oaktree's counsel filed a Notice of Errata stating that "upon opening of the case, Buchalter LLP erroneously selected representation of all

the Defendants," and clarifying that "Buchalter LLP only represents Defendant Oaktree Funding Corp." (Ex. 7.) This correction reinforces that Rocket Close and Rocket Companies had separate representation and that Oaktree's removal could not have included Rocket's required joinder/consent under 28 U.S.C. § 1446(b)(2)(A). The errata does not cure the missing-consent defect.

### III. REMOVAL TIMING CONFIRMS PREJUDICE AND SUPPORTS INTERIM STATUS-QUO RELIEF

Removal occurred during a time-sensitive, noticed injunction posture and had the practical effect of converting an imminent state-court schedule into weeks of delay. Plaintiff served Oaktree in state court on December 31, 2025 and provided a courtesy copy of the injunction motion to Oaktree's counsel on January 13, 2026, stating formal service would follow. (Exs. 8–9.) Plaintiff then served Oaktree's registered agent with the noticed PI motion and supporting materials on January 16, 2026. (Ex. 10.) On January 27, 2026, Oaktree's counsel represented he was "now in the position to stipulate" to Plaintiff filing the SAC while simultaneously seeking to continue the state injunction hearing. (Ex. 6.) Oaktree removed late in the statutory window on January 29, 2026, between the state-court noticed opposition deadline (January 28) and the next-day response/answer-or-stipulation posture (January 30), resetting deadlines and delaying adjudication of Plaintiff's requested injunctive relief. This sequencing caused concrete prejudice, including forced payment triage, forced distressed-sale pressure to protect an innocent co-borrower's credit, and compelled disclosure of sensitive medical information to substantiate disability/care needs.

### IV. CORRECTION OF THE RECORD

Plaintiff did not question the Court's authority or legitimacy. Plaintiff is pro se and initially did not understand removal mechanics; Plaintiff invoked the proper statutory procedure by moving to remand based on removal defects. Plaintiff has also sought leave to clarify pleading posture and remove any federal-claim confusion going forward.

**V. DEFENDANT'S EVIDENTIARY OBJECTIONS DO NOT DEFEAT REMAND**

Oaktree's evidentiary objections do not establish consent, do not establish an exception to unanimity, and do not cure defects under 28 U.S.C. § 1446(b)(2)(A). Remand turns on the service-and-consent record. 28 U.S.C. §§ 1441–1447. In any event, the key exhibits are properly considered as party-opponent statements and authenticated records (Fed. R. Evid. 801(d)(2), 901(b)(4)), and recorded/service documents are reliable public filings. (Exs. 1–5.) Defendant's remand opposition and objections also attempt to relitigate TRO/PI merits and evidentiary issues that do not cure the unanimity defect. Defendants' own papers acknowledge escrow error and deviation from escrow instructions, underscoring the need for preservative status-quo relief pending a PI hearing.

**VI. REQUEST FOR IMMEDIATE INTERIM STATUS-QUO ORDER (THROUGH MARCH 19 OR FURTHER ORDER)**

Plaintiff respectfully requests a narrow interim order maintaining the status quo through March 19, 2026 (or further order), prohibiting Defendants and their agents from: (1) taking any foreclosure/sale steps; (2) furnishing or initiating adverse credit reporting related to the subject loan; and (3) initiating ACH/autopay withdrawals or escalating collection activity beyond ordinary servicing. This preservative relief is necessary because Plaintiff faces date-certain irreparable harm in February 2026 absent immediate protection.

**VII. CONCLUSION**

1   For the foregoing reasons, Plaintiff respectfully requests that the Court grant remand under 28

2   U.S.C. § 1447(c), award costs incurred as a result of removal, enter interim status-quo relief, and

3   continue the Rule 12(b)(6) motion pending the remand ruling.

4   Dated: February 17, 2026

5   Respectfully submitted,

6   /s/ Audrey Little

7   AUDREY LITTLE, Plaintiff Pro Se