FILED
CLERK, U.S. DISTRICT COURT

2/17/2026

CENTRAL DISTRICT OF CALIFORNIA
BY_____asi_____DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

1    **UNITED STATES DISTRICT COURT**

2    **CENTRAL DISTRICT OF CALIFORNIA**

3

4    **AUDREY LITTLE, Plaintiff (Pro Se),**

5    **v.**

6    **OAKTREE FUNDING CORPORATION, et al., Defendants.**

7

8    **Case No. 5:26-cv-00402-MEMF (MBKx)**

9

10    **PLAINTIFF'S MOTION TO STRIKE OR DISREGARD TEAGUE DECLARATION(S)**

11    **DUE TO RECORD-INTEGRITY DISCREPANCIES**

12    **AND LACK OF FOUNDATION; REQUEST TO BAR FURTHER TEAGUE**

13    **DECLARATIONS ABSENT LEAVE OF COURT**

14

15    **TO THE HONORABLE MAAME EWUSI-MENSAH FRIMPONG, UNITED STATES**

16    **DISTRICT JUDGE:**

17    Plaintiff Audrey Little (pro se) moves to strike, or alternatively to disregard unless corrected, the

18    declaration(s) of Robert Teague submitted by Defendant Oaktree Funding Corporation. The

19    record reflects an internal chronology inconsistency (service date preceding execution date), and

20    the declaration(s) do not lay adequate foundation for operational assertions about

21    escrow/title/QC events. Plaintiff further requests that no further Teague declarations be permitted

22    absent prior leave of Court.

23    **I. INTRODUCTION AND RELIEF REQUESTED**

1    Docket references: The Teague declaration at issue appears (among other places) as the

2    declaration attached to the Notice of Removal package (e.g., as an exhibit to Dkt. 1) and as part

3    of Defendants' TRO opposition materials (Dkt. 23 series). To the extent Defendants rely on

4    similar Teague declarations in opposition to remand (Dkt. 47 series), Plaintiff requests the Court

5    disregard those declarations for remand/jurisdiction purposes pending clarification/cure.

6    •   Strike the Teague declaration package attached to the Notice of Removal (Document 1-19) as

7        unreliable; or, in the alternative, disregard it unless and until Defendants file a corrected

8        declaration with a matching proof of service and sworn explanation.

9    •   Order Defendants to identify which Teague declaration is operative and to lodge the true and

10       correct executed version as signed, with the corresponding proof of service for that exact

11       version.

12   •   Bar any further Teague declarations in connection with TRO/PI or remand disputes absent

13       leave of Court, given the repeated record inconsistencies.

14   **II. GROUNDS**

15   A. Chronology inconsistency. The Teague declaration is executed on January 29, 2026, but the

16   attached Proof of Service is dated January 26, 2026. A declaration cannot be served in executed

17   form before it exists. At minimum, this creates an authenticity and chain-of-service problem: it is

18   unclear what document was served, when it was served, and whether it matches the version now

19   lodged with the Court.

20   B. Lack of foundation for operational assertions. Mr. Teague is in-house counsel/EVP

21   Compliance. Even where he states he is a 'custodian' for certain Oaktree records, his declaration

22   does not establish personal participation in (or competent foundation for) escrow operations, title

23   searches/bring-downs, recording order, or QC signoffs. To the extent the declaration makes

1    operational assertions or attributes nondisclosure to Plaintiff, it should be disregarded absent a

2    qualified witness with personal knowledge and a proper business-records foundation (Fed. R.

3    Evid. 602, 803(6)).

4    Additional record-integrity and foundation issues underscore why Teague's declaration(s) should

5    be disregarded for threshold purposes.

6    (a) Co-borrower knowledge omitted: Teague's declaration narrative addresses only Plaintiff and

7    does not address the co-borrower at all, even though co-borrower Jake had no knowledge of the

8    loan or any recorded lien. That omission matters because Defendants have used the declaration

9    to paint a complete "borrower concealment" story while ignoring the innocent co-borrower's

10   lack of knowledge.

11   (b) Disclosure and materiality misframed: Defendants have been advised that Plaintiff disclosed

12   the existence of the family loan to the broker and specifically asked whether any lien appeared

13   on title; the issue was not DTI (payment-neutral) but CLTV/LTV feasibility—which is

14   discoverable by current title and bring-down diligence controlled by Defendants' pipeline.

15   Teague's declaration treats the dispute as a borrower disclosure failure rather than a

16   gatekeeper/title-currency failure.

17   (c) Stale title date was visible in Defendants' own production: Teague and Oaktree provided a

18   Dropbox "complete loan file" that included the stale title/commitment materials bearing the

19   October 15, 2024 as-of date. Because that stale date was in Defendants' possession and visible at

20   any time, Teague's declaration cannot fairly suggest the intervening recorded deed was

21   unknowable absent borrower disclosure.

22   C. Prejudice and improper scope. Defendants use the Teague declarations to push a merits

23   narrative (borrower nondisclosure) that is not germane to the remand hearing and is being used

1   to justify delay. Where a declaration is internally inconsistent as to execution/service and lacks

2   foundation for operational facts, the Court should not credit it.

3   **III. REQUESTED ALTERNATIVE: CLARIFICATION AND CURE**

4   If the Court is not inclined to strike, Plaintiff requests an order requiring Defendants to file a

5   sworn clarification: (1) identifying the exact Teague declaration version purportedly served; (2)

6   the method and date/time of service; (3) whether the served version matches the lodged version;

7   and (4) correcting the record with a consistent proof of service. Pending such cure, Plaintiff

8   requests the Court disregard the Teague declaration(s).

9   **IV. CONCLUSION**

10  For the foregoing reasons, Plaintiff respectfully requests that the Court grant the relief requested.

11

12  Dated: February 16, 2026

13

14  /s/ Audrey Little

15  AUDREY LITTLE

16  Plaintiff Pro Se