FILED
CLERK, U.S. DISTRICT COURT
2/17/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: asi  DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY LITTLE, Plaintiff (Pro Se), | **Case No. 5:26-cv-00402-MEMF (MBKx)** |
| v. | |
| OAKTREE FUNDING CORPORATION; ROCKET CLOSE, LLC; ROCKET COMPANIES, INC.; and DOES 1–50, inclusive, Defendants. | |

**PLAINTIFF'S REQUEST FOR RULING ON REMAND AND MOTION FOR LEAVE; AND RENEWED REQUEST FOR INTERIM STATUS-QUO ORDER**

Plaintiff respectfully requests prompt rulings on three pending matters based on the existing record and the Court's prior orders setting a March 19, 2026 hearing:

1. Plaintiff's Motion to Remand (Dkt. 11);

2. Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. 13); and

3. Plaintiff's request for interim status-quo relief pending preliminary-injunction proceedings (see, e.g., Dkts. 4 and 44).

Timeline summary: Oaktree was personally served in state court on December 31, 2025 (Ex. 8), received a courtesy copy of the noticed PI motion on January 13, 2026 (Ex. 9), and was served

1   with the noticed PI motion and supporting materials on January 16, 2026 (Ex. 10). Plaintiff is not

2   submitting a new evidentiary record or re-arguing prior filings. Plaintiff has already submitted an

3   ex parte TRO/status-quo application and multiple supplemental declarations. Since those filings,

4   Plaintiff's harm has become more immediate and concrete: Plaintiff is now late on her first

5   mortgage for the first time in her life, and Plaintiff has implemented bank blocks/stop-payments

6   due to attempted ACH withdrawals by Oaktree/servicer despite written instruction to stop.

7   Plaintiff will be forced to list her home for sale immediately to prevent foreclosure-related credit

8   injury to her innocent co-borrower absent interim relief.

9   In state court, the presiding judge set accelerated hearing dates and limited continuances based

10  on Plaintiff's documented health impacts and time-sensitive harm; removal disrupted that

11  expedited posture and increased prejudice.

12

13  Because jurisdiction is threshold, Plaintiff respectfully requests that the Court decide remand on

14  the papers and/or prior to March 19, 2026. Plaintiff further requests that the Court continue/stay

15  merits proceedings unless and until remand is denied.

16

17  Plaintiff also respectfully requests a narrow interim status-quo order that remains in effect until

18  the Court conducts a preliminary-injunction hearing (or further order). The status-quo order

19  should prohibit Defendants and their agents from: (1) taking any foreclosure/sale steps; (2)

20  furnishing or initiating adverse credit reporting related to the subject loan; (3) initiating

21  ACH/autopay withdrawals; and (4) escalating billing and collection activity beyond ordinary,

22  non-threatening servicing communications.

23

This request is necessary because removal occurred during a time-sensitive, noticed injunction posture and had the practical effect of converting an imminent state-court schedule into weeks of delay. Defendants did not file a timely opposition in the state-court noticed PI posture by the January 28 deadline and removed late on January 29, 2026, between that deadline and the next-day response/answer-or-stipulation posture of January 30. The result is concrete, non-compensable prejudice: the TRO/PI posture shifted from imminent adjudication to a March 19 hearing, while Plaintiff accrued forced payment triage, forced distressed-sale pressure to protect an innocent co-borrower's credit, and compelled PHI disclosures to substantiate disability/care needs. Plaintiff seeks only preservative relief so that the Court can resolve jurisdiction and schedule a PI hearing without irreparable harm occurring first.

Finally, Plaintiff requests that the Court grant leave to file the proposed SAC (or set an expedited schedule), which narrows claims and clarifies the operative posture, promoting judicial economy and reducing motion practice.

Dated: February 17, 2026

Respectfully submitted,

/s/ Audrey Little

AUDREY LITTLE, Plaintiff Pro Se