FILED
CLERK, U.S. DISTRICT COURT
02/23/2026
CENTRAL DISTRICT OF CALIFORNIA
BY      AP      DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AUDREY B. LITTLE,** | Case No. 5:26-cv-00402-MEMF (MBKx) |
| Plaintiff, | |
| v. | |
| **OAKTREE FUNDING CORPORATION, et al.,** | |
| Defendants. | |

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES**

**IN SUPPORT OF EX PARTE APPLICATION FOR EXPEDITED RULING ON PENDING TRO**

**(DKTS. 4, 48)**

**I. INTRODUCTION**

Plaintiff Audrey B. Little, pro se, respectfully requests an expedited ruling on her pending TRO/status-quo applications (Dkts. 4, 48). The requested status-quo relief is narrow (no foreclosure steps, no credit reporting, no ACH debits, and no escalation) and is necessary to prevent time-sensitive, non-compensable injury while the Court resolves jurisdiction and/or sets an injunction schedule. Plaintiff's request is supported by date-stamped transactional records and a consolidated irreparable harm showing (Exhibit A).

This Supplemental Memorandum is filed to provide legal authority that was inadvertently omitted from the original ex parte application. It does not seek new relief.

## II. LEGAL STANDARD

A request for emergency injunctive relief is governed by Federal Rule of Civil Procedure 65. A court evaluates TRO and preliminary injunction requests under the familiar factors: likelihood of success on the merits, likelihood of irreparable harm absent relief, balance of equities, and public interest. The Court also has broad discretion to manage its docket and to issue prompt rulings where delay risks irreparable prejudice.

In the Central District of California, ex parte applications must comply with Local Rule 7-19, including a memorandum containing the reasons for seeking ex parte relief and points and authorities, and a proposed order. Local Rule 7-19.1 further requires the applicant to advise the Court under oath of efforts to contact opposing counsel and whether the application is opposed.

## III. ARGUMENT

**A. The Court Should Expedite Ruling Because Ongoing Harm Is Time-Sensitive and Cannot Be Remedied Later**

Plaintiff's application seeks only a short status-quo pause to prevent irreversible consequences (credit reporting, forced default cascade, and health deterioration) while the Court resolves scheduling and jurisdictional issues. Exhibit A summarizes the irreparable harms and explains why monetary damages after the fact cannot restore lost credit, prevent compounding medical injury, or unwind enforcement-related consequences.

Because the TRO/status-quo applications are fully briefed, and because the relief requested is narrow and preventative, an expedited ruling is appropriate to avoid prejudice from delay.

**B. Likelihood of Success Is Supported by Objective, Date-Stamped Evidence**

The core merits issues underlying the pending TRO request are supported by objective documents, including the disbursement-versus-recording sequence, title-insurance attachment/effective-date language, and underwriting/QC conditions. Discovery cannot alter these timestamps; at most it can confirm whether any current title/bring-down existed and was reviewed before funding/recording. The existence (or absence) of those documents is uniquely within Defendants' possession, and Defendants have refused to provide the escrow file despite repeated requests (see Exhibit B).

**C. The Balance of Equities and Public Interest Favor Maintaining the Status Quo**

The requested status-quo relief preserves the parties' positions without deciding ultimate merits. Defendants face minimal prejudice from a short pause on enforcement activities; Plaintiff faces severe prejudice absent relief. The public interest favors accurate title/escrow processes and prevention of avoidable enforcement harm during active dispute and court review.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court expedite and issue a ruling on the pending TRO/status-quo applications (Dkts. 4, 48) as soon as practicable, and grant the narrow status-quo relief requested pending further proceedings.

Dated: February 23, 2026

/s/ Audrey B. Little

AUDREY B. LITTLE, Plaintiff Pro Se