UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES – GENERAL

Case No.   5:26-cv-00402-MEMF-MBK                              Date: March 13, 2026

Title   _Audrey B. Little v. Oaktree Funding Corporation et al_

Present: The Honorable:   Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (IN CHAMBERS) Order GRANTING Motion to Remand [Dkt. No. 11] and DENYING AS MOOT Pending Motions [Dkt. Nos. 21, 53, 62, 82, and 84]**

Before this Court is Plaintiff Audrey Little's Motion to Remand. Dkt. No. 11. For the reasons below, that Motion is GRANTED. As this case is now remanded to the Riverside County Superior Court, the other pending motions in this matter—Dkt. Nos. 21, 53, 62, 82, and 84—are DENIED AS MOOT.

**Background**

This Court explained the factual allegations at issue in its order at Dkt. No. 79, and so only recounts the procedural background as relevant to this Motion.

On January 29, 2026, this action was removed from the Riverside County Superior Court. Dkt. No. 1. At the time, Little's then-operative First Amended Complaint sought relief for, among other things, alleged violations of Regulation X, 12 C.F.R. §1024. _See_ Dkt. No. 1-7 at 22. Removal was predicated on this Court having federal question jurisdiction. _See_ Dkt. No. 1 at 1.

On January 30, 2026, Little filed the instant Motion to Remand. Dkt. No. 11.

Also on January 30, 2026, Little moved for leave to amend her Complaint. Dkt. No. 13. This Court issued an Order granting as unopposed Little's motion. Dkt. No. 76 ("Amendment Order"). This Court instructed Little to file her now-operative Second Amended Complaint. _Id._

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.    5:26-cv-00402-MEMF-MBK                                                    Date: March 13, 2026

Title        <u>Audrey B. Little v. Oaktree Funding Corporation et al</u>

at 2. Little had informed this Court that the 2AC would "proceed[] on state-law causes of action." Dkt. No. 73 at 2. So this Court instructed the parties to meet and confer to file a joint status report advising this Court on how they wished to proceed on the fully briefed Motion to Remand—in particular, which of the following three options was appropriate: (1) to move forward with the Motion to Remand hearing as fully briefed; (2ss to move forward with the Motion to Remand hearing, but allow the parties to file supplemental briefing addressing the new operative Complaint and whether this Court has jurisdiction to hear this matter; or (3) to take the hearing off calendar and deny the Motion as moot. Amendment Order at 2. That joint status report was due on March 3, 2026. *Id.*

No joint status report was filed. Little has informed this Court that she attempted to meet and confer with Defendants regarding remand, but that she received no response. *See* Dkt. No. 87. Defendants have not contested this filing, made an independent filing, or otherwise explained why they did not comply with this Court's order.

**Discussion**

This Court will remand the action to state court for two reasons.

First, this Court construes Defendants' failure to comply with this Court's order to further brief the remand motion as a concession to Little's argument that remand is proper. *See Gwaduri v. I.N.S.*, 362 F.3d 1144, 1146 n.3 (9th Cir. 2004) ("Courts have consistently exercised their discretion to grant motions on collateral issues, on the basis that, in failing to respond, the opposing party has consented to such action by the court.").

Second, and in any event, it appears that remand at this point is proper. Little's now-operative Second Amended Complaint, Dkt. No. 78, alleges only state law causes of action. The "earliest version of [this] suit contained federal-law claims and therefore was properly removed to federal court." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 43 (2025). But a plaintiff's "deletion of all federal claims deprive[s] the District Court of federal-question jurisdiction." *Id.* at 44. In sum, "A post-removal amendment can divest a federal court of its supplemental jurisdiction because—as the usual procedural principle holds—jurisdiction follows from (and only from) the operative pleading." *Id.* at 35.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    5:26-cv-00402-MEMF-MBK                                    Date: March 13, 2026

Title    *Audrey B. Little v. Oaktree Funding Corporation et al*

As such, this Court will grant Little's Motion to Remand and direct further proceedings back to Riverside County Superior Court. Because this Court no longer appears to have jurisdiction over this matter, all other pending motions in this matter are denied as moot.

Little's Motion to Remand also asks this Court to award fees under 28 U.S.C. § 1447(c), which states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." District courts have "wide discretion" to award fees following the granting of a motion to remand. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 447 (9th Cir. 1992).

Little's Motion does not, however, further explain why this request should be granted, nor does it detail what amount in fees Little seeks. *See* L.R. 7-5 (requiring that a motion be accompanied with a "brief but complete memorandum in support thereof and the points and authorities upon which the moving party will rely"). So it is not clear what Little requests, or on what basis she requests it. Without more, this Court cannot adjudicate her request. For that reason, the request is denied.

**Conclusion**

For the reasons stated above, the Motion, Dkt. No. 11, is GRANTED IN PART.

1. The case is REMANDED to the Riverside County Superior Court.
2. The request for fees is DENIED.
3. The other pending motions in this matter—Dkt. Nos. 21, 53, 62, 82, and 84—are DENIED AS MOOT.

IT IS SO ORDERED.

                                                                                            :
                                                            **Initials of Preparer**       DBE